1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   EASTERN DISTRICT OF CALIFORNIA

8

9  SANDRIKA MEDLOCK, individually, )    1:07-cv-1314 OWW DLB
   and on behalf of other members  )
10 of the general public similarly  )    SCHEDULING CONFERENCE ORDER
   situated,                        )
11                                   )    Motion to Amend Complaint
                Plaintiff,           )    Filing Deadline: 3/28/08
12                                   )
13        v.                         )    Further Scheduling
                                     )    Conference: 6/27/08 8:15
14 TACO BELL CORP., a California     )    Ctrm. 3
   corporation; TACO BELL OF        )
15 AMERICA, INC., a Delaware         )
   corporation; TACO BELL           )
16 FOUNDATION, INC., a California    )
   corporation; NORTHERN CALIFORNIA )
17 TACO BELL ASSOCIATION, INC., a    )
   California corporation; TACO      )
18 BELL, a business entity form      )
   unknown; YUM!, a business entity )
19 form unknown; YUM! BRANDS, INC., )
   a business entity form unknown;   )
20 YUM! BRANDS, a business entity    )
   form unknown; and DOES 1 through )
21 10, inclusive,                     )
                                     )
22                Defendants.         )
                                     )
23 _____ )

24

25 I.    Date of Scheduling Conference.

26       February 21, 2008.

27 II.   Appearances Of Counsel.

28       Initiative Legal Group LLP by Joseph Cho, Esq., appeared on

                                    1

1 | behalf of Plaintiff.

2 |     Irell & Manella LLP by Andra Greene, Esq., and Karen
3 | McDonald, Esq., and Bridgette Barry Smith, Esq., appeared on
4 | behalf of Defendants Taco Bell Corp., a California corporation
5 | and Taco Bell Foundation, Inc., a California corporation.

6 |     Littler, Mendelsohn by Spencer H. Hipp, Esq., appeared on
7 | behalf of Defendant Taco Bell Corp., a California corporation.
8 | III.   Summary of Pleadings.

9 |     <u>Plaintiff's Statement</u>

10 |     1.   Defendants formerly employed Plaintiff as an hourly
11 | paid employee from on or about October 2, 2005, to on or about
12 | July 11, 2007, at Fresno, California, business locations.
13 | Plaintiff brought this lawsuit in the United States District
14 | Court, Eastern District, on her own behalf and on behalf of all
15 | other persons similarly situated.   The Complaint, filed on
16 | September 7, 2007, sought to certify a class action against
17 | Defendant.   On September 10, 2007, Plaintiff filed a First
18 | Amended Complaint, removing Lisa Hardiman as a class
19 | representative.

20 |     2.   The operative complaint defines the putative class as
21 | all non-exempt or hourly paid employees who have been employed by
22 | Defendants in the State of California within four years prior to
23 | the filing of the complaint until resolution of the lawsuit.   The
24 | complaint alleges that there is a well-defined community of
25 | interest among the putative class, and that the putative class is
26 | easily ascertainable and fulfills the requirements of numerosity,
27 | typicality, adequacy, and superiority.

28 |     3.   The operative complaint alleges that Defendants (1)

1  failed to pay overtime compensation to putative class members, in
2  violation of Cal. Lab. Code §§ 510 and 1198; (2) failed to timely
3  pay putative class members upon discharge, in violation of Cal.
4  Lab. Code §§ 201 and 202, and that the failure to pay subjects
5  Defendants to liability for "waiting time penalties" under Cal.
6  Lab. Code § 203; (3) failed to provide meal breaks or
7  compensation in lieu thereof, in violation of Cal. Lab. Code
8  §§ 226.7(a) and 512(a); (4) failed to provide rest breaks or
9  compensation in lieu thereof, in violation of Cal. Lab. Code
10 § 226.7(a); (5) failed to comply with itemized wage statement
11 provisions, in violation of Cal. Lab. Code § 226(a); (6) failed
12 to reimburse putative class members for business-related
13 expenses, in violation of Cal. Lab. Code §§ 2800 and 2802; and
14 (7) violated California unfair competition laws.

15      4.   On behalf of all putative class members, Plaintiff
16 seeks to recover unpaid compensation and unlawfully-held wages,
17 including the interest thereon, as well as damages, statutory
18 penalties, and punitive damages for the applicable limitations
19 period.   Plaintiff further seeks attorneys' fees and costs.

20      Defendants' Statement.

21      5.   Defendants admit that Taco Bell Corp. or Taco Bell of
22 America, Inc. employed Plaintiff and other persons as non-exempt
23 or hourly paid restaurant employees.   Defendants deny any and all
24 allegations in Plaintiff's First Amended Complaint relating to
25 Plaintiff's claims that Defendants engaged in acts or omissions
26 in violation of the California Labor Code, violated California
27 unfair competition laws, or engaged in any other type of
28 wrongdoing.

6.    Defendants deny that Plaintiff or any other putative class member is entitled to any type of relief in this action, including, without limitation, unpaid compensation, wages and interest thereon, damages, statutory penalties, and punitive damages.  Defendants deny that Plaintiff is entitled to attorneys' fees and costs.

7.    Defendants deny that Taco Bell Foundation, Inc. is a properly named defendant in this action.

IV.  Orders Re Amendments To Pleadings.

1.    Plaintiff has agreed to dismiss the named Defendant Yum! a business entity form unknown and Yum! Brands, Inc., a business entity form unknown and Yum! Brands, a business entity form unknown, without prejudice.

Plaintiff's Statement.

2.    On or about November 2, 2007, the parties met and conferred about alleged jurisdictional deficiencies in the First Amended Complaint ("FAC").  Plaintiff advised Defendants that she intended to file a Second Amended Complaint ("SAC") to allege a collective action pursuant to the Fair Labor Standards Act ("FLSA") and additional statutory bases for her California causes of action – all of which arise out of the identical nucleus of operative facts as currently alleged in the FAC.

3.    Defendants, however, in a letter dated November 15, 2007, advised that they would not stipulate to the filing of the SAC unless Plaintiff submitted to certain conditions, including among other things, dropping Yum! Brands, Inc., Taco Bell and Taco Bell Foundation, Inc. as Defendants, and limiting the class definition and collective action definition to restaurant hourly

**4**

workers (as opposed to all non-exempt or hourly workers).

4.   Defendants' conditions for stipulating to the filing of the SAC are inappropriate.  Specifically, the requests to dismiss certain Defendants from the SAC and to modify the class definition are premature.  While discovery may ultimately bear out that certain Defendants should be dismissed and that the class should be defined more narrowly when a motion for class certification is made, Plaintiff declines to do so at this early stage.

5.   Furthermore, Defendants' letter of November 15, 2007, does not point out any potential pleading deficiencies in the proposed SAC.  In an effort to avoid unnecessary motion practice, therefore, Plaintiff requested, in a letter dated November 28, 2007, that Defendants stipulate to the filing of the SAC.

6.   During a subsequent meet and confer on December 6, 2007, Defendants advised that they would not stipulate to filing of the SAC.  Defendants have since filed a Motion to Dismiss for Lack of Jurisdiction in connection with Yum! Brands, Inc.  Given the declarations filed in support of the motion to dismiss Yum! Brands, Inc., Plaintiff did not oppose the motion to dismiss and the motion was granted January 10, 2008.

7.   Plaintiff therefore files the SAC, attached herewith as Exhibit "1," contemporaneously with this Joint Scheduling Report, pursuant to the Court's Order Setting Mandatory Scheduling conference.  As stated above, the proposed SAC alleges a collective action pursuant to the Fair Labor Standards Act ("FLSA") and additional statutory bases for her California causes of action – all of which arise out of the identical nucleus of

1 operative facts as currently alleged in the FAC.

2     8. Defendants assert below that the Court should not allow
3 a FLSA collective action to proceed in the same lawsuit as a Rule
4 23 class action, and that the two types of representative actions
5 are ostensibly incompatible. Defendants' assertions ignore Ninth
6 Circuit precedent allowing an FLSA collective action and Rule 23
7 class action to proceed in the same lawsuit. *See Romero v.*
8 *Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 494 (E.D. Cal. 2006)
9 (granting Plaintiffs' motion to certify both a FLSA collective
10 class and Rule 23 class); *Baas v. Dollar Tree Stores, Inc.*, 2007
11 U.S. Dist. LEXIS 65979, *4 (N.D. Cal. 2007) (denying defendant's
12 motion to dismiss plaintiffs' state law claims).

13     9. Defendants also allege that the certification of an
14 opt-out class action in the same lawsuit and based on the same
15 facts as an opt-in collective action undermines congressional
16 intent in creating opt-in collective actions. Again, however,
17 Defendants ignore established Ninth Circuit precedent, allowing
18 Plaintiffs to bring collective actions under FLSA and state law
19 class action claims under Rule 23 together in the same action.
20 *See Baas v. Dollar Tree Stores, Inc.*, 2007 U.S. Dist. LEXIS 65797
21 at *13 (citing Ninth Circuit cases allowing plaintiffs to bring
22 collective actions under FLSA and state-law class action claims
23 under Rule 23 together in the same action).

24     10. Defendants' assertion that class members would be
25 confused by dual certification is also unavailing, for the simple
26 reason that distinct notice materials can be provided to the
27 putative class action members and the putative collective action
28 members.

6

1    11.   Finally, as Defendants concede, the instant, putative

2  class action and collective action rely on the same facts.

3  Accordingly, Defendants will not be prejudiced by the proposed

4  SAC because the factual predicates for the proposed SAC are

5  identical to those in the operative complaint.

6    **Defendant's Statement**.

7    12.   Plaintiff's characterization of Defendants' position is

8  not accurate.   Defendants oppose Plaintiff's request to file the

9  proposed SAC because the proposed amendment is futile and it

10  would result in undue prejudice to Defendants.   Plaintiff's

11  proposed SAC would completely change the nature of this lawsuit.

12  In her current complaint - the FAC - Plaintiff alleges eight

13  various state law claims and seeks certification of a proposed

14  class that is limited in scope to California and encompasses

15  every level of Taco Bell restaurant employee, including crew

16  members, shift leads and managers (since managers in California

17  are classified as non-exempt employees and paid hourly).[1]

18  Plaintiff's proposed SAC adds one federal claim - an FLSA

19  overtime claim - and significantly alters and complicates this

20  lawsuit by expanding its scope to encompass all states nationwide

21  in which Taco Bell operates stores and by seeking certification

22  of a proposed collective class that outside of California (and in

23  contrast to the proposed state law class), would include only

24

25  _____

26    [1] Plaintiff's FAC further alleges the necessary preliminary
requirements for federal subject matter jurisdiction under the

27  Class Action Fairness Act, including a class of more than 100
members, damages in excess of $5,000,000 and minimal diversity

28  between at least one class member and one defendant.

7

1  crew members and shift leads but not managers (since outside of

2  California, managers are classified as exempt and paid on a

3  salary basis).

4      13.   The addition of an FLSA collective action claim to this

5  lawsuit is futile because the Court should not allow an FLSA

6  "opt-in" collective action to proceed in the same lawsuit as a

7  Rule 23 "opt-out" class action.   Although, as Plaintiff notes

8  above, some district courts in the Ninth Circuit have permitted

9  such dual certification, the Ninth Circuit has yet to resolve the

10  issue.   Indeed, several district courts in the Ninth Circuit (as

11  well as other circuit courts) have declined to certify both FLSA

12  opt-in and Rule 23 opt-out classes in the same action because

13  they are inherently incompatible, dual certification leads to

14  confusion among the class members, and the certification of an

15  opt-out class action in the same lawsuit and based on the same

16  facts as an opt-in collective action undermines congressional

17  intent in creating opt-in collective actions.   *Edwards v. City of*

18  *Long Beach*, 467 F.Supp.2d 986, 992-993 (C.D. Cal. 2006)

19  (certification of Rule 23 class denied in part because "[if] both

20  a §21(b) collective action and a Rule 23 class action were

21  allowed to proceed, confusion would result from requiring

22  potential plaintiffs to both opt-in and opt-out of the claims in

23  the suit"); *Leuthold v. Destination America, Inc.*, 224 F.R.D.

24  462, 470 (N.D. Cal. 2004) (managing the class would be "unwieldy

25  process" because confusion would likely result from asking

26  potential plaintiffs to both opt in to and opt out of claims in

27  the same suit); *Williams v. Trendwest Resorts, Inc.*, 2007 U.S.

28  Dist. LEXIS 62396, at *11 (D. Nev. Aug. 20, 2007) ("the class

**8**

action mechanisms of the FLSA and Rule 23 are incompatible" and certifying a Rule 23 class "as a vehicle for [] FLSA claims would violate Congress' intent to manage FLSA claims through the stricter opt in process"); *Thiebes v. Wal-Mart Stores, Inc.*, 2002 U.S. Dist. LEXIS 664, at *5 (D. Or. Jan. 9, 2002) (certification of Rule 23 class denied because effective notice would be hard to fashion); *see also De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 310 (3d Cir. 2003) (reversing certification of state law-based Rule 23 action alongside FLSA collective action while noting Congress' "express preference for opt-in actions"); *La Chapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975) (holding that section 216(b) and Rule 23 are "mutually exclusive and irreconcilable").  Following the rationale of these district courts within the Ninth Circuit, this Court also should decline to certify the two different types of representative actions in the same lawsuit.

14.  The risk of confusion and incompatibility of procedures is especially true here given the overlapping overtime claims - one proposed to be brought under FLSA (which is based only on a 40 hour week) and one brought under California law (which is based on an 8 hour day and/or 40 hour week) - that are premised on the same factual allegations but involve different requirements for overtime pay, different methods for calculating of overtime pay, and different statutes of limitation.  It is clear that the eight causes of action brought under California law constitute the real body of the case.  California labor laws are comprehensive and have sufficient remedies - in fact, often remedies that are more protective of employees than those

1  provided under the FLSA for alleged violations of overtime laws.

2  Moreover, the proposed nationwide FLSA class would add to the

3  potential for confusion by excluding a type of employee (i.e.,

4  managers) that are included in the proposed state law class.

5      15.  Allowing Plaintiff to add an FLSA claim also would

6  result in undue prejudice to Defendants because they have already

7  filed an answer, made their initial disclosures, and taken steps

8  to collect relevant information, based on the premise that this

9  case involves only a proposed California class of employees, not

10 a collective action that could potentially involve employees

11 nationwide.  In addition, all of the proposed dates in this Joint

12 Scheduling Report for various deadlines, such as for class

13 certification discovery and motion practice, do not take into

14 account the additional time and discovery that would be necessary

15 in the event that an FLSA collective action is belatedly added to

16 this lawsuit.

17      16.  Any amended complaint shall be the subject of a Rule 15

18 motion.  Any motion to amend the complaint shall be filed within

19 thirty days, on or before March 24, 2008.

20      17.  Plaintiff agrees that service on the remaining

21 Defendants they intend to include in the lawsuit shall be

22 accomplished on or before March 24, 2008.

23 V.   Factual Summary.

24      A.   Admitted Facts Which Are Deemed Proven Without Further

25 Proceedings.

26      1.   Sandrika Medlock is an individual resident of the

27 Eastern District of California, Fresno Division, at all times

28 alleged in the complaint.

1          2.    Plaintiff was employed at times alleged in the

2    complaint by Taco Bell Corp.  Discovery will ascertain whether

3    Ms. Medlock is employed by any other named Defendant.

4          3.    Taco Bell Corp. is a California corporation

5    licensed to do and doing business in the Fresno Division of the

6    Eastern District of the State of California.

7          4.    Taco Bell of America, Inc., is a Delaware

8    corporation licensed to do business in the State of California

9    and the Eastern District, Fresno Division.

10       B.    Contested Facts.

11         1.    Whether Taco Bell Foundation, Inc. and "Taco Bell,

12   a business entity form unknown" are proper Defendants.

13         2.    Whether Defendants failed to pay proper overtime,

14   in violation of Cal. Lab. Code §§ 510 and 1198.

15         3.    Whether Defendants failed to promptly pay all

16   wages due to Plaintiff and putative class members upon their

17   discharge or resignation, in violation of Cal. Lab. Code §§ 201

18   and 202.

19         4.    Whether Defendants' conduct was willful or

20   reckless under Cal. Lab. Code § 203.

21         5.    Whether Defendants failed to provide meal and rest

22   periods or compensation in lieu thereof, in violation of Cal.

23   Lab. Code § 226.7(a) and 512(a).

24         6.    Whether Defendants complied with wage reporting as

25   required by the Cal. Lab. Code § 226(a).

26         7.    Whether Defendants forced Plaintiff and other

27   putative class members to contribute to the capital and expenses

28   of Defendants' businesses, in violation of Cal. Lab. Code §§ 2800

                              11

1    and 2802.

2            8.   Whether Defendants engaged in unfair business

3    practices in violation of the Cal. Bus. & Prof. Code § 17200, et

4    seq.

5            9.   Whether any damages, restitution, or monetary

6    penalties resulted from Defendants' alleged violations of

7    California.

8            10.   Whether Defendants' affirmative defenses bar the

9    claims of Plaintiff and other putative class members or limit

10   their recovery, if any, of damages, restitution or monetary

11   penalties.

12           11.   Whether the claims of Plaintiff are subject to

13   class certification.

14   VI.  Legal Issues.

15       A.   Uncontested.

16           1.   Jurisdiction exists under 28 U.S.C. § 1331.

17           2.   Venue is proper under 28 U.S.C. § 1391.

18           3.   As to supplemental claims, the parties agree that

19   the substantive law of the State of California provides the rule

20   of decision.

21       B.   Contested.

22           1.   Whether Plaintiff properly named Taco Bell

23   Foundation, Inc. and "Taco Bell, a business entity form unknown"

24   as defendants.

25           2.   Whether there are common questions of law and fact

26   and therefore whether certification as a class action is

27   appropriate (including but not limited to issues of adequacy,

28   commonality, typicality, and superiority).

                                    12

1         **3.**    Whether Defendants failed to pay proper overtime,
2 in violation of Cal. Lab. Code §§ 510 and 1198.

3         **4.**    Whether Defendants failed to promptly pay all
4 wages due to Plaintiff and putative class members upon their
5 discharge or resignation, in violation of Cal. Lab. Code §§ 201
6 and 202.

7         **5.**    Whether Defendants' conduct was willful or
8 reckless under Cal. Lab. Code § 203.

9         **6.**    Whether Defendants failed to provide meal and rest
10 periods or compensation in lieu thereof, in violation of Cal.
11 Lab. Code § 226.7(a) and 512(a).

12         **7.**    Whether Defendants complied with wage reporting as
13 required by Cal. Lab. Code § 226(a).

14         **8.**    Whether Defendants forced Plaintiff and other
15 putative class members to contribute to the capital and expenses
16 of Defendants' businesses, in violation of Cal. Lab. Code §§ 2800
17 and 2802.

18         **9.**    Whether Defendants engaged in unfair business
19 practices in violation of Cal. Bus. & Prof. Code § 17200, et seq.

20         **10.**    Whether any damages, restitution, or monetary
21 penalties resulted from Defendants' alleged violations of
22 California law.

23         **11.**    Whether Defendants' affirmative defenses bar the
24 claims of Plaintiff and other putative class members or limit
25 their recovery, if any, of damages, restitution or monetary
26 penalties.

27 VII. Consent to Magistrate Judge Jurisdiction.

28         **1.**    The parties have not consented to transfer the

1  case to the Magistrate Judge for all purposes, including trial.

2  VIII.      Corporate Identification Statement.

3       1.    Any nongovernmental corporate party to any action in

4  this court shall file a statement identifying all its parent

5  corporations and listing any entity that owns 10% or more of the

6  party's equity securities.  A party shall file the statement with

7  its initial pleading filed in this court and shall supplement the

8  statement within a reasonable time of any change in the

9  information.

10  IX.  Discovery Plan and Cut-Off Date.

11       1.    Motions to settle the pleadings shall be filed and

12  decided on or before June 1, 2008, whereafter a scheduling

13  conference shall be held June 27, 2008, at 8:15 a.m.  The parties

14  may appear telephonically, as they are more than 50 miles away

15  from the courthouse.

16       2.    With regard to settlement, the parties have indicated

17  their desire to pursue private alternate dispute resolution.  The

18  court stands available to provide a settlement conference through

19  the auspices of a Magistrate Judge, or any court annexed dispute

20  resolution, should the parties believe this would be helpful.

21

22  IT IS SO ORDERED.

23  Dated:    February 21, 2008            _____ /s/ Oliver W. Wanger _____
                                          UNITED STATES DISTRICT JUDGE

24

25

26

27

28

14