[Counsel listed on following page.]

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| SANDRIKA MEDLOCK, individually, and on behalf of other members of the general public similarly situated, | Case No. 1:07-CV-01314-OWW-DLB |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION** |
| vs. | |
| TACO BELL CORP., a California corporation; TACO BELL OF AMERICA, INC., a Delaware corporation; TACO BELL FOUNDATION, INC., a California corporation; NORTHERN CALIFORNIA TACO BELL ASSOCIATION, INC., a California corporation; TACO BELL, a business entity form unknown;  YUM!, a business entity form unknown; YUM! BRANDS, INC., a business entity form unknown; YUM! BRANDS, a business entity form unknown; and DOES 1 through 10, inclusive, | HON. OLIVER W. WANGER |
| Defendants. | |

PDF created with pdfFactory trial version www.pdffactory.com

INITIATIVE LEGAL GROUP LLP
Mark Yablonovich (SBN 186670)
    myablonovich@initiativelegal.com
Marc Primo (SBN 216796)
    mprimo@initiativelegal.com
Joseph Cho (SBN 198844)
    josephcho@initiativelegal.com
Gregory Yu (SBN 230520)
    gyu@initiativelegal.com
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051
Attorneys for Plaintiff

IRELL & MANELLA LLP
Layn R. Phillips (SBN 103854)
    lphillips@irell.com
Andra Barmash Greene (SBN 123931)
    agreene@irell.com
Kara McDonald (SBN 225540)
    kmcdonald@irell.com
Justin E. Klaeb (SBN 254035)
    jklaeb@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

LITTLER MENDELSON
Spencer H. Hipp (SBN 90485)
    shipp@littler.com
5200 North Palm Avenue, Suite 302
Fresno, California 93704-2225
Telephone: (559) 244-7500
Facsimile: (559) 244-7525

Attorneys for Defendants
Taco Bell Corp., Taco Bell
of America, Inc. and Taco
Bell Foundation, Inc.

PDF created with pdfFactory trial version www.pdffactory.com

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action will likely involve production of materials that contain trade secrets, proprietary business information, or information subject to a legally protected right of privacy.  Special protection is warranted to shield such information from public disclosure and to prohibit the use of such information for any purpose other than prosecuting, defending or attempting to settle this Action.  Furthermore, the parties desire to memorialize their agreement regarding inadvertent production of privileged materials or materials protected by the attorney work product doctrine.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file material under seal; Local Rule 39-141 sets forth the procedures that must be followed and reflects the standards that shall be applied when a party seeks permission from the Court to file material under seal.

2.     DEFINITIONS

2.1     Action:  The case entitled <u>Sandrika Medlock v. Taco Bell Corp.</u>, et al, Case No.1:07-CV-01314-OWW-DLB.

2.2     <u>Party or Parties</u>:  Any party of record to this Action.

2.3     <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, electronic data, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this Action.

2.4     <u>Protected Material</u>:  Disclosure or Discovery Material that (1) a Designating Party believes in good faith (a) contains trade secrets or confidential or proprietary business information regarding Defendants, or their parents or affiliates; (b) contains personal or confidential information about any third parties or employees of Defendants, including such types of information subject to a legally

PDF created with pdfFactory trial version www.pdffactory.com

protected right of privacy such as, without limitation, certain personnel and payroll information; or (c) otherwise qualifies for protection under standards developed under Rule 26(c) of the Federal Rules of Civil Procedure and (2) a Designating Party designates as "CONFIDENTIAL – ACCESS LIMITED" or words of similar meaning.

2.5   <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

2.6   <u>Producing Party</u>:  A Party or non-party that produces or makes available Disclosure or Discovery Material, including without limitation a Party or non-party offering or sponsoring, or giving testimony in response to discovery in this Action.

2.7   <u>Designating Party</u>:  A Party or non-party that designates Disclosure or Discovery Material as "CONFIDENTIAL – ACCESS LIMITED" or words of similar meaning.

2.8   <u>Privileged Material</u>:  Any Disclosure or Discovery Material or portions thereof that are subject the attorney-client privilege or the attorney work product doctrine.

2.9   <u>Counsel</u>:  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Action (as well as their internal support staffs) and attorneys who are employees of a Party (as well as their internal support staffs).

2.10   <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.  This definition includes a professional jury or trial consultant retained in connection with this Action.

2.11   <u>Professional Vendors</u>:  Persons or entities (and their employees and subcontractors) that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing,

PDF created with pdfFactory trial version www.pdffactory.com

retrieving data in any form or medium; etc.) to a Party or its Counsel in connection with this Action.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

4.   DURATION

Even after the termination of this Action, the obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.  Each Designating Party must take care to limit any designation of Protected Material to specific material that it believes in good faith qualifies under the appropriate standards.  Indiscriminate designations are not permitted.

If it comes to a Designating Party's attention that information or items it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations.  Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of Section 5.2(a) and Section 5.4, below), or as otherwise stipulated or ordered, Protected Material must be clearly so designated before the material is disclosed or produced in the following ways:

(a)   For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix or stamp the legend "CONFIDENTIAL – ACCESS LIMITED" or words of similar meaning at the top, bottom or right margin of each page that contains

PDF created with pdfFactory trial version www.pdffactory.com

Protected Material or, alternatively, on the first page of a multi-page document, if the entire document is protected.  Such designation shall be stamped or affixed so as not to obscure the material or any portion of its contents.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party should endeavor to identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed Protected Material.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL – ACCESS LIMITED" or words of similar meaning at the top, bottom or right margin of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also should endeavor to identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     <u>For testimony given in deposition or in other pretrial proceedings</u>, the Producing Party, before the close of the deposition, hearing, or other proceeding, shall identify on the record all protected testimony, and further specify any portions of the testimony that should be marked as "CONFIDENTIAL – ACCESS LIMITED" or with words of similar meaning.  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Producing Party may invoke on the record (before the deposition or proceeding is concluded) a right to, during the time allocated for the witness to review and execute

PDF created with pdfFactory trial version www.pdffactory.com

the deposition transcript, identify the specific portions of the testimony should be marked as "CONFIDENTIAL – ACCESS LIMITED" or with words of similar meaning during this review period.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL – ACCESS LIMITED" or words of similar meaning as instructed by the Producing Party.

(c)     For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL – ACCESS LIMITED" or words of similar meaning.  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, should identify the protected portions.

5.3     Copies, Summaries, and Extracts.  If any Party, Counsel for any Party, or any person or entity not a Party to this Action, obtains access to all or any material designated as Protected Material and makes copies, summaries, or extracts of or from such Protected Material, or any portion thereof, the designation "CONFIDENTIAL – ACCESS LIMITED" shall also be stamped on or affixed to such copies, summaries, or extracts, and all references in this Stipulated Protective Order shall be deemed to include and apply to such copies, summaries or extracts of all information derived from Protected Material and to Protected Material marked as Exhibits or otherwise used during the Action.

5.4     Subsequent Designation.  The failure to designate material as "CONFIDENTIAL – ACCESS LIMITED" in accordance with Section 5.2 above shall not preclude any Party desiring to designate any material thereafter from subsequently designating it as Protected Material.  A Designating Party that wants to subsequently designate material as Protected Material must notify, in writing, each

PDF created with pdfFactory trial version www.pdffactory.com

Party of the material to be designated as Protected Material.  Upon receiving this written notification, the Party in possession or receipt of the designated material shall mark it as "CONFIDENTIAL – ACCESS LIMITED" in the manner described in Section 5.2 above and make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order. Thereafter, this material shall be fully subject to this Stipulated Protective Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  If, at any time during this Action, a Party disputes the designation of material as Protected Material, the Party challenging that designation shall notify the Designating Party of such dispute within sixty (60) days after receiving the material designated as Protected Material or within sixty (60) days after receiving notice of a subsequent designation.

6.2    Meet and Confer.  A Party that elects to initiate a challenge to a designation of Protected Material must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the designation of Protected Material was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation within twenty-one (21) days.  A challenging Party may proceed to the next stage of the challenge process only if it has first engaged in this meet and confer process.

6.3    Judicial Intervention.  A Party that elects to press a challenge to a designation of Protected Material after considering the justification offered by the Designating Party may move for a ruling that the material designated as Protected Material is not entitled to such status and protection.  The challenging Party may do so by filing and serving a motion under Local Rule 78-230 (and in compliance with

PDF created with pdfFactory trial version www.pdffactory.com

Local Rule 39-141, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Such motion must be filed within twenty-one (21) days after the conclusion of the Parties' meet and confer efforts regarding the disputed designation.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in Section 6.2 above and that sets forth with specificity the justification for the designation of Protected Material that was given by the Designating Party in the meet and confer dialogue.  Until the Court rules on the motion, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  All material designated as Protected Material in accordance with this Stipulated Protective Order shall be used solely for prosecuting, defending, or attempting to settle this Action.  It may not be used for any business or commercial purpose or for any other litigation or any alternative dispute resolution procedure does not arise from this Action.  Protected Material may be disclosed only to the categories of persons or entities and under the conditions described in this Order.  When the Action has been terminated, each Party must comply with the provisions of Section 12, below (FINAL DISPOSITION).

The Parties agree to take all necessary and reasonable steps to prevent the unauthorized disclosure of Protected Material including without limitation storing and maintaining it at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of Protected Material.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, no Party shall disclose any Protected Material to the general public or any person, except to:

PDF created with pdfFactory trial version www.pdffactory.com

(a)      any individual who is a Party as of the date of entry of this Order;

(b)      any officer, director, or employee of a Party to whom disclosure is reasonably necessary for prosecuting, defending or attempting to settle this Action;

(c)      any Counsel to a Party;

(d)      any Professional Vendors to whom disclosure is reasonably necessary for prosecuting, defending or attempting to settle this Action and who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e)      any Experts of a Party to whom disclosure is reasonably necessary for prosecuting, defending or attempting to settle this Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)      during the course of a deposition, any person whose deposition is being taken and who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(g)      the author of the document or the original source of the information;

(h)      any person testifying at a hearing or trial of the Action;

(i)      the Court and its personnel; and

(j)      any court reporter acting in that capacity in the Action; Additionally, the Court and its personnel shall be exempt from any liability arising from this Stipulated Protective Order.

7.3      <u>Written Acknowledgment</u>.  In the event that a Party does disclose Protected Material to any person or entity permitted in subsections (d), (e), and (f) of Section 7.2 above, the Party agrees to secure from such person or entity a signed written acknowledgment confirming that such person or entity knows the terms of this Stipulated Protective Order, agrees to be bound by the terms of the Order, and agrees to submit to the jurisdiction of the Court for the purpose of

PDF created with pdfFactory trial version www.pdffactory.com

securing compliance with the terms of the Order.  The Parties agree to secure the executed acknowledgment before disclosing Protected Material.  The Parties agree that the acknowledgment shall be in the form of the "Agreement To Be Bound By Protective Order" attached to this Stipulated Protective Order as Exhibit A.   The Parties further agree to retain such acknowledgments and to submit them to the Court in camera review in the event that a Party alleges that the terms of the Stipulated Protective Order have been violated.  No Party has an obligation to reveal directly to any other Party the identities of the persons or entities who execute written acknowledgments.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or an order issued by another court in other litigation that would compel disclosure of any Protected Material, the Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Party receiving the subpoena or court order also shall immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or court order is the subject of this Stipulated Protective Order and shall deliver a copy of the Stipulated Protective Order promptly to the party in the other action that caused the subpoena or court order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party an opportunity, in the court from which the subpoena or order issued, to try to protect the interests of itself, its employees or third parties in preventing the disclosure of the Protected Material.  The Designating Party shall bear the burdens and  expenses of seeking protection in that court of the Protected Material.  Nothing

STIPULATION AND PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

1  in this Stipulated Protective Order should be construed as authorizing or

2  encouraging any Party receiving a subpoena or court order requesting Protected

3  Material to disobey a lawful directive from another court.

4         9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

5         If a Party learns that, by inadvertence or otherwise, it has disclosed

6  Protected Material to any person or in any circumstance not authorized under this

7  Stipulated Protective Order, that Party must immediately (a) notify in writing the

8  Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

9  all copies of the Protected Material, (c) inform the person or persons to whom

10 unauthorized disclosures were made of all the terms of this Order, and (d) request

11 such person or persons to execute the "Agreement to Be Bound By Protective

12 Order" that is attached hereto as Exhibit A.

13       10.    FILING PROTECTED MATERIAL

14        Without written permission from the Designating Party or a court order

15 secured after appropriate notice to all interested persons, a Party may not file in the

16 public record any material designated as Protected Material in this Action .  A Party

17 that seeks to file under seal any Protected Material must comply with Local Rule 39-

18 141.

19       11.    PRIVILEGED MATERIAL

20        The Parties shall be permitted but not obligated to review materials for

21 privilege or work product protection prior to producing them in this Action.  If a

22 Producing Party discovers that it has produced Privileged Material, it may notify the

23 Receiving Party, which shall promptly destroy or return all copies of such Privileged

24 Material and certify in writing to the Producing Party that it has done so.

25 Furthermore, if the Receiving Party has already disclosed the Privileged Materials

26 prior to receiving this notice, the Receiving Party also must take reasonable steps to

27 retrieve the materials or ensure their destruction.  Unless otherwise agreed by the

28 Parties in writing, no Party shall be permitted to retain Privileged Materials after

PDF created with pdfFactory trial version www.pdffactory.com

receiving notification under this section, even if the Parties dispute the privilege or work product status of the materials.  If the Parties subsequently agree or the Court orders that such materials should be disclosed, the Producing Party shall produce new copies of the materials.

12.   FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this Action, each Party shall return all Protected Material to the Producing Party or, with written permission from the Designating Party, shall destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, each Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION), above.

13.   MISCELLANEOUS

13.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future or to move the Court for an order for protection of any material, which protection is different from or in addition to that provided for in this Stipulated Protective Order, and such right is expressly reserved

PDF created with pdfFactory trial version www.pdffactory.com

13.2   <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground, including without limitation on grounds of relevance, and such right is expressly reserved.  Any designation of materials as Protected Material pursuant to this Stipulated Protective Order shall not be construed as an admission of relevance.  In addition, no Party waives any right to object on any ground to use of any of the material covered by this Stipulated Protective Order at trial, in evidence or otherwise, and such right is expressly reserved.

Respectfully submitted,

Dated:  April 3, 2008                Initiative Legal Group LLP

By:   _____/s/_____
Joseph Cho
Gregory Yu
Attorneys for Plaintiff

Dated:  April 3, 2008                Irell & Manella LLP

By:   _____/s/_____
Kara D. McDonald
Attorneys for Defendants
Taco Bell Corp., Taco Bell
of America, Inc., and Taco
Bell Foundation, Inc.

PDF created with pdfFactory trial version www.pdffactory.com

1

## <u>CONFIRMING ORDER OF THE COURT</u>

2    Having considered the parties' Stipulation Concerning Confidential

3 Information, and finding good cause therefore, the foregoing Stipulation Concerning

4 Confidential Information is hereby confirmed as an Order of the Court.

5

6

7 Dated: April 4, 2008      /s/ OLIVER W. WANGER

8                The Honorable Oliver W. Wanger
                  United States District Judge

9

10 Submitted by:

11 IRELL & MANELLA LLP

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com