# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRIKA MEDLOCK, | CIV F 07-1314 OWW DLB |
| Plaintiff, | ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL IN PART |
| v. | |
| TACO BELL, et al., | (Doc # 63) |
| Defendant. | |

Plaintiff Sandrika Medlock filed the instant Motion to Compel on June 20, 2008. The matter was heard on July 25, 2008, before the Honorable Dennis L. Beck, United States Magistrate Judge. Gregory Yu appeared on behalf of Plaintiff. Kara McDonald appeared on behalf of Defendants.

## BACKGROUND

Defendants Taco Bell Corp and Taco Bell Foundation formerly employed Plaintiff as an hourly paid employee from October 2, 2005 to July 11, 2007 at Fresno, California business locations. The Complaint, filed on September 7, 2007 sought to certify a class action against Defendants. On September 10, 2007, Plaintiff filed a First Amended Complaint (FAC) removing Lisa Hardiman as a class representative. The Complaint defines the putative class as all non-exempt or hourly paid employees who have been employed by Defendants in the State of California within four years prior to the filing of the complaint until resolution of the lawsuit.

1  Plaintiff alleges that Defendants: (1) failed to pay overtime compensation to putative class
2  members in violation of Labor Code Sections 510 and 1198; (2) failed to timely pay putative
3  class members upon discharge, in violation of Labor Code Sections 201 and 202 and the failure
4  to pay subjects Defendants to liability for "waiting time penalties" under Labor Code Section
5  203; (3) failed to provide meal breaks or compensation in lieu thereof, in violation of Labor
6  Code Sections 226.7(a) and 512(a); (4)  failed to provide rest breaks or compensation in lieu
7  thereof in violation of Labor Code Section 226.7(a); (5) failed to comply with itemized wage
8  statement provisions in violation of Labor Code Section 226(a); (6) failed to reimburse putative
9  class members for business related expenses in violation of Labor Code Sections 2800 and 2802;
10 and (7) violated California unfair competition laws.
11         On behalf of all putative class members, Plaintiff seeks to recover unpaid compensation
12 and unlawfully-held wages, including interest thereon, as well as damages, statutory penalties
13 and punitive damages for the applicable limitations period.  Plaintiff also seeks attorneys' fees
14 and costs.
15         On February 15, 2008, Plaintiff served her first set of interrogatories requesting the
16 identities (name, title, last known business and residential address and phone number, and any
17 other contact information) of the putative class members through "the present."  Defendants
18 served responses on March 20, 2008, objecting to the interrogatories on the grounds that the
19 interrogatories were vague as to time and sought information protected by the right to privacy
20 under the California Constitution.  On May 13, 2008, the partes agreed that Defendants would
21 respond to the interrogatories after an opt-out procedure administered by a third-party notice
22 administrator.  Plaintiff was to draft a proposed notice for Defendant's review.  However, the
23 parties were unable to resolve their disagreement about the time period covered by the
24 interrogatories.  Defendants agreed to provide information through the filing of the original
25 complaint (September 7, 2007); however, Plaintiff argues she is entitled to the information
26 through the response to the interrogatories.  Plaintiff filed this motion on June 20, 2008.  At issue
27 are Defendant's responses to Interrogatory Nos. 2, 4 and 6.
28

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

Here, the parties agree that the identity of the putative class members is discoverable but disagree on the time frame covered by the interrogatories because Plaintiff failed to specifically define a time period in the interrogatories. The Court finds that a reasonable time frame for the responses is through the date of service of the interrogatories.

Due to the delay in receiving responses, Plaintiff now requests that Defendants be ordered to supply the information directly to counsel without using the previously agreed upon opt-out procedure. However, the Court finds the opt-out procedure is necessary to protect the privacy interests of the putative class members. *See* Pioneer Elec., Inc. V. Sup Ct., 40 Cal. 4th 360, 370-74 (2007).

Accordingly, Plaintiff's motion to compel further responses to interrogatories 2, 4 and 6 is granted in part. Defendants shall provide the requested information through the date of service of the interrogatories, after an opt out procedure agreed upon by the parties and administered by a third party notice administrator.

IT IS SO ORDERED.

Dated:   **August 11, 2008**        **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE

3