1  [Counsel listed on following page.]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| SANDRIKA MEDLOCK, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TACO BELL CORP., a California corporation; TACO BELL OF AMERICA, INC., a Delaware corporation; TACO BELL FOUNDATION, INC., a California corporation; NORTHERN CALIFORNIA TACO BELL ASSOCIATION, INC., a California corporation; TACO BELL, a business entity form unknown; YUM!, a business entity form unknown; YUM! BRANDS, INC., a business entity form unknown; YUM! BRANDS, a business entity form unknown; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 1:07-CV-01314-OWW-DLB<br><br>Judge Dennis L. Beck<br><br>**STIPULATION AND ORDER RE: PRODUCTION OF THE NAMES, ADDRESSES AND TELEPHONE NUMBERS OF PUTATIVE CLASS MEMBERS**<br><br>[PROPOSED CLASS ACTION]<br><br>Complaint Filed: September 7, 2007 |

INITIATIVE LEGAL GROUP LLP
Mark Yablonovich (SBN 186670)
myablonovich@initiativelegal.com
Marc Primo (SBN 216796)
mprimo@initiativelegal.com
Joseph Cho (SBN 198844)
josephcho@initiativelegal.com
Gregory Yu (SBN 230520)
gyu@initiativelegal.com
1800 Century Park East, 2nd Floor
Los Angeles, California  90067
Telephone:  (310) 556-5637
Facsimile:  (310) 861-9051

Attorneys for Plaintiff
Sandrika Medlock

IRELL & MANELLA LLP
Layn R. Phillips (SBN 103854)
lphillips@irell.com
Andra Barmash Greene (SBN 123931)
agreene@irell.com
Kara McDonald (SBN 225540)
kmcdonald@irell.com
Justin E. Klaeb (SBN 254035)
jklaeb@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California  92660-6324
Telephone:  (949) 760-0991
Facsimile:  (949) 760-5200

LITTLER MENDELSON
Spencer H. Hipp (SBN 90485)
shipp@littler.com
5200 North Palm Avenue, Suite 302
Fresno, California  93704-2225
Telephone:  (559) 244-7500
Facsimile:  (559) 244-7525

Attorneys for Defendants
Taco Bell Corp. and Taco Bell of America, Inc.

Plaintiff Sandrika Medlock ("plaintiff"), and defendants Taco Bell Corp. and Taco Bell of America, Inc. (collectively, "Taco Bell"), by and through their respective counsel of record, enter into the following stipulation regarding the production of the names, addresses, and telephone numbers of putative class members.

# I.

# BACKGROUND

1. Plaintiff has filed a proposed wage and hour class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a proposed class of current and former non-exempt or hourly paid employees employed by Taco Bell in California. Plaintiff seeks to obtain recoveries for the putative class members, alleging that Taco Bell violated various provisions of the California Labor Code and California Business & Professions Code regarding overtime pay; the provision of meal and rest breaks; the provision of accurate itemized payroll statements; reimbursement of business-related expenses; payment of all earned wages to employees upon separation of employment; and unfair business practices.

2. Taco Bell vigorously denies all of plaintiff's allegations and maintains that this case cannot be prosecuted as a class action.

3. Plaintiff is seeking the names, addresses, and last known telephone numbers (hereinafter "identifying contact information") of current and former non-exempt or hourly paid employees of Taco Bell, who worked for Taco Bell company-owned restaurants in California at any time between September 7, 2003 through February 15, 2008 ("putative class members").

4. On August 11, 2008, the Court ordered that such information shall be provided by Taco Bell, subject to "an opt out procedure agreed upon by the parties and administered by a third party notice administrator." August 11, 2008 Order of Hon. Dennis L. Beck ("August 11, 2008 Order"). Accordingly, by this Stipulation re: Production of the Names, Addresses and Telephone Numbers of Putative Class Members, the parties agree to such an opt-out notice procedure and third party notice administrator, as outlined in section II of this stipulation.

5. The parties have previously executed a Stipulation and Protective Order Regarding Confidential Information, and the Court has entered the Protective Order. The parties stipulate and

agree that putative class members' contact information falls within the purview of the Stipulation and Protective Order Regarding Confidential Information.  As a result, plaintiff agrees not to disclose putative class members' identifying contact information to any person or entity, other than her counsel and the third-party notice administrator, and further agrees to use the information solely for the purpose of prosecuting this action.  Once this case has been resolved, putative class members' identifying contact information will be destroyed.

## II.

## PROCEDURE FOR THE PRODUCTION OF PUTATIVE CLASS MEMBERS' IDENTIFYING CONTACT INFORMATION

1. Pursuant to the August 11, 2008 Order, the parties stipulate and agree to a procedure whereby putative class members will be sent a notice informing them of this action and allowing them to object to the production of their identifying contact information to plaintiff. Under the proposed procedure, plaintiff will not be provided with the identifying contact information of any putative class member who objects to the production of his or her identifying contact information or whose re-mailed notice was returned as undeliverable pursuant to the procedures set forth in paragraph 2(e), below.

2. The parties stipulate and agree to the following procedure concerning the production of putative class members' identifying contact information:

   a. Within ten (10) days of this Court's order approving the parties' stipulation, Taco Bell will provide an excel spreadsheet to a neutral third-party notice administrator containing the names, addresses, and last known telephone numbers of putative class members.

   b. Simpluris, Inc. will serve as the neutral third-party notice administrator for this procedure.

   c. Within five (5) days of the receipt of the electronic database, Simpluris, Inc. shall mail a notice (attached as Exhibit A) and postage prepaid postcard (attached as Exhibit B) to putative class members.  The notice (Exhibit A) will inform putative class members that their identifying contact information will be provided to plaintiff unless they return the postage prepaid

1  postcard (Exhibit B) within a certain time period.  The notice and postcard will be provided to
2  putative class members in both English and Spanish.

3         d.      In order to timely object to the production of their identifying contact
4  information, putative class members must return the postage prepaid postcard (Exhibit B) within
5  thirty (30) days from the date the notice (Exhibit A) was postmarked.

6         e.      For each notice returned to Simpluris, Inc. as undeliverable, Simpluris, Inc.
7  shall perform an updated address search for the putative class member and shall re-mail the notice
8  and prepaid postcard to that class member.  In order to timely object to the production of their
9  identifying contact information, putative class members must return the postage prepaid postcard
10  within thirty (30) days from the date the re-mailed notice was postmarked.

11         f.      Within ten (10) days of the expiration of the last thirty (30) day period for the
12  notices re-mailed under paragraph (e) above, Simpluris, Inc. shall provide plaintiff with an excel
13  spreadsheet containing the identifying contact information of all putative class members who did
14  not return the exclusion postcard within the applicable time periods.  Plaintiff will not be provided
15  with the identifying contact information of any putative class member who returned the exclusion
16  postcard within the applicable time period or whose re-mailed notices under paragraph (e) were
17  returned as undeliverable.

18         g.      Within ten (10) days of the expiration of the last thirty (30) day period for the
19  notices re-mailed under paragraph (e) above, Simpluris, Inc. shall provide counsel for Taco Bell
20  with an electronic database containing the identifying contact information of all putative class
21  members whose re-mailed notice was returned as undeliverable or who returned the exclusion
22  postcard within the applicable time period.

23         h.      Both plaintiff and Taco Bell agree not to discuss the notice or exclusion
24  postcard with putative class members or attempt to influence putative class members to respond to
25  the notice.  Notwithstanding the foregoing, plaintiff and Taco Bell can respond to putative class
26  members' inquiries regarding the notice or exclusion postcard by stating that they cannot provide
27  additional information or guidance regarding the notice. This provision shall remain in effect from
28  the date this proposed order is entered by the Court until the expiration of the exclusion period.

    i. Nothing in this stipulation shall prevent Taco Bell from interacting with its current employees in the normal course of Taco Bell's business.

    j. The costs of this procedure will be allocated to plaintiff.

Dated: November __, 2008      IRELL & MANELLA LLP

               By: _____
                 Kara D. McDonald
                 Attorneys for Defendants
                 Taco Bell Corp. and
                 Taco Bell of America, Inc.

Dated: November __, 2008      INITIATIVE LEGAL GROUP LLP

               By: _____
                 Joseph Cho
                 Gregory Yu
                 Attorneys for Plaintiff
                 Sandrika Medlock

- 4 -

1961055  STIPULATION AND [PROPOSED] ORDER RE: PRODUCTION OF THE NAMES, ADDRESSES AND TELEPHONE NUMBERS OF PUTATIVE CLASS MEMBERS

**ORDER**

Good cause having been demonstrated to the satisfaction of the Court, and consistent with the California Supreme Court's ruling in <u>Pioneer Electronics (USA), Inc. v. Superior Court</u>, 40 Cal. 4th 360, 370-74 (2007) and this Court's August 11, 2008 Order, the foregoing Stipulation Regarding the Production of the names, addresses, and telephone number of putative class members is hereby approved and confirmed as the Order of the Court.

DATED:  December 18, 2008         /s/ *Dennis L. Beck*
                                  Hon. Dennis L. Beck
                                  United States Magistrate Judge