1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                   EASTERN DISTRICT OF CALIFORNIA

8

9   SANDRIKA MEDLOCK, individually,  )    1:07-cv-1314 OWW DLB
    and on behalf of other members   )
10  of the general public similarly  )    PRETRIAL ORDER REGARDING
    situated,                        )    CONSOLIDATION OF PENDING
11                                   )    ACTIONS AND APPOINTMENT OF
                 Plaintiff,          )    INITIATIVE LEGAL GROUP LLP
12                                   )    AS INTERIM LEAD COUNSEL
        v.                           )
13                                   )
    TACO BELL CORP., et al.,         )
14                                   )
                 Defendants.         )
15                                   )
    _____)
16                                   )
    LISA HARDIMAN, et al.,           )    No. 1:08-cv-1081 OWW DLB
17                                   )
                 Plaintiff,          )    CLASS ACTION
18                                   )
        v.                           )
19                                   )
    TACO BELL CORP., et al.,         )
20                                   )
                 Defendants.         )
21  _____)
                                     )
22  MIRIAM LEYVA, et al.,            )    No. 1:09-cv-0200 OWW DLB
                                     )
23               Plaintiff,          )    CLASS ACTION
                                     )
24      v.                           )
                                     )
25  TACO BELL CORP., et al.          )
                                     )
26               Defendants.         )
    _____)
27

28

                                1

1 | LORAINE NARANJO, et al.,          )          No. 1:09-cv-0246 OWW DLB
  |                                    )
2 |                  Plaintiff,        )          CLASS ACTION
  |                                    )
3 |       v.                           )
  |                                    )
4 | YUM! BRANDS, INC., et al.,         )
  |                                    )
5 |                  Defendants.       )
  | _____ )
6 |
7 |

8        Whereas, the Medlock, Hardiman, Leyva, and Naranjo actions

9   (collectively, the "Taco Bell Actions") allege the same or

10  similar violations of California's Labor Code, Industrial Welfare

11  Commission Wage Orders, and Business and Professions Code, and

12  overlap significantly as to issues of fact and law;

13       Whereas, the Court has determined that formal consolidation

14  of the Taco Bell Actions for all purposes through trial, and

15  organization of Plaintiffs' counsel are appropriate and

16  consistent with the Federal Rules of Civil Procedure and the

17  recommendations of the Manual for Complex Litigation Fourth (4th

18  Ed. 2007);

19       Good cause having been shown, IT IS ORDERED:

20  I.   Consolidation of the Taco Bell Actions

21       1.   *Medlock v. Taco Bell Corp., et al.*, E.D. Cal. Case No.

22  1:07-cv-1314 OWW DLB, and related cases, *Hardiman v. Taco Bell*

23  *Corp., et al.*, E.D. Cal. Case No. 1:08-cv-1081 OWW DLB, *Leyva v.*

24  *Taco Bell Corp., et al.*, E.D. Cal. Case No. 1:09-cv-0200 OWW DLB;

25  *Naranjo v. Yum! Bands, Inc., et al.*, E.D. Cal. Case No. 1:09-cv-

26  0246 OWW DLB are hereby consolidated for all purposes, including

27  trial, pursuant to Federal Rule of Civil Procedure 42(a)

28  ("Consolidated Actions").  The Consolidated Actions shall be

2

referred to collectively as *In re Taco Ball Wage And Hour Actions*, Master File No. 1:07-cv-1314 OWW DLB.

II.  <u>Caption of the Consolidated Actions</u>

     Each pleading filed in the Consolidated Actions shall bear the following caption:

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| IN RE TACO BELL WAGE AND HOUR ACTIONS | )<br>)<br>)<br>) | Master File:<br>1:07-cv-1314 OWW DLB |
|---|---|---|

III.  <u>Master Docket</u>

     A Master Docket is hereby established for the Consolidated Actions, including actions subsequently consolidated herein pursuant to this Order.  Entries in the Master Docket shall be applicable to the Consolidated Actions, and entries shall be made therein in accordance with the regular procedures of the Clerk of the Court, except as modified by this Order or further order of the Court.

IV.  <u>Master File and Separate Action Files</u>

     A Master File is hereby established for the proceedings in the Consolidated Actions.  The Master File shall be Civil Action No. 1:07-cv-1314 OWW DLB.  The original of this Order shall be filed by the Clerk in the Master File herein established.  The Clerk shall maintain a separate file for each of the Consolidated Actions and filing shall be made in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.  The Clerk shall file a copy of this Order in each such separate file.

3

**V.    Newly Filed or Transferred Actions**

When a case that arises out of the same operative facts as the Consolidated Actions is hereinafter filed in or transferred to this Court, it shall be consolidated with the Consolidated Actions, and the Clerk of the Court shall:

1.    File a copy of this Order in the separate file for such action;

2.    Mail a copy of this Order to the attorneys for the Plaintiff(s) in the newly-filed or transferred case and to any new Defendant(s) in the newly-filed or transferred case; and

3.    Make the appropriate entry in the Master Docket.

Assistance of counsel is requested in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.

**VI.    Application of the Order to Subsequent Cases**

This Order shall apply to each representative action, including class, collective, or Private Attorneys General Act actions, assigned to the undersigned that alleges claims similar to those set forth in these actions and brought on behalf of employees of Taco Bell Corp. who allege the same or similar violations as those alleged in the Consolidated Actions, upon the Court ordering that the case be consolidated with the Consolidated Actions.  This Order shall apply to each such case which is subsequently filed in or transferred to this Court, which is assigned to the undersigned and in which Taco Bell Corp. is named as a defendant, unless a party objecting to the consolidation of that case, or to any other provision of this

1  Order, serves an application for relief from this Order or from

2  any of its provisions within (10) days after the date on which

3  the Clerk mails a copy of this Order to the counsel of that

4  party.  Any representative action, including class, collective,

5  or Private Attorneys General Actions, that raises claims against

6  Pizza Hut, Inc. or KFC similar to those asserted in the

7  Consolidated Actions shall not be subject to Sections V and VI of

8  this Order.

9        Unless a plaintiff in a subsequently filed or transferred

10  case is permitted by the Court to use a separate complaint,

11  Defendants shall not be required to answer, plead, or otherwise

12  move with respect to that complaint.  If a plaintiff in any such

13  case is permitted to use a separate complaint, each Defendant

14  shall have twenty (20) days from the date the Court grants such

15  permission within which to answer, plead, or otherwise move with

16  respect to that complaint.

17  VII.  Organization of Counsel

18        The Court appoints the following Interim Lead Counsel, for

19  all purposes, for the Consolidated Actions pursuant to Rule 42(a)

20  of the Federal Rule of Civil Procedure:

21                    Initiative Legal Group LLP
                      1800 Century Park East, Second Floor
22                    Los Angeles, California 90067
                      Telephone: (310) 556-5637
23                    Facsimile: (310) 861-9051

24        Interim Lead Counsel in the Consolidated Actions shall have

25  final authority and responsibility over the following matters on

26  behalf of all Plaintiffs in those respective actions:

27              1.   Filing the Consolidated Complaint;

28              2.   Convening meetings of counsel;

                              **5**

1          3.    Initiating, responding to, scheduling, briefing,
2  and arguing of all motions;

3          4.    Determining the scope, order, and conduct of all
4  discovery proceedings, including but not limited to written
5  discovery, depositions and disclosures;

6          5.    Assigning all work assignments to other
7  Plaintiffs' counsel as Interim Lead Counsel deems appropriate;

8          6.    Retaining experts;

9          7.    Designating which attorneys may appear at hearings
10  and conferences with the Court;

11          8.    Entering into stipulations;

12          9.    Conducting settlement negotiations with
13  Defendants; and

14          10.   Other matters concerning the prosecution of or
15  resolution of the Consolidated Actions.

16      All Plaintiffs' counsel shall keep contemporaneous time and
17  expense records and shall provide such records upon request to
18  Interim Lead Counsel.

19      The Court appoints as Liaison Counsel for the individual
20  wrongful termination claim in the Leyva Action:

21                Law Offices of Timothy J. Donahue
                  374 South Glassell Street
22                Orange, California 92866
                  Telephone: (714) 289-2445
23                Facsimile: (714) 289-2450

24      The Court appoints as Liaison Counsel for the vacation claim
25  against Defendant Taco Bell and the claims against Defendant Yum!
26  Brands, Inc. in the Naranjo Action:

27                Law Offices of Peter M. Hart
                  13952 Bora Bora Way, F-320
28                Marina Del Rey, California 90292

                              **6**

1  Telephone: (310) 478-5789
   Facsimile: (509) 561-6441

2
   Law Offices of Kenneth H. Yoon
3  One Wilshire Blvd., suite 2200
   Los Angeles, California 90017
4  Telephone: (213) 612-0988
   Facsimile: (213) 947-1211
5
   Diversity Law Group, APC
6  444 S. Flower Street, Suite 1370
   Los Angeles, California 90071
7  Telephone: (213) 488-6555
   Facsimile: (213) 488-6554
8

9       Interim Lead Counsel shall have final authority on all

10 matters, including matters for which Liaison Counsel has been

11 appointed.  Interim Lead Counsel shall, however, regularly

12 consult with Liaison Counsel before making decisions affecting

13 matters with Liaison Counsel.

14      Liaison Counsel is permitted to file a motion with the Court

15 for relief if Liaison Counsel disagrees with a decision made by

16 Interim Lead Counsel regarding those matters to which Liaison

17 Counsel has been assigned.

18 VIII.  Administrative Matters

19      Interim Lead Counsel is charged with administrative matters

20 such as receiving and distributing pleadings, notices, orders,

21 motions, discovery papers, and briefs, and advising parties of

22 developments in the Consolidated Actions.  Defendants shall serve

23 all necessary documents on Interim Lead Counsel only.

24 IX.  Coordination

25      Interim Lead Counsel shall have exclusive authority to

26 communicate with Defendants' counsel and the Court on behalf of

27 the putative Class.  Defendants shall communicate on all matters

28 regarding the Consolidated Actions exclusively with Interim Lead

                                  7

1  Counsel.  Defendants' counsel may rely on all agreements made
2  with Interim Lead Counsel, and such agreements shall be binding.

3         Interim Lead Counsel shall coordinate activities of Liaison
4  Counsel to avoid duplication and inefficiency in the filing,
5  serving and/or implementation of pleadings, other court papers,
6  discovery papers, and discovery practice.

7  X.   Scope of Order

8         The terms of this Order shall not have the effect of making
9  any person, firm or entity a party to any action in which he, she
10 or it has not been named, served or added as such in accordance
11 with the Federal Rules of Civil Procedure.  The terms of this
12 Order and the consolidation ordered herein shall not constitute a
13 waiver by any party of any claims in or defenses to any action.

14 XI.  Preliminary Schedule of Proceedings

15        Plaintiffs shall file a Consolidated Complaint within
16 twenty-one (21) days of the entry of this Order.  The
17 Consolidated Complaint shall be the operative complaint and shall
18 supersede all complaints filed in any of the Consolidated
19 Actions.  Pending filing and service of the Consolidated
20 Complaint, Defendants shall have no obligation to move, answer,
21 or otherwise respond to any of the complaints in the Consolidated
22 Actions or any actions subsequently consolidated with it.
23 Defendants shall have twenty-one (21) days from service of the
24 Consolidated Complaint to answer or otherwise respond.

25        In the event any of the Defendants file a motion directed at
26 the Consolidated Complaint, Interim Lead Counsel and Defendants
27 shall meet and confer regarding a briefing schedule for moving
28 papers, opposition and reply briefs.

1   Nothing in this Order shall in any way be deemed a waiver or
2   admission by any party to the Consolidated Actions to assert any
3   argument in favor of or in opposition to class certification.  In
4   making this Order and in determining that the Consolidated
5   Actions raise overlapping causes of actions, the Court has not
6   considered or determined whether common issues of fact and law
7   exist that warrant certifying the Consolidated Actions as a class
8   action.

9   XII.   **Protective Order**

10   The protective order that was entered in the Medlock Action
11   shall apply to and be deemed entered in the In Re Taco Bell Wage
12   And Hour Actions.

IT IS SO ORDERED.

**Dated:   June 8, 2009**              **/s/ Oliver W. Wanger**
                                        UNITED STATES DISTRICT JUDGE

9