1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE TACO BELL WAGE AND HOUR
ACTIONS,

_____

)
)
)
)
)
)
)
)
)
)
)

Master Case Number:
1:07-cv-1314 OWW GSA

AMENDED SCHEDULING
CONFERENCE ORDER

Discovery Cut-Off re
Whether Yum! Brands, Inc.
is a Proper Party
Defendant: 10/26/09

Dispositive Motion Filing
Deadline re Whether Yum!
Brands, Inc. is a Proper
Party Defendant: 11/30/09

Class Certification
Discovery Cut-Off: 6/24/10

Motions re Class
Certification Filing
Deadline: 8/26/10

Opposition re Class
Certification Filing
Deadline: 10/26/10

Replies re Class
Certification Filing
Deadline: 12/6/10

Hearing re Class
Certification: 1/10/11
11:00 Ctrm. 3

I.   Date of Scheduling Conference.

1

1    June 25, 2009.

2  II.   Appearances Of Counsel.

3        Interim Lead Counsel Monica Balderrama, Esq., appeared on

4  behalf of all Plaintiffs.

5        Kenneth H. Yoon, Esq., Linda P. Whitehead, Esq., and Larry

6  W. Lee, Esq., appeared as Liaison Counsel on behalf of Plaintiff

7  Loraine Naranjo.

8        Timothy J. Donahue, Esq., appeared as Liaison Counsel on

9  behalf of Plaintiff Miriam Leyva.

10        Irell & Manella LLP by Andra B. Greene, Esq., and Julie M.

11  Davis, Esq., appeared on behalf of Defendants Taco Bell Corp.,

12  Taco Bell of America, Inc., and Yum! Brands, Inc.

13        Littler Mendelson by Spencer H. Hipp, Esq., appeared on

14  behalf of Defendants Taco Bell Corp., Taco Bell of America, Inc.,

15  and Yum! Brands, Inc.

16  III. Cooperation Between Interim Lead Counsel and Liaison

17        Counsel.

18        1.    Interim Lead Counsel and Liaison Counsel for Naranjo

19  are directed to meet and confer to reach resolution on issues of

20  their cooperation and administration and handling of their

21  respective responsibilities in this litigation.  In the event

22  counsel are unable to agree on the terms and conditions of their

23  respective roles on or before August 10, 2009, Liaison Counsel

24  for Naranjo may file any motion concerning cooperation and

25  administrative issues between Interim Lead Counsel and Liaison

26  Counsel.

27  IV.   Summary of Pleadings.

28        Plaintiffs' Statement

2

1.   On May 19, 2009, the Court granted Defendants' motions for consolidation of the Medlock, Hardiman, Leyva, and Naranjo Actions for all purposes through trial and, on June 9, 2009, issued a Pretrial Order Regarding Consolidation of Pending Actions and Appointment of Initiative Legal Group LLP as Interim Lead Counsel ("Pretrial Order"), which directed Plaintiffs to file a Consolidated Complaint on or before June 30, 2009.

2.   Plaintiffs will be filing a Consolidated Complaint, which alleges the following claims against Taco Bell Corp. and/or Taco Bell of America, Inc. on behalf of a putative class of non-exempt or hourly-paid employees:

a.   That non-exempt or hourly-paid employees of Taco Bell Corp. and/or Taco Bell of America, Inc. in the State of California from September 7, 2003, until the resolution of this lawsuit were not paid proper wages.

b.   That non-exempt or hourly-paid employees of Taco Bell Corp. and/or Taco Bell of America, Inc. in the State of California from September 7, 2003 until the resolution of this lawsuit were not paid proper overtime wages.

c.   That non-exempt or hourly-paid employees of Taco Bell Corp. and/or Taco Bell of America, Inc. in the State of California from September 7, 2003 until the resolution of this lawsuit were not paid proper minimum wages.

d.   That non-exempt or hourly-paid employees of Taco Bell Corp. and/or Taco Bell of America, Inc. in the State of California from September 7, 2003 until the resolution of this lawsuit missed meal periods and were not paid proper wages in lieu thereof.

3

1        e.    That non-exempt or hourly-paid employees of Taco

2  Bell Corp. and/or Taco Bell of America, Inc. in the State of

3  California from September 7, 2003 until the resolution of this

4  lawsuit missed rest periods and were not paid proper wages in

5  lieu thereof.

6        f.    That non-exempt or hourly-paid employees of Taco

7  Bell Corp. and/or Taco Bell of America, Inc. in the State of

8  California were provided inaccurate wage statements from

9  September 7, 2006 until the resolution of this lawsuit.

10        g.    That non-exempt or hourly-paid employees of Taco

11  Bell Corp. and/or Taco Bell of America, Inc. in the State of

12  California incurred business-related expenses and costs that were

13  not reimbursed from September 7, 2003 until the resolution of

14  this lawsuit.

15        h.    That exempt or hourly-paid employees of Taco Bell

16  Corp. and/or Taco Bell of America, Inc. in the State of

17  California were not paid all vested accrued vacation wages

18  (including, but not limited to, vacation pay, personal day pay,

19  personal holiday pay, and/or floating holiday pay) at the end of

20  their employment from November 5, 2004 until the resolution of

21  this lawsuit.

22        i.    That non-exempt or hourly-paid employees of Taco

23  Bell Corp. and/or Taco Bell of America, Inc. in the State of

24  California were not timely tendered their wages upon termination

25  of employment from September 7, 2004 until the resolution of this

26  lawsuit.

27        j.    That Defendants have refused to secure the payment

28  of workers compensation benefits to Plaintiff Leyva.  Instead,

1   Defendants deliberately, intentionally, and wrongfully fired
2   Plaintiff Levya without just cause, ending her employment on July
3   26, 2007.

4       3.   On behalf of the putative class members, Plaintiffs
5   seek to recover unpaid compensation and unlawfully withheld
6   wages, including the interest thereon, as well as damages, and
7   statutory penalties for the applicable limitations period.
8   Plaintiffs further seek attorneys' fees and costs.

9       4.   Additionally, Plaintiff Hardiman seeks penalties under
10  the California Private Attorneys General Act of 2004, California
11  Labor Code §§ 2699, et seq. ("PAGA"), for the applicable
12  limitations period for violations of California Labor Code
13  §§ 201, 202, 203, 204, 221, 226(a), 226.7, 510, 512, 1198, 2800
14  and 2802.

15      **Plaintiffs' Statement If the Threshold Issue of Yum! Brands,**
16      **Inc.'s Liability is Met**.

17      5.   Plaintiffs' Consolidated Complaint will also allege
18  claims against Yum! Brands, Inc. on behalf of a putative class of
19  non-exempt or hourly-paid employees.  Defendants are expected to
20  file a motion on the threshold issue of whether Yum! Brands, Inc.
21  is a proper named defendant in the consolidated actions.  If
22  Plaintiffs prevail on the issue of Yum! Brands, Inc.'s liability,
23  the following additional claims will be at issue:

24          k.   That non-exempt or hourly paid employees of Yum!
25  Brands, Inc. in the State of California from November 5, 2004
26  until the resolution of this lawsuit were not paid proper minimum
27  wages.

28          l.   That non-exempt or hourly-paid employees of Yum!

**5**

1  Brands, Inc. in the State of California from November 5, 2004
2  until the resolution of this lawsuit were not paid proper
3  overtime wages.

4          m.    That non-exempt or hourly-paid employees of Yum!
5  Brands, Inc. in the State of California were provided inaccurate
6  wage statements from November 5, 2007 until the resolution of
7  this lawsuit.

8          n.    That non-exempt or hourly-paid employees of Yum!
9  Brands, Inc. in the State of California incurred business-related
10 expenses and costs that were not reimbursed from November 5, 2004
11 until the resolution of this lawsuit.

12         o.    That exempt or hourly-paid employees of Taco Bell
13 Corp., Taco Bell of America, Inc., and/or Yum! Brands, Inc. in
14 the State of California were not paid all vested accrued vacation
15 wages (including, but not limited to, vacation pay, personal day
16 pay, personal holiday pay, and/or floating holiday pay) at the
17 end of their employment from November 5, 2004 until the
18 resolution of this lawsuit.

19         p.    That non-exempt or hourly-paid employees of Yum!
20 Brands, Inc. in the State of California were not timely tendered
21 their wages upon termination of employment from November 5, 2005
22 until the resolution of this lawsuit.

23     6.    On behalf of the putative class members, Plaintiffs
24 seek to recover unpaid compensation and unlawfully withheld
25 wages, including the interest thereon, as well as damages, and
26 statutory penalties for the applicable limitations period.
27 Plaintiffs further seek attorneys' fees and costs.

28     **Defendants' Statement**

1.      Defendants Taco Bell or Taco Bell of America employed Plaintiffs and other persons as non-exempt or hourly paid restaurant employees in California.  Although Plaintiffs have not yet filed their Consolidated Complaint and thus, Defendants have not yet responded, Defendants deny any and all allegations that Plaintiffs assert above and have previously asserted in each individual action prior to consolidation.  Specifically, Defendants deny that Plaintiffs or any other putative class member are entitled to any type of relief in this action, including, without limitation, unpaid compensation, unreimbursed business expenses, wages and interest thereon, damages, statutory penalties, and penalties under PAGA.  Defendants deny that Plaintiffs are entitled to recover attorneys' fees and costs and any other relief they seek from the Court.

2.      Defendants also deny that Plaintiff Leyva was wrongfully terminated, and they deny that Plaintiff Leyva is entitled to any type of relief for her alleged wrongful termination claim.  Defendants also believe that Plaintiff Leyva has no basis for including in the Consolidated Complaint a cause of action to secure the payment of workers' compensation benefits to her, as such a cause of action was not asserted in her complaint filed in her individual action.

**Defendants' Statement Regarding the Threshold Issue of Whether Yum and Its "Retail Restaurant Subsidiaries" are Integrated Enterprises.**

3.      Plaintiffs assert that they will claim in their Consolidated Complaint that Yum and "Yum's retail restaurant subsidiaries" are integrated enterprises making Yum the employer

of individuals working in "Yum's retail restaurant subsidiaries."
Yum plans to file a motion for summary judgment on this issue as
soon as possible which, if granted, will dispose of all claims
against Yum and any Yum retail restaurant subsidiaries not
specifically named in the Consolidated Complaint.

4.   Yum denies that it and its retail restaurant
subsidiaries are integrated enterprises.

V.   Orders Re Amendments To Pleadings.

Plaintiffs' Statement

1.   Consistent with the Court's June 9, 2009 Pretrial
Order, Plaintiffs will be filing a Consolidated Complaint on or
before June 30, 2009.  Defendants will have twenty-one (21) days
from service of the Consolidated Complaint to answer or otherwise
respond.

Defendants' Statement

2.   While the June 9, 2009 Pretrial Order requires
Plaintiffs to file a Consolidated Complaint on or before June 30,
2009, this Order does not permit Plaintiffs to amend their
pleadings by adding new allegations against the defendants or
adding additional parties to the action.  To the extent that
Plaintiffs attempt to broaden the causes of actions they assert
through the Consolidated Complaint, Defendants believe that this
is not permitted by the June 9, 2009 Pretrial Order.

VI.  Factual Summary.

A.   Admitted Facts Which Are Deemed Proven Without Further
Proceedings.

1.   Plaintiff Medlock is an individual resident of the
Eastern District of California, Fresno Division, at all times

alleged in the complaint.

2.   Plaintiff Medlock was employed at times alleged in the complaint by Taco Bell Corp.  Discovery will ascertain whether Ms. Medlock was employed by any other named Defendant.

3.   Plaintiff Hardiman was formerly a resident of the Eastern District of California.  Discovery will ascertain the time periods during which Plaintiff Hardiman was a resident of the Eastern District of California.

4.   Plaintiff Hardiman was employed by Taco Bell Corp. and/or Taco Bell of America, Inc. Discovery will ascertain the time periods during which Plaintiff Hardiman was employed by Taco Bell Corp. and/or Taco Bell of America, Inc.

5.   Plaintiff Leyva is an individual resident of the State of California, at all times alleged in the complaint.

6.   Plaintiff Leyva was employed at certain times alleged in the complaint by Taco Bell Corp. and/or Taco Bell of America, Inc.  Discovery will ascertain whether Ms. Leyva was employed by any other named Defendant.

7.   Plaintiff Naranjo is an individual resident of the State of California, at all times alleged in the complaint.

8.   Plaintiff Naranjo was employed at certain times alleged in the complaint by Taco Bell Corp. and/or Taco Bell of America, Inc.  Discovery will ascertain whether Ms. Naranjo was employed by any other named Defendant.

9.   Taco Bell Corp. is a California corporation licensed to do and doing business in the State of California.

10.   Taco Bell of America, Inc. is a Delaware corporation licensed to do business in the State of California.

1   ///

2       B.   Contested Facts.

3       1.   Whether Yum! Brands, Inc. is a joint employer or

4   integrated enterprise with its subsidiaries, including Taco Bell

5   Corp. and/or Taco Bell of America, Inc.

6       2.   Whether Defendants failed to pay proper overtime,

7   in violation of California Labor Code §§ 510 and 1198.

8       3.   Whether Defendants failed to provide meal periods

9   or compensation in lieu thereof, in violation of California Labor

10  Code §§ 226.7(a) and 512(a).

11      4.   Whether Defendants failed to provide rest periods

12  or compensation in lieu thereof, in violation of California Labor

13  Code § 226.7(a).

14      5.   Whether Defendants complied with wage reporting as

15  required by California Labor Code § 226(a).

16      6.   Whether Defendants failed to promptly pay all

17  wages due to Plaintiffs and putative class members upon their

18  discharge or resignation, in violation of California Labor Code

19  §§ 201 and 202.

20      7.   Whether Defendants' conduct was willful or

21  reckless under California Labor Code § 203.

22      8.   Whether Defendants failed to pay wages, in

23  violation of California Labor Code § 204.

24      9.   Whether Defendants failed to pay minimum wages, in

25  violation of California Labor Code § 1194.

26      10.  Whether Defendants forced Plaintiffs and other

27  putative class members to contribute to the capital and expenses

28  of Defendants' businesses, in violation of California Labor Code

1  §§ 2800 and 2802.

2      11.   Whether Defendants failed to pay all vested
3  accrued vacation wages (including, but not limited to, vacation
4  pay, personal day pay, personal holiday pay, and/or floating
5  holiday pay) during and at the end of their employment.

6      12.   Whether Defendants engaged in unfair business
7  practices in violation of California Business & Professions Code
8  §§ 17200, et seq.

9      13.   Whether any damages, restitution, monetary
10  penalties, or PAGA penalties resulted from Defendants' alleged
11  violations of California law.

12      14.   Whether any damages, restitution, monetary
13  penalties, or PAGA penalties resulted from Defendants' alleged
14  violations of California law.

15      15.   Whether Defendants' affirmative defenses bar the
16  claims of Plaintiffs and other putative class members or limit
17  their recovery, if any, of damages, restitution, monetary
18  penalties, or PAGA penalties.

19      16.   Whether the claims of Plaintiffs are subject to
20  class certification.

21      17.   Whether Defendants deliberately, intentionally,
22  and wrongfully fired Plaintiff Leyva without just cause, ending
23  her employment on July 26, 2007.

24  VII. Legal Issues.

25      A.   Uncontested.

26      1.   Jurisdiction exists under 28 U.S.C. § 1332.

27      2.   Venue is proper under 28 U.S.C. § 1441(a).

28      3.   The parties agree that the substantive law of the

11

1  State of California provides the rule of decision.

2       B.    Contested.

3            1.    Whether there are common questions of law and fact

4  and, therefore, whether certification as a class action is

5  appropriate (including but not limited to issues of adequacy,

6  commonality, typicality, and superiority).

7            2.    Whether Defendants failed to pay proper overtime,

8  in violation of California Labor Code §§ 510 and 1198.

9            3.    Whether Defendants failed to provide meal periods

10 or compensation in lieu thereof, in violation of California Labor

11 Code §§ 226.7(a) and 512(a).

12           4.    Whether Defendants failed to provide rest periods

13 or compensation in lieu thereof, in violation of California Labor

14 Code § 226.7(a).

15           5.    Whether Defendants complied with wage reporting as

16 required by California Labor Code § 226(a).

17           6.    Whether Defendants failed to promptly pay all

18 wages due to Plaintiffs and putative class members upon their

19 discharge or resignation, in violation of California Labor Code

20 §§ 201 and 202.

21           7.    Whether Defendants' conduct was willful or

22 reckless under California Labor Code § 203.

23           8.    Whether Defendants failed to pay wages, in

24 violation of California Labor Code § 204.

25           9.    Whether Defendants failed to pay minimum wages, in

26 violation of California Labor Code § 1194.

27           10.   Whether Defendants forced Plaintiffs and other

28 putative class members to contribute to the capital and expenses

1  of Defendants' businesses, in violation of California Labor Code
2  §§ 2800 and 2802.

3      11.   Whether Defendants failed to pay all vested
4  accrued vacation wages (including, but not limited to, vacation
5  pay, personal day pay, personal holiday pay, and/or floating
6  holiday pay) during the course of employment and at the end of
7  their employment.

8      12.   Whether Defendants engaged in unfair business
9  practices in violation of California Business & Professions Code
10 §§ 17200, et seq.

11     13.   Whether any damages, restitution, PAGA penalties,
12 or monetary penalties resulted from Defendants' alleged
13 violations of California law.

14     14.   Whether Defendants' affirmative defenses bar the
15 claims of Plaintiffs and other putative class members or limit
16 their recovery, if any, of damages, restitution, monetary
17 penalties, or PAGA penalties.

18     15.   Whether Defendants deliberately, intentionally,
19 and wrongfully fired Plaintiff Leyva without just cause, ending
20 her employment on July 26, 2007.

21 VIII.  Consent to Magistrate Judge Jurisdiction.

22     1.   The parties have not consented to transfer the
23 case to the Magistrate Judge for all purposes, including trial.

24 VIX. Corporate Identification Statement.

25     1.   Any nongovernmental corporate party to any action in
26 this court shall file a statement identifying all its parent
27 corporations and listing any entity that owns 10% or more of the
28 party's equity securities.  A party shall file the statement with

13

1  its initial pleading filed in this court and shall supplement the

2  statement within a reasonable time of any change in the

3  information.

4  X.    Discovery Plan and Cut-Off Date.

5      Initial Disclosures

6     1.    Although initial disclosures were exchanged in the

7  Medlock and Hardiman Actions prior to consolidation (but not in

8  the Leyva or Naranjo Actions), the parties have agreed that

9  consolidated initial disclosures will be exchanged 5 court days

10  after Plaintiffs file the Consolidated Complaint.

11      Plaintiffs' Statement

12     2.    Plaintiffs have concluded one Rule 30(b)(6) deposition,

13  and expect to conduct additional 30(b)(6) depositions.  To that

14  end, Plaintiffs have noticed additional 30(b)(6) depositions and

15  the parties have been negotiating in good faith to schedule those

16  additional depositions, including for the vacation claim.

17  Plaintiffs also expect to conduct at least one deposition for

18  every expert designated by Defendants and a number of individual

19  depositions.  The number of expected depositions will depend on

20  the course of discovery and the documents available for

21  Plaintiff's examination.

22     3.    Plaintiffs have propounded written discovery on

23  Defendants, including interrogatories, requests for documents,

24  and requests for admissions, and expect to propound additional

25  written discovery in follow-up to the earlier discovery.  To the

26  extent there are any discovery disputes, the parties will meet

27  and confer about them in good faith in an effort to avoid Court

28  intervention.  Additionally, in light of the consolidation,

Plaintiffs intend to propound written discovery regarding the vacation claim against Defendants, the propriety of Yum! Brands, Inc. as a defendant, and whether Plaintiff Leyva was wrongfully terminated.

4.    Plaintiffs anticipate calling a number of putative class members to offer a representative sampling of the Class as a whole.   Plaintiffs also anticipate calling at least one expert to testify on liability issues and at least one expert to testify on damage issues.   Damages are expected to be proven by statistical sampling.   Until additional discovery is conducted, Plaintiffs cannot estimate the number of hostile witnesses that will be called.

5.    The allegations in this matter implicate the policies applicable to a large number of current employees and former employees over a lengthy time period and across the entire state. Accordingly, Plaintiffs believe that certification discovery should be allowed at this time.   Plaintiffs recognize that some discovery may impact both certification and merits discovery; however, Plaintiffs will focus to ensure that the discovery sought will relate to the certification issue, even to the extent it may impact liability or damages issues.[1]

6.    Defendants intend to re-depose Plaintiff Hardiman.

---

[1] The clearest example of this is class size.   Discovery related to this issue would impact not only certification issues, i.e., numerosity, but would also relate to the calculation of damages, an issue that is typically related to merits discovery. By refusing the false dichotomy between class discovery and merits discovery, and instead focusing on discovery that impacts certification issues, the parties will avoid discovery battles that will likely need extensive involvement by this Court.

1   Under Fed. R. Civ. P. 30(a)(2)(A)(ii), a court order is required

2   to re-depose a witness previously deposed in the same case.  The

3   Medlock and Hardiman actions were deemed related on August 4,

4   2008 and subsequently consolidated, along with the Leyva and

5   Naranjo actions, on May 19, 2009.  Although the prior deposition

6   of Ms. Hardiman ostensibly was not, in name, a "named plaintiff"

7   deposition, it was one in substance.  Plaintiff therefore does

8   not understand Defendants' request for a second deposition of Ms.

9   Hardiman, which would, in contravention of the policies behind

10  consolidation, be duplicative and burdensome.

11       **Defendants' Statement**

12       7.  Defendants agree that discovery should be conducted in

13  two phases, with the current phase being limited to class

14  certification discovery.  The second phase, if necessary, would

15  occur after the Court's ruling on any motion or motions related

16  to class certification.  This second phase would relate to the

17  merits of Plaintiffs' claims, including damages.

18       8.  Defendants believe that in the first phase of

19  discovery, Plaintiffs should be precluded from taking discovery

20  from Yum on any issue not directly related to their theory that

21  Yum and Yum's "retail restaurant subsidiaries" are integrated

22  enterprises.  If Yum's motion for summary judgment is granted, no

23  other discovery related to Yum will be necessary.  Defendants'

24  proposal will result in a meaningful conservation of resources,

25  if Yum's motion is granted.  Additionally, since Yum intends to

26  bring its motion for summary judgment early and Plaintiffs

27  propose that the class certification discovery cut-off date be

28  set for June 2010, Plaintiffs will have plenty of time to

**16**

complete additional discovery regarding Yum if Yum does not prevail on its summary judgment motion.

9.   Defendants anticipate deposing Naranjo, Leyva and Hardiman as named plaintiffs in the Consolidated Cases and several other individuals.  Defendants have already deposed Medlock and Hardiman, but at the time Defendants deposed Hardiman, Hardiman was not a named plaintiff and Medlock and Hardiman were not deposed about vacation time claims or any issues related to Yum.  The number of expected depositions will depend on the course of discovery and the evidence submitted in support of Plaintiffs' anticipated Motion for Class Certification.  Defendants expect to conduct at least one deposition for every expert designated by Plaintiffs.  Defendants also expect to propound additional written discovery.

**Changes to Timing, Form, or Requirement for Disclosures**.

**Plaintiffs' Statement**.

1.   In light of the consolidation, the inherent complexity of a wage and hour class action, and the fact that written discovery has already been taken in the Medlock and Hardiman Actions, Plaintiffs request that Plaintiffs and Defendants each be able to propound an additional 50 interrogatories beyond the number previously propounded.

**Defendants' Statement**.

2.   Defendants agree with Plaintiffs' position that Plaintiffs will be entitled to propound an additional 50 interrogatories in the Consolidated Action and that Defendants will be entitled to propound the same number of additional interrogatories.

1    ///

2        **Subjects on Which Discovery May be Needed**.

3        **Plaintiff's Statement**.

4        1.    Plaintiffs have conducted discovery – and intend to

5    conduct further discovery – on the following, non-exhaustive list

6    of subjects: whether certification as a class action is

7    appropriate; whether Defendants failed to pay proper wages, in

8    violation of the California Labor Code; whether Defendants failed

9    to pay proper overtime, in violation of the California Labor

10   Code; whether Defendants complied with wage reporting as required

11   by the California Labor Code; whether Defendants failed to

12   provide meal and rest periods or compensation in lieu thereof;

13   whether Defendants forced Plaintiffs and other putative class

14   members to contribute to the capital and expenses of Defendants'

15   businesses, whether Defendants failed to timely pay employees who

16   left Defendants' employ; whether Defendants' conduct was willful

17   or reckless; whether Defendants engaged in unfair business

18   practices in violation of the California Business & Professions

19   Code §§ 17200, et seq., and the appropriate amount of damages,

20   restitution, or monetary penalties, if any, resulting from

21   Defendants' alleged violations of California law.

22       2.    Plaintiffs will meet and confer with Defendants

23   regarding any discovery disputes in an effort to avoid Court

24   intervention.

25       3.    Additionally, Plaintiffs intend to conduct discovery

26   regarding, without limitation, whether Defendants failed to pay

27   all vested accrued vacation wages (including, but not limited to,

28   vacation pay, personal day pay, personal holiday pay, and/or

18

floating holiday pay) during the course of employment and at the end of their employment; whether Yum! Brands, Inc. is a proper defendant in the consolidated actions; and whether Defendants wrongfully terminated Plaintiff Leyva.

**Defendants' Statement**.

4.    In the first discovery phase, Defendants intend to conduct discovery on all issues related to whether certification as a class action is appropriate.  Only if Plaintiffs' anticipated Motion for Class Certification is granted will Defendants then proceed to the second discovery phase and conduct discovery on the merits of Plaintiffs' claims and their defenses as well as on damages issues.

**Claims of Privilege or of Protection**.

1.    In the Court's June 9, 2009, Pretrial Order, the Court indicated that the protective order that was entered in the Medlock Action will apply to and be deemed entered in the In Re Taco Bell Wage And Hour Actions.

**Disclosure or Discovery of Electronically Stored Information**.

1.    The parties have met and conferred and confirmed that each has taken steps to help ensure the preservation of potential discovery materials.  The parties have also met and conferred regarding the disclosure and discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Rule 26(f)(3) of the Federal Rules of Civil Procedure.

**Court Scheduling of Case**.

1.    The issue of whether Yum! Brands, Inc. is a proper

19

party defendant shall be addressed by dispositive motion.  The

parties shall have 120 days to conduct discovery on this issue

through and including October 26, 2009.  Within 30 days

following, Defendants shall file any dispositive motion

concerning Yum! Brands, Inc.'s inclusion in the lawsuit as a

Defendant on or before November 30, 2009.  The filing and hearing

schedule for the Yum! party issue shall be in accordance with the

Local Rules of the Eastern District of California.

Class Certification Schedule.

2.    The close of class certification discovery shall be

June 24, 2010.  The deadline to file motions re: class

certification is August 26, 2010.  Oppositions shall be due

October 26, 2010.  Replies shall be filed on or before December

6, 2010.  The class certification motion will be heard on January

10, 2011, at 11:00 a.m. and the Court will reserve extended time

for oral arguments.

3.    The parties agree that during the briefing period for

class certification motions, that limited discovery shall be

permitted for issues raised by evidentiary showings made by

Plaintiffs' Motion to Certify and Defendants' Oppositions to the

Motion for Certification.

XI.   Motions - Hard Copy.

1.    The parties shall submit one (1) courtesy paper copy to

the Court of any motions filed that exceed ten pages and any

motions that have exhibits attached.  Exhibits shall be marked

with protruding numbered or lettered tabs so that the Court can

easily identify such exhibits.

XII.  Trial.

20

1       1.    Plaintiffs have demanded a jury trial.  Defendants

2 reserve the right to object to Plaintiffs' entitlement to a jury

3 trial.

4 XIII.  Further Scheduling Conference.

5       1.    Following the decision on the Class Certification

6 Motion, a Further Scheduling Conference will be held to adopt a

7 final schedule for the trial and disposition of this action.

8 XIV. Request For Bifurcation, Appointment Of Special Master,

9 Or Other Techniques To Shorten Trial.

10       1.    Premature issue at this time.

11 XV.  Related Matters Pending.

12       1.    On February 11, 2009, Plaintiff Endang Widjaja filed a

13 class action complaint against Taco Bell Corp. and Yum! Brands,

14 Inc. in the Superior Court of the State of California for the

15 County of Orange alleging four causes of action: failure to

16 reimburse business expenses, failure to provide rest periods,

17 unfair business practices in violation of § 17200 of the Business

18 and Professions Code, and conversion.  The *Widjaja* action was

19 removed to the United States District Court for the Central

20 District of California.  On June 8, 2009, Judge Carter granted

21 Taco Bell and Yum's motion to transfer the case to the United

22 States District Court for the Eastern District of California, and

23 the *Widjaja* case is currently being transferred to this Court.

24 Taco Bell and Yum will file a notice of related case as soon as

25 the *Widjaja* case is formally transferred to this Court.

26       2.    Taco Bell and Yum believe that the *Widjaja* case is

27 duplicative of the Consolidated Cases and, accordingly, *Widjaja*

28 should be dismissed or stayed or, in the alternative,

1  consolidated with the Consolidated Cases.  Counsel for Taco Bell

2  and Yum have forwarded the *Widjaja* complaint to Interim Lead

3  Counsel and are meeting and conferring with Interim Lead Counsel

4  on how to address handling the *Widjaja* case.

5  XVI. Compliance With Federal Procedure.

6      1.    The Court requires compliance with the Federal

7  Rules of Civil Procedure and the Local Rules of Practice for the

8  Eastern District of California.  To aid the court in the

9  efficient administration of this case, all counsel are directed

10 to familiarize themselves with the Federal Rules of Civil

11 Procedure and the Local Rules of Practice of the Eastern District

12 of California, and keep abreast of any amendments thereto.

13 XVII.      Effect Of This Order.

14     1.    The foregoing order represents the best

15 estimate of the court and counsel as to the agenda most suitable

16 to bring this case to resolution.  The trial date reserved is

17 specifically reserved for this case.  If the parties determine at

18 any time that the schedule outlined in this order cannot be met,

19 counsel are ordered to notify the court immediately of that fact

20 so that adjustments may be made, either by stipulation or by

21 subsequent scheduling conference.

22     2.    Stipulations extending the deadlines contained

23 herein will not be considered unless they are accompanied by

24 affidavits or declarations, and where appropriate attached

25 exhibits, which establish good cause for granting the relief

26 requested.

27 ///

28 ///

22

1        3.    Failure to comply with this order may result in

2   the imposition of sanctions.

3

4   IT IS SO ORDERED.

5   **Dated:    July 2, 2009**                        /s/ Oliver W. Wanger
                                              UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28