# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TACO BELL WAGE AND ACTIONS | ) 1:07cv1314 OWW DLB <br> ) <br> ) <br> ) ORDER DENYING PLAINTIFFS' <br> ) MOTION TO COMPEL PRODUCTION <br> ) OF DOCUMENTS <br> ) <br> ) <br> ) <br> ) <br> ) |

 Plaintiffs Sandrika Medlock, Lisa Hardiman, Miriam Leyva, Loraine Naranjo and Endang Widjaja ("Plaintiffs") filed the instant motion to compel production of documents from Defendant Yum! Brands, Inc. ("Yum") on October 30, 2009.  The matter was heard on November 20, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge.  Monica Balderrama and Linda Whitehead appeared on behalf of Plaintiffs.  Aaron Cole and Spencer Hipp appeared on behalf of Yum.

## BACKGROUND

 This is the lead case of five consolidated actions against Defendants Taco Bell Corp., Taco Bell of America, Inc., and Yum! Brands, Inc.  The consolidated complaint, filed on June 29, 2009, alleges numerous violations of the California Labor Code based mainly on an alleged failure to pay wages.  The action is brought on behalf of the putative class of non-exempt and hourly employees employed at Taco Bells in California during specific periods.  The hearing for class certification is set for January 10, 2011.

The consolidated complaint alleges that Yum either approved, ratified and/or was otherwise directly involved with the alleged violations.

As set forth in the June 29, 2009, Scheduling Conference Order, whether Yum is a proper defendant is a threshold issue.  Plaintiffs believe that Yum and Yum's retail restaurant subsidiaries are integrated enterprises, making Yum the employer of the individuals working in the restaurant subsidiaries.  The Court ordered that the issue be addressed by dispositive motion.  Pursuant to the order and subsequent stipulations, discovery on the issue must be completed by December 28, 2009, with Yum's dispositive motion to be filed by January 29, 2010.

To this end, Plaintiffs propounded Requests for Production of Documents, Set One, to Yum on September 23, 2009.  The 33 requests are divided into three main categories:

1. Organizational charts reflecting the corporate organizational structure of Yum, Taco Bell, Kentucky Fried Chicken ("KFC"), Pizza Hut and Long John Silver's ("LJS");[1]

2. All documents concerning Yum's involvement in the design, creation, review, approval, management, auditing, oversight, implementation and enforcement of various employment policies, practices and procedures of Taco Bell, KFC, Pizza Hut and LJS; and

3. Documents relating to Yum's corporate and business relationship with Taco Bell, KFC, Pizza Hut and LJS.

On October 23, 2009, Yum responded solely with objections.  During the parties' meet and confer efforts, Yum indicated that it was withholding documents only on the basis of two objections: (1) that Yum is only required to produce documents "sufficient to show" its involvement in Taco Bell's policies and procedures, as opposed to ALL responsive documents; and (2) that Plaintiffs are not entitled to documents relating to KFC, Pizza Hut or LJS.

The parties filed their joint statement on November 17, 2009.

---

[1] Yum describes itself as the "world's largest restaurant company" and operates, either on its own or through franchise agreements, KFC, Pizza Hut, Taco Bell and LJS.  Plaintiffs suit is directed only at Yum-owned Taco Bells.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

A.   Yum's Offer to Produce Documents "Sufficient to Show" Its Involvement with Taco Bell

Plaintiffs contend that Yum's offer unjustifiably attempts to limit the scope of the requests, in contravention of the liberal discovery rules. They seek production of ALL responsive documents because they believe the documents are directly relevant to Plaintiffs' claim that Yum is a proper defendant.

In opposition, while Yum agrees that certain aspects of its relationship with Taco Bell are relevant to determine whether the entities are integrated enterprises or alter egos, Yum argues that Plaintiffs' demand for all documents is unduly burdensome and oppressive. Yum has offered to produce "documents sufficient to show Yum's actual involvement, if any, with the employment policies and procedures implemented at Taco Bell's company-owned restaurants in California."

The Court agrees that the scope of the requests is too broad. During the hearing, Yum agreed to identify key individuals that would be best able to provide responses, such those in policy making positions in human resources and any other individuals responsible for the issues raised in the requests. The Court directed the parties to discuss these matters in an effort to agree on an appropriate scope.

Accordingly, Plaintiffs' motion to compel further responses to Request Numbers 7 to 28 is DENIED AS MOOT.

B.   Documents Relating to KFC, Pizza Hut and LJS

Most of Plaintiffs' discovery requests include documents related to KFC, Pizza Hut and LJS, in addition to Taco Bell. Plaintiffs contend that the documents are relevant to the overlap between Yum and its concept restaurants' business and operations, and will demonstrate the frequency and degree of Yum's involvement, either through the sharing of policies or through

1  Yum's direct control.  Plaintiffs believe that information relating to Yum's interactions with KFC,
2  Pizza Hut and LJS is probative to how they interact with Taco Bell, i.e., whether Yum treats Taco
3  Bell more as department/division or as a subsidiary.
4         Plaintiffs are incorrect.  The relationship Yum has with its other subsidiaries is separate and
5  apart from its relationship with Taco Bell.  This action involves only Taco Bell employees, making
6  discovery as to Yum's relationship with its other subsidiaries wholly irrelevant.  The only
7  relationship at issue in this action is the one between Yum and Taco Bell and discovery concerning
8  Yum's relationship with KFC, Pizza Hut or LJS is not probative thereof.  Despite Plaintiffs'
9  suggestion to the contrary, naming Yum as a Defendant in an action involving only Taco Bell does
10 not entitle Plaintiffs to discovery relating to all of Yum's subsidiaries.
11        Accordingly, Plaintiffs' motion to compel production of documents related to KFC, Pizza
12 Hut and/or LJS is DENIED.

   IT IS SO ORDERED.

   Dated:   **November 23, 2009**            /s/ Dennis L. Beck
                                         UNITED STATES MAGISTRATE JUDGE