1 [Counsel listed on following page.]

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                           FRESNO DIVISION

11 IN RE TACO BELL WAGE AND HOUR ) Master File:
   ACTIONS                       ) 1:07-cv-01314-OWW-DLB
12                               )
                                 )
13                               ) **STIPULATION RE DEPOSITION AND**
                                 ) **OUTSTANDING DISCOVERY**
14                               ) **PROPOUNDED ON PLAINTIFF**
                                 ) **MIRIAM LEYVA (Fed. R. Civ. P. 29)**
15                               )
                                 )
16                               )

17

18

19

20

21

22

23

24

25

26

27

28

1  IRELL & MANELLA LLP
   Layn R. Phillips (103854) (lphillips@irell.com)
2  Andra Barmash Greene (123931) (agreene@irell.com)
   Julie M. Davis (232488) (jdavis@irell.com)
3  Aaron H. Cole (236655) (acole@irell.com)
   840 Newport Center Drive, Suite 400
4  Newport Beach, California 92660-6324
   Telephone: (949) 760-0991
5  Facsimile:  (949) 760-5200

6  LITTLER MENDELSON
   Spencer H. Hipp (90485) (shipp@littler.com)
7  5200 North Palm Avenue, Suite 302
   Fresno, California 93704-2225
8  Telephone: (559) 244-7500
   Facsimile:  (559) 244-7525
9
   Attorneys for Defendants Taco Bell Corp. and
10 Taco Bell of America, Inc., and Yum! Brands, Inc.

11

12 Mónica Balderrama (SBN 196424)
   MBalderrama@InitiativeLegal.com
13 Gregory Yu (SBN 230520)
   GYu@InitiativeLegal.com
14 David Cheng (SBN 240926)
   DCheng@InitiativeLegal.com
15 Initiative Legal Group, APC
   1800 Century Park East, Second Floor
16 Los Angeles, California 90067
   Telephone: (310) 556-5637
17 Facsimile: (310) 861-9051

18 Interim Lead Counsel for Plaintiffs

19 Kenneth H. Yoon (State Bar No. 198443)
   Law Offices of Kenneth H. Yoon
20 One Wilshire Boulevard, Suite 2200
   Los Angeles, California 90017-3383
21 Telephone: (213) 612-0988
   Facsimile: (213) 947-1211
22 Kyoon@yoon-law.com

23 Larry W. Lee (State Bar No. 228175)
   Diversity Law Group, APC
24 444 S. Flower Street
   Citigroup Center, Suite 1370
25 Los Angeles, California 90071
   Telephone: (213) 488-6555
26 Facsimile: (213) 488-6554
   lwlee@diversitylaw.com

27

28

1  Peter M. Hart (State Bar No. 198691)
   Law Offices of Peter M. Hart
2  13952 Bora Bora Way, F-320
   Marina Del Rey, California 90292
3  Telephone: (310) 478-5789
   Facsimile: (509) 561-6441
4  hartpeter@msn.com

5  Liaison Counsel for Plaintiff Loraine Naranjo

6  Timothy J. Donahue (State Bar No. 110501)
   Law Offices of Timothy J. Donahue
7  374 South Glassell Street
   Orange, California 92866
8  Telephone: (714) 289-2445
   Facsimile: (714) 289-2450
9
   Liaison Counsel for Plaintiff Miriam Leyva
10

11 Jerusalem F. Beligan (SBN 211528)
   Bisnar | Chase, LLP
12 One Newport Place
   1301 Dove Street, Suite 120
13 Newport Beach, California 92660
   Telephone: (949) 752-2999
14 Facsimile: (949) 752-2777
   jbeligan@bisnarchase.com
15
   Counsel for Plaintiff Endang Widjaja
16

17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| 1 | IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Miriam |
| 2 | Leyva and Defendants, through their counsel of record, that: |
| 3 | 1. Plaintiff Miriam Leyva will be deposed by Defendants Taco Bell Corp., |
| 4 | Taco Bell of America, Inc., and/or Yum! Brands, Inc. on May 3, 2010 in Orange County, |
| 5 | California, at 9:00 a.m. Plaintiff Leyva shall be solely responsible for all travel-related |
| 6 | expenses for her deposition. |
| 7 | 2. Should any dispute arise regarding the deposition of Plaintiff Leyva that |
| 8 | necessitates the continuance of the deposition (e.g., a motion to compel for failure to |
| 9 | answer a deposition question), then Plaintiff Leyva agrees to return to California, at her |
| 10 | expense, for the remainder of the deposition. |
| 11 | 3. Plaintiff also agrees to supplement her interrogatory responses to respond to |
| 12 | all 50 interrogatories by Taco Bell Corp. and all 15 interrogatories by Taco Bell of |
| 13 | America, Inc., by March 3, 2010. |
| 14 | 4. Plaintiff Leyva will supplement her interrogatory responses to address the |
| 15 | specific issues raised with 7 of her interrogatory responses in Julie Davis's January 5, 2010 |
| 16 | letter, attached as Exhibit A and incorporated by reference herein. Plaintiff Leyva's |
| 17 | supplemental responses will be provided by March 3, 2010. |
| 18 | 5. Plaintiff Leyva agrees to search for documents responsive to Taco Bell |
| 19 | Corp.'s Demand for Production of Documents, Set One. Plaintiff Leyva will produce any |
| 20 | documents in her possession from her employment with Taco Bell, including, for example, |
| 21 | copies of pay stubs, schedules, and written evaluations. Plaintiff Leyva agrees to produce |
| 22 | these documents by March 3, 2010. |
| 23 | |
| 24 | SO STIPULATED |

1 | Dated: February 3, 2010
2 |
3 |
4 |
5 |
6 |
7 | Dated. February ____, 2010
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

LAW OFFICES OF TIMOTHY J. DONAHUE

By: /s/ Timothy J. Donahue
Timothy J. Donahue
Counsel for Plaintiff Miriam Leyva

IRELL & MANELLA LLP

By: _____
Layn R. Phillips
Andra Barmash Greene
Julie M. Davis
Aaron H. Cole
Attorneys for Defendants

| | | |
|---|---|---|
| 1 | Dated: February _____, 2010 | LAW OFFICES OF TIMOTHY J. DONAHUE |
| 2 | | |
| 3 | | |
| 4 | | By: _____ |
| 5 | | Timothy J. Donahue<br>Counsel for Plaintiff Miriam Leyva |
| 6 | | |
| 7 | Dated: February 4, 2010 | IRELL & MANELLA LLP |
| 8 | | |
| 9 | | By: *[signature]* _____ |
| 10 | | Layn R. Phillips<br>Andra Barmash Greene |
| 11 | | Julie M. Davis<br>Aaron H. Cole |
| 12 | | Attorneys for Defendants |

EXHIBIT A

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CA 90067-4276
TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CALIFORNIA 92660-6324

TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (949) 760-5221
jdavis@irell.com

January 5, 2010

**VIA EMAIL AND U.S. MAIL**

Monica Balderrama, Esq.
Initiative Legal Group, LLP
1800 Century Park East
2nd Floor
Los Angeles, CA 90067

Timothy J. Donahue, Esq.
Law Offices of Timothy J. Donahue
374 So. Glassell Street
Orange, CA 92866

Re: *In re Taco Bell Wage and Hour Action*

Dear Ms. Balderrama and Mr. Donahue:

We write to initiate the meet and confer process regarding named plaintiff Leyva's "Response to Defendant Taco Bell's Interrogatories" (the "Response"). To aid this process, we set forth many of the reasons why plaintiff Leyva's Response is inadequate and why it does not satisfy her obligations under the Federal Rules of Civil Procedure.

Defendants Taco Bell Corp. and Taco Bell of America served separate sets of interrogatories on plaintiff Leyva. Taco Bell Corp.'s set contained 50 interrogatories, and Taco Bell of America's set contained 15 interrogatories. Plaintiff Leyva has failed to respond to the majority of these interrogatories. Her explanation for this failure is that only 25 interrogatories are allowed. This, however, is incorrect since, as documented in the Scheduling Order, the parties agreed that each defendant could propound 50 interrogatories on each named plaintiff. Additionally, plaintiff Leyva's haphazard response to the interrogatories (*e.g.*, responding to interrogatories 1-12, 15, 37, 43-44 and 47 of Taco Bell Corp.'s request) is not permitted, even if there was a 25 interrogatory limit. Plaintiff Leyva must respond to *all* the interrogatories propounded on her by Taco Bell Corp. and Taco Bell of America.

For the interrogatories that plaintiff Leyva elected to respond to, we set forth the following specific deficiencies:

**Taco Bell Corp.'s Interrogatories:**

- **Interrogatory No. 3:** Plaintiff Leyva's response is non-responsive. This interrogatory ask plaintiff Leyva to identify all job positions she held while working at Taco Bell Corp. It simply requires plaintiff Leyva to name the job positions she held or state she is unable to do so.

2174610

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Monica Balderrama, Esq.
Timothy J. Donahue, Esq.
January 5, 2010
Page 2

- **Interrogatory No. 4:** Plaintiff Leyva's response is incomplete and largely non-responsive. This interrogatory seeks information regarding the specific allegation plaintiff Leyva makes in paragraph 53 of her complaint (*i.e.*, she consistently worked in excess of 8 hours in a day, in excess of 12 hours in a day, or in excess of 40 hours in a week). Merely restating the allegation, as plaintiff Leyva does in her response, is insufficient. She must provide information supporting the allegation or state she has no such information. For instance, a fulsome response to this interrogatory would reveal who and why Leyva was allegedly required to work as she claims and whether it was Taco Bell Corp.'s stated policy for her to work as she claims.

- **Interrogatory No. 6:** Plaintiff Leyva's response is incomplete and non-responsive. This interrogatory requires plaintiff Leyva to identify all persons with knowledge regarding plaintiff's specific allegation that she worked more than 8 hours in a day, in excess of 12 hours in a day, and in excess of 40 hours in a week. Plaintiff Leyva's assertion that "you have those names in your records" is not helpful, nor does it satisfy plaintiff Leyva's obligation to respond to the interrogatory. Plaintiff Leyva simply must identify by name the people that she is aware of with knowledge supporting her specific allegation.

- **Interrogatory No. 8:** Plaintiff Leyva's hypothetical response ("If I was ever given the opportunity") to this interrogatory is inappropriate. She must answer the interrogatory based on what she actually did. For instance, if she did correct her payroll verification reports to reflect the hours she worked, she needs to state this and no further response to the interrogatory is required. If she did not correct her payroll verification reports, she must state she did not and then explain why.

- **Interrogatory No. 9:** Plaintiff Leyva's response is non-responsive. This interrogatory requires plaintiff Leyva to state all facts upon which she bases her allegation in paragraph 60 of her complaint (*i.e.*, Taco Bell regularly failed to pay her minimum wage). Her amorphous response lacking any detail or numbers and asking Taco Bell Corp. to perform some unknown math computation is neither helpful nor responsive. Plaintiff Leyva must state the facts supporting her allegation or state she has no such facts.

- **Interrogatory No. 15:** Plaintiff Leyva's response that she was "required to work for periods longer than five hours, without a meal period" is incomplete since she does not state who required her to do so.

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Monica Balderrama, Esq.
Timothy J. Donahue, Esq.
January 5, 2010
Page 3

### Taco Bell of America's Interrogatories:

- **Interrogatory No. 1:** Plaintiff Leyva's objections to this interrogatory are without merit. The interrogatory seeks information directly relevant to this litigation since plaintiff Leyva is claiming that defendant, among other things, worked her excessively and wrongfully terminated her. Plaintiff Leyva's allegations make it relevant to know who plaintiff Leyva reported to when working for defendant, which is what this interrogatory asks. Plaintiff Leyva's refusal to answer this simple interrogatory is inappropriate. Her statement, as discussed above, that only 25 interrogatories are allowed is incorrect, but even if Taco Bell of America was only allowed only 25 interrogatories, it only served plaintiff with 15.

We would like to discuss via teleconference the above-mentioned deficiencies in plaintiff Leyva's response to Taco Bell Corp.'s and Taco Bell of America's interrogatories. Would you be available for a conference call on Tuesday, January 12 at 10:00 a.m.? If not, please propose a date and time that will work for you.

Sincerely,

Julie M. Davis

JMD:sj

2174610