UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TACO BELL WAGES AND HOUR ACTIONS | Master file: 1:07-cv-01314 OWW DLB<br><br>MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S AMENDED MOTION FOR LEAVE TO FILE FIRST AMENDED CONSOLIDATED COMPLAINT.<br><br>(DOC. 210) |

## I.  INTRODUCTION

Plaintiffs move for leave to file a First Amended Consolidated Complaint. Doc. 210. Defendants oppose the motion. Doc. 214. The matter was heard on April 11, 2011.

## II.  FACTUAL BACKGROUND

This case is a consolidation of six related cases: (1) *Medlock v. Taco Bell Corp.*, Case No. 1:07-cv-01314; (2) *Hardiman v. Taco Bell Corp.*, Case No. 1:08-cv-01081; (3) *Leyva v. Taco Bell Corp.*, *et al.*, Case No. 1:09-cv-00200; (4) *Naranjo v. Yum! Brands, Inc.*, Case No. 1:09-cv-00246; (5) *Widjaja v. Yum Brands, Inc.*, Case No. 1:09-cv-01074; and (6) *Nave v. Taco Bell Corp.*, Case No. 1:10-cv-02222.

The *Medlock* case was originally filed September 7, 2007. Pursuant to the Original and Amended Scheduling Conference Order, the deadline to file any motions to amend the complaint was March 24, 2008. Docs. 38 and 42. On that date, the *Medlock* Plaintiffs

1

moved for leave to file a Second Amended Complaint, which was denied. Doc. 61.

The *Medlock*, *Hardiman*, *Leyva*, and *Naranjo* cases were consolidated May 19, 2009; the consolidated action was designated *In re Taco Bell Wage and Hour Actions*. Docs. 104, 109. A scheduling conference order dated June 29, 2009 (Doc. 117) and an amended scheduling conference dated July 7, 2009 (Doc. 119) set forth the following schedule: (1) June 30, 2009: deadline to file a Consolidated Complaint; (2) June 24, 2010: deadline for class certification discovery; (3) August 26, 2010 (extended to December 30, 2010 (Doc. 178)): deadline to file motions regarding class certification; (4) October 26, 2010 (extended to April 22, 2011 (Doc. 202)): deadline for Defendants' opposition to class certification; (5) December 6, 2010 (extended to May 20, 2011 (Doc. 202)): deadline for Plaintiffs' reply; and (6) January 10, 2011 (continued to June 6, 2011 (Doc. 202)): class certification hearing.

On June 29, 2009, Plaintiffs filed a Consolidated Complaint alleging: (1) unpaid overtime; (2) unpaid minimum wages; (3) unpaid wages; (4) missed meal periods; (5) missed rest periods; (6) non-compliant wage statements; (7) unreimbursed business expenses; (8) vested accrued vacation wages; (9) non-payment of wages upon termination; and (10) non-payment of wages during employment. The Consolidated Complaint also asserts a claim for

violation of California Business & Professions Code 17200, et seq. and penalties pursuant to California Labor Code sections 2698, et seq. ("PAGA"). Doc. 118-1.

The *Widjaja* action was consolidated with *In re Taco Bell* on October 22, 2009. Doc. 132.

On November 29, 2010, Teresa Nave filed a putative class action against Defendants alleging: (1) missed rest periods, (2) unpaid vested accrued vacation time, (3) non-payment of wages upon termination, and (4) violation of California Business & Professions Code §§ 17200, et seq. Case No. 1:10-cv-2222-OWW-DVB, Doc. 1. On December 9, 2010, the *Nave* complaint was amended, adding Christopher Duggan, Kevin Taylor, and Debra Doyle as named Plaintiffs. *Id.* at Doc. 10. The *Nave* case was consolidated with *In re Taco Bell* on December 16, 2010.

On December 30, 2010, Plaintiffs filed a motion for class certification. Doc. 185.

On March 14, 2011, Plaintiffs filed an amended motion for leave to file the First Amended Consolidated Complaint (Doc. 210). Defendants filed an opposition (Doc. 214), to which Plaintiffs replied (Doc. 215).

### III. LEGAL STANDARD

Because a Rule 16 scheduling order is in place establishing a timetable for amending pleadings and the deadline expired before Plaintiffs moved to amend the Consolidated Complaint,

3

resolution of the motion to amend is governed by Federal Rule of

Civil Procedure 16. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271,

1294 (9th Cir. 2000). Rule 16(b) provides that "[a] schedule shall

be modified only for good cause and with the judge's consent."

Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s "good cause" standard

primarily considers the diligence of the party seeking the

amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,

609 (9th Cir. 1992).

> [C]arelessness is not compatible with a finding of diligence
> and offers no reason for relief ... Although the existence
> or degree of prejudice to the party opposing the
> modification might supply additional reasons to deny a
> motion, the focus of the inquiry is upon the moving party's
> reasons for seeking modification ... If that party was not
> diligent, the inquiry should end.

*Id.*

If "good cause" within the meaning of Rule 16(b) is shown,

the party seeking leave to amend must then demonstrate that leave

to amend is appropriate under Rule 15, Federal Rules of Civil

Procedure. *See id.* at 608.

Rule 15(a) of the Federal Rules of Civil Procedure provides

that a party may amend its pleadings "only with the opposing

party's written consent or the court's leave" and that "the court

should freely give leave when justice so requires." Fed. R. Civ.

P. 15(a)(2). This rule should be applied with "extreme

liberality" in favor of allowing amendments in the early stages

of a case. *See Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir.

4

1997). A court should consider four factors in determining whether to grant leave to amend: (1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opposing party. *United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991). Delay alone is not sufficient grounds for denying leave to amend. *Id.* The consideration of prejudice to the opposing party is the most important factor. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the 'touchstone of the inquiry under Rule 15(a)"). Absent prejudice, or a strong showing of any of the remaining factors, there is a presumption under Rule 15(a) in favor of granting leave to amend. *Id.* "'Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion' to deny leave to amend." *Pend Oreille*, 926 F.2d at 1511-1512 (citing *Howey v. U.S.*, 481 F.2d 1187, 1190-91 (9th Cir. 1973)). However, "[w]hile Fed.R.Civ.P. 15(a) encourages leave to amend, district courts need not accommodate futile amendments." *Newland v. Dalton,* 81 F.3d 904, 907 (9th Cir. 1996).

## IV.  ANALYSIS

### 1. Addition of New *Nave* Named Plaintiff

Plaintiffs seek leave to add Hilario Escobar to the original *Nave* Plaintiffs. Plaintiffs assert that the addition of Mr.

5

Escobar is necessary to represent the non-management employee
vacation subclass.

In support of Plaintiffs' Motion for Class Certification
filed December 30, 2010, only Teresa Nave and Kevin Taylor of the
original *Nave* Plaintiffs submitted declarations. During Mr.
Taylor's January 27, 2011 deposition, his paycheck verification
reports were produced, which revealed that Mr. Taylor had worked
between 10-15 hours per week and was not eligible for vacation
pay. On February 17, 2011, Defendants produced Ms. Nave's
employee file, which revealed that Ms. Nave was paid accrued
vacation on or about the date she was terminated, July 17, 2007.

Ms. Nave is in the process of withdrawing as a named
Plaintiff. At the hearing, Plaintiffs stated that the *Nave*
Plaintiffs do not have a proper class representative.

Plaintiffs assert that once it became apparent that Ms. Nave
and Mr. Taylor could not represent the non-management employee
vacation subclass, they immediately conducted a diligent search
before finding Mr. Escobar. Defendants rejoin that Plaintiffs did
not act with diligence: (1) Plaintiffs could have obtained Ms.
Nave and Mr. Taylor's employment records before filing the
lawsuit and (2) Ms. Nave and Mr. Taylor authorized the release of
their employment records in December 2010 but Plaintiffs did not
request their records until late January and February 2011.
However, the *Nave* class was represented by different counsel

before its consolidation with this action.

Plaintiffs contend that allowing Plaintiffs to amend their Complaint to add a new named plaintiff to serve as a potential class representative is mandated by case law. *Kagan v. Gibraltar Sav. & Loan Ass'n*, 35 Cal.3d 582, 596, 200 Cal.Rptr. 38 (1984) ("However, should the trial court conclude that plaintiff cannot suitably represent the class, it should afford her 'the opportunity to amend [her] complaint, to redefine the class, or to add new individual plaintiffs, or both, in order to establish a suitable representative.'" (quoting *La Sala v. American Sav. & Loan Assn.*, 5 Cal. 3d 864, 872 (1971)), *overruled on other grounds*, *Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634 (2009).

The *Nave* lawsuit was filed November 29, 2010; Plaintiffs discovered that Ms. Nave and Mr. Taylor could not represent the non-management employee vacation subclass on January 27, 2011 and February 17, 2011, respectively; and Plaintiffs' motion to amend was filed March 14, 2011. Only two and half months have lapsed since the initiation of the *Nave* lawsuit on November 29, 2010 and February 17, 2011, when Plaintiffs learned they did not have a class representative. Because Plaintiffs have been diligent, Plaintiffs' motion to add a new named Plaintiff to represent the *Nave* subclass is supported by good cause. There is no evidence of Plaintiffs' bad faith. Plaintiffs believe that Mr. Escobar's claims are typical of the class. It is not explained how the

7

1  addition of a new named Plaintiff to represent the *Nave*

2  Plaintiffs causes prejudice to Defendants.

3      Plaintiffs' motion to amend the Consolidated Complaint to

4  add Hilario Escobar as a named Plaintiff is GRANTED.

5    2. <u>Amendment of Plaintiff Subclass Definitions</u>

6      Plaintiffs also seek leave to amend the Plaintiff subclass

7

8  definitions, as follows:

9      a. Subclass 1 ("Late Meal Break Subclass ~~Taco Bell Unpaid~~
          ~~Wages Subclass~~"):
10         All persons who work or worked as a non-exempt, hourly-
           paid employee at a corporate-owned Taco Bell restaurant
11         in California from September 7, 2003 until the resolution
12         of this lawsuit ~~All non-exempt or hourly-paid employees~~
           ~~of TACO BELL CORP. and/or TACO BELL OF AMERICA, INC. in~~
13         ~~the State of California from September 7, 2003 until the~~
           ~~resolution of this lawsuit~~;
14

15      b. Subclass 2 ("Underpaid Automatic Adjustments Subclass
           ~~Yum! Unpaid Wages Subclass~~"): All persons who work or
16         worked as a non-exempt, hourly-paid employee at a
           corporate-owned Taco Bell restaurant in California from
17         September 7, 2003 until the resolution of this lawsuit
           who received at least one 30-minute automatic adjustment
18         on Taco Bell's Time and Attendance System ~~All non-exempt~~
           ~~or hourly-paid employees of YUM! BRANDS, INC. in the~~
19         ~~State of California from November 5, 2004 until the~~
           ~~resolution of this lawsuit, excluding any members of~~
20         ~~Subclass 1~~;
21

22      c. Subclass 3 ("On-Duty Meal Period Agreement Subclass ~~Taco~~
           ~~Bell Improper Wage Statements Subclass~~"):All persons who
23         work or worked as a nonexempt, hourly-paid employee at a
           corporate-owned Taco Bell restaurant in California from
24         September 7, 2003 until the resolution of this lawsuit
           who
25         signed an on-duty meal period agreement ~~All non-exempt or~~
           ~~hourly-paid employees of TACO BELL CORP. and/or TACO BELL~~
26         ~~OF AMERICA, INC. in the State of California who were~~
           ~~provided inaccurate wages statements from September 7,~~
27         ~~2006 until the resolution of this lawsuit~~;

28

d. **Subclass 4 ("Unpaid On-Duty Meal Period Subclass** ~~Yum! Improper Wage Statements Subclass~~**"):** All persons who work or worked as a non-exempt, hourly-paid employee at a corporate-owned Taco Bell restaurant in California from September 7, 2003 until the resolution of this lawsuit who signed an onduty meal period agreement ~~All non-exempt or hourly-paid employees of YUM! BRANDS, INC. in the State of California who were provided inaccurate wages statements from November 5, 2007 until the resolution of this lawsuit, excluding any members of Subclass 3~~;

e. **Subclass 5 ("Rest Break Subclass** ~~Taco Bell Unreimbursed Business Expenses Subclass~~**"):** All persons who work or worked as a non-exempt, hourly-paid employee at a corporate-owned Taco Bell restaurant in California from September 7, 2003 until the resolution of this lawsuit, and who worked in any non-management employee position, including, without limitation, any of the following job positions: Crew Member, Team Member, Food Champion, Service Champion, Service/Food Champion, Shift Lead, Shift Lead Trainee, Team Member Trainer, and/or Trainee ~~All non-exempt or hourly-paid employees of TACO BELL CORP. and/or TACO BELL OF AMERICA, INC. in the State of California who incurred business-related expenses and costs that were not reimbursed from September 7, 2003 until the resolution of this lawsuit~~;

f. **Subclass 6 ("Final Pay Subclass** ~~Yum! Unreimbursed Business Expenses Subclass~~**"):** All persons who were terminated involuntarily as a non-exempt, hourly-paid employee at a corporate-owned Taco Bell restaurant in California from September 7, 2004 until the resolution of this lawsuit who were not timely tendered their wages upon involuntary termination of employment. ~~All non-exempt or hourly-paid employees of YUM! BRANDS, INC. in the State of California who incurred business-related expenses and costs that were not reimbursed from November 5, 2004 until the resolution of this lawsuit, excluding any members of Subclass 5; and~~

g. **Subclass 7 ("Vested Accrued Vacation Wages** ~~Time~~ **Subclass"):** All persons who formerly worked as an employee at a corporate-owned Taco Bell restaurant in California from November 5, 2004 until the resolution of this lawsuit who were not paid all vested accrued vacation wages (including, but not limited to, vacation pay, personal day pay, personal holiday pay, and/or floating holiday pay) at the end of their employment; and

~~All non-exempt or hourly-paid past employees of TACO BELL CORP., TACO BELL OF AMERICA, INC., and/or YUM! BRANDS, INC. in the State of California who were not paid all vested accrued vacation wages (including, but not limited to, vacation pay, personal day pay, personal holiday pay, and/or floating holiday pay) at the end of their employment from November 5, 2004 until the resolution of this lawsuit.~~

h.  **Subclass 8 ("Non-Management Employee Vacation Subclass ~~Taco Bell Final Pay Subclass~~"): All persons who formerly worked as a non-exempt, hourly-paid employee at a corporate-owned Taco Bell restaurant in California from September 7, 2003 until the resolution of this lawsuit who were not paid all vested accrued vacation wages (including, but not limited to, vacation pay, personal day pay, personal holiday pay, and/or floating holiday pay) at the end of their employment, and who worked in any non-management employee position, including, without limitation, any of the following job positions: Crew Member, Team Member, Food Champion, Service Champion, Service/Food Champion, Shift Lead, Shift Lead Trainee, Team Member Trainer, and/or Trainee.** ~~All non-exempt or hourly-paid employees of TACO BELL CORP. and/or TACO BELL OF AMERICA, INC. in the State of California who were not timely tendered their wages upon termination of employment from September 7, 2004 until the resolution of this lawsuit~~;

~~i. Subclass 9 ("Yum! Final Pay Subclass"): All non-exempt or hourly-paid employees of YUM! BRANDS, INC. in the State of California who were not timely tendered their wages upon termination of employment from November 5, 2005 until the resolution of this lawsuit, excluding any members of Subclass 8;~~

Doc. 210-2, Ex. B, ¶ 23.

Defendant contends that the amendment to Subclass 1 adds a new subclass for late meal breaks that was not, but should have been, included in the original Consolidated Complaint. Plaintiff rejoins that it was included in the Consolidated Complaint,

albeit not in the Subclass definitions. The original Consolidated Complaint alleges:

> During the relevant time period, Plaintiffs, the other class members, and the other aggrieved employees who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without a meal period of not less than thirty (30) minutes.

Doc. 118-1, ¶ 77. It also alleges: "Defendants' conduct violates applicable IWC Wage Orders and California Labor Code sections 226.7 and 512(a)." *Id.*

Defendant contends that the amendment to Subclass 3 adds a new class for on-duty meal period agreements. Plaintiffs rejoin that the allegations were encompassed in the following allegation in the original Consolidated Complaint: "Defendants' conduct violates applicable IWC Wage Orders and California Labor Code sections 226.7 and 512(a)." Doc. 118-1, ¶ 77.

Defendant objects that Plaintiffs have expanded the statute of limitations for the vacation subclass from November 5, 2004 (Doc. 118-1, ¶ 19(g)) to September 7, 2003 (Doc. Doc. 210-2, Ex. A, ¶ 23(h)). Defendant also asserts that the vacation subclass in the Consolidated Complaint consisted only of non-exempt, hourly employees, while the amended subclass encompasses all employees. Plaintiffs rejoin that the amendments conform the *Nave* vacation class definition prior to consolidation.

Plaintiffs have not explained why they have waited to seek leave to amend the Consolidated Complaint, over three years

after the original *Medlock* lawsuit was filed, almost two years after the original Consolidated Complaint was filed, after the Motion for Class Certification has already been filed, and shortly before the deadline for Defendant's opposition to the Motion for Class Certification. The proposed changes to the Subclasses substantively change the scope of the purported class action. Plaintiffs assert that the changes conform to facts revealed in discovery; however, discovery on class certification closed June 24, 2010, nine months before Plaintiffs moved to amend the Consolidated Complaint. Plaintiffs contend that the changes conform the vacation subclass to the *Nave* subclasses; however, the changes expand the statute of limitations and broaden the vacation subclass.  Plaintiffs have not offered facts to demonstrate good cause for their belated motion to amend the proposed Plaintiff Subclasses from the original Consolidated Complaint. It is likely discovery would have to be reopened. Plaintiffs' undue delay and substantive alterations to the class definitions prejudice Defendant on the eve of filing their opposition to the Motion for Class Certification, after Plaintiffs' Motion for Class Certification has been filed.

    Plaintiffs' motion to amend the Consolidated Complaint to amend the proposed Plaintiff Subclasses is DENIED.

    3. <u>Conforming Complaint to Facts Learned in Discovery</u>

        Plaintiffs also seek leave to amend the Consolidated

Complaint to make the following changes:

> (a)  in the preamble, paragraphs 9 through 12, and 40 through 43, add allegations concerning Endang Widjaja, Christopher Duggan, Kevin Taylor, and Debra Doyle;
>
> (b)  delete all allegations related to defendant Yum! Brands, Inc.;
>
> (c)  in the Prayer for Relief, modify the Prayer for Relief to specify the proposed appointments of class and/or liaison counsel;
>
> (d)  in Paragraph 7, amend Plaintiff Miriam Leyva's current residence; and
>
> (e)  in Paragraphs 36 through 39, amend allegations pertaining to Plaintiffs Sandrika Medlock, Lisa Hardiman, Miriam Leyva and Loraine Naranjo to reflect their positions and approximate dates of employment for Defendants.

Plaintiffs contend that these clean-up amendments reflect changes that have occurred since the filing of the Consolidated Complaint, i.e., dismissal of Yum! Brands, Inc. as a defendant, consolidation of the *Widjaja* and *Nave* lawsuits, and discovery of relevant employment data. The *Widjaja* lawsuit was consolidated October 22, 2009; Yum! Brands was dismissed from the lawsuit March 31, 2010; class certification discovery ended June 24, 2010; and the *Nave* lawsuit was consolidated November 29, 2010.

Plaintiffs have not explained why they did not seek to amend the Consolidated Complaint earlier to reflect these changes. These amendments result from Plaintiffs' lack of diligence. However, Defendant does not claim prejudice from these non-substantive changes.

Plaintiffs' motion to amend the Consolidated Complaint to conform it with facts learned in discovery is GRANTED without prejudice.

## V.    CONCLUSION

For the reasons stated:

1. Plaintiffs' motion for leave to file a first amended consolidated complaint is GRANTED in part and DENIED in part, as follows:

    a. Plaintiffs' motion to add Mr. Escobar to the Consolidated Complaint is GRANTED;

    b. Plaintiffs' motion to amend the proposed Plaintiff Subclasses is DENIED; and

    c. Plaintiffs' motion to amend the Consolidated Complaint to conform it with facts learned in discovery is GRANTED.

2. Plaintiffs shall submit a proposed form of order consistent with this memorandum decision within five (5) days of electronic service of this memorandum decision.

SO ORDERED.

14

1

2   DATED: <u>May 3, 2011</u>.

3                                   <u>  /s/ Oliver W. Wanger  </u>
                                        Oliver W. Wanger
4                                   United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28