1  Mónica Balderrama (SBN 196424)
   MBalderrama@InitiativeLegal.com
2  Miriam Schimmel (SBN 185089)
   MSchimmel@InitiativeLegal.com
3  David Cheng (SBN 240926)
   DCheng@InitiativeLegal.com
4  Katherine Den Bleyker (SBN 257187)
   KDenBleyker@InitiativeLegal.com
5  Initiative Legal Group APC
   1800 Century Park East, Second Floor
6  Los Angeles, California 90067
   Telephone: (310) 556-5637
7  Facsimile: (310) 861-9051

8  Interim Lead Counsel for Plaintiffs
   [Liaison Counsel listed on following pages]

9

10             **UNITED STATES DISTRICT COURT**

11      **EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

12

13  IN RE TACO BELL WAGE AND HOUR          MASTER FILE: CV-F-07-1314 OWW/DLB
    ACTIONS
14                                          **CLASS ACTION/CALIFORNIA LABOR
15                                          CODE PRIVATE ATTORNEYS
                                            GENERAL ACT**
16
                                            **FIRST AMENDED CONSOLIDATED
17                                          COMPLAINT FOR:**

18                                          (1)  Violation of California Labor Code
19                                          §§ 510 and 1198 (Unpaid Overtime);

20                                          (2) Violation of California Labor Code § 1194
                                            (Unpaid Minimum Wages);
21
22                                          (3) Violation of California Labor Code § 204
                                            (Unpaid Wages);
23
24                                          (4)  Violation of California Labor Code
                                            §§ 226.7 and 512 (Missed Meal Periods);
25
                                            (5)  Violation of California Labor Code
26                                          § 226.7 (Missed Rest Periods);

27                                          (6)  Violation of California Labor Code
28                                          § 226(a) (Improper Wage Statements);

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

(7) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);

(8) Violation of California Labor Code § 227.3 (Vested Accrued Vacation Time);

(9)  Violation of California Labor Code §§ 201 and 202 (Non-Payment of Wages Upon Termination);

(10) Violation of California Business & Professions Code §§ 17200, et seq.; and

(11) Violation of California Labor Code § 132a (Wrongful Termination).

**Jury Trial Demanded**

Mark Yablonovich (SBN 186670)
mark@yablonovichlaw.com
Michael Coats (SBN 258941)
michael@yablonovichlaw.com
Law Offices of Mark Yablonovich
1875 Century Park East, Suite 700
Los Angeles, California 90067-2508
Telephone: (310) 286-0246
Facsimile: (310) 407-5391

Attorneys for Plaintiffs Christopher Duggan, Kevin Taylor, Debra Doyle, and Hilario Escobar

Kenneth H. Yoon (State Bar No. 198443)
Law Offices of Kenneth H. Yoon
One Wilshire Boulevard, Suite 2200
Los Angeles, California 90017-3383
Telephone: (213) 612-0988
Facsimile: (213) 947-1211
Kyoon@yoon-law.com

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Larry W. Lee (State Bar No. 228175)
Diversity Law Group, APC
444 S. Flower Street
Citigroup Center, Suite 1370
Los Angeles, California 90071
Telephone:  (213) 488-6555
Facsimile:  (213) 488-6554
lwlee@diversitylaw.com

Peter M. Hart (State Bar No. 198691)
Law Offices of Peter M. Hart
13952 Bora Bora Way, F-320
Marina Del Rey, California 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441
hartpeter@msn.com

Liaison Counsel for Plaintiff Loraine Naranjo

Timothy J. Donahue (State Bar No. 110501)
Law Offices of Timothy J. Donahue
374 South Glassell Street
Orange, California 92866
Telephone: (714) 289-2445
Facsimile: (714) 289-2450

Liaison Counsel for Plaintiff Miriam Leyva

Brian D. Chase (SBN 164109)
bchase@bisnarchase.com
Jerusalem F. Beligan (SBN 211528)
jbeligan@bisnarchase.com
Bisnar | Chase, LLP
One Newport Place
1301 Dove Street, Suite 120
Newport Beach, California 92660
Telephone: (949) 752-2999
Facsimile: (949) 752-2777

Counsel for Plaintiff Endang Widjaja

Plaintiffs Sandrika Medlock, Lisa Hardiman, Miriam Leyva, Loraine Naranjo, Endang Widjaja, Christopher Duggan, Kevin Taylor, Debra Doyle, and Hilario Escobar (collectively, Plaintiffs), individually and on behalf of all other members of the public similarly situated, and pursuant to the order consolidating the matters, allege as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.  Plaintiffs allege, on information and belief, that the aggregate amount in controversy for this class action exceeds five million dollars ($5,000,000.00) exclusive of interest and costs, that the class is greater than twenty-thousand (20,000) members, and that any one Plaintiff is a citizen of a state different from that of any Defendant.  *See* Class Action Fairness Act ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005).

2.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) because Defendants maintain offices, have agents and are licensed to and do transact business in this district.

3.     California Labor Code sections 2699 et seq., "The Labor Code Private Attorney General Act" ("PAGA"), authorizes aggrieved employees to sue directly for various civil penalties under the California Labor Code.

4.     Plaintiff Hardiman has exhausted her administrative remedies by timely requesting and obtaining verification from the California Labor and Workforce Development Agency ("LWDA") that it does not intend to investigate any alleged violations.

## THE PARTIES

5.     Plaintiff SANDRIKA MEDLOCK ("Plaintiff Medlock") is a resident of the State of California.

6.     Plaintiff LISA HARDIMAN ("Plaintiff Hardiman") is a resident of the State of Nevada.

7.     Plaintiff MIRIAM LEYVA ("Plaintiff Leyva") was formerly a resident of the State of California and is currently a resident of the State of Texas.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

8.      Plaintiff LORAINE NARANJO ("Plaintiff Naranjo") is a resident of the State of California.

9.      Plaintiff ENDANG WIDJAJA is a resident of the State of California.

10.     Plaintiff CHRISTOPHER DUGGAN is a resident of the State of California.

11.     Plaintiff KEVIN TAYLOR is a resident of the State of California.

12.     Plaintiff DEBRA DOYLE is a resident of the State of California.

13.     Plaintiff HILARIO ESCOBAR is a resident of the State of California.

14.     Defendant TACO BELL CORP. was and is, upon information and belief, a California corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

15.     Defendant TACO BELL OF AMERICA, INC. was and is, upon information and belief, a Delaware corporation doing business, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

16.     Plaintiffs are unaware of the true names or capacities of Defendants sued herein under the fictitious names DOES 1-10, but pray for leave to amend and serve such fictitiously named Defendants once their names and capacities become known.

17.     Plaintiffs are informed and believe, and thereon allege, that DOES 1-10 are the partners, agents, owners, shareholders, managers or employees of TACO BELL CORP., and/or TACO BELL OF AMERICA, INC. and were acting on behalf of TACO BELL CORP., and/or TACO BELL OF AMERICA, INC.

18.     Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, TACO BELL CORP., and/or TACO BELL OF AMERICA, INC. and DOES 1-10 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent the official policy of Defendants.

19.     At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

20.     Plaintiffs are informed and believe, and thereon allege, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

**CLASS ACTION ALLEGATIONS**

21.     Plaintiffs bring this action on their own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seek class certification under Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3).

22.     All claims alleged herein arise under California law for which Plaintiffs seek relief authorized by California law.

23.     The proposed subclasses consist of and are defined as follows:

a.   Subclass 1 ("Taco Bell Unpaid Wages Subclass"): All non-exempt or hourly-paid employees of TACO BELL CORP. and/or TACO BELL OF AMERICA, INC. in the State of California from September 7, 2003 until the resolution of this lawsuit;

b.   Subclass 2 ("Taco Bell Improper Wage Statements Subclass"): All non-exempt or hourly-paid employees of TACO BELL CORP. and/or TACO BELL OF AMERICA, INC. in the State of California who were provided inaccurate wages statements from September 7, 2006 until the resolution of this lawsuit;

c.   Subclass 3 ("Taco Bell Unreimbursed Business Expenses Subclass"): All non-exempt or hourly-paid employees of TACO BELL CORP. and/or TACO BELL OF AMERICA, INC. in the State of California who incurred business-related expenses and costs that were not reimbursed from September 7, 2003

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   until the resolution of this lawsuit;

2       d.   Subclass 4 ("Vested Accrued Vacation Time Subclass"): All past employees

3          of TACO BELL CORP., TACO BELL OF AMERICA, INC., and/or YUM!

4          BRANDS, INC. in the State of California who were not paid all vested

5          accrued vacation wages (including, but not limited to, vacation pay, personal

6          day pay, personal holiday pay, and/or floating holiday pay) at the end of their

7          employment from November 5, 2004 until the resolution of this lawsuit.

8       e.   Subclass 5 ("Taco Bell Final Pay Subclass"): All non-exempt or hourly-paid

9          employees of TACO BELL CORP. and/or TACO BELL OF AMERICA,

10         INC. in the State of California who were not timely tendered their wages upon

11         termination of employment from September 7, 2004 until the resolution of this

12         lawsuit;

13  24.    The Class is defined as the conjunction of Subclasses 1 through 5.

14  25.    Plaintiffs reserve the right to establish additional sub-classes as appropriate.

15  26.    There is a well-defined community of interest in the litigation and the class is readily

16  ascertainable:

17      a.   <u>Numerosity</u>:  The members of the class (and each subclass) are so numerous that

18      joinder of all members would be unfeasible and impractical.  The membership of the

19      entire class is unknown to Plaintiffs at this time; however, the class is estimated to be

20      greater than twenty-thousand (20,000) individuals and the identity of such membership

21      is readily ascertainable by inspection of Defendants' employment records.

22      b.   <u>Typicality</u>:  Plaintiffs are qualified to, and will, fairly and adequately protect the

23      interests of each class member with whom they have a well defined community of

24      interest, and Plaintiffs' claims (or defenses, if any) are typical of all class members as

25      demonstrated herein.

26      c.   <u>Adequacy</u>:  Plaintiffs are qualified to, and will, fairly and adequately, protect the

27      interests of each class member with whom they have a well-defined community of

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

interest and typicality of claims, as demonstrated herein.  Plaintiffs acknowledge that they have an obligation to make known to the Court any relationship, conflicts or differences with any class member.  Plaintiffs' attorneys are versed in the rules governing class action discovery, certification, and settlement.  Plaintiffs have incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.   <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods.  Class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

e.   <u>Public Policy Considerations</u>:  Employers in the State of California violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

27.   There are common questions of law and fact as to the class (and each subclass) that predominate over questions affecting only individual members, including but not limited to:

a.   Whether Defendants required Plaintiffs and the other class members to work over eight (8) hours per day, over twelve (12) hours per day, or over forty (40) hours per week and failed to pay legally required overtime compensation to Plaintiffs and the other class members;

b.   Whether Defendants failed to pay earned wages and/or minimum wages to

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Plaintiffs and the other class members;

c.   Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

d.   Whether Defendants deprived Plaintiffs and the other class members of meal periods or required Plaintiffs and the class members to work during meal periods without compensation;

e.   Whether Defendants deprived Plaintiffs and the other class members of rest periods or required Plaintiffs and the class members to work during rest periods without compensation;

f.   Whether Defendants complied with wage reporting as required by the California Labor Code, including but not limited to section 226;

g.   Whether Defendants made unlawful deductions from the wages of Plaintiffs and other class members;

h.   Whether Defendants failed to indemnify Plaintiffs and other class members for necessary and required business expenditures and losses incurred by them in the scope of their employment;

i.   Whether Defendants failed to reimburse for employee expenses;

j.   Whether Defendants failed to pay all vested unused vacation time (including, but not limited to, vacation pay, personal day pay, personal holiday pay, and/or floating holiday pay) and/or caused a forfeiture of vested unused vacation time (including, but not limited to, vacation pay, personal day pay, personal holiday pay, and/or floating holiday pay);

k.   Whether Defendants failed to promptly pay all wages due to Plaintiffs and the other class members upon their discharge or resignation;

l.   Whether Defendants' conduct was willful or reckless;

m.   Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200, et seq.; and

n.   The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

## PAGA ALLEGATIONS

28.     Plaintiff Hardiman intends to seek penalties for violations of the California Labor Code, which are recoverable under California Labor Code sections 2699, et seq.  Plaintiff Hardiman is seeking penalties on behalf of the State of California of which 75% will be kept by the state, while 25% will be available to aggrieved employees.  Plaintiff Hardiman is alleging California Labor Code sections 2699 et seq. ("PAGA") penalties from June 25, 2007 to the date of the resolution of this lawsuit.

29.     At all times herein set forth, California Labor Code sections 2699, et seq., were applicable to Plaintiff Hardiman's employment by Defendants.

30.     At all times herein set forth, California Labor Code sections 2699, et seq. provide that for any provision of law under the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency for violation of the Labor Code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of herself and other current and/or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

31.     Pursuant to California Labor Code sections 2699 et seq., a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

32.     Plaintiff Hardiman was employed by TACO BELL CORP. and/or TACO BELL OF AMERICA, INC. and the alleged violations were committed against her during her time of employment and she is, therefore, an aggrieved employee.

33.     Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff Hardiman, may pursue a civil action arising under California Labor Code sections 2699, et seq., after the following requirements  have been met:

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

a.   The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

b.   The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received.  Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice, the aggrieved employee may commence a civil action pursuant to Section 2699.

c.   Notwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part.

34.    Plaintiff Hardiman has satisfied the requirements of California Labor Code section 2699.3 and may recover civil penalties, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 221, 226(a), 226.7, 510, 512, 1198, 2800 and 2802.

## GENERAL ALLEGATIONS

35.    At all times set forth, Defendants employed Plaintiffs and other persons as non-exempt or hourly employees.

36.    Defendants TACO BELL CORP. and/or TACO BELL OF AMERICA, INC. employed Plaintiff Medlock as a Crew Member, Shift Lead and Assistant Manager, which are non-exempt or hourly paid positions, from on or about October 25, 2005 to on or about July 9, 2007, at Fresno, California business locations.

37.    Defendants TACO BELL CORP. and/or TACO BELL OF AMERICA, INC. employed Plaintiff Hardiman as a Crew Member, which is a non-exempt or hourly paid position, from on or about July 31, 2004 to on or about May 30, 2007 at Fresno County, California business locations.

38.    Defendants employed Plaintiff Leyva as a Restaurant General Manager, which is a non-exempt or hourly paid position, from on or about September 19, 2007 to on or about February

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  11, 2008 at Los Angeles County, California business locations.

2     39.     Defendants employed Plaintiff Naranjo as a Restaurant General Manager and Market

3  Training Manager, which have been non-exempt or hourly paid positions since on or about June

4  2006, from on or about October 1998 to on or about July 1, 2008 at locations throughout central

5  California.

6     40.     Defendants employed Plaintiff Widjaja as a Senior Assistant Manager, which is a non-

7  exempt or hourly paid position, from on or about August 4, 2004 to on or about April 14, 2005 at

8  locations in and around Orange County, California.

9     41.     Defendants employed Plaintiff Christopher Duggan as a non-exempt or hourly paid

10 position, from on or about October 31, 2007 until on or about August 2008 at one of Defendants'

11 restaurants in San Jose, California.

12    42.     Defendants employed Plaintiff Kevin Taylor as a Crew Member, which is a non-

13 exempt or hourly paid position, from on or about February 2008 until on or about July 2008 at one

14 of Defendants' restaurants in California.

15    43.     Defendants employed Debra Doyle as a Crew Member, which is a non-exempt or

16 hourly paid position, from on or about September 2007 until on or about June 2008 at one of

17 Defendants' restaurants in Ontario, California.

18    44.     Defendants employed Hilario Escobar as a Crew Member, which is a non-exempt or

19 hourly paid position, from on or about November 2005 until on or about May 2006 at one of

20 Defendants' restaurants in Westminster, California.  Mr. Escobar later had a second term of

21 employment with Defendants from on or about 2008 until on or about 2010 at one of Defendants'

22 restaurants in Orange County, California.

23    45.     Defendants continue to employ non-exempt or hourly employees within California.

24    46.     Plaintiffs are informed and believe, and thereon allege, that at all times herein

25 mentioned, Defendants were advised by skilled lawyers and other professionals, employees and

26 advisors knowledgeable about California labor and wage law, employment and personnel

27 practices, and about the requirements of California law.

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

47.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs, the other class members, and the other aggrieved employees were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

48.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs, the other class members, and the other aggrieved employees were entitled to receive earned wages and/or minimum wages and that they were not receiving certain wages.

49.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs, the other class members, and the other aggrieved employees were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiffs', class members', and aggrieved employees' regular rate of pay when they did not receive a timely uninterrupted meal period.

50.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs, the other class members, and the other aggrieved employees were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiffs', class members', and aggrieved employees' regular rate of pay when a rest period was missed.

51.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs, the other class members, and the other aggrieved employees were entitled to receive complete and accurate wage statements in accordance with California law.

52.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs, the other class members, and the other aggrieved employees were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment (including, but not limited to, actual mileage costs, automobile-related expenses, meals, lodging, transportation, required shoes, and required clothing), and that they did not receive full reimbursement of applicable business-related expenses and costs they incurred.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

53.     Plaintiffs are informed and believed, and thereon allege, that Defendants knew or should have known that Plaintiffs, the other class members, and the other aggrieved employees were entitled to not have to pay wages back to their employer.

54.     Plaintiffs are informed and believed, and thereon allege, that Defendants knew or should have known that Plaintiffs, the other class members, and the other aggrieved employees were entitled to payment of all vested vacation wages (including, but not limited to, vacation pay, personal day pay, personal holiday pay, and/or floating holiday pay) at the end of employment.

55.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs, the other class members, and the other aggrieved employees were entitled to receive all the wages owed to them upon discharge.

56.     Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiffs, the other class members, and the other aggrieved employees, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiffs, the other members of the class, and the other aggrieved employees that they were properly denied wages, all in order to increase Defendants' profits.

**FIRST CAUSE OF ACTION**

**Violation of California Labor Code sections 510 and 1198**

**(On Behalf of the Taco Bell Unpaid Wages Subclass)**

57.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the allegations set out in paragraphs 1 through 56.

58.     At all times herein set forth, California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either at one-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

59.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiffs, the other class members, and the other aggrieved employees who worked more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of one-and-one-half times the regular rate for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

60.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiffs, the other class members, and the other aggrieved employees who worked more than twelve (12) hours in a day, overtime compensation at a rate of two-times his or her regular rate of pay.

61.     At all times herein set forth, California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

62.     During the relevant time period, Plaintiffs, the other class members, and the other aggrieved employees consistently worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, or in excess of forty (40) hours in a week.

63.     During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiffs, the other class members, and the other aggrieved employees.

64.     Defendants' failure to pay Plaintiffs, the other class members, and the aggrieved employees the unpaid balance of overtime compensation, as required by California law, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

65.     Pursuant to California Labor Code sections 1194, Plaintiffs and the other class members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

66.     Pursuant to the civil penalties provided for in California Labor Code sections 2699(f)

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

and (g), the State of California, Plaintiff Hardiman and the other aggrieved employees are entitled to recover civil penalties of one-hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two-hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code sections 510, 1194 and 1198.

**SECOND CAUSE OF ACTION**

**Violation of California Labor Code section 1194**

**(On Behalf of the Taco Bell Unpaid Wages Subclass)**

67.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 66.

68.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

69.     During the relevant time period, Defendants regularly failed to pay minimum wage to Plaintiffs and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

70.     Defendants' failure to pay Plaintiffs and the other class members the minimum wage as required violates California Labor Code section 1194, 1197, and 1197.1.  Pursuant to those sections Plaintiffs and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

71.     Pursuant to California Labor Code section 1197.1, Plaintiffs and class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

72.     Pursuant to California Labor Code section 1194.2, Plaintiffs and class members are

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and

2   interest thereon.

### THIRD CAUSE OF ACTION

**Violation of California Labor Code section 204**

**(On Behalf of the Taco Bell Unpaid Wages Subclass)**

6   73.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material

7   allegations set out in paragraphs 1 through 72.

8   74.     At all times herein set forth, California Labor Code section 204 provides that all wages

9   earned by any person in any employment between the 1st and the 15th days, inclusive of any

10  calendar month, other than those wages due upon termination of an employee, are due and payable

11  between the 16th and the 26th day of the month during which the labor was performed.

12  75.     At all times herein set forth, California Labor Code section 204 further provides that all

13  wages earned by any person in any employment between the 16th and the last day, inclusive of

14  any calendar month, other than those wages due upon termination of an employee, are due and

15  payable between the 1st and the 10th day of the following month.

16  76.     Additionally, California Labor Code section 204 provides that all wages earned for

17  labor in excess of the normal work period shall be paid no later than the payday for the next

18  regular payroll period.

19  77.     During the relevant time period, Defendants willfully failed to pay Plaintiffs, the other

20  class members, and the other aggrieved employees the minimum, regular, and overtime wages due

21  to them, within any time period permissible by California Labor Code section 204.

22  78.     Plaintiffs and other class members are entitled to recover all remedies available for

23  violations of California Labor Code section 204.

24  79.     Pursuant to the civil penalties provided for in California Labor Code sections 2699(f)

25  and (g), the State of California, Plaintiff Hardiman and the other aggrieved employees are entitled

26  to recover civil penalties of one-hundred dollars ($100) for each aggrieved employee per pay

27  period for the initial violation and two-hundred dollars ($200) for each aggrieved employee per

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

pay period for each subsequent violation, plus costs and attorneys' fees for violation of California

Labor Code section 204.

### FOURTH CAUSE OF ACTION

**Violation of California Labor Code sections 226.7 and 512(a)**

**(On Behalf of the Taco Bell Unpaid Wages Subclass)**

80.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the allegations set out in paragraphs 1 through 79.

81.     At all times herein set forth, the California IWC Wage Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiffs' employment with Defendants.

82.     At all times herein set forth, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the California IWC.

83.     At all times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

84.     At all times herein set forth, California Labor Code section 512(a) further provides that an employer may not require, cause or permit an employee to work for a period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

85.     During the relevant time period, Plaintiffs, the other class members, and the other aggrieved employees who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without a meal period of not less than thirty

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

(30) minutes.

86.     During the relevant time period, Plaintiffs, the other class members, and the other aggrieved employees who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without a meal period of not less than thirty (30) minutes.

87.     During the relevant time period, Plaintiffs, the other class members, and the other aggrieved employees who were scheduled to work in excess of ten (10) hours but not longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent were required to work in excess of ten (10) hours without receiving a second meal period of not less than thirty (30) minutes.

88.     During the relevant time period, Plaintiffs, the other class members, and the other aggrieved employees who were scheduled to work for a period of time in excess of twelve (12) hours were required to work for periods longer than ten (10) hours without a meal period of not less than thirty (30) minutes.

89.     During the relevant time period, Defendants willfully required Plaintiffs, the other class members, and the other aggrieved employees to work during meal periods and failed to compensate Plaintiffs for work performed during those meal periods.

90.     During the relevant time period, Defendants failed to pay Plaintiffs, the other class members, and the other aggrieved employees the full meal period premium due pursuant to California Labor Code section 226.7.

91.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code sections 226.7 and 512(a).

92.     Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiffs and class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the meal period was not provided.

93.     Pursuant to the civil penalties provided for in California Labor Code sections 2699(f)

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

and (g), the State of California, Plaintiff Hardiman and the other aggrieved employees are entitled to recover civil penalties of one-hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two-hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code sections 226.7 and 512(a).

## **FIFTH CAUSE OF ACTION**

### **Violation of California Labor Code section 226.7**

### **(On Behalf of the Taco Bell Unpaid Wages Subclass)**

94.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 93.

95.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 was applicable to Plaintiffs' and the other aggrieved employees' employment by Defendants.

96.     At all times herein set forth, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

97.     At all material times set forth herein, Defendants required Plaintiffs, the other class members, and the other aggrieved employees to work in excess of four (4) hours without providing a ten (10) minute rest period.

98.     At all material times set forth herein, Defendants required Plaintiffs, the other class members, and the other aggrieved employees to work an additional four (4) hours without providing a second ten (10) minute rest period.

99.     At all material times set forth herein, Defendants required Plaintiffs, the other class members, and the other aggrieved employees to work during rest periods and failed to compensate Plaintiffs, the other class members, and the other aggrieved employees for work performed during rest periods.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

100.    During the relevant time period, Defendants failed to pay Plaintiffs, the other class members, and the other aggrieved employees the full rest period premium due pursuant to California Labor Code section 226.7.

101.    Defendants' conduct violates the applicable IWC Wage Order and California Labor Code section 226.7.

102.    Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiffs and class members are entitled to recover from Defendants one additional hour of pay at the employee's regular hourly rate of compensation for each work day that the rest period was not provided.

103.    Pursuant to the civil penalties provided for in California Labor Code sections 2699(f) and (g), the State of California, Plaintiff Hardiman and the other aggrieved employees are entitled to recover civil penalties of one-hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two-hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 226.7.

## SIXTH CAUSE OF ACTION

### Willful Violation of California Labor Code section 226(a)

### (On Behalf of the Taco Bell Improper Wage Statements Subclass)

104.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the allegations set out in paragraphs 1 through 103.

105.    Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements. Defendants' failure includes, among other things, the failure to include Plaintiffs', the other class members', and the other aggrieved employees' proper Social Security number, the total hours worked, and the full correct legal name of the employer.

106.    Plaintiffs and class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

107.     Plaintiffs and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

108.     Pursuant to the civil penalties provided for in California Labor Code sections 2699(f) and (g), the State of California, Plaintiff Hardiman and the other aggrieved employees are entitled to recover civil penalties of one-hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two-hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 226(a).

### SEVENTH CAUSE OF ACTION

**Violation of California Labor Code sections 2800 and 2802**

**(On Behalf of the Taco Bell Unreimbursed Business Expenses Subclass)**

109.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 108.

110.     At all times herein set forth, California Labor Code sections 2800 and 2802 provide that an employer must reimburse employees for all necessary expenditures.

111.     Plaintiffs, the other class members, and the other aggrieved employees incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants, including and without limitation, actual mileage costs, automobile-related expenses, meals, lodging, transportation, required shoes, required clothing, and related fees and deposits that resulted from their employment with Defendants.  Specifically, Defendants had, and continue to have, a policy and practice of requiring employees, including Plaintiffs, the other class members, and the other aggrieved employees, to pay for purchase and maintenance of shoes and other required clothing out of their own funds.  Defendants had, and continue to have, a policy of not reimbursing employees, including Plaintiffs, the other class members, and the other aggrieved employees, for said business-related expenses and costs.

112.     Defendants have intentionally and willfully failed to fully reimburse Plaintiffs, the other class members, and the other aggrieved employees for necessary business-related expenses

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   and costs.

2   113.   Defendants' conduct violates California Labor Code sections 2800 and 2802.

3   114.   Plaintiffs and the other class members are entitled to recover from Defendants their

4   business-related expenses incurred during the course and scope of their employment, plus interest

5   and an award of costs and reasonable attorney's fees pursuant to California Labor Code section

6   2802.

7   115.   Pursuant to the civil penalties provided for in California Labor Code sections 2699(f)

8   and (g), the State of California, Plaintiff Hardiman and other aggrieved employees are entitled to

9   recover civil penalties of one-hundred dollars ($100) for each aggrieved employee per pay period

10  for the initial violation and two-hundred dollars ($200) for each aggrieved employee per pay

11  period for each subsequent violation, plus costs and attorneys' fees for violation of California

12  Labor Code sections 2800 and 2802.

13  ### EIGHTH CAUSE OF ACTION

14  **Violation of California Labor Code section 227.3**

15  **(On Behalf of the Vested Accrued Vacation Time Subclass)**

16  116.   Plaintiffs incorporate by reference and re-allege as if fully stated herein the material

17  allegations set out in paragraphs 1 through 115.

18  117.   This cause of action is brought pursuant to California Labor Code section 227.3, which

19  prohibits employers from forfeiting the vested vacation wages of their employees.

20  118.   Plaintiffs had unused vested vacation wages (including, but not limited to, vacation

21  pay, personal day pay, personal holiday pay, and/or floating holiday pay) that were not paid out to

22  them in a timely fashion at the end of their employment, in violation of California Labor Code

23  section 227.3.

24  119.   As a matter of uniform corporate policy and procedure and practices, Defendants

25  violated California Labor Code section 227.3 by failing to pay Plaintiffs and the other class

26  members all vested vacation wages at the end of their employment.  The uniform policy of not

27  paying Plaintiffs and the other members of the class all vested vacation wages at the end of their

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  employment caused a forfeiture of vested vacation wages in violation of California Labor Code

2  section 227.3.

3      120.    The conduct of Defendants and their agents and employees as described herein was

4  willful and was done in conscious disregard of Plaintiffs' and the other class members' rights, and

5  done by managerial employees of Defendants and supports an award of up to 30 days of pay,

6  under California Labor Code section 203, as penalties for Plaintiffs and each former employees of

7  Defendants who were not paid all vested vacation wages.

8      121.    Such a pattern, practice, and uniform administration of corporate policy regarding

9  illegal employee compensation as described herein is unlawful and creates an entitlement to

10  recovery by Plaintiffs in a civil action for damages and wages owed and for costs and attorneys'

11  fees.

12                          **NINTH CAUSE OF ACTION**

13              **Violation of California Labor Code sections 201 and 202**

14                  **(On Behalf of the Taco Bell Final Pay Subclass)**

15      122.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the allegations

16  set out in paragraphs 1 through 121.

17      123.    At all times herein set forth, California Labor Code sections 201 and 202 provide that

18  if an employer discharges an employee, the wages earned and unpaid at the time of discharge are

19  due and payable immediately, and that if an employee voluntarily leaves his or her employment,

20  his or her wages shall become due and payable not later than seventy-two (72) hours thereafter,

21  unless the employee has given seventy-two (72) hours previous notice of his or her intention to

22  quit, in which case the employee is entitled to his or her wages at the time of quitting.

23      124.    During the relevant time period, Defendants failed to pay Plaintiffs, the other class

24  members, and the other aggrieved employees their wages, earned and unpaid, either at the time of

25  discharge, or within seventy-two (72) hours of leaving Defendants' employ.

26      125.    Defendants' failure to pay Plaintiffs, the other class members, and the other aggrieved

27  employees their wages earned and unpaid at the time of discharge, or within seventy-two (72)

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

hours of his leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

126.    California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

127.    Plaintiffs and the other class members are entitled to recover from Defendants the statutory penalty for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

128.    Pursuant to California Labor Code sections 2699(f) and (g), the State of California, Plaintiff Hardiman and the other aggrieved employees are entitled to recover civil penalties in the amount of one-hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two-hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorney's fees, for violations of the California Labor Code sections 201 and 202.

**TENTH CAUSE OF ACTION**

**Violation of California Business & Professions Code sections 17200, et seq.**

**(On Behalf of the Class)**

129.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 128.

130.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiffs, other class members, and to the general public.  Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

131.    Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, et seq.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

132.     A violation of California Business & Professions Code sections 17200, et seq. may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policy and practice of requiring non-exempt or hourly-paid employees, including Plaintiffs and the other class members, to work overtime without paying them proper compensation violates California Labor Code sections 510 and 1198.  Defendants' policy and practice of failing to timely pay earned wages and/or minimum wages to Plaintiffs and the other class members violates California Labor Code section 204.  Defendants' policy and practice of requiring non-exempt or hourly-paid employees, including Plaintiffs and the other class members, to work through their meal and rest periods without paying them proper compensation violates California Labor Code sections 226.7 and 512(a).    Defendants' policy and practice of providing improper wage statements to Plaintiffs and the other class members violates California Labor Code section 226(a).  Defendants' policy and practice of not reimbursing Plaintiffs and the class members for business-related expenses and costs violates California Labor Code sections 2800 and 2802.  Defendants' policy and practice of failing to pay Plaintiffs and the other members of the class their vested vacation time at the end of employment violates California Labor Code section 227.3.  Defendants' policy and practice of failing to pay Plaintiffs and the other class members their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of leaving Defendants' employ violates California Labor Code sections 201 and 202.

133.     Plaintiffs and putative class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money or property.

134.     Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiffs and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences on September 7, 2003; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and the other class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

**ELEVENTH CAUSE OF ACTION**

**Violation of California Labor Code section 132a**

**(On Behalf of Plaintiff Leyva Only)**

135.    Plaintiff Leyva incorporates by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 134.

136.    Plaintiff Leyva worked for Defendants as a restaurant worker.  Plaintiff was diligent, hard-working, and a dedicated employee.

137.    The public policy of the State of California, as expressed by the legislature, the California Constitution, the California Supreme Court, California Labor Code section 132a, and *White v. Ultramar*, 21 Cal.4th 563 (1999), is to protect and safeguard the right of all persons to seek, obtain, and hold employment, without retaliation for presenting a workers' compensation claim, following an injury on the job.

138.    Plaintiff Leyva suffered an on-the-job injury, experienced severe pain, and requested medical treatment.  Instead of providing medical care and disability benefits, Defendants told Plaintiff Leyva that if she did not quit voluntarily, she would be fired.  Defendants presented Plaintiff Leyva with a resignation letter.  Defendants attempted to force Plaintiff Leyva to sign a resignation letter, which she refused to do, at which time she was fired.

139.    Plaintiff was entitled to protection under the provisions of the CFLA, due to her sickness but defendants refused to comply and refused to grant leave to Plaintiff Leyva and instead decided, because of the sickness/injury to fire Plaintiff Leyva from her job.

140.    Defendants have refused to secure the payment of workers compensation benefits to Plaintiff Leyva.  Instead, Defendants deliberately, intentionally, and wrongfully fired Plaintiff Leyva without just cause, ending her employment on February 11, 2008.

141.    Plaintiff Leyva is informed and believes and thereon alleges, that as a result of the termination, she has suffered injuries, including, but not limited to, lost wages, aggravated medical condition and other injuries, which will be proven at the time of trial.

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1

**REQUEST FOR JURY TRIAL**

2

Plaintiffs request a trial by jury.

3

**PRAYER FOR RELIEF**

4

Plaintiffs, and on behalf of all other class members and aggrieved employees similarly

5

situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

6

7

Class Certification

8

1.      That this action be certified as a class action;

9

2.      That Plaintiffs be appointed as the representatives of the Class;

10

3.      That Interim Lead Counsel, Initiative Legal Group APC, be appointed as Class

11

Counsel;

12

4.      That the Law Offices of Mark Yablonovich be appointed as Class Counsel; and

13

That the Law Offices of Kenneth H. Yoon; Law Offices of Peter M. Hart; and the Diversity Law

14

Group, APC as Liaison Counsel for the Vested Accrued Vacation Time Subclass.

15

As to the First Cause of Action

16

1.      That the Court declare, adjudge and decree that Defendants violated California

17

Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all

18

overtime wages due to Plaintiffs and Class Members;

19

2.      For general unpaid wages at overtime wage rates and such general and

20

special damages as may be appropriate;

21

3.      For pre-judgment interest on any unpaid overtime compensation commencing from

22

the date such amounts were due;

23

4.      For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

24

California Labor Code section 1194(a);

25

5.      For civil penalties pursuant to California Labor Code sections 2699(f) and (g) in the

26

amount of $100 for each violation per pay period for the initial violation and $200 for each

27

aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees

28

- 28 -

1  for violation of California Labor Code sections 510 and 1198; and

2        6.     For such other and further relief as the Court may deem equitable and appropriate.

3  As to the Second Cause of Action

4        1.     That the Court declare, adjudge and decree that Defendants violated California

5  Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to

6  Plaintiffs and class members;

7        2.     For general unpaid wages and such general and special damages as may be

8  appropriate;

9        3.     For statutory wage penalties pursuant to California Labor Code section 1197.1 for

10  Plaintiffs and class members in the amount as may be established according to proof at trial;

11        4.     For pre-judgment interest on any unpaid compensation from the date such amounts

12  were due;

13        5.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

14  California Labor Code section 1194(a);

15        6.     For liquidated damages pursuant to California Labor Code section 1194.2; and

16        7.     For such other and further relief as the Court may deem equitable and appropriate.

17  As to the Third Cause of Action

18        1.     That the Court declare, adjudge and decree that Defendants violated California

19  Labor Code section 204 by willfully failing to pay all compensation owed at the time required by

20  California Labor Code section 204, to Plaintiffs and Class Members;

21        2.     For all actual, consequential and incidental losses and damages, according to proof;

22        3.     For pre-judgment interest on any untimely paid compensation, from the date such

23  amounts were due;

24        4.     For civil penalties pursuant to California Labor Code section 2699(f) and (g) in the

25  amount of $100 for each violation per pay period for the initial violation and $200 for each

26  aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees

27  for violation of California Labor Code § 204; and

28

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    5.    For such other and further relief as the Court may deem equitable and appropriate.

2

3                    As to the Fourth Cause of Action

4    1.    That the Court declare, adjudge and decree that Defendants violated California

5  Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to

6  provide all meal periods (including second meal periods) to Plaintiffs and Class Members;

7    2.    That the Court make an award to the Plaintiffs and Class Members of one (1) hour

8  of pay at each employee's regular rate of compensation for each workday that a meal period was

9  not provided;

10   3.    For all actual, consequential, and incidental losses and damages, according to

11  proof;

12   4.    For premiums pursuant to California Labor Code section 226.7(b);

13   5.    For civil penalties pursuant to California Labor Code sections 2699(f) and (g) in the

14  amount of $100 for each violation per pay period for the initial violation and $200 for each

15  aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees

16  for violation of California Labor Code sections 226.7 and 512; and

17   6.    For such other and further relief as the Court may deem equitable and appropriate.

18                    As to the Fifth Cause of Action

19   1.    That the Court declare, adjudge and decree that Defendants violated California

20  Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest

21  periods to Plaintiffs and Class Members;

22   2.    That the Court make an award to the Plaintiffs and Class Members of one (l) hour

23  of pay at each employee's regular rate of compensation for each workday that a rest period was not

24  provided;

25   3.    For all actual, consequential, and incidental losses and damages, according to

26  proof;

27   4.    For premiums pursuant to California Labor Code sections 226.7(b);

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

5.      For civil penalties pursuant to California Labor Code sections 2699(f) and (g) in the amount of $100 for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 226.7; and

6.      For such other and further relief as the Court may deem appropriate.

<u>As to the Sixth Cause of Action</u>

1.      That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiffs and Class Members, and willfully failed to provide accurate itemized wage statements thereto;

2.      For all actual, consequential and incidental losses and damages, according to proof;

3.      For statutory penalties pursuant to California Labor Code section 226(e);

4.      For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g);

5.      For civil penalties pursuant to California Labor Code sections 2699(f) and (g) in the amount of $100 for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 226(a); and

6.      For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Seventh Cause of Action</u>

1.      For general unpaid business-related expenses and such general and special damages as may be appropriate;

2.      For pre-judgment interest on any unpaid business-related expenses from the date such amounts were due;

3.      For civil penalties pursuant to California Labor Code sections 2699(f) and (g) in the amount of $100 for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  for violation of California Labor Code sections 2800 and 2802; and

2      4.    For such other and further relief as the Court may deem equitable and appropriate.

3  As to the Eighth Cause of Action

4      1.    For all vacation wages owed (including, but not limited to, vacation pay, personal

5  day pay, personal holiday pay, and/or floating holiday pay);

6      2.    For waiting time penalties according to proof pursuant to California Labor Code

7  section 203; and

8      3.    For such other and further relief as the Court may deem equitable and appropriate.

9  As to the Ninth Cause of Action

10      1.    That the Court declare, adjudge and decree that Defendants violated California

11  Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the

12  time of termination of the employment of Plaintiffs and other terminated Class Members;

13      2.    For all actual, consequential and incidental losses and damages, according to proof;

14      3.    For statutory penalties pursuant to California Labor Code section 203 for Plaintiffs

15  and all other Class Members who have left Defendants' employ;

16      4.    For civil penalties pursuant to California Labor Code sections 2699(f) and (g) in the

17  amount of $100 for each violation per pay period for the initial violation and $200 for each

18  aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees

19  for violation of California Labor Code sections 201 and 202; and

20      5.    For such other and further relief as the Court may deem equitable and appropriate.

21  As to the Tenth Cause of Action

22      1.    That the Court declare, adjudge and decree that Defendants violated California

23  Business and Professions Code sections 17200, et seq. by failing to provide Plaintiffs and the

24  Class Members all overtime compensation due to them, failing to timely pay Plaintiffs and the

25  Class Members all earned wages and/or minimum wages, failing to provide all meal and rest

26  periods to Plaintiffs and Class Members, failing to provide Plaintiffs and Class Members with

27  accurate itemized wage statements, failing to reimburse Plaintiffs and Class Members for

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  necessary business expenses, and failing to pay Plaintiffs and Class Members all vested vacation

2  time;

3      2.    For restitution of unpaid wages to Plaintiffs and all Class Members and

4  prejudgment interest from the day such amounts were due and payable;

5      3.    For the appointment of a receiver to receive, manage and distribute any and all

6  funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants

7  as a result of violations of California Business & Professions Code sections 17200, et seq.;

8      4.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

9  California Code of Civil Procedure section 1021.5;

10      5.    For injunctive relief to ensure compliance with this section, pursuant to California

11  Business & Professions Code sections 17200, et seq.; and,

12      6.    For such other and further relief as the Court may deem equitable and appropriate.

13  <u>As to the Eleventh Cause of Action</u>

14      1.    Judgment against Defendants for general damages according to proof;

15      2.    Judgment against Defendants for special damages according to proof;

16      3.    Judgment against Defendants for punitive damages according to proof;

17      4.    Judgment against Defendants for reasonable attorneys' fees provided by law;

18      5.    Judgment against Defendants for pre-judgment interest;

19      6.    Judgment against Defendants for costs of suit incurred herein; and

20      7.    Judgment against Defendants for such further relief as the Court deems just and

21  proper.

22  Dated:  May 17, 2011              Respectfully submitted,

23                                 Initiative Legal Group APC

24                               By: _____

25                               Mónica Balderrama

                               Miriam Schimmel

26                               David Cheng

                               Katherine Den Bleyker

27                               Interim Lead Counsel for Plaintiffs

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067