**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE TACO BELL WAGE AND HOUR ACTIONS** | 1:07-CV-01314-OWW-DLB<br><br>MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION TO STAY<br><br>(DOC. 250) |

## I.   INTRODUCTION

Before the court is Taco Bell Corp.'s and Taco Bell of America, Inc.'s (together, "Defendants") motion to stay Plaintiffs' meal and rest break claims until the California Supreme Court resolves *Brinker Restaurant Corp. v. Superior Court*, 165 Cal. App. 4th 25 (2008), *review granted*, 85 Cal. Rptr. 3d 688 (2008), and *Brinkley v. Public Storage, Inc.*, 167 Cal. App. 4th 1278 (2008), *review granted*, 87 Cal. Rptr. 3d 674 (2009). Doc. 250. Plaintiffs filed an opposition (Doc. 259), to which Defendants replied (Doc. 260). The motion was heard August 22, 2011.

## II.   BACKGROUND

This case is a consolidation of six related putative wage and hour class actions against Defendants: (1) *Medlock v. Taco Bell Corp.*, Case No. 1:07-cv-01314; (2) *Hardiman v. Taco Bell Corp.*, Case No. 1:08-cv-01081; (3) *Leyva v. Taco Bell Corp., et al.*, Case No. 1:09-cv-00200; (4) *Naranjo v. Yum! Brands, Inc.*,

1

Case No. 1:09-cv-00246; (5) *Widjaja v. Yum Brands, Inc.*, Case No. 1:09-cv-01074; and (6) *Nave v. Taco Bell Corp.*, Case No. 1:10-cv-02222.

On December 30, 2010, Plaintiffs moved to certify a class action and eight proposed subclasses: (1) late meal break subclass; (2) underpaid automatic adjustment subclass; (3) on-duty meal period agreement subclass; (4) unpaid on-duty meal period subclass; (5) rest break subclass; (6) final pay subclass; (7) vested accrued vacation wage subclass; and (8) non-management employee vacation subclass. Doc. 185. Plaintiffs' first through fifth proposed subclasses relate to meal and rest break claims.

On March 14, 2011, Plaintiffs filed an amended motion for leave to file a First Amended Consolidated Complaint (Doc. 210), which was granted in part and denied in part (Doc. 222). Plaintiffs filed a First Amended Consolidated Complaint on May 17, 2011. Doc. 230. The First Amended Consolidated Complaint asserts proposed class action claims on behalf of California non-exempt, hourly restaurant employees of Taco Bell, including claims for missed meal breaks (Fourth Cause of Action), missed rest breaks (Fifth Cause of Action), failure to pay vested vacation wages (Eighth Cause of Action), and failure to timely pay wages upon termination (Ninth Cause of Action).

The hearing on the motion for class certification was held on July 6 and 7, 2011.

### III. <u>LEGAL STANDARD</u>

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163 (1936). When considering a motion to stay, the court weighs the competing interests which will be affected by the grant or refusal of stay, including: (1) the possible damage which may result from granting the stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).[1]

"A trial court may, with propriety, find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which may bear upon the case." *Mediterranean Enters., Inc. v. Sangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-864 (9th Cir. 1979). For a stay to be appropriate it is not required that the issues of such proceedings are necessarily

---

[1] Plaintiffs' citation of *Golden Gate Restaurant Association v. City & County of San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir. 2008), is misplaced. *Golden Gate* discusses the standard for granting a stay pending appeal, not a *Landis* stay. *See id.*

3

controlling of the action before the court. *Id.* Case management standing alone, however, is not necessarily a sufficient ground to stay proceedings. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). Stays should not be indefinite in nature, *id.*, and should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time. *Leyva*, 593 F.2d at 864.

The party moving for a stay bears the burden of establishing the need for a stay. *Clinton v. Jones*, 520 U.S. 681, 708 (1997); *see also Landis*, 299 U.S. at 255 ("the justice and wisdom" of a stay lays "heavily on the petitioners"). The party seeking the stay:

> must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

*Landis*, 299 U.S. at 255. These considerations are "counsels of moderation rather than limitations upon power." *Id*.

IV. DISCUSSION

A. Orderly Course of Justice

The California Supreme Court has granted review of *Brinker Restaurant Corp. v. Superior Court*, 165 Cal. App. 4th 25 (2008), *review granted*, 85 Cal. Rptr. 3d 688 (2008), and *Brinkley v. Public Storage, Inc.*, 167 Cal. App. 4th 1278 (2008), *review*

4

*granted*, 87 Cal. Rptr. 3d 674 (2009). Plaintiffs concede that resolution of *Brinkley* will affect their rest break subclass, but contend that the outcome of *Brinker* will not impact their meal period claims.

In *Brinker*, the California Court of Appeals held that:

> (1) while employers cannot impede, discourage or dissuade employees from taking rest periods, they need only provide, not ensure, rest periods are taken; (2) employers need only authorize and permit rest periods every four hours or major fraction thereof and they need not, where impracticable, be in the middle of each work period; (3) employers are not required to provide a meal period for every five consecutive hours worked; (4) while employers cannot impede, discourage or dissuade employees from taking meal periods, they need only provide them and not ensure they are taken; and (5) while employers cannot coerce, require or compel employees to work off the clock, they can only be held liable for employees working off the clock if they knew or should have known they were doing so.

*Brinker*, 165 Cal. App. 4th at 31. *Brinker* further held that because meal and rest breaks need only be "made available" and not "ensured," individual issues predominate and are not amenable to class treatment. *Id.* at 49, 59. In *Brinkley*, the California Court of Appeals held that: (1) California law does not require employers to provide meal periods within the first five hours of a shift; and (2) employers must provide meal and rest periods, but do not have to ensure that they are actually taken. *Brinkley*, 167 Cal. App. 4th at 1287, 1289-90.

The California Supreme Court's resolution of *Brinker* and *Brinkley* will clarify a number of disputed employer obligations as to both rest and meal breaks under California law. Contrary to

5

**1**  Plaintiffs' argument, *Brinker* implicates Plaintiffs' proposed
**2**  meal break subclasses and will likely determine whether they are
**3**  amenable to certification. The determination of whether employers
**4**  must simply "provide" a meal break will directly impact whether
**5**  Defendants are potentially liable to each of Plaintiffs' proposed
**6**  subclasses. Staying Plaintiffs' meal and rest break claims until
**7**  the California Supreme Court decides *Brinker* and *Brinkley* will
**8**  further the orderly course of justice, promote judicial economy,
**9**  and avoid the waste of judicial and party resources.

Staying Plaintiffs' meal and rest break claims is consistent with the approach taken by other federal courts. *See, e.g., Forrand v. Fed. Express Corp.*, 2011 U.S. App. LEXIS 544, at *3 (9th Cir. Jan. 5, 2011) (holding that the resolution of *Brinker* may dictate what California law requires employers to do to comply with California state labor laws regulating meal and rest breaks and staying Plaintiffs' meal and rest break claims); *Minor v. FedEx*, No. 09-1375-THE, 2009 WL 1955816, at *1 (N.D. Cal. July 6, 2009) (granting stay); *Lew v. Countrywide Fin. Corp.*, No. C 08-1993 SC, 2009 WL 1384975, at *2 (N.D. Cal. Feb. 24, 2009) (granting stay); *Gabriella v. Wells Fargo Fin., Inc.*, No. C 06-4347 SI, 2009 WL 188856, at *2 (N.D. Cal. Jan. 26, 2009) (granting stay); *Gong-Chun v. AETNA, Inc.*, No. 1:09-cv-01995-AWI-SKO, 2010 WL 1980175, at *5 (E.D. Cal. May 17, 2010) (granting stay); *Bibo v. Fed. Express, Inc.*, No. C 07-2505 TEH, 2009 WL

6

1068880, at *14 (N.D. Cal. April 21, 2009) (sua sponte staying action post-certification); *Ortega v. J.B. Hunt Transport, Inc.*, 258 F.R.D. 361, 371 (C.D. Cal. 2009) (granting stay).

Plaintiff's meal and rest break claims are governed by state law. The law is in a state of flux. It is irrational to proceed to resolve certification before state law has been clarified.

### B.  Possible Damage to Plaintiff Resulting from Stay

Plaintiffs argue, unconvincingly, that they will be severely prejudiced by what they deem an "indefinite stay." Plaintiffs contend that *Brinker* has been fully briefed and waiting for decision by the California Supreme Court for over a year, oral argument has not been scheduled, and there is no indication when a final ruling will be issued. Staying Plaintiffs' meal and rest break claims "would not be tantamount to an 'indefinite' stay." *Gong-Chun v. Aetna, Inc.*, No. 1:09-cv-01995-AWI-SKO, 2010 WL 1980175, at *3 (E.D. Cal. May 17, 2010). Moreover, the benefits of proceeding with a certain legal standard will more than make up for the costs of delay and avoid the potential to have to revisit class certification. *See Lew v. Countrywide Fin. Corp.*, No. C 08-1993 SC, 2009 WL 1384975, at *2 (N.D. Cal. Feb. 24, 2009) ("the benefits of proceeding with a definite legal standard will more than make up for the costs of delay.").

Plaintiffs cite an unpublished district court case, *Richards v. Ernst & Young LLP*, No. C 08-4988 JF (HRL), 2010 U.S. Dist.

7

LEXIS 16366 (N.D. Cal. Feb. 24, 2010):

> If it had a reasonable expectation that the California Supreme Court would decide the issue within a matter of months, this Court likely would stay the instant action pending that decision. However, at the hearing counsel indicated that while *Brinker* has been fully briefed, oral argument has not been set. Under these circumstances, it may be quite some time before the issue is decided. Accordingly, this Court declines to stay the action.

*Id.* at *11-12. Plaintiffs' reliance on *Richards* is misguided. Although *Richards* did not stay the case, the court concluded that an employer has a duty to "provide" meal breaks but not the duty to "ensure" that such breaks are taken. *Id.* at *12. Recognizing that "the California Supreme Court will be addressing the issue in the forseeable future," the court dismissed plaintiffs' meal and rest break claims without prejudice rather than stay the case. *Id*. Plaintiffs have not offered to dismiss their claims.

Plaintiffs further argue that Defendants' motion to stay comes nearly four years after Plaintiffs filed the action and after the court and parties have expended considerable time and resources litigating Plaintiffs' claims. This is not damage that results from a stay. To the contrary, additional expenditure of the parties' time and resources on potentially inapplicable claims will be avoided by staying the meal and rest break claims until the California Supreme Court provides clear guidance.

Plaintiffs also argue that a stay would harm the court, which would be heavily burdened with numerous reopened cases after the California Supreme Court decides *Brinker*. This is

inaccurate. A stay would serve, not hinder, judicial economy.

      C.    <u>Possible Hardship to Defendant in Going Forward</u>

Plaintiffs assert, without explanation, that Defendants will not suffer any hardship if Plaintiffs' meal and rest break claims are not stayed. Defendants contend that both parties will suffer hardship and an inequitable result will eventuate if litigation continues before *Brinker* and *Brinkley* are decided. Defendants argue that if the case proceeds as a class action on Plaintiffs' meal and rest break claims because the court adopts the "ensure" rather than the "make available" standard, and this finding is invalidated by a decision to the contrary in *Brinker* and *Brinkley,* the parties will have unnecessarily expended resources engaging in motion practice, planning and preparing for trial, and conducting merits-based discovery on the wrong standard. *See Minor*, 2009 WL 1955816 at *2 (proceeding without a stay "certainly appears to be a hardship to conduct pointless discovery that may well be moot following a holding in *Brinker*"); *see Negotiated Data Solutions, LLC v. Dell Inc.*, CV 03-05755 JSW, 2008 WL 4279556, at *1-2 (N.D. Cal. Sept. 16, 2008) (finding hardships associated with unnecessary discovery outweighed any problems with witness memories); *see Gong-Chun*, 2010 WL 1980175 at *4 ("Defendant has made out a clear case of hardship as to conducting what could be inefficient or pointless discovery"). Defendants have made a convincing showing of hardship in going

9

forward with Plaintiffs' meal and rest break claims.

### D. Weighing Competing Interests

The California Supreme Court's resolution of *Brinker* and *Brinkley* will clarify employer obligations regarding rest and meal breaks and will likely determine whether Plaintiffs' proposed rest and meal break subclasses may be certified. Weighing all the relevant factors, including that a stay will favor judicial economy and the orderly course of justice, the potential delay in adjudicating Plaintiffs' meal and rest break claims, and the potential waste of both parties' and judicial resources, Plaintiffs' meal and rest break claims are STAYED pending the California Supreme Court's resolution of *Brinker* and *Brinkley*. Because stays should not be indefinite, *Dependable Highway Exp.,* 498 F.3d at 1066, a status conference will be scheduled for one (1) year from the imposition of the stay. Alternatively, Plaintiffs may, if they deem it in their best interests, dismiss these claims without prejudice.

Defendant's motion to stay Plaintiffs' meal and rest break claims is GRANTED.

## V. CONCLUSION

For the reasons stated:

1. Defendants' motion to stay is GRANTED.
2. The parties shall notify the court immediately when *Brinker* or *Brinkley* is decided.

10

3. Defendants shall submit a proposed form of order consistent with this memorandum decision within five (5) days following electronic service of this memorandum decision.

SO ORDERED.

DATED: August 30, 2011

                                              /s/ Oliver W. Wanger
                                                   Oliver W. Wanger
                                          United States District Judge