# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TACO BELL WAGE AND HOUR ACTIONS, | ) 1:07cv1314 LJO DLB |
| | ) |
| | ) |
| | ) **FINDINGS AND RECOMMENDATIONS** |
| | ) **REGARDING PLAINTIFFS' MOTION FOR** |
| | ) **CLASS CERTIFICATION** |
| | ) |
| | ) (Documents 185, 305, 315) |
| | ) |
| | ) |

On December 30, 2010, Plaintiffs filed their Motion for Class Certification.  After a subsequent stay was lifted and the parties submitted additional briefing, the matter was heard on October 19, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. Matthew Theriault, David Cheng and Michael Coats appeared on behalf of Plaintiffs.  Tracy Kennedy, Morgan Forsey, and Nora Stiles and appeared on behalf of Defendants.

### **BACKGROUND**

In re Taco Bell consists of six consolidated wage and hour class actions against Defendants Taco Bell Corp. and Taco Bell of America, Inc.  The Consolidated Complaint, filed on June 29, 2009, alleges (1) unpaid overtime; (2) unpaid minimum wages; (3) unpaid wages; (4) missed meal periods; (5) missed rest periods; (6) non-compliant wage statements; (7) unreimbursed business expenses; (8) vested accrued vacation wages; (9) non-payment of wages upon termination; and (10) non-payment of wages during employment.  The Consolidated

Complaint also asserts a claim for violation of California Business and Professions Code section 17200, et seq., and seeks penalties pursuant to California's Private Attorneys General Act, California Labor Code sections 2698 et seq. ("PAGA").

On December 30, 2010, Plaintiffs filed their Motion for Class Certification, seeking to certify subclasses for meal and rest break claims, untimely final pay claims and vacation pay claims.  For the meal and rest break classes, Plaintiffs sought to certify a late meal break subclass, an on-duty meal period agreement subclass, an unpaid on-duty meal period subclass and a rest break subclass.

On March 14, 2011, Plaintiffs filed a Motion for Leave to Amend the Consolidated Complaint in part to conform the subclass definitions to facts learned in discovery.  On May 3, 2011, the Court denied Plaintiffs' request, finding that the amendments substantially altered the scope of the class action.

On May 17, 2011, Plaintiffs filed a First Amended Consolidated Complaint ("FACC") incorporating the changes that the Court allowed.  The FACC included subclasses for (1) unpaid wages; (2) improper wage statements; (3) unreimbursed business expenses; (4) vested accrued vacation time and (5) final pay.

Hearings were held on the Motion for Class Certification on June 6 and 7, 2011, before the Honorable Oliver W. Wanger.

On September 9, 2011, the Court granted Taco Bell's Motion to Stay the Fourth Cause of Action (missed meal periods) and Fifth Cause of Action (missed rest periods) pending the California Supreme Court's decisions in <u>Brinker Restaurant Corp. v. Superior Court</u> and <u>Brinkley v. Public Storage, Inc.</u>

On September 26, 2011, the Court denied certification of the final pay and vacation pay subclasses without prejudice.

On June 27, 2012, after the California Supreme Court issued a decision in <u>Brinker</u>, the Court held a status conference and set a supplemental briefing schedule.

Pursuant to the Court's request, Plaintiffs filed new briefing in support of their motion on August 15, 2012.  Defendants opposed the motion and filed evidentiary objections on August 29, 2012.  Plaintiffs filed their reply, along with their own objections to evidence, on September 5, 2012.

## ALLEGATIONS IN THE FACC RELATED TO THIS MOTION

Plaintiffs Sandrika Medlock, Lisa Hardiman, Miriam Leyva, Loraine Naranjo, Endang Widjaja, Christopher Duggan, Kevin Taylor, Debra Doyle and Hilario Escobar are California residents who were, at all relevant times, employed by Defendants as non-exempt or hourly employees.[1]  Plaintiffs bring this action on their own behalf, as well as on behalf of each and all other persons similarly situated.  Plaintiff Hardiman is also seeking PAGA penalties on behalf of the State of California.

As is relevant to this motion, the Fourth and Fifth Causes of Action are brought by the Unpaid Wages Subclass, defined as "All non-exempt or hourly-paid employees of Taco Bell Corp., and/or Taco Bell of America, Inc., in the State of California from September 7, 2003, until the resolution of this law suit."  FACC, ¶ 23(a).

The Fourth Cause of Action alleges violations of meal period requirements pursuant to California Labor Code sections 226.7 and 512(a), and the applicable IWC Wage Order. Plaintiffs allege that during the relevant time period, they and other class members who were scheduled to work (1) for a period of time no longer than six hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five hours without a meal period of not less than thirty minutes; (2) for a period of time in excess of six hours were required to work for periods longer than five hours without a meal period of not less than thirty minutes; (3) in excess of ten hours but not longer than twelve hours, and who did not waive their legally-mandated meal periods by mutual consent were required to work in

---

[1] Plaintiffs' specific positions and dates of employment are set forth in Paragraphs 38 to 44.

excess of ten hours without receiving a second meal period of not less than thirty minutes; and (4) for a period of time in excess of twelve hours were required to work for periods longer than ten hours without a meal period of not less than thirty minutes. FACC, ¶¶ 85-88.

The Fourth Cause of Action further alleges that Defendants willfully required Plaintiffs, the other class members and the other aggrieved employees to work during meal periods and failed to compensate Plaintiffs for work performed during those meal periods. Defendants also failed to pay Plaintiffs, the other class members, and the other aggrieved employees the full meal period premium due pursuant to California Labor Code section 226.7. FACC, ¶¶ 89-90.

The Fifth Cause of Action alleges a violation of the rest period requirements of California Labor Code section 226.7 and the applicable IWC Wage Order. Plaintiffs allege that Defendants required Plaintiffs, the other class members and the other aggrieved employees to work in excess of four hours without providing a ten minute rest period. FACC, ¶ 97. Plaintiffs further allege that Defendants required them to work for an additional four hours without providing a second ten minute rest period. FACC, ¶ 98. Plaintiffs contend that Defendants failed to compensate employees for work performed during rest periods and failed to pay the full rest period premium pursuant to California Labor Code section 226.7. FACC, ¶ 100.

## PROPOSED SUBCLASSES

By this motion, Plaintiffs seek to certify four subclasses under Federal Rules of Procedure 23(a) and 23(b)(3):

Meal Break Subclass:

All persons who work or worked as a non-exempt, hourly-paid employee at a corporate-owned Taco Bell restaurant in California from September 7, 2003, until the resolution of this lawsuit who worked for a period of time in excess of six hours and who worked for periods longer than five hours without a meal period of not less than thirty minutes as reflected in Defendants' employees' time records.

Underpaid Meal Period Premium Subclass:

All persons who work or worked as a non-exempt, hourly-paid employee at a corporate-owned Taco Bell restaurant in California who, between September 7, 2003, until

November 12, 2007, received at least one 30-minute automatic adjustment on Taco Bell's Time and Attendance System as reflected in Defendants' employees' time records.

<u>On-Duty Meal Period Agreement Subclass:</u>

All persons who work or worked as a non-exempt, hourly-paid employee at a corporate-owned Taco Bell restaurant in California from September 7, 2003, until the resolution of this lawsuit who signed an on-duty meal period agreement and who have not revoked their agreement in writing, as found in Defendants' employees' records.

<u>Rest Break Subclass:</u>

All persons who work or worked as a non-exempt, hourly-paid employee at a corporate-owned Taco Bell restaurant in California from September 7, 2003, until the resolution of this lawsuit, who worked for a period of time in excess of six hours and less than seven hours without at least two rest periods of not less than ten minutes, as reflected in Defendants' employees' time records.

## **LEGAL STANDARD**

To qualify for class certification, Plaintiff must satisfy all of the requirements of Rule 23(a) of the Federal Rules of Civil Procedure and any one of the requirements of Rule 23(b). Rule 23(a) requires (1) impracticability of joinder due to numerosity; (2) commonality of questions of law or fact; (3) typicality of claims; and (4) adequacy of representation.

The burden is on the party seeking to maintain the class action.  In this case, Plaintiffs must establish a prima facie showing of each of the elements of Rule 23(a) prerequisites and the appropriate 23(b) ground for a class action.  Taylor v. Safeway Stores, Inc., 524 F.2d 263, 270 (10th Cir. 1975), *overruled on other grounds* by Ruckelshaus v. Sierra Club, 463 U.S. 680 (1983).  The burden, however, is slight.  Plaintiffs need only present sufficient proof to allow the court to come to a "reasonable judgment" on each requirement.  Blackie v. Barrack, 524 F.2d 891, 901 (9th Cir. 1975), *cert. denied*, 429 U.S. 816 (1976).

**DISCUSSION**

**I.** **Meal Break Subclass**

    A.   *Whether Properly Pled in FACC*

    Prior to determining whether class treatment is appropriate for Plaintiffs' meal break claim, the Court must resolve Defendants' contention that the claim was not pled in the FACC.

    In arguing that the meal break claim was pled in the FACC, Plaintiffs cite Paragraph 86, which states:

> During the relevant time period, Plaintiffs, the other class members, and the other aggrieved employees who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without a meal period of not less than thirty (30) minutes.

    However, Plaintiffs' meal break theory is based on the application of an allegedly unlawful uniform policy. The FACC states generally that the "acts of any and all Defendants were in accordance with, and represent the official policy of Defendants," but Defendants are correct that the FACC does not specifically reference the allegedly unlawful meal break policy. FACC, ¶ 18.

    Nonetheless, Defendants would be hard-pressed to assert that they were not on notice of the claim based on the extensive discovery conducted over the past four years. Nor can Defendants demonstrate prejudice. Although they argue that they would have conducted additional discovery on waiver, Plaintiffs' claim is based on a facially unlawful policy, making any issues of waiver irrelevant. Brinker Restaurant Corp. v. Superior Court, 53 Cal.4th 1004, 1033 (2012) ("No issue of waiver ever arises for a rest break that was required by law but never authorized; if a break is not authorized, an employee has no opportunity to decline to take it.").

    B.   *23(a) Requirements*

        1.   Numerosity

    Numerosity requires that the class be so numerous that joinder of all members individually is "impracticable." Fed.R.Civ.P. 23(a)(1). No specific numerical threshold is

required; each case must be examined.  <u>General Tel.C. v. E.E.O.C.</u>, 446 U.S. 318, 330 (1980).

Generally, 40 or more members will satisfy the numerosity requirement.  <u>Consolidated Rail</u>

<u>Corp. v. Town of Hyde Park</u>, 47 F.3d 473, 483 (2nd Cir. 1995).

Plaintiffs contend that the Meal Break Subclass is numerous and that members can be

easily identified by Defendants' corporate records.  Citing the Declaration of Robert Fountain,

Plaintiffs believe that there are at least 597 members of this subclass.  Declaration of Robert

Fountain ("Fountain Dec."), ¶ 7 (Doc. 305-2).  Mr. Fountain analyzed a sample of time and

payroll records and identified the number of employees who met certain criteria.  Fountain Dec.,

¶¶ 5-7.

Defendants do not dispute that 597 members would satisfy the numerosity requirement,

but instead object to Mr. Fountain's declaration.  Defendants contend that Plaintiffs submitted a

new expert and expert report without leave of Court, without prior disclosure and without an

opportunity for Defendants to conduct discovery or sufficiently analyze Mr. Fountain's findings.

The Court overrules Defendants' objection because (1) the analysis of records does not appear to

require expert review; and (2) to the extent Mr. Fountain relied on any "mathematical" analysis,

the Court disregards the analysis as unnecessary.  It is obvious that in a class of 37,000 potential

members, where liability is based on an allegedly unlawful policy, there will be a sufficient

number of employees affected to satisfy the numerosity requirement.  Declaration of Cynthia

Nichols, ¶ 2 (concluding that Taco Bell employed approximately 37,208 hourly, non-exempt

restaurant employees since September 7, 2003).

Defendants contend that the class is not ascertainable because a "manual analysis of each

and every time record, for every shift, for each of the more than 37,000+ current and former

hourly employees" will be required, this argument fails.  Although Defendants suggest that a

manual analysis of tens of thousands of records will be required, the Court finds it difficult to

conclude that an employer of Defendants' size would not maintain a searchable database.  While

the necessary search capacities may not be in place with current software, it seems likely that

Defendants could implement necessary changes that would make the search much less burdensome than they suggest.

2.     Commonality

Commonality is usually satisfied by a "common nucleus of operative facts." Rosario v. Livaditis, 963 F.2d 1013, 1017-18 (7th Cir. 1992).

As discussed above, Plaintiffs' theory of liability is based on their contention that Defendants' corporate policy, as written, violates California law.  Defendants' Hourly Employee Guide instructs employees as follows:  "You are required to take a full 30-minute, uninterrupted, meal period after 5 hours of work," "unless 6 hours completes your work day."  Exh. 19, attached to Declaration of Tracey Kennedy (Doc. 317-2).  Defendants' "Meal Period Matrix," to which Defendants referred at the recent hearing, states that if an employee works "5-5:59 HOURS," the employee is entitled to one 30 minute meal period.  If the employee works "4-4:59 HOURS," the employee is not entitled to a meal period.  Exh. 19, attached to Declaration of Tracey Kennedy (Doc. 317-2).  The Hourly Employee Guide, which includes the Meal Period Matrix, is provided to Defendants' employees at orientation.  Deposition of Tawanda Starms, 52:2-53:4, 67:11-18 (Doc. 196-8).

Defendants' policy (or "guideline," according to Defendants) therefore requires a meal break to be taken sometime *after* 5 hours of work.  At the hearing, Defendants' counsel stated that the policy requires the meal break to be taken before the end of the sixth hour of work.

The parties do not dispute Defendants' policy, but they disagree on an issue fundamental to the resolution of this motion- whether the policy violates California law in the first instance.[2] To determine whether common questions of law or fact exist, the Court must review the applicable California law underlying Plaintiffs' claim.  At this point, however, the Court's analysis is for purposes of this motion and does not constitute an ultimate finding on the merits.

---

[2]   Of course, this fundamental question ultimately controls this claim and the parties may wish to test their theories on summary judgment.

Wal-mart Stores, Inc., v. Dukes, 131 S.Ct. 2541, 2552 n. 6 (2011) (clarifying that Rules 23 does not authorize a preliminary inquiry into the merits of the suit for purposes other than determining whether certification is proper).

Wage Order No. 5 states that "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes. . ." 8 Cal.Code Regs. § 11050, subd. 11(A); Cal. Labor Code §§ 512(a), (b).  In Brinker Rest. Corp. v. Superior Court, 53 Cal.4th 1004, 1042 (2012), the California Supreme Court confirmed, "first meal periods must start after no more than five hours."  The Court concluded, "absent waiver, section 512 requires a first meal period no later than the end of an employee's fifth hour of work, and a second meal period no later than the end of an employee's tenth hour of work."  Brinker, 53 Cal.4th at 1041.  If Defendants' policy provides for a meal break *after* the fifth hour or work, which Defendants concede that it does, then Plaintiffs contend that the policy violates California law.

Numerous courts within the Ninth Circuit have held that commonality exists where a defendant's policy allegedly violates the meal requirements of California law.  See eg. Avilez v. Pinkerton Gov. Serv., --F.Supp.2d--, 2012 WL 5077136 (C.D. Cal. 2012) (finding commonality where defendant had a policy and practice that allegedly failed to provide class members off-duty meal breaks); Schulz v. QualxServ, LLC, 2012 WL 1439066, *4 (S.D. Cal. 2012) (finding commonality where plaintiffs challenged uniform policies in alleging a failure to provide meal and rest breaks); Dilts v. Penske Logistics, LLC, 267 F.R.D. 625, 640 (S.D. Cal. 2010) (granting class certification and finding commonality because defendants' "policies were common across [d]efendant's California facilities" and case was subject to common proof, namely whether the "policies deprived the putative class members of meal periods," and "common legal questions, such as [d]efendant's obligations" under the California Labor Code).

Brinker supports this finding.  The California Supreme Court found that a claim that Brinker failed to provide adequate rest periods was amenable to class treatment.  Plaintiffs

presented evidence to show, and Brinker conceded, that a common, uniform rest break policy existed.  Class-wide liability regarding the policy, which was equally applicable to all employees, could be established through common proof if plaintiffs could demonstrate that the policy did not comply with California law.  <u>Brinker</u>, 53 Cal.4th at 1033.  "Claims alleging that a uniform policy consistently applied to a group of employees is in violation of the wage and hour laws are of the sort routinely, and properly, found suitable for class treatment."  <u>Id.</u>[3]

As explained above, Plaintiffs have submitted evidence to show the existence of a common policy that is communicated to all putative class members, and is applicable to all putative class members.  The policy is part of training materials provided to all putative class members.  Deposition of Tawanda Starms, 67:16-18 (Doc. 196-8).  Restaurant managers are provided with training on the rest and meal break matrix and are taught when to schedule such breaks.  Exh. 17-B, attached to Declaration of Tracey Kennedy, at 114-115 (Doc. 317-2).

Plaintiffs have therefore demonstrated that class-wide liability can be determined by facts common to all members of the class.  In other words, the meal break claim concerns a common contention, and the determination of the legality of the policy "will resolve an issue that is central to the validity of each one of the claims in one stroke."  <u>Wal-Mart Stores, Inc. v. Dukes</u>, 131 S.Ct. 2541, 2551 (2011).

In arguing against a finding of commonality, Defendants contend that the existence of an allegedly violative corporate policy is not sufficient to establish liability and that an individual inquiry as to how each manager, at each store, *implemented* the policy is necessary.  While Defendants admit that the policy has uniform elements, they argue that as a matter of practice, the policy is carried out in a variety of ways.  Contrary to Defendants' position, however, <u>Brinker</u> required no more than what the Court has found here.  As is the case with Defendants, the defendants in <u>Brinker</u> owned and operated restaurants throughout California.  <u>Brinker</u> did

---

[3]  Although the Supreme Court remanded the issue of certification of the meal period subclass to the trial court, it did so because the original class definition was overinclusive given the California Supreme Court's holding.

not, however, require a store by store inquiry as to how the policy at issue was implemented in finding a uniform, consistently applied policy.  Rather, the court cited a corporate policy that was equally applicable to all employees.  Defendants' argument is therefore unpersuasive.

Defendants' reliance on <u>Lamps Plus Overtime Cases</u>, 2012 Cal.App.LEXIS 950, *32 (2012), and <u>Hernandez v. Chipotle Mexican Grill, Inc.</u>, 2012 Cal.App.LEXIS 938, *30-31 (2012), is misplaced.  In each of those cases, the policies at issue complied with applicable law.  Unlike Plaintiffs' meal break claim, there were no allegations of a facially invalid policy applicable to all employees.

Defendants also contend that liability cannot be established in "one stroke" because an individualized inquiry into the reason *why* an employee took a late meal period is necessary for each day a late break is recorded.  However, individual inquiries are unnecessary where, as here, the claim is based on an invalid policy; i.e. one which never provided for a compliant break in the first instance.  <u>Brinker</u>, 53 Cal.4th at 1033 ("No issue of waiver ever arises for a rest break that was required by law but never authorized; if a break is not authorized, an employee has no opportunity to decline to take it.").

3.      Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class."  <u>In General Tele. Co. of the Southwest v. Falcon</u>, 457 U.S. 147, 157 n. 13 (1982), the Court noted "[t]he commonality and typicality requirements of Rule 23(a) tend to merge."  A named plaintiffs' claim is "typical" under Rule 23 if it arises "from the same event or practice or course of conduct that gives rise to the claims of the other class members and his or her claims are based on the same legal theory."  <u>Ballard v. Equifax Check Services</u>, 186 F.R.D. 589, 595 (E.D.Cal. 1999).

Plaintiffs propose that Sandrika Medlock, Lisa Hardiman and Miriam Leyva act as class representatives for this subclass.  Plaintiffs believe that they, like all other class members, were subjected to Defendants' written meal break policy.  Plaintiffs cite to the declarations and

records of Medlock, Hardiman and Leyva in arguing that they were regularly provided breaks after the fifth hour of work.  Declaration of Sandrika Medlock, ¶ 8 (Doc. 186); Declaration of Lisa Hardiman, ¶ 6 (Doc. 193); Declaration of Mariam Leyva, ¶ 7.[4]  The Court finds that Plaintiffs have satisfied the typicality requirement.

Defendants argue that the time records attached to the cited declarations show that "more often than not," the named Plaintiffs started their meal break prior to completing five hours of work.  Again, however, this is irrelevant because Plaintiffs' theory of liability focuses on the Defendants' *policy*.  While the exact timing of the meal breaks may impact damages, it will not defeat commonality or typicality.

### 4.    Adequacy

Finally, the person representing the class must be able "fairly and adequately to protect the interests" of all members in the class.  Fed.R.Civ.P. 23(a)(4).  The representation is "adequate" if the attorney representing the class is qualified and competent and the class representatives are not disqualified by interests antagonistic to the remainder of the class.  Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 597, 512 (9th Cir. 1978).

Plaintiffs contend that adequacy is satisfied for all subclasses because Plaintiffs' claims and interests are entirely coextensive with the interests of the class.  Moreover, the Court has already appointed Initiative Legal Group to serve as interim counsel on the basis that it has demonstrated that it is qualified and experienced.

In opposition, Defendants argue that a serious and irreconcilable conflict exists between class members, and between Plaintiffs and class counsel.  Defendants explain that the manager-in-charge on a given shift implements Taco Bell's meal and rest policies by scheduling, supervising and administering the breaks for other proposed class members.  As Plaintiffs Medlock, Naranjo, Leyva and Widjaja, were in management during the class period, Defendants

---

[4] Defendants' objections to these Declarations do not include the paragraphs cited by the Court.

contend that they were therefore "part of the problem" of allegedly denying meal and rest periods to their fellow class members.  Defendants also point out that Plaintiffs could face criminal and civil liability under California Labor Code sections 553 and 1199 for allegedly failing to provide meal and rest breaks.

Again Defendants' argument is not persuasive.  Plaintiffs' focus on Defendants' policy, rather than how individuals implemented that policy, renders the argument irrelevant.

C.      *23(b)(3) Requirements*

Rule 23(b)(3) provides for certification when "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

1.      Predominance

Common questions of law and fact predominate over individual questions, satisfying the first component of the Rule 23(b)(3) inquiry, where "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, ... predominate over those issues that are subject only to individualized proof."  Ortega v. J.B. Hunt Transport, Inc., 258 F.R.D. 361, 366 (C.D. Cal. 2009) (citing Wal-Mart Stores, Inc. v. Visa U.S.A. Inc. (In re Visa Check/MasterMoney Antitrust Litig.), 280 F.3d 124, 136 (2001)).  In evaluating predominance, the Court looks to whether the focus of the proposed class action will be on the words and conduct of the defendants rather than on the behavior of the individual class members.  Id. "Considering whether 'questions of law or fact common to class members predominate' begins, of course, with the elements of the underlying cause of action."  Stearns v. Ticketmaster Corp., 655 F.3d 1013, 1020 (9th Cir. 2011) (citing Erica P. John Fund, Inc., v. Halliburton Co., 131 S.Ct. 2179, 2184 (2011)).

In analyzing 23(a)(3), the Court explained that common issues exist because Plaintiffs' theory of liability focuses solely on the allegedly facially invalid meal break policy.  Individual

issues will not be relevant to determine whether Defendants' meal break policy is valid under California law, and therefore, common questions of law and fact predominate.

    2.  Superiority

A plaintiff can satisfy the superiority requirement when he or she can show that the "class-wide litigation of common issues will reduce litigation costs and promote greater efficiency." <u>Valentino v. Carter-Wallace, Inc.</u>, 97 F.3d 1227, 1234 (9th Cir. 1996).

Plaintiffs argue that superiority is established because there is no evidence that class members would have an interest in individual control of their cases. Plaintiffs also contend that because the individual claims are relatively small, there is little incentive for the claims to be brought individually.

The Court agrees. Given the common issue of the legality of the meal break policy and the unlikeliness that individual claims would be brought for such small amounts, the Court finds that a class action is the superior method to resolve the meal break claim.

Defendants contend that Plaintiffs have no trial plan, and that to the extent Plaintiffs attempt to try this matter based on a review of records and deposition testimony, it will result in a violation of Defendants' due process rights. As the Court explained at the hearing, however, analysis of the meal break policy is simply a legal issue. If Plaintiffs prevail, time cards can be examined to determine damages. Interestingly, Defendants argue that the time cards are unreliable and cannot be used as proof of a violation, but at the same time argue elsewhere that the time records show a lack of uniformity based on implementation. Defendants cannot have it both ways. Moreover, if the time cards can be relied upon to determine hours of work and therefore pay, arguably the most important aspect of the employer-employee relationship, they should be relied upon to demonstrate who took a lunch break after five hours of work.

## II. <u>Unpaid Meal Break Premium Subclass</u>

  A. *Whether Properly Pled in FACC*

Defendants' contention that this claim was not pled in the FACC again fails.

Plaintiffs point to paragraph 90 of the FACC, which states:

> During the relevant time period, Defendants failed to pay Plaintiffs, the other class members, and the other aggrieved employees the full meal period premium due pursuant to California Labor Code section 226.7.

While the unpaid meal break claim is based on a policy, and there is no mention of any such policy, it remains that Defendants were on notice of this claim for years. Moreover, Defendants cannot demonstrate prejudice because, as discussed below, the claim is not proper for class-certification.

B.   *Lack of Commonality*

Although Plaintiffs characterize this claim as also challenging a policy, it differs substantially from the challenge to the meal break policy. Unlike the meal break claim, the factual and legal issues are not common to each putative class member.

California Labor Code section 226.7(b) provides:

> **If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission**, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each day work day that the meal or rest period is not provided.

(emphasis added). An employer's duty to pay an additional hour of pay, then, is only triggered when the employer "fails to provide" a meal period. As Defendants argued, the policy at issue requires an *automatic* adjustment when the minimum number of meal periods is not taken, or when a meal period is 29 minutes or less. Exh. J, attached to Declaration of Monica Balderrama (Doc. 185-2). The automatic payment policy therefore results in adjustments based upon employees' time punches, regardless of whether a break was actually denied. An individual inquiry will therefore be necessary to determine if a meal break was in fact denied. For each time punch that triggered an automatic adjustment, a highly individualized inquiry will be necessary to determine why the employee did not clock out for a full 30 minutes. Therefore, the fact that Defendants are only liable for premium pay when they fail to provide a meal break forecloses class-wide adjudication of this issue.

III.    **On-Duty Meal Period Agreement Subclass**

Plaintiffs base this subclass on Defendants' use of on-duty meal period agreements for managerial and graveyard shift employees, a policy that Plaintiffs believe requires *all* of these employees meal breaks to be taken on-duty.

Initially, it is undisputed that California law allows for on-duty meal periods. As explained in Brinker, Wage Order No. 5 permits on-duty meal periods "only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to." Brinker, 53 Cal.4th at 1035.

Plaintiffs acknowledge the "nature of the work" requirement, but argue that commonality exists because Defendants used a discrete and uniform set of tasks and responsibilities to define the requirements of positions affected. Plaintiffs believe that liability can be determined by examining Defendants' records and determining whether the nature of the work allowed for on-duty meal periods.

Contrary to Plaintiffs' arguments, however, this issue presents no factual or legal issues common to class members. Unlike Plaintiffs' claim that the meal break policy is facially invalid, the policy challenged here is not unlawful per se. It is not unlawful to use on-duty meal period agreements. Rather, it only becomes unlawful when the "nature of the work" does not support an on-duty meal period. Therefore, regardless of Plaintiffs' contention that the policy *results* in on-duty meal periods for all managers and graveyard shift employees, the ultimate determination of liability turns on the "nature of the work" for each shift that an on-duty meal period was taken. Accordingly, individualized inquiries will be necessary and commonality does not exist.

IV.    **Rest Break Subclass**

As with the meal break claim, Plaintiffs contend that the rest period policy is facially invalid because it only provides one ten minute break for employees working between six and seven hours. Plaintiffs maintain that the law requires two ten minute breaks for such shifts.

Plaintiffs base their argument on <u>Brinker's</u> interpretation of Wage Order No. 5, which provides that rest period time "shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof."  8 Cal. Code Regs.§ 11050, subd. 12(A).  In defining "major fraction thereof," <u>Brinker</u> found that "under the initial calculation called for by this part of the wage order, an employee would receive no rest break time for shifts of two hours or less, 10 minutes for shifts lasting more than two hours up to six hours, 20 minutes for shifts lasting more than six hours up to 10 hours, and so on."  <u>Brinker</u>, 53 Cal.4th at 1029.

At first glance, it appears that this theory is similar to Plaintiffs' meal break claim insofar as it is based on an allegedly facially invalid policy.  However, the differences in time keeping requirements affect commonality and, to some extent, ascertainability and numerosity.  While meal breaks are required to be recorded on time cards and therefore provide a reliable record, California law does not require employers to record rest periods.  Defendants admit that although they prefer that employees record their rest breaks, many do not.  Without reliable evidence in the time cards, an individual inquiry is the only way to determine whether a second break was or was not taken.[5]

Although Plaintiffs attempt to counter this argument by contending that Defendants "required" employees to record their rest breaks, the cited evidence does not support this contention.  The Hourly Employee Guide instructs employees *how* to record a rest break, but it does not state that employees are required to record them.  Exh. G, attached to Declaration of Monica Balderrama (Doc. 196).  Plaintiffs also cite Ms. Starms deposition testimony, but her testimony is similar- it only discusses the procedure for clocking in and out.  Exh. D, attached to Declaration of Monica Balderrama, 43-44 (Doc. 185-2).

---

[5]  Plaintiffs' class definition specifically describes the class as those who worked for more than five hours, but less than six, "as reflected in Defendants' time records."  The likelihood that the records are not accurate reflections of whether rest breaks were taken or not renders ascertainability in the class difficult.

Accordingly, because individual issues prevent a finding of commonality, the Court finds that the rest break claim is not suitable for class-wide treatment.

**RECOMMENDATION**

The Court recommends that Plaintiff's Motion for Class Certification be GRANTED IN PART and that the following class be CERTIFIED:

Meal Break Subclass:

All persons who work or worked as a non-exempt, hourly-paid employee at a corporate-owned Taco Bell restaurant in California from September 7, 2003, until the resolution of this lawsuit who worked for a period of time in excess of six hours and who worked for periods longer than five hours without a meal period of not less than thirty minutes as reflected in Defendants' employees' time records.

These Findings and Recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 26, 2012**                    /s/ Dennis L. Beck
                                                    UNITED STATES MAGISTRATE JUDGE

18