**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE TACO BELL WAGE AND HOUR | CASE NO. CV F 07-1314 LJO DLB |
| | **ORDER TO ADOPT FINDINGS AND RECOMMENDATIONS ON CLASS CERTIFICATION**<br>(Doc. 341.) |

**INTRODUCTION**

U.S. Magistrate Judge Dennis L. Beck issued November 27, 2012 findings and recommendations ("f and r's") to certify the following class

Meal Break Subclass:

All persons who work or worked as a non-exempt, hourly-paid employee at a corporate-owned Taco Bell restaurant in California from September 7, 2003, until the resolution of this lawsuit who worked for a period of time in excess of six hours and who worked for periods longer than five hours without a meal period of not less than thirty minutes as reflected in Defendants' employees' time records.

The parties filed objections to the f and r's. Defendants Taco Bell Corp. and Taco Bell of America, Inc. (collectively "defendants") object that:

1. The late meal break class was not properly pled in plaintiffs' operative complaint;

2. Members of the late meal class are not ascertainable;

3. Plaintiffs fail to satisfy commonality requirements;

4. Litigating late meal period claims as a class is neither manageable nor superior;

5. The named plaintiffs fail to satisfy typicality requirements;

1

6. The proposed class has internal conflicts of interest;

7. Plaintiffs' counsel is inadequate; and

8. The late meal break class is overly inclusive.

Plaintiffs object that the f and r's did not certify the unpaid meal break premium, on-duty meal period agreement, and rest break classes. Plaintiffs fault the f and r's analysis of these proposed classes.

This Court carefully considered the parties' objections and carefully reviewed *de novo* the record and f and r's. This Court finds that the f and r's adequately address concerns of defendants, who appear to seek unrealistic perfection with the proposed late meal break class. Likewise, this Court finds that the f and r's correctly analyzed the proposed classes to result in recommendation of only the late break class.

## CONCLUSION AND ORDER

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court conducted a *de novo* review of this case. After carefully evaluating the record, this Court finds the magistrate judge's findings and recommendations are supported by the record and proper analysis.

Accordingly, this Court:

1. ADOPTS in full the magistrate judge's November 27, 2012 findings and recommendations and in particular the recommendation to certify the following class:

Meal Break Subclass:

All persons who work or worked as a non-exempt, hourly-paid employee at a corporate-owned Taco Bell restaurant in California from September 7, 2003, until the resolution of this lawsuit who worked for a period of time in excess of six hours and who worked for periods longer than five hours without a meal period of not less than thirty minutes as reflected in Defendants' employees' time records.

IT IS SO ORDERED.

Dated: **January 2, 2013**          /s/ Lawrence J. O'Neill
                                                         UNITED STATES DISTRICT JUDGE