IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TACO BELL WAGE AND HOUR | CASE NO. CV F 07-1314 LJO DLB<br><br>**ORDER TO DENY RECONSIDERATION OF CLASS CERTIFICATION**<br>(Doc. 347.) |

## BACKGROUND

For the third time, defendants Taco Bell Corp. and Taco Bell of America, Inc. ("Taco Bell") argue the merits of class certification. After extensive law and motion activity, U.S. Magistrate Judge Dennis L. Beck issued November 27, 2012 findings and recommendations ("f and r's") to certify the following class

Meal Break Subclass:

All persons who work or worked as a non-exempt, hourly-paid employee at a corporate-owned Taco Bell restaurant in California from September 7, 2003, until the resolution of this lawsuit who worked for a period of time in excess of six hours and who worked for periods longer than five hours without a meal period of not less than thirty minutes as reflected in Defendants' employees' time records.

The parties filed lengthy objections to the f and r's to further address the merits of class certification. This Court carefully considered the parties' objections and carefully reviewed *de novo* the record and f and r's. This Court's January 2, 2013 order ("January 2 order") adopted the f and r's and found that the f and r's "adequately address concerns of defendants" and "correctly analyzed the proposed classes to result in recommendation of only the late break class."

1

On January 16, 2013, Taco Bell filed its papers to seek reconsideration of the January 2 order and in turn certification of the late break class after two judges of this Court had comprehensively reviewed and analyzed the record and parties' arguments. Taco Bell reargues for no less than a third time that the late break class is unascertainable, that Taco Bell's break policy is not consistently applied to late break class members, that a conflict exists among late break class members, and that the late break class was improperly considered because it was not pled in plaintiffs' operative complaint.

### DISCUSSION

A basic principle of federal practice is that courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken*, 933 F.Supp. 944, 948 (C.D. Cal. 1996). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999), *cert. denied*, 490 U.S. 1059, 109 S.Ct. 1972 (1989); *see Caldwell v. U.S.*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (reconsideration motions must be supported "by a showing of extraordinary circumstances which justify relief").

A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2nd Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.,* 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Westlands Water*, 134 F.Supp.2d at 1131.

Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994). There may be other highly unusual circumstances warranting reconsideration. *School District 1J*, 5 F.3d at 1263.

1  Denial of reconsideration is reviewed for abuse of discretion. *School District 1J*, 5 F.3d at 1262.

2  A motion for reconsideration is restricted and serves "a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)); *see Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000). Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Taco Bell claims clear error given the absence of new evidence or law. Taco Bell merely recapitulates its arguments made no less than twice previously. Taco Bell offers nothing to support the extraordinary remedy of reconsideration and merely nitpicks at difficulties inherent in class certification. Taco Bell fails to substantiate its third bite at the apple and demonstrates mere disagreement with this Court's reasoned rulings after grueling consideration of the extensive record and parties' arguments. No manifest error of law or fact arises to justify reconsideration.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES Taco Bell reconsideration. After entertaining to order Taco Bell to show cause why it should not be sanctioned for unreasonably and vexatiously multiplying these proceedings, this Court ADMONISHES Taco Bell and its counsel of potential liability and sanctions, including those provided by 28 U.S.C. § 1927 and other authorities.

IT IS SO ORDERED.

Dated:   **January 17, 2013**          /s/  Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE