# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| IN RE TACO BELL WAGE AND HOUR ACTIONS | Case No. 1:07-cv-01314-SAB<br><br>ORDER FOLLOWING FURTHER STATUS CONFERENCE |
|---|---|

On June 6, 2013, the Court held a further status conference in this action. The Court issues the following order pertaining to discovery, class identification and class notice.

**A.   Class Identification and Class Notice**

At the hearing, class counsel (hereinafter referred to as "Plaintiff") contended that class notice should be sent immediately to all non-exempt employees at corporate-owned Taco Bell restaurants in California. Plaintiff acknowledges that such notice would be overbroad because not all employees will be members of the class. However, Plaintiff contends that there is no legal authority prohibiting the practice of issuing an overbroad class notice.

Defendants Taco Bell Corp. and Taco Bell of America, LLC ("Defendants") contend that, should an overbroad class notice be sent, the class should operate on an "Opt-In" basis, thereby expediting the issue of class identification.

Plaintiff contends that there is no justifiable basis to utilize an "Opt-In" class procedure. Plaintiff contends that such a procedure would result in a smaller class size due to potential members not receiving "Opt-In" notices or potential members not taking the time to "Opt-In."

1  Plaintiff also counters Defendants' arguments by noting that the class identification issue need not
2  cause further delay in this action.  Plaintiff contends that class notice can be sent immediately to
3  an overbroad class while Plaintiff works to identify the members of the class.  Plaintiff concedes
4  that the class will have to be identified at some point, but argues that there is no need to further
5  delay this action by postponing the issuance of class notice.

6  On the issue of class identification, Plaintiff reports that preliminary discussions with a
7  computer database consultant/expert suggests that Defendants' electronic employee time
8  databases can be queried and manipulated in a manner that would identify the members of the
9  class.  Plaintiff further argues that, in the absolute worst case scenario, the members of the class
10 could be ascertained by processing the paper/PDF time records, a process that is estimated to take
11 twenty weeks and cost approximately $480,000.  (See Joint Status Conference Report 6:5-6.)
12 Defendants contend that electronic employee time database contains unreliable data, may be
13 incomplete, and may not provide information regarding the employees' addresses and/or
14 identities.

15 The Court will allow the parties to brief the issue on whether it is possible to identify class
16 members by querying the electronic employee time database.  The court will conduct an
17 evidentiary hearing on August 16, 2013 at 1:00 p.m. in order to ascertain whether Defendants'
18 database can be utilized to identify the members of the class in an efficient and cost effective
19 way.  If the members of the class can be ascertained by querying the electronic employee time
20 database in an efficient, cost effective and timely way, the Court will issue class notice to those
21 identified class members.  If the electronic employee time database cannot be queried, then the
22 Court intends to issue class notice to the overbroad set of all non-exempt employees.  While the
23 August hearing is two months away, the Court expects the parties to continue their efforts to
24 ascertain the extent and capabilities of Defendants' database in order to identify members within
25 the class.  If, after investigation, the parties jointly agree and stipulate that the employee time
26 database can be utilized to identify class members in an efficient, cost effective and timely way,
27 the parties are to advise the Court if the August 16 evidentiary hearing pertaining to the electronic
28 employee database would be moot as a result of their efforts.  Otherwise, the parties may provide

any briefing on this issue by July 26, 2013.

Additionally, with respect to the issue of the proposed "Opt-In" procedure, the Court will allow the parties to brief the issue. The Court will order the parties to file their respective briefs on the issue by June 28, 2013, and file briefs responding to each other's arguments on July 26, 2013. The Court will schedule a hearing on August 16, 2013 at 1:00 p.m. and hear the matter after the evidentiary hearing set for that same date. If the evidentiary hearing is subsequently mooted due to the efforts of the parties, the parties are to advise the Court whether the "Opt-In" procedure issue is mooted as well. Otherwise, the Court will hear the parties' arguments on the "Opt-In" procedure. In that case, the parties may appear telephonically if they so wish.

Finally, it is the Court's intention to issue class notice following the August 16, 2013 hearing. Accordingly, to the extent that there are any outstanding issues pertaining to class notice, the parties are directed to include those issues in their briefs prior to the August 16, 2013 hearing.

### B.     Discovery

At the hearing, Plaintiff requested that the Court open merits discovery. Defendants oppose this requests on the grounds that discovery is premature because the members of the class have not been identified with sufficient specificity to conduct meaningful discovery.

Plaintiff contends that at least some discovery can take place immediate that does not require the class to be ascertained with further specificity. On that basis, the Court will open discovery. To the extent that it would be unduly burdensome or impossible to provide meaningful responses to propounded discovery requests until after the class is ascertained, the parties may object on that basis. However, the parties shall be permitted to conduct discovery to the extent reasonably possible in the interim.

### C.     Conclusion and Order

Based upon the foregoing, it is HEREBY ORDERED that:

1. The parties shall filed opening briefs on the issue of the proposed "Opt-In" class notice procedure and any remaining issues pertaining to class notice by June 28, 2013;

1    2.     The parties shall file responsive briefs on July 26, 2013;

2    3.     The parties may file any briefs related to the August 16, 2013 evidentiary hearing no later than July 26, 2013;

4    4.     The parties shall appear for an evidentiary hearing on August 16, 2013 at 1:00 p.m. related to the Defendants' database system and its ability to provide information related to class membership and shall bring appropriate witnesses for this hearing;

7    5.     After the conclusion on the evidentiary hearing on August 16, 2013, the court will hear arguments from counsel regarding the "Opt-In" class notice procedure and any remaining class notice issues; and

10    6.     The parties may begin conducting discovery as set forth above.

IT IS SO ORDERED.

Dated:   **June 10, 2013**                                
UNITED STATES MAGISTRATE JUDGE