# EXHIBIT 1



# INITIATIVE LEGAL GROUP LLP

STEPHEN GAMBER
310.556.5637 Main
SGamber@InitiativeLegal.com

April 3, 2008

<u>VIA CERTIFIED MAIL AND FACSIMILE (916.327.9158)</u>

California Labor and Workforce Development Agency
801 K Street, Suite 2101
Sacramento, California 95814

    Subject:    <u>Lisa Hardiman v. TACO BELL FOUNDATION, INC., et al.</u>

Dear Representative:

This office represents Lisa Hardiman in connection with her claims under the California Labor Code. Ms. Hardiman is a former employee of TACO BELL FOUNDATION, INC.

The employer may be contacted directly:

    TACO BELL FOUNDATION, INC.
    17901 Von Karman
    Irvine, CA  92614

Or through its registered agent (a copy of this communication is also being sent to its registered agent):

    CT Corporation System
    818 West Seventh St.
    Los Angeles, CA  90017

Ms. Hardiman intends to seek penalties for violations of the <u>California Labor Code</u>, which are recoverable under <u>California Labor Code</u> § 2699 <u>et seq.</u> Ms. Hardiman is seeking penalties on behalf of the State of California of which 75% will be kept by the state, while 25% will be available to aggrieved employees. This letter is sent in compliance with the reporting requirements of <u>California Labor Code</u> § 2699.3.

TACO BELL FOUNDATION, INC. employed Ms. Hardiman as a crew member, which is a non-exempt or hourly paid position, from on or about July 31, 2004 to on or about June 16, 2007. Her claims are as follows:

1800 Century Park East ▪ Second Floor ▪ Los Angeles, California 90067
310.556.5637 Main ▪ 310.861.9051 Fax ▪ www.InitiativeLegal.com

### Violation of California Labor Code §§ 510, 1194, and 1198
California Labor Code §§ 510, 1194, and 1198 require employers to pay time and a half or double time overtime wages, and make it unlawful to work employees for hours longer than eight hours in one day and forty hours in one week without paying the premium overtime rates. Ms. Hardiman and other aggrieved employees consistently worked overtime but were not paid for all the overtime hours they worked. Further, they regularly received incentives which were not incorporated into their overtime rate and thus was not paid at the proper overtime rate. Wages earned by Ms. Hardiman and other aggrieved employees in particular pay periods were not all paid during the same pay periods, and often overtime hours they worked in one pay period were paid late in another pay period at a pay rate less than the premium overtime rate. TACO BELL FOUNDATION, INC.'s practice of improperly back-paying wages failed to properly calculate the premium overtime rate.

### Violation of California Labor Code §§ 201, 202, and 203
California Labor Code §§ 201, 202, and 203 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two hours thereafter, unless the employee has given seventy-two hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Ms. Hardiman and other aggrieved employees were not paid all the wages that they were owed upon discharge, including but not limited to, overtime wages and wages for missed meal and rest periods not taken.

### Violation of California Labor Code § 204
California Labor Code § 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month. California Labor Code § 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. During the relevant time period, TACO BELL FOUNDATION, INC. failed to pay Ms. Hardiman and other aggrieved employees the regular and overtime wages due to them within any time period permissible by California Labor Code § 204.

### Violation of California Labor Code §§ 226.7 and 512
California Labor Code §§ 226.7 and 512 require employers to pay an employee one additional hour of pay at the employee's regular rate for each work day that a meal or rest period is not provided. Ms. Hardiman and other aggrieved employees were regularly not allowed to take meal and rest periods properly and were not compensated for missing meal and rest periods.

### Violation of California Labor Code §§ 221 and 223

California Labor Code § 221 provides that it shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee. California Labor Code § 223 provides that where any contract requires an employer to maintain a designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by contract. TACO BELL FOUNDATION, INC. consistently failed to properly pay regular wages to Ms. Hardiman and other aggrieved employees pursuant to the mutual agreement between them by making improper deductions from their wages and by regularly failing to pay all the wages due and owing.

### Violation of California Labor Code § 226(a)

California Labor Code § 226(a) requires employers to make, keep and provide true, accurate, and complete employment records. TACO BELL FOUNDATION, INC. did not provide Ms. Hardiman and other aggrieved employees with proper itemized wage statements. The wage statements they received from TACO BELL FOUNDATION, INC. were in violation of California Labor Code section 226(a). The violations include the failure to include the total hours worked and the failure to include social security numbers.

### Violation of California Labor Code §§ 2800 and 2802

California Labor Code §§ 2800 and 2802 require employers to pay for all necessary expenditures and losses incurred by the employee in the performance of his or her job. Ms. Hardiman and other aggrieved employees incurred necessary business-related expenses and costs that were not fully reimbursed by TACO BELL FOUNDATION, INC. including and without limitation, required shoes, required clothing and related fees and deposits that resulted from their employment with Defendants.

Therefore, on behalf of all affected employees, Ms. Hardiman seeks all applicable penalties related to these violations of the California Labor Code pursuant to California's "Labor Code Private Attorney General Act."

Thank you for your attention to this matter. If you have any questions, please contact me or the other attorneys at the number or address below:

>Marc Primo
>Stephen Gamber
>Initiative Legal Group LLP
>1800 Century Park East, 2nd Floor
>Los Angeles, CA 90067
>(310) 556-5637

Very truly yours,

Stephen Gamber



Initiative Legal Group
1800 Century Park East, 2nd floor
Los Angeles, CA 90067

1103

Samantha Sovern
TACO BELL FOUNDATION, INC.
17901 Von Karman
Irvine, CA 92614