# EXHIBIT 1


received
4-7-2008


# INITIATIVE LEGAL GROUP LLP

STEPHEN GAMBER
310.556.5637 Main
SGamber@InitiativeLegal.com

April 3, 2008

<u>VIA CERTIFIED MAIL AND FACSIMILE (916.327.9158)</u>

California Labor and Workforce Development Agency
801 K Street, Suite 2101
Sacramento, California 95814

      Subject:    <u>Lisa Hardiman v. TACO BELL FOUNDATION, INC., et al.</u>

Dear Representative:

This office represents Lisa Hardiman in connection with her claims under the California Labor Code. Ms. Hardiman is a former employee of TACO BELL FOUNDATION, INC.

The employer may be contacted directly:

    TACO BELL FOUNDATION, INC.
    17901 Von Karman
    Irvine, CA 92614

Or through its registered agent (a copy of this communication is also being sent to its registered agent):

    CT Corporation System
    818 West Seventh St.
    Los Angeles, CA 90017

Ms. Hardiman intends to seek penalties for violations of the <u>California Labor Code</u>, which are recoverable under <u>California Labor Code</u> § 2699 <u>et seq.</u> Ms. Hardiman is seeking penalties on behalf of the State of California of which 75% will be kept by the state, while 25% will be available to aggrieved employees. This letter is sent in compliance with the reporting requirements of <u>California Labor Code</u> § 2699.3.

TACO BELL FOUNDATION, INC. employed Ms. Hardiman as a crew member, which is a non-exempt or hourly paid position, from on or about July 31, 2004 to on or about June 16, 2007. Her claims are as follows:

### Violation of California Labor Code §§ 510, 1194, and 1198

California Labor Code §§ 510, 1194, and 1198 require employers to pay time and a half or double time overtime wages, and make it unlawful to work employees for hours longer than eight hours in one day and forty hours in one week without paying the premium overtime rates. Ms. Hardiman and other aggrieved employees consistently worked overtime but were not paid for all the overtime hours they worked. Further, they regularly received incentives which were not incorporated into their overtime rate and thus was not paid at the proper overtime rate. Wages earned by Ms. Hardiman and other aggrieved employees in particular pay periods were not all paid during the same pay periods, and often overtime hours they worked in one pay period were paid late in another pay period at a pay rate less than the premium overtime rate. TACO BELL FOUNDATION, INC.'s practice of improperly back-paying wages failed to properly calculate the premium overtime rate.

### Violation of California Labor Code §§ 201, 202, and 203

California Labor Code §§ 201, 202, and 203 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two hours thereafter, unless the employee has given seventy-two hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Ms. Hardiman and other aggrieved employees were not paid all the wages that they were owed upon discharge, including but not limited to, overtime wages and wages for missed meal and rest periods not taken.

### Violation of California Labor Code § 204

California Labor Code § 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month. California Labor Code § 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. During the relevant time period, TACO BELL FOUNDATION, INC. failed to pay Ms. Hardiman and other aggrieved employees the regular and overtime wages due to them within any time period permissible by California Labor Code § 204.

### Violation of California Labor Code §§ 226.7 and 512

California Labor Code §§ 226.7 and 512 require employers to pay an employee one additional hour of pay at the employee's regular rate for each work day that a meal or rest period is not provided. Ms. Hardiman and other aggrieved employees were regularly not allowed to take meal and rest periods properly and were not compensated for missing meal and rest periods.

### Violation of California Labor Code §§ 221 and 223

California Labor Code § 221 provides that it shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee. California Labor Code § 223 provides that where any contract requires an employer to maintain a designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by contract. TACO BELL FOUNDATION, INC. consistently failed to properly pay regular wages to Ms. Hardiman and other aggrieved employees pursuant to the mutual agreement between them by making improper deductions from their wages and by regularly failing to pay all the wages due and owing.

### Violation of California Labor Code § 226(a)

California Labor Code § 226(a) requires employers to make, keep and provide true, accurate, and complete employment records. TACO BELL FOUNDATION, INC. did not provide Ms. Hardiman and other aggrieved employees with proper itemized wage statements. The wage statements they received from TACO BELL FOUNDATION, INC. were in violation of California Labor Code section 226(a). The violations include the failure to include the total hours worked and the failure to include social security numbers.

### Violation of California Labor Code §§ 2800 and 2802

California Labor Code §§ 2800 and 2802 require employers to pay for all necessary expenditures and losses incurred by the employee in the performance of his or her job. Ms. Hardiman and other aggrieved employees incurred necessary business-related expenses and costs that were not fully reimbursed by TACO BELL FOUNDATION, INC. including and without limitation, required shoes, required clothing and related fees and deposits that resulted from their employment with Defendants.

Therefore, on behalf of all affected employees, Ms. Hardiman seeks all applicable penalties related to these violations of the California Labor Code pursuant to California's "Labor Code Private Attorney General Act."

Thank you for your attention to this matter. If you have any questions, please contact me or the other attorneys at the number or address below:

Marc Primo
Stephen Gamber
Initiative Legal Group LLP
1800 Century Park East, 2nd Floor
Los Angeles, CA 90067
(310) 556-5637

Very truly yours,

Stephen Gamber

Initiative Legal Group
1800 Century Park East, 2nd floor
Los Angeles, CA 90067




CERTIFIED MAIL

7008 0150 0003 7889 6088

Samantha Severn
TACO BELL FOUNDATION, INC.
17901 Von Karman
Irvine, CA 92614

1103

# EXHIBIT 2

# RASTEGAR⊠MATERN

ATTORNEYS AT LAW

A PROFESSIONAL CORPORATION
1010 CRENSHAW BOULEVARD SUITE 100
TORRANCE, CALIFORNIA 90501
TELEPHONE (310) 218-5500
FACSIMILE (310) 218-1155

August 25, 2008

*__Sent Via Certified U.S. Mail - Return Receipt Requested__*

Victoria Bradshaw, Secretary
Labor and Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

Re:   *Kenny Archila vs. KFC U.S. Properties*
       Notice Pursuant to California Labor Code §2699.3

Dear Secretary Bradshaw:

   Pursuant to Labor Code §2699, the Private Attorneys General Act of 2004, please find enclosed a copy of the letter sent to the president of KFC U.S. Properties. The letter sets forth the provisions of the California Labor Code that KFC U.S. Properties has and continues to violate. Please consider this letter as the notice required by Labor Code §2699.3.

Very truly yours,
RASTEGAR & MATERN, APC

Matthew J. Matern

MJM/cr

EXHIBIT 1

# RASTEGAR☒MATERN

### ATTORNEYS AT LAW
A·PROFESSIONAL CORPORATION
1010 CRENSHAW BOULEVARD SUITE 100
TORRANCE, CALIFORNIA 90501
TELEPHONE (310) 218-5500
FACSIMILE (310) 218-1155

August 25, 2008

**_Sent Via Certified U.S. Mail - Return Receipt Requested_**

·KFC U.S. Porperties
P.O. Box 35380
Louisville, KY40232

KFC
·8515 S. Central Avenue
Los Angeles, California 90001

Re:   _Kenny Archila vs. KFC U.S. Properties_

To Whom It May Concern:

This office represents Kenny Archila who currently works for KFC at 8515 S. Central Avenue, Los Angeles, CA 90001.  We are investigating a potential class action on behalf of current and former employees, who worked for KFC for premium pay requirements related to KFC's practice of denying rest periods and lunch periods to these workers in violation of IWC Wage Order 10, and Labor Code sections 226.7, and related claims, including violations of Labor Code; section 226 that requires an employer to provide and itemized statement to employees in regard to their periodic pay periods; section 512 that requires an employer to provide meal periods for its employees;  section 1197 that mandates the payment of minimum wage;  section 1194 that allows an employee to recover the unpaid balance of full amount of minimum wage or overtime compensation; Willful failure to pay discharged or quitting employee under Labor Code Section 203; Failure to record and maintain records of employee time under IWC 7 and §1174 and 1174.5  and sections 2802, 226, 300 and Code of Civil Procedure 706.020 that requires an employer to indemnify its employees for expenditures or losses incurred while discharging their duties or made while obeying directions given by KFC's representatives.

Demand is hereby made that KFC agree in writing received at this office no later than September 24, 2008, to pay to Mr. Kenny Archila, and all other similarly situated workers employed by KFC at any time during the past 48 months, back pay, and compensation for the above referenced·violations, and that KFC agree to comply with all California labor laws and ensure that the workers at KFC are given rest periods, lunch periods.  Additionally, that you reimburse your employees for expenditures or losses incurred while discharging their duties or

made while obeying directions given by KFC representatives:

1.      That you agree to conduct a survey or interview all current and former workers to obtain information from them about the number of ten minute rest periods and lunch periods each employee missed (including but not limited to a second meal period required to be given after ten hours) during their work shifts, and your employees who were forced to pay for uniforms and/or the costs to clean or maintain them and were not reimbursed for those expenditures with said investigation to be completed within 30 days.

2.      That you agree to pay these employees one hour of pay for every shift in which they missed one or more ten minute rest period and meal periods, as required by California Labor Code section 226.7. That you agree to reimburse those employees who were forced to pay for their uniforms or for the costs to clean or maintain them. In addition, that you agree to pay a thirty-day waiting time period, equal to thirty days of pay, to each formerly employed employee who reports any unpaid wages as described herein.

3.      That you agree to pay accrued interest to all employees at the rate of ten percent per annum for said unpaid wages.

4.      That you agree to pay all penalties and civil penalties due arising from the violation of the Labor Code statutes referenced above and pursuant to Private General Act of 2004, Labor Code 2699 et seq.

Very truly yours,
RASTEGAR & MATERN APC

Matthew J. Matern

MJM/cr

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7777 7018 0002 3110 7005

Sent To Victoria Bradshaw - LWDA
Street, Apt. No.; or PO Box No. 801 K Street # 2101
City, State, ZIP+4 Sacramento, CA 95814

PS Form 3800, June 2002                    See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Victoria Bradshaw, Secretary
Labor and Workforce
Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)

7005 3110 0002 7018 4777

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

PA000007

**RASTEGAR & MATERN**
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
1010 CRENSHAW BOULEVARD SUITE 100
TORRANCE, CALIFORNIA 90501

**CERTIFIED MAIL**

7005 3110 0002 7016 4777

Victoria Bradshaw, Secretary
Labor and Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

ll..l..l.l.l..l..l..ll.l..l.lll



UNITED STATES POSTAGE
$ 005.32°
PITNEY BOWES

02 1P
0002693388 AUG 25 2008
MAILED FROM ZIP CODE 90501

PA000008

# EXHIBIT 3

6ς

## RASTEGAR⊠MATERN

ATTORNEYS AT LAW
A Professional Corporation
1010 Crenshaw Boulevard Suite 100
Torrance, California 90501
Telephone (310) 218-5500
Facsimile (310) 218-4155

September 7, 2010

*Sent Via Certified U.S. Mail - Return Receipt R*

radshaw, Secretary
Workforce Development Agency
reet, Suite 2101
o, CA 95814

: *Sasha Ovieda, et al. v. Sodexho, Inc., et al.*
Notice Pursuant to California Labor Code §2699.3

etary Bradshaw:

ursuant to Labor Code §2699, the Private Attorneys General Act of 2004, please
copy of the letter sent to the Registered Agent of "Sodexho Operations, LLC" ε
Inc and Affiliated Co." that does business in Manteca, California. The letter set
rovisions of the California Labor Code that "Sodexho Operations, LLC" and
Inc and Affiliated Co." have and continue to violate. Please consider this letter
ired by Labor Code §2699.3.

Very truly yours,
RASTEGAR & MATERN, APC

Matthew J. Matern, Esq.

Exhibit 19
Page 164

# RASTEGAR☒MATERN

ATTORNEYS AT LAW
A Professional Corporation
1010 Crenshaw Boulevard Suite 100
Torrance, California 90501
Telephone (310) 218-5500
Facsimile (310) 218-1155

September 7, 2010

*Sent Via Certified U.S. Mail - Return Receipt Re*

perations, LLC
c and Affiliated Co.
ingtonian Blvd
g, MD 20878

c.
Street
A 95336

*Sasha Ovieda, et al. v. Sodexho, Inc., et al.*

t May Concern:

s office represents Sasha Ovieda who previously worked for Sodexho, Inc. at 12(
t, Manteca, California 95336. We are investigating a potential class action on be
nd former employees, who worked for Sodexho, Inc. regarding failure to pay
yments related to Sodexho, Inc.'s practice of denying rest periods and meal peri
es in violation of IWC Wage Order 5-2001(11), Labor Code sections 226.7 and
ms; violations of Labor Code; section 226 that requires an employer to provide a
tement to employees in regard to their periodic pay periods; section 512 that req
r to provide meal periods for its employees; section 1197 that mandates the pay
n wage; section 1194 that allows an employee to recover the unpaid balance of t
ninimum wage or overtime compensation; willful failure to pay discharged or
ployees under Labor Code Section 203; failure to record and maintain records of
ime under IWC Wage Order 5-2001(7); and §1174 and 1174.5 and sections 280
d Code of Civil Procedure 706.020 that requires an employer to indemnify its
for expenditures or losses incurred while discharging their duties or made while

Exhibit 19
Page 165

Exhibit A, Page 4

em in compliance with California law. Employees were required to purchase and
nd were not reimbursed for such uniforms by Sodexho, Inc. Given the overtime,
t period, and reimbursement violations and the failure to compensate their emplo
t forth above, the paychecks of all employees were inaccurate and failed to comp
rnia law. Sodexho, Inc. maintains an illegal meal period policy, rest period polic
ilicy depriving employees of earned wages.

mand is hereby made that Sodexho, Inc. agree in writing received at this office no
er 7, 2010, to pay to Ms. Sasha Ovieda, and all other similarly situated workers
by Sodexho, Inc. at any time during the past 48 months, back pay, and compensa
ve referenced violations, and that Sodexho, Inc. agrees to comply with all Califo
and ensure that the workers at Sodexho, Inc. are given rest periods and meal peri
ly, that you reimburse your employees for expenditures or losses incurred while
g their duties or made while obeying directions given by Sodexho. Inc.'s
ives:

    That you agree to conduct a survey or interview all current and former work
ain information from them about the number of ten minute rest periods and meal
iods each employee missed (including but not limited to a second meal period
uired to be given after ten hours) during their work shifts, and your employees w
re forced to pay for uniforms and/or the costs to clean or maintain them and were
nbursed for those expenditures with said investigation to be completed within 30
rs.

    That you agree to pay these employees one hour of pay for every shift in wh
y missed one or more ten minute rest periods and meal periods, as required by
ifornia Labor Code section 226.7. That you agree to reimburse those employees
re forced to pay for their uniforms or for the costs to clean or maintain them. In
lition, that you agree to pay a thirty-day waiting time penalty, equal to thirty days
', to each formerly employed employee who reports any unpaid wages as describe
ein.

    That you agree to pay accrued interest to all employees at the rate of ten perc
annum for said unpaid wages.

    That you agree to pay all penalties and civil penalties due arising from the
ilation of the Labor Code statutes referenced above and pursuant to Private Gene
t of 2004, Labor Code 2699 *et seq.*

Exhibit 19
Page 166

Exhibit A, Page 5

7010 0780 0001 2344 5202

GAR[ ]MATERN

Victoria Bradshaw, Secretary
Labor and Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

Exhibit 19
Page 167

Exhibit A, Page 6

# Exhibit B

# Exhibit B

Case 2:12-cv-01750-GHK-SS   Document    Filed 10/01/12   Page 13 of 150   Page ID #:928

# RASTEGAR MATERN

ATTORNEYS AT LAW

A PROFESSIONAL CORPORATION

1010 CRENSHAW BOULEVARD SUITE 100

TORRANCE, CALIFORNIA 90501

TELEPHONE (310) 218-5500

FACSIMILE (310) 218-1155

September 7, 2010

*Sent Via Certified U.S. Mail - Return Receipt Requested*

Sodexho Operations, LLC
Sodexho, Inc and Affiliated Co.
9801 Washingtonian Blvd
Gaithersburg, MD 20878

Sodexho, Inc.
1205 North Street
Manteca, CA 95336

Re:   *Sasha Ovieda, et al. v. Sodexho, Inc., et al.*

To Whom It May Concern:

This office represents Sasha Ovieda who previously worked for Sodexho, Inc. at 1205 North Street, Manteca, California 95336. We are investigating a potential class action on behalf of current and former employees, who worked for Sodexho, Inc. regarding failure to pay premium payments related to Sodexho, Inc.'s practice of denying rest periods and meal periods to employees in violation of IWC Wage Order 5-2001(11), Labor Code sections 226.7 and related claims; violations of Labor Code; section 226 that requires an employer to provide an itemized statement to employees in regard to their periodic pay periods; section 512 that requires an employer to provide meal periods for its employees; section 1197 that mandates the payment of minimum wage; section 1194 that allows an employee to recover the unpaid balance of full amount of minimum wage or overtime compensation; willful failure to pay discharged or quitting employees under Labor Code Section 203; failure to record and maintain records of employee time under IWC Wage Order 5-2001(7); and §1174 and 1174.5 and sections 2802, 226, 300 and Code of Civil Procedure 706.020 that requires an employer to indemnify its employees for expenditures or losses incurred while discharging their duties or made while obeying directions given by Sodexho Inc.'s representatives.

The claims made on behalf of Ms. Ovieda and other similarly situated workers employed by Sodexho, Inc. are based on the following facts and theories: Rest periods were either less than ten minutes, not provided, interrupted or late as prescribed by California law. Meal periods were either less than thirty minutes, were late (starting after the fifth hour of work), not given at all or interrupted. Employees were not given a second meal period when they worked shifts of ten hours or more. Employees were not paid an hour's wage when meal and rest periods were not

Exhibit C
Page 9

Exhibit B, Page 7

given to them in compliance with California law. Employees were required to purchase and wear uniforms and were not reimbursed for such uniforms by Sodexho, Inc. Given the overtime, meal period, rest period, and reimbursement violations and the failure to compensate their employees fully, as set forth above, the paychecks of all employees were inaccurate and failed to comply with California law. Sodexho, Inc. maintains an illegal meal period policy, rest period policy and uniform policy depriving employees of earned wages.

Demand is hereby made that Sodexho, Inc. agree in writing received at this office no later than October 7, 2010, to pay to Ms. Sasha Ovieda, and all other similarly situated workers employed by Sodexho, Inc. at any time during the past 48 months, back pay, and compensation for the above referenced violations, and that Sodexho, Inc. agrees to comply with all California labor laws and ensure that the workers at Sodexho, Inc. are given rest periods and meal periods. Additionally, that you reimburse your employees for expenditures or losses incurred while discharging their duties or made while obeying directions given by Sodexho, Inc.'s representatives:

1.     That you agree to conduct a survey or interview all current and former workers to obtain information from them about the number of ten minute rest periods and meal periods each employee missed (including but not limited to a second meal period required to be given after ten hours) during their work shifts; and your employees who were forced to pay for uniforms and/or the costs to clean or maintain them and were not reimbursed for those expenditures with said investigation to be completed within 30 days.

2.     That you agree to pay these employees one hour of pay for every shift in which they missed one or more ten minute rest periods and meal periods, as required by California Labor Code section 226.7. That you agree to reimburse those employees who were forced to pay for their uniforms or for the costs to clean or maintain them. In addition, that you agree to pay a thirty-day waiting time penalty, equal to thirty days of pay, to each formerly employed employee who reports any unpaid wages as described herein.

3.     That you agree to pay accrued interest to all employees at the rate of ten percent per annum for said unpaid wages.

4.     That you agree to pay all penalties and civil penalties due arising from the violation of the Labor Code statutes referenced above and pursuant to Private General Act of 2004, Labor Code 2699 *et seq.*

Very truly yours,
RASTEGAR & MATERN, APC

Matthew J. Matern

Exhibit C
Page 10

Exhibit B, Page 8

# EXHIBIT 4

# MALLISON & MARTINEZ
## ATTORNEYS AT LAW
1939 HARRISON STREET
SUITE 730
OAKLAND, CA 94612

STAN S. MALLISON*
HECTOR R. MARTINEZ
MARCO A. PALAU**
JESSICA JUAREZ
JOSEPH D. SUTTON

------
*MEMBER OF CA & NV BAR
** MEMBER OF CA & NY BAR

TELEPHONE: (510) 832-9999
FACSIMILE:   (510) 832-1101

BAKERSFIELD OFFICE:
4949 BUCKLEY, SUITE 112
BAKERSFIELD, CA 93309

------
TEL: (661) 885-8333
FAX: (661) 215-6048

**VIA U.S. CERTIFIED MAIL—RETURN RECEIPT REQUESTED**

June 8, 2011

Douglas Hoffner
Acting Agency Secretary
California Labor & Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

Castlerock Farming & Transport, Inc.
J.L. Padilla & Sons Labor Service, Inc.
C/o James M. Hanlon, Esq.
Glynn & Finley, LLP
One Walnut Creek Center
100 Pringle Avenue, Ste. 500
Walnut Creek, CA 94596

*Re: Labor Code §2699 Notice by Javier Garcia*

Dear Mr. Hoffner:

Please consider this a request under Labor Code § 2699.3(a)(1) for the California Labor & Workforce Development Agency ("LWDA" or "Agency") to take action against Castlerock Farming & Transport, Inc. and J.L. Padilla & Sons Labor Service, Inc. (collectively "Castlerock"), for violations of the California Labor Code described below. I am writing on behalf of Javier Garcia, an aggrieved employee represented by this law firm, and on behalf of other current and former employees who have been employed, jointly employed and/or managed by Castlerock.

Further, please consider this a notice to Castlerock and, pursuant to California Labor Code § 558, to any "other person acting on behalf of [,] who violates, or causes to be violated," sections of the California Labor Code governing hours and days of work as described below including all managers, executives, agents, attorneys, contractors and supervisors.

Page 2
June 8, 2011
LWDA
Labor Code §2699 Notice

This investigation request and notice of California Labor Code violations concerns the systematic failure by Castlerock to pay current and former California non-exempt employees in conformance with provisions set out in the California Labor Code and in Wage Orders promulgated by the Industrial Welfare Commission.  At the core of Castlerock's violations is the systematic failure to keep accurate time and payroll records; requiring, suffering or permitting employees to perform unpaid work outside their scheduled worktime; refusing to pay reporting time wages; refusing to provide rest and meal periods or to provide premium wages in lieu thereof; requiring employees to purchase tools necessary for work without reimbursement; failing to provide accurate wage statements and failing pay all wages owed upon separation from employment.

Liability under the Private Attorneys General Act (Cal. Labor Code §§ 2698 *et seq.*) (hereafter "PAGA") may be based on a wide variety of Labor Code provisions, including but not limited to §§ 201, 202, 203, 216, 218, 218.6, 223, 225, 226, 226.7, 510, 512, 1174, 1175, 1194, 1194.2, 1197, 1199 and 2673.1(a), IWC wage orders and all of the provisions listed in Labor Code 2699.5 (including the penalty provisions related to these predicate provisions), among many others.  Any violation of these or any other Labor Code provisions serves as the basis for a PAGA claim by an aggrieved employee on behalf of themselves and other current and former employees.

In particular, the violations set forth below relate to individuals employed by Castlerock to perform agricultural work in the cultivation of table grapes.  Further details regarding these violations are set forth in the attached class action complaint.  The violations are as follows:

1. Castlerock failed to pay our clients and other non-exempt employees all wages earned, in violation of Cal. Labor Code §§ 201, 202, 221, 1194 and 558, and 8 Cal. Code of Regs. §§ 11050 ("IWC Wage Order 5"), by inaccurately keeping records of actual hours worked and wages earned, by refusing to pay for all hours actually worked and by failing to pay for all hours worked.

2. Castlerock failed to provide our clients and other non-exempt employees with a paid rest period of at least ten (10) minutes for every four-hour period worked in violation of Cal. Labor Code §§ 226.7 and 558, and 8 Cal. Code of Regs. §§ 11050(11 & 12).

3. Castlerock violated Labor Code §§ 226.7, 512 and 558 by failing to provide our clients and other employees meal periods in accordance with IWC Wage Order 5, since it routinely employed our client and other non-exempt employees for shifts of more than 5 hours without providing a meal period or timely meal period.

4. Castlerock has failed to pay our client and other employees all wages owed immediately or within 72 hours upon separation from employment in violation of Labor Code §§ 201, 202

Page 3
June 8, 2011
LWDA
Labor Code §2699 Notice


and 203, since it systematically failed to pay all wages earned and failed to pay all additional wages in lieu of providing all rest and meal periods.

5. Castlerock has systematically failed to keep accurate time records and has failed to provide accurate wage statements that reflect the actual hours worked and amounts earned by our client and other employees.

The work addresses of the Castlerock entities are as follows:

Castlerock Farming & Transport, Inc., Route 2, Box 299, Delano, California 93215, California

J.L. Padilla & Sons Labor Service, Inc., 83131 Camino Bahia, Coachella, CA 92236.

Aggrieved employee Javier Garcia can be contacted through our office: Mallison & Martinez, Attorneys at Law, 1939 Harrison Street, Suite 730, Oakland, California 94612.

If no action is taken within 30 days, we will assume that we may pursue this action against the above entities and §558 individuals pursuant to Labor Code §2698 *et seq.*

If you have any questions, please do not hesitate to contact me.

Sincerely,

MALLISON & MARTINEZ

Marco A. Palau

Encl.