1   Matthew T. Theriault (SBN 244037)
    Matthew.Theriault@capstonelawyers.com
2   Stan Karas (SBN 222402)
    Stan.Karas@capstonelawyers.com
3   Robert Friedl (SBN 134947)
    Robert.Friedl@capstonelawyers.com
4   Katherine Kehr (SBN 226559)
    Katherine.Kehr@capstonelawyers.com
5   Jonathan Lee (SBN 267146)
    Jonathan.Lee@capstonelawyers.com
6   Capstone Law APC
    1840 Century Park East, Suite 450
7   Los Angeles, California 90067
    Telephone:   (310) 556-4811
8   Facsimile:    (310) 943-0396

9   Lead Counsel for Plaintiffs and the Class

10

11                    UNITED STATES DISTRICT COURT

12      EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

13

| | |
|---|---|
| 14   IN RE TACO BELL WAGE AND HOUR ACTION | MASTER FILE:  CV-F-07-1314 LJO/SAB |
| 15 | |
| 16 | Assigned to Hon. Stanley A. Boone |
| 17 | CLASS ACTION & LABOR CODE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2699 *ET SEQ*. |
| 18 | |
| 19 | **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PAGA ALLEGATIONS PURSUANT TO F.R.C.P. 12(f)** |
| 20 | |
| 21 | |
| 22   | Judge:       Stanley A. Boone Date:        May 21, 2014 Time:        9:30 a.m. Crtrm:      9 |
| 23 | |
| 24 | Lead Case Filed: September 7, 2007 Trial Date:        None |

25

26

27

28

1   Mónica Balderrama (SBN 196424)
    MBalderrama@InitiativeLegal.com
2   Initiative Legal Group APC
    1801 Century Park East, Suite 2500
3   Los Angeles, California 90067
    Telephone:  (310) 556-5637
4   Facsimile:   (310) 861-9051

5   Attorneys for Plaintiffs Sandrika Medlock and Lisa Hardiman

6   LAW OFFICES OF MARK YABLONOVICH
    Mark Yablonovich (SBN 186670)
7   mark@yablonovichlaw.com
    1875 Century Park East, Suite 700
8   Los Angeles, California  90067-2508
    Telephone: (310) 286-0246 • Fax: (310) 407-5391
9
    Attorneys for Plaintiffs Christopher Duggan,
10  Kevin Taylor, Debra Doyle, and Hilario Escobar

11  Kenneth H. Yoon (SBN 198443)
    Kyoon@yoon-law.com
12  Law Offices of Kenneth H. Yoon
    One Wilshire Boulevard, Suite 2200
13  Los Angeles, California 90017-3383
    Telephone:  (213) 612-0988
14  Facsimile:   (213) 947-1211

15  Larry W. Lee (SBN 228175)
    lwlee@diversitylaw.com
16  Diversity Law Group, APC
    444 S. Flower Street
17  Citigroup Center, Suite 1370
    Los Angeles, California  90071
18  Telephone:  (213) 488-6555
    Facsimile:   (213) 488-6554
19
    Peter M. Hart (SBN 198691)
20  hartpeter@msn.com
    Law Offices of Peter M. Hart
21  13952 Bora Bora Way, F-320
    Marina Del Rey, California 90292
22  Telephone:  (310) 478-5789
    Facsimile:   (509) 561-6441
23
    Liaison Counsel for Plaintiff Loraine Naranjo
24

25

26

27

28

1  Timothy J. Donahue (SBN 110501)
   tdonahue@attorneydonahue.com
2  Law Offices of Timothy J. Donahue
   374 South Glassell Street
3  Orange, California 92866
   Telephone:  (714) 289-2445
4  Facsimile:   (714) 289-2450

5  Liaison Counsel for Plaintiff Miriam Leyva

6  Jerusalem F. Beligan (SBN 211528)
   Bisnar Chase, LLP
7  One Newport Place
   1301 Dove Street, Suite 120
8  Newport Beach, California 92660
   Telephone:  (949) 752-2999
9  Facsimile:   (949) 752-2777
   jbeligan@bisnarchase.com
10
   Counsel for Plaintiff Endang Widjaja
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.     INTRODUCTION ..................................................................................... 1

II.    ARGUMENT .......................................................................................... 2

    A.    Taco Bell's Motion Is Untimely ....................................................... 2

    B.    Taco Bell Improperly Seeks to Impose Requirements of
         Rule 23, Including Manageability, Onto a PAGA
         Enforcement Action ......................................................................... 3

         1.    PAGA Claims Do Not Need to Satisfy Rule 23 .................... 3

         2.    Article III Does Not Bar Representative PAGA Actions ....... 6

    C.    If Rule 23 Does Not Apply, There Is No Authority for the
         Court to Impose a Manageability Requirement to PAGA
         Actions ......................................................................................... 10

    D.    Even If the Court Could Consider Manageability,
         Especially Upon a Rule 12(f) Motion, the Court Can
         Manage the Unpaid Overtime Claim ............................................ 11

    E.    Even If the Court Could Consider Manageability,
         Especially Upon a Rule 12(f) Motion, the Court Can
         Manage the Untimely Payroll Claim ............................................ 14

    F.    Even If the Court Could Consider Manageability,
         Especially Upon a Rule 12(f) Motion, the Court Can
         Manage the Claim for Meal Period Violations .............................. 15

    G.    Even If the Court Could Consider Manageability,
         Especially Upon a Rule 12(f) Motion, the Court Can
         Manage the Rest Period Violations Claim ..................................... 17

    H.    Even If the Court Could Consider Manageability,
         Especially Upon a Rule 12(f) Motion, the Court Can
         Manage the Inaccurate Wage Statement Claim ............................. 18

1      I.      Even If the Court Could Consider Manageability,

2                  Especially Upon a Rule 12(f) Motion, the Court Can

3                   Manage the Unreimbursed Business Expenses Claim .................... 20

4      J.      Even If the Court Could Consider Manageability,

5                   Especially Upon a Rule 12(f) Motion, the Court Can

6                   Manage the Failure to Pay Final Pay on Time ............................... 21

7      K.      Defendant's Due Process Argument Is Baseless ........................... 22

8 III.      CONCLUSION ....................................................................... 24

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

3  **FEDERAL CASES**

4  *Abdullah v. U.S. Security Assocs., Inc.*, No. CV 09-9554-GHK (Ex),

5      2011 U.S. Dist. LEXIS 156685 (C.D. Cal. Jan. 11, 2011) ............................... 15

6  *Alcantar v. Hobart Serv*, ED CV 11-1600 PSG (SPx), 2013 U.S. Dist.

7      LEXIS 5443 (C.D. Cal. Jan. 14, 2013) ................................................12, 22, 23

8  *Alvarez v. IBP, Inc*., 339 F.3d 894 (9th Cir. 2003)............................................ 12

9  *Baumann v. Chase Inv. Servs Corp*., No. 12-55644, 2014 U.S. App.

10     LEXIS 4777 (9th Cir. Mar. 13, 2014) ..................................................... *passim*

11  *Cantrell v. City of Long Beach*, 241 F.3d 674 (9th Cir. Cal. 2001)..................... 7

12  *Cardenas v. McLane Foodservice, Inc*., No. SACV 10-473 DOC

13     (FFMx), 2011 U.S. Dist. LEXIS 13126 (C.D. Cal. Jan. 31, 2011) .............. 5, 7

14  *Cunningham v. Leslie's Poolmart, Inc.*, No. CV 13-2122 CAS (CWx),

15     2013 U.S. Dist. LEXIS 90256 (C.D. Cal. June 25, 2013) ................................. 9

16  *Dilts v. Penske Logistics, LLC*, 267 F.R.D. 625 (S.D. Cal. 2010) ..................... 17

17  *Dukes v. Walmart*, 131 S. Ct. 2541 (2011)........................................................ 23

18  *Echavez v. Abercrombie & Fitch Co*, No. CV 11-9754 GAF (PJWx),

19     2013 U.S. Dist. LEXIS 184971 (C.D. Cal. Aug. 13, 2013) ........................... 22

20  *Edwards v. First Am. Corp*., 610 F.3d 514 (9th Cir. 2010) ................................. 8

21  *Gallardo v. AT&T Mobility, LLC*, 937 F. Supp. 2d 1128 (N.D. Cal.

22     2013)................................................................................................................... 5

23  *Guifi Li v. A Perfect Day Franchise, Inc.,* No. 5:10-CV-01189-LHK,

24     2012 U.S. Dist. LEXIS 83677 (N.D. Cal. June 14, 2012)............................... 12

25  *Hanna v. Plumer*, 380 U.S. 460 (1965) .............................................................. 9

26  *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955 (C.D. Cal.

27     2000) ................................................................................................................. 21

28

OPPOSITION TO MOTION TO STRIKE PURSUANT TO RULE 12(F)

*Jimenez v. Allstate Ins. Co*., 2012 U.S. Dist. LEXIS 65328 (C.D. Cal.
      Apr. 18, 2012) ............................................................................................ 12

*Lopez v. Ace Cash Express*, 2012 U.S.Dist. LEXIS 70051 (C.D. Cal.
      May 4, 2012) ................................................................................................ 6

*McKenzie v. Fed. Exp. Corp.*, 765 F. Supp. 2d 1222 (C.D. Cal. 2011) ........... 5, 19

*McLaughlin v. Seto*, 850 F.2d 586 (9th Cir. 1988) .............................................. 12

*Medlock v. Host Int'l, Inc.,* No. 1:12-cv-02024-JLT, 2013 U.S. Dist.
      LEXIS 72740 (E.D. Cal. May 21, 2013) ........................................................ 12

*Mendez v. R+L Carriers, Inc*., No. C 11-2478, 2012 U.S. Dist. LEXIS
      165221 (N.D. Cal. Nov. 19, 2012) ................................................................. 14

*Mendez v. Tween Brands, Inc.*, No. No. 2:10-cv-00072-MCE-DAD, 2010
      U.S. Dist. LEXIS 66454 (E.D. Cal. June 30, 2010) ..................................... 5, 9

*Molina v. Dollar Tree Stores, Inc*., No. CV 12-01428-BRO (FFMx),
      2013 U.S. Dist. LEXIS 138642 (C.D. Cal. Aug. 9, 2013) ............................. 22

*Ortiz v. CVS Caremark Corp*., No. C-12-05859 EDL , 2014 U.S. Dist.
      LEXIS 36833 (N.D. Cal. Mar. 18, 2014) (N.D. Cal. March 19, 2014) .......... 10

*Pelton v. Panda Rest. Group, Inc.*, 2011 U.S. Dist. LEXIS 52486 (C.D.
      Cal. May 3, 2011) ......................................................................................... 19

*Plaisted v. Dress Barn, Inc*., No. 2:12-cv-01679-ODW (SHx), 2012
      U.S. Dist. LEXIS 135599 (C.D. Cal. Sept. 20, 2012) ........................... 5, 6, 11

*Rodriguez v. Taco Bell Corp*., No. 1:13-cv-01498-SAB, 2013 U.S.
      Dist. LEXIS 156588 (E.D. Cal. Oct. 30, 2013) ............................................. 14

*Sample v. Big Lot Stores, Inc.*, No. C 10-03276 SBA, 2010 U.S. Dist.
      LEXIS 131130 (N.D. Cal. Nov. 30, 2010) ....................................................... 5

*Shady Grove Orthopedic Assocs. v. Allstate Ins. Co*., 559 U.S. 393
      (2010)............................................................................................................... 9

*Singleton v. Wulff*, 428 U.S. 106 (1976) .............................................................. 7

*Sullivan v. Kelly Servs*., 268 F.R.D. 356 (N.D. Cal. 2010) ................................ 12

*Thomas v. Aetna Health of Cal., Inc.*, No. No. 1:10-cv-01906-AWI-
   SKO, 2011 U.S. Dist. LEXIS 59377 (E.D. Cal. June 2, 2011) ........................ 5

*Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529
   U.S. 765 (2000)...................................................................................... 8

*Villalpando v. Exel Direct Inc.*, No. 12-cv-04137 JCS, 2014 U.S. Dist.
   LEXIS 42622 (N.D. Cal. March 28, 2014) ............................................. 4, 5, 9

*Warth v. Seldon*, 422 U.S. 490 (1975)................................................................ 7

*West v. Circle K Stores, Inc.*, No. S-04-0438 WBS GGH, 2006 U.S.
   Dist. LEXIS 42074 (E.D. Cal. Jun. 12, 2006) ................................................ 15

*Willner v. Manpower Inc.*, No. C 11-02846, 2012 U.S. Dist. LEXIS
   62227 (N.D. Cal. May 3, 2012) ................................................................ 5

*Yadira v. Fernandez*, No. C-08-05721 RMW, 2011 U.S. Dist. LEXIS
   62894 (N.D. Cal. Jun. 14, 2011) ................................................................ 18

STATE CASES

*Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157 (2008) ................... 13, 18

*Arias v. Superior Court*, 46 Cal. 4th 969 (2009) ..................................... 6, 7, 8, 9

*Bell v. Farmers Ins. Exchange*, 115 Cal. App. 4th 715 (2004).................... 13, 17

*Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004 (2012).........2, 13, 16, 17

*Grissom v. Vons*, 1 Cal. App. 4th 52 (1991)...................................................... 20

*Heritage Residential Care, Inc. v. Division of Labor Standards*
   *Enforcement*, 192 Cal. App. 4th 75 (2011) ..................................................... 18

*Jaimez v. Daiohs USA, Inc.*, 181 Cal. App. 4th 1286 (2010) ............................ 19

*Williams v. Superior Court*, 221 Cal. App. 4th 1353 (2013) ....................... 11, 12

FEDERAL STATUTES

Fed. R. Civ. P. 12(f) ................................................................................. *passim*

OPPOSITION TO MOTION TO STRIKE PURSUANT TO RULE 12(F)

Fed. R. Civ. P. 23 ....................................................................... *passim*

Fed. R. Civ. P. 23(b)(3) ..................................................................... 10

**STATE STATUTES**

Cal. Bus. & Prof. Code §§ 17200 *et seq.* (Unfair Comp. Law (UCL))......... 10, 11

Cal. Lab. Code § 203.................................................................. 18, 22

Cal. Lab. Code § 204...................................................................... 14

Cal. Lab. Code § 226...................................................................... 18

Cal. Lab. Code § 226(a) .............................................................. 19, 20

Cal. Lab. Code § 226(e) .................................................................. 19

Cal. Lab. Code §§ 2698 *et seq.* (Priv. Atty's. Gen. Act (PAGA)) ............... *passim*

**SECONDARY AUTHORITIES**

Schwarzer, et al, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* (The

    Rutter Group 2014) ................................................................ 2, 13

1    ## I.    INTRODUCTION

2         Taco Bell Corp. and Taco Bell America, Inc.'s (collectively, "Taco Bell")

3    motion to strike Plaintiffs' PAGA allegations fails for three independent reasons.

4         First, motions to strike under Rule 12(f) may be filed only within the time

5    required for serving a responsive pleading.  The operative complaint has been on

6    file for nearly three years.  Accordingly, Taco Bell's Rule 12(f) motion is untimely

7    on its face and there is no need for the Court to resolve the complex factual and

8    legal arguments presented by the motion.

9         Second, Taco Bell's motion improperly seeks to apply the requirements of

10   Rule 23, including manageability, to claims under California's Private Attorneys

11   General Act of 2004 ("PAGA").  Only weeks ago, the Ninth Circuit held that "a

12   PAGA suit is fundamentally different than a class action" and that "Rule 23 and

13   PAGA are more dissimilar than alike."  *Baumann v. Chase Inv. Servs. Corp.*, No.

14   12-55644, 2014 U.S. App. LEXIS 4777, *15-16 (9th Cir. Mar. 13, 2014).  Taco

15   Bell's attempt to graft Rule 23 standards onto PAGA claims is inconsistent with

16   the reasoning in *Baumann*.  Indeed, both before and after *Baumann*, virtually all

17   district courts to consider the issue have held that PAGA claims do not need to

18   satisfy Rule 23.  The Court should reject Taco Bell's request to follow what is an

19   outlier position.

20        Finally, even if Rule 23 applied to PAGA claims, *which it does not*, Taco

21   Bell's claim that this Court cannot manage a trial of routine PAGA claims is

22   baseless.  PAGA actions raising substantially identical wage and hour claims are

23   commonly tried in state and federal courts throughout California.  None of

24   Plaintiffs' claims present insurmountable barriers to an effective trial.  The alleged

25   individual inquiries Taco Bell highlights are not required by law; rather, liability

26   may be determined through survey evidence, examination of corporate records,

27   and/or policies and representative testimony.  In fact, courts routinely find wage-

28   and-hour class actions (which unlike PAGA claims need to satisfy Rule 23) to be

1   manageable despite the ritualized arguments by defendants that they cannot be

2   tried on a class-wide basis.  *See Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th

3   1004, 1021 (2012) ("Claims alleging that a uniform policy consistently applied to

4   a group of employees is in violation of the wage and hour laws are of the sort

5   routinely, and properly, found suitable for class treatment.").

6       In any event, the structure of the trial cannot be resolved upon a Rule 12(f)

7   motion, which is limited to the face of the complaint with all inferences favoring

8   Plaintiffs.  Instead, the Court will have an opportunity to address the matter – with

9   the benefit of the parties' detailed trial plans – at the pre-trial conference.  Taco

10  Bell does not cite any authority permitting, let alone requiring, the Court to address

11  trial management issues upon a motion to strike.

12  **II.    ARGUMENT**

13      **A.    Taco Bell's Motion Is Untimely**

14      Taco Bell brings its motion under Fed. R. Civ. P. 12(f).  *See* Notice of

15  Motion, 2:8-9.  (Dkt. No. 398.)  Under the plain language of the Rule, defendants

16  have a limited window of time to bring a motion to strike: "either before

17  responding to the pleading or, if a response is not allowed, within 21 days after

18  being served with the pleading."  Fed. R. Civ. P. 12(f); *see also* Schwarzer, et al,

19  *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial*, at ¶ 9:396 (The Rutter Group 2014)

20  ("a motion to strike all or part of a complaint must be filed within the time required

21  for serving a responsive pleading.")

22      Here, Plaintiffs filed the operative complaint on May 17, 2011, nearly three

23  years ago.  (Dkt. No. 230.)  The time for Taco Bell to bring a Rule 12(f) motion

24  has long expired.  Accordingly, there is no need for the Court to consider this

25  motion – which Taco Bell claims raises unsettled questions of law (Motion, 8:25-

26  28) – on the merits.  Because Taco Bell's Rule 12(f) motion is procedurally

27

28

1   deficient, the Court should deny it as untimely.[1]

2   **B.    Taco Bell Improperly Seeks to Impose Requirements of Rule 23,**

3   **Including Manageability, Onto a PAGA Enforcement Action**

4   **1.    PAGA Claims Do Not Need to Satisfy Rule 23**

5   Taco Bell asserts that the Ninth Circuit has not ruled whether PAGA actions

6   must satisfy the requirements of Rule 23, including manageability.  (Motion, 8:25-

7   28.)  The Ninth Circuit, however, has indicated in *Baumann*, 2014 U.S. App.

8   LEXIS 477, that no such requirement exists due to the unique procedural and

9   substantive features of PAGA.  In *Baumann*, the court painstakingly described the

10   fundamental differences between class actions and claims brought under PAGA:

> *PAGA actions are also not sufficiently similar to Rule 23 class actions* to trigger CAFA jurisdiction. Unlike Rule 23(c)(2), PAGA has no notice requirements for unnamed aggrieved employees, nor may such employees opt out of a PAGA action. In a PAGA action, the court does not inquire into the named plaintiff's and class counsel's ability to fairly and adequately represent unnamed employees . . . Moreover, unlike Rule 23(a), PAGA contains no requirements of numerosity, commonality, or typicality.
>
> In addition, the finality of PAGA judgments differs distinctly from that of class action judgments. The Federal Rules ensure that members of the class receiving notice and declining to opt out are bound by a judgment. Fed. R. Civ. P. 23(c)(3). Class action judgments are also preclusive as to all claims the class could have brought.
>
> In contrast, PAGA expressly provides that employees retain all rights "to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part." Cal. Lab. Code § 2699(g)(1).." [I]if the employer defeats a PAGA claim, the nonparty employees, because they were not given notice of the action or afforded an opportunity to be heard, are not bound by the judgment as to remedies other than civil penalties."

---

[1] Taco Bell does not – and cannot – explain why it could not file its Rule 12(f) motion on time in 2011.  Its filing of a facially untimely pleadings motion only a few days before the parties' scheduled mediation is transparent gamesmanship.

1
2
3
4
5

> The nature of PAGA penalties is also markedly different than damages sought in Rule 23 class actions.  In class actions, damages are typically restitution for wrongs done to class members.  But PAGA actions instead primarily seek to vindicate the public interest in enforcement of California's labor law. . . .  The employee's recovery is thus an incentive to perform a service to the state, not restitution for wrongs done to members of the class.

6  2014 U.S. App. LEXIS 4777 at *13-16 (citations omitted, emphasis added).  The

7  Ninth Circuit concluded, "[i]n the end, *Rule 23 and PAGA are more dissimilar*

8  *than alike*. A PAGA action is at heart a civil enforcement action filed on behalf of

9  and for the benefit of the state, not a claim for class relief." *Id*. at *16 (emphasis

10  added).  The Ninth Circuit emphasized this point:  "In short, '*a PAGA suit is*

11  *fundamentally different than a class action*.'  *These differences stem from the*

12  *central nature of PAGA*." *Id*. at *15 (emphasis added).

13          Accordingly, even though the Ninth Circuit did not expressly rule on the

14  issue, the only possible interpretation of *Baumann* is that Rule 23 does not apply to

15  actions brought under PAGA.  Because Taco Bell imports the purported

16  manageability requirement for PAGA actions from Rule 23, the Court should deny

17  the motion to strike as contrary to the reasoning in *Baumann*.

18          Indeed, a court recently applied *Baumann* to hold that PAGA actions do not

19  need to satisfy Rule 23.  In *Villalpando v. Exel Direct Inc*., No. 12-cv-04137 JCS,

20  2014 U.S. Dist. LEXIS 42622 (N.D. Cal. March 28, 2014), the court concluded

21  that "to the extent there has been disagreement among the district courts on the

22  question of whether Rule 23 applies to PAGA claims, *this issue has been largely*

23  *resolved by the Ninth Circuit's decision in Baumann*." *Id*. at *73 (emphasis

24  added).  Accordingly, *Villalpando* held that "PAGA actions, though representative,

25  need not be brought as class actions under Rule 23." *Id*. at *74.

26          In fact, although Taco Bell suggests that there is an even split in authority,

27  the majority of district courts to consider the issue has held that PAGA actions do

28  not need to satisfy Rule 23.  *See Villalpando*, 2014 U.S. Dist. LEXIS 42622, *66-

67 ("the majority view is that PAGA actions are fundamentally different from class actions and therefore, that PAGA claims do not require class action certification under Rule 23."); *Gallardo v. AT&T Mobility, LLC*, 937 F. Supp. 2d 1128, 1137 (N.D. Cal. 2013) ("every court to reach the issue in this district, have found that representative PAGA claims need not be certified under Rule 23 to proceed"); *Plaisted v. Dress Barn, Inc*., No. 2:12-cv-01679-ODW (SHx), 2012 U.S. Dist. LEXIS 135599 (C.D. Cal. Sept. 20, 2012) ("the majority of federal courts [have] held that PAGA actions, though representative, need not be brought as class actions in which Rule 23's requirements are necessarily applicable."); *McKenzie v. Fed. Exp. Corp.*, 765 F. Supp. 2d 1222, 1234 (C.D. Cal. 2011) ("[T]he majority view—consistent with the California Supreme Court in *Arias*—is that PAGA claims are not class actions. . .."); *Thomas v. Aetna Health of Cal., Inc.*, No. 1:10-cv-01906-AWI-SKO, 2011 U.S. Dist. LEXIS 59377,  *12-13 (E.D. Cal. June 2, 2011) ("the majority view among the district courts [is that] Rule 23 certification is not necessary to the extent PAGA actions are brought in a non-class representative capacity"); *see also e.g.*, *Willner v. Manpower Inc.*, No. C 11-02846, 2012 U.S. Dist. LEXIS 62227 at *26 (N.D. Cal. May 3, 2012) (holding that PAGA actions may be pursued in federal court absent class certification under Rule 23 because "PAGA claims are fundamentally different from class actions"); *Mendez v. Tween Brands, Inc*., No. 2:10-cv-00072-MCE-DAD, 2010 U.S. Dist. LEXIS 66454, *10-11 (E.D. Cal. June 30, 2010) ("PAGA claims, by definition, are not class actions."); *Sample v. Big Lot Stores, Inc.*, No. C 10-03276 SBA, 2010 U.S. Dist. LEXIS 131130, *3 (N.D. Cal. Nov. 30, 2010) (no need to comply with Rule 23 because the purpose of PAGA is "to vindicate the public through the imposition of civil penalties, as opposed to conferring a private benefit upon the plaintiff and the represented employees"); *Cardenas v. McLane Foodservice, Inc.*, No. SACV 10-473 DOC (FFMx), 2011 U.S. Dist. LEXIS 13126, *8-9 (C.D. Cal. Jan. 31, 2011) ("Since PAGA plaintiffs neither represent the rights of a class nor

1   recover damages, a PAGA claim neither purports to be a class action nor intends to

2   accomplish the goals of a class action. . . . It is not brought "on behalf of all [class]

3   members," so it is does not fall under the terms of Rule 23."); *cf. Arias v. Superior*

4   *Court*, 46 Cal. 4th 969, 980-86 (2009) (expressly rejecting the application of class

5   action requirements to a PAGA representative action).[2]

6          With respect to the manageability requirement of Rule 23 specifically,

7   *Plaisted v. Dress Barn, Inc*., 2012 U.S. Dist. LEXIS, is directly on point.  In

8   *Plaisted*, the defendant, just as Taco Bell here, claimed that the court should

9   dismiss a PAGA action as unmanageable.  The court denied the motion because

10  "[t]o hold that a PAGA action could not be maintained because the individual

11  assessments regarding whether a violation had occurred would make the claim

12  unmanageable at trial would obliterate [its] purpose, as every PAGA action in

13  some way requires some individualized assessment regarding whether a Labor

14  Code violation has occurred."  *Id*. at *9-10.

15         This rationale applies in full force here.  As *Baumann* and the vast majority

16  of the district courts have recognized, class actions brought under Rule 23 and

17  PAGA actions are fundamentally dissimilar.  They seek to serve different goals,

18  have different remedial schemes, and have different procedural requirements.

19  Taco Bell's attempt to conflate Rule 23 and PAGA to eliminate any distinction

20  between them is unsupported by the weight of authority and is inconsistent with

21  *Baumann*.

22         **2.     Article III Does Not Bar Representative PAGA Actions**

23         Taco Bell also argues that PAGA claims fail to satisfy Article III standing if

24  they are alleged as non-class representative claims.  Unable to cite to a single case

25  that adopted this reasoning to dismiss PAGA claims, Taco Bell distorts both the

26  ───────────────
27         [2] Some courts have compared PAGA suits to shareholder derivative suits
    where the plaintiff sues on behalf of the corporation and thus does not need to
    satisfy Rule 23's requirements.  *See*, *e.g*., *Lopez v. Ace Cash Express*, 2012
28  U.S.Dist. LEXIS 70051, *11-12 (C.D. Cal. May 4, 2012).

law on Article III standing and the nature of PAGA enforcement actions.  Taco Bell's Article III argument is premised on a quote from *Warth v. Seldon*, 422 U.S. 490, 499 (1975), which states that a plaintiff "cannot rest his claim to relief on the legal rights and interests of third parties."[3]  This simply means that a plaintiff cannot rely exclusively on the injuries of others to establish standing.  *Warth* turned on the fact that the plaintiffs there could not "show that they personally have been injured," but only that "other unidentified members of the class" suffered an injury.  *Id.* at 502.  *Warth*, therefore, does not hold that a *plaintiff who has alleged injury* cannot represent another party, as Taco Bell misleadingly suggests.

Indeed, a sister court has already distinguished *Warth* in the context of PAGA, explaining that "[t]he rule against third-party representation does not apply when 'the ability of the third party to assert his own right' is impaired and 'the relationship between the litigant and the third party [is] such that the former is fully, or very nearly, as effective a proponent of the right as the latter.'"  *Cardenas,* 2011 U.S. Dist. LEXIS 13126, *14-15 (citing *Singleton v. Wulff*, 428 U.S. 106, 115-116 (1976)).  *Cardenas* held that *Warth* did not apply because, "[i]n the case of PAGA, the California legislature has determined that the LWDA is unable to effectively collect the civil penalties authorized by law, and private litigants are well positioned to serve the public interest by collecting these penalties."  *Id.* at *16.  Here, the PAGA plaintiff has Article III standing because she is authorized

---

[3] *Warth* is also distinguishable because it expressly concerns the "limits on the class of persons who may invoke the courts' decisional and remedial powers." *Warth*, 422 U.S. at 499.  PAGA does not implicate the court's *remedial* powers, since PAGA is "fundamentally a law enforcement action designed to protect the public and not to benefit private parties."  *Arias*, 46 Cal. 4th at 969.  Taco Bell also cites to *Cantrell v. City of Long Beach*, 241 F.3d 674 (9th Cir. Cal. 2001), which, like in *Warth* and unlike here, is a case where the plaintiffs are unable to establish injury to themselves.  *See id.* at 881 ("the birdwatchers' interest in looking over the property line of the station to view the birds was insufficient to establish an injury in fact").

1    by the PAGA statute to sue on the State of California's behalf and to collect the

2    penalties for the same violations that the state is entitled to collect.

3       It is settled that a plaintiff may bring a representative action and satisfy

4    Article III standing so long as he or she is injured. *See Vermont Agency of Natural*

5    *Res. v. United States ex rel. Stevens*, 529 U.S. 765 (2000) (analyzing Article III

6    standing under the False Claims Act). Indeed, "the injury required by Article III

7    can exist solely by virtue of 'statutes creating legal rights, the invasion of which

8    creates standing.'" *Edwards v. First Am. Corp.*, 610 F.3d 514, 517 (9th Cir. 2010)

9    (citation omitted). Here, the PAGA statute itself gives standing to the aggrieved

10   employee, who is defined as "any person… against whom one or more of the

11   alleged violations was committed." Cal. Lab. Code § 2699(c). So long as the

12   "aggrieved employee"—that is, the PAGA plaintiff—has alleged injury, she will

13   have satisfied both standing under PAGA and Article III standing. Nothing in

14   Article III jurisprudence bars the State of California from creating an enforcement

15   action where the aggrieved employee acts as a "proxy" for the state to collect

16   penalties for violations suffered by the aggrieved employee and other employees

17   (*see Arias*, 46 Cal. 4th at 986).

18      Moreover, if Taco Bell's position were the law, Article III would operate to

19   prohibit all representative actions from proceeding in federal court. For instance,

20   a plaintiff in *qui tam* representative actions has Article III standing because he or

21   she in effect represents the state and has a pecuniary interest in the outcome. *See*

22   *Vermont Agency*, 529 U.S. at 773-74 (holding that (1) a *qui tam* relator has Article

23   III standing because she has a beneficial interest in the outcome of the litigation

24   through the collection of penalties and (2) the statute "can reasonably be regarded

25   as effecting a partial assignment" of the state's claim). Indeed, *qui tam* actions are

26   analogous to PAGA actions in that both are enforcement actions where a private

27   party "pursues a statutory claim on behalf of the government…[and] shares in the

28   proceeds of the lawsuit with the government" *Cunningham v. Leslie's Poolmart,*

*Inc.*, No. CV 13-2122 CAS (CWx), 2013 U.S. Dist. LEXIS 90256 * 21 (C.D. Cal. June 25, 2013) (characterizing PAGA as "a form of *qui tam* action."). It follows that a PAGA plaintiff may bring a representative action on behalf of a state enforcement agency to collect penalties suffered by "current and former employees" in federal court just as a qui tam relator may.[4]

Finally, Taco Bell relies on *Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), to claim that Rule 23 applies to PAGA actions. This argument has been repeatedly rejected, including by the Ninth Circuit. In *Baumann*, the defendant cited *Shady Grove* to argue "that PAGA actions are 'class actions' under CAFA because PAGA is a state procedural law that would be displaced by Rule 23 in federal court . . . ." 2014 U.S. App. LEXIS 477, *16-17. The Ninth Circuit, however, explained:

> *Shady Grove* is of no help to [the defendant]. . . . In *Shady Grove*, . . .[t]he issues were whether Rule 23 conflicted with the New York law, and if so, whether the Rule exceeded the authorization of the Rules Enabling Act or Congress's rulemaking power. In contrast, the issue before us is simply one of statutory construction— whether the action sought to be removed was "filed under" a state statute "similar" to Rule 23.

*Id*. at *17.[5] *See also Villalpando,* 2014 U.S. Dist. LEXIS 42622, *69-70 (*Shady Grove* does not require PAGA claims to satisfy Rule 23); *cf. Mendez*, 2010 U.S.

---

[4] Taco Bell's position also violates the *Erie* doctrine. If PAGA claims must be brought as class actions or dismissed if removed to federal court, the effect would be to extinguish the aggrieved employee's statutory right to pursue representative civil penalties, without the need to affirmatively join other employees through the class procedure, as is Plaintiff's right in state court. *See Arias*, 46 Cal. 4th at 980 (PAGA representative actions need not satisfy class requirements). The mere removal of a PAGA suit to federal court would deprive aggrieved employees of their right to pursue the simple PAGA enforcement action for representative civil penalties, running afoul of longstanding principles of federalism. *See Hanna v. Plumer*, 380 U.S. 460, 467 (1965) ("[I]t would be unfair for the character or result of a litigation materially to differ because the suit had been brought in a federal court.").

[5] Notably, Taco Bell failed to inform the Court that the Ninth Circuit had previously distinguished *Shady Grove*.

1    Dist. LEXIS 66454, *11 (*Shady Grove* does not apply to PAGA claims because

2    "PAGA claims, by definition, are not class actions.").

3           In sum, the Court should reject Taco Bell's attempt to impose Rule 23's

4    manageability requirement onto PAGA actions as contrary to the Ninth Circuit's

5    holding in *Baumann* and the vast majority of district courts.  Because PAGA

6    actions do not need to satisfy Rule 23, the Court should deny Taco Bell's motion

7    in its entirety.

8           **C.    If Rule 23 Does Not Apply, There Is No Authority for the Court to**

9    **Impose a Manageability Requirement to PAGA Actions**

10          Realizing that its Rule 23 argument flies in the face of the weight of

11   authority, Taco Bell argues that even if the Rule does not apply, "the Court may

12   nonetheless exercise its discretion and strike the [PAGA] claim because it is

13   unmanageable."  (Motion, 12:8-9.)  Taco Bell's primary authority in support of its

14   argument is *Ortiz v. CVS Caremark Corp.*, No. C-12-05859 EDL, 2014 U.S. Dist.

15   LEXIS 36833 (N.D. Cal. Mar. 18, 2014) (N.D. Cal. March 19, 2014).  *Ortiz*

16   expressly recognized that PAGA actions are not governed by Rule 23.  *Id.* at * 4-5.

17   Yet, *without citing any authority permitting it to do so*, the court proceeded to

18   apply Rule 23(b)(3)'s manageability analysis to the PAGA claims.  This result is

19   so anomalous – and so at odds with the weight of authority detailed above – that

20   the plaintiff in *Ortiz* has moved for an order certifying the decision for an

21   interlocutory appeal.  *See* CV 12-05859 (N.D.Cal) (Dkt. No. 78).  No other court

22   has followed *Ortiz*'s imposition of a manageability requirement onto PAGA

23   actions.  Accordingly, *Ortiz* is, at best, an outlier decision.

24          Taco Bell also relies on cases addressing representative claims that were

25   decided under California's Unfair Competition Law ("UCL") before Proposition

26   64 imposed an injury in fact requirement on such claims.  (Motion, 12:17-27).

27   These cases are inapposite because UCL claims are fundamentally dissimilar from

28   PAGA actions.  As *Baumann* recognized, under PAGA the aggrieved employee is

1   essentially a proxy for the State of California, and her primary goal is to recover

2   penalties payable to the state, rather than to provide substantive relief to other

3   aggrieved employees.  2014 U.S. App. LEXIS 4777, *15-16.  *See also Plaisted*,

4   2012 U.S. Dist. LEXIS 135599, *8-10 (rejecting the defendant's reliance on UCL

5   cases, including those cited by Taco Bell here, because "[t]o hold that

6   a PAGA action could not be maintained because the individual assessments

7   regarding whether a violation had occurred would make the claim unmanageable at

8   trial would obliterate [its] purpose . . . .").  In any event, even Taco Bell's

9   authorities do not support an imposition of a manageability requirement onto

10  PAGA actions because they were decided years before PAGA was enacted in

11  2004.  Moreover, Taco Bell does not cite any authority interpreting these UCL

12  cases to create a manageability requirement in PAGA actions.  Accordingly, Taco

13  Bell's argument is wholly unsupported.

14          **D.      Even If the Court Could Consider Manageability, Especially**

15                  **Upon a Rule 12(f) Motion, the Court Can Manage the Unpaid**

16                  **Overtime Claim**

17          Plaintiffs allege and will prove at trial that Taco Bell encouraged off-the-

18  clock work, which frequently resulted in unpaid overtime.  Taco Bell claims that

19  Plaintiffs can prevail on this claim only if they show that every individual manager

20  at every Taco Bell restaurant was personally aware that the aggrieved employees

21  were working off the clock.  By requiring plaintiffs to show each individual

22  manager's knowledge of unpaid overtime work, Taco Bell holds plaintiffs to a

23  standard that no court has endorsed.  Indeed, Taco Bell does not cite any authority

24  requiring plaintiffs to make such a showing in a PAGA trial which, explained

25  above, is different from a class action trial because class and PAGA claims are

26  fundamentally dissimilar.

27          Instead, it is settled law that Plaintiffs need only show that Taco Bell, as a

28  corporate entity, was aware of off-the-clock work.  For instance, in *Williams v.*

*Superior Court*, 221 Cal. App. 4th 1353 (2013), the court held that plaintiff "need not demonstrate that every manager knew every time an employee worked off-the-clock; instead, Plaintiff can demonstrate that [the defendant] should have known that its employees were regularly working off-the-clock as a result of its policies . . . ." *Id*. at 1366 (quoting *Jimenez v. Allstate Ins. Co*., 2012 U.S. Dist. LEXIS 65328 (C.D. Cal. Apr. 18, 2012)).  Contrary to Taco Bell's unsupported assertion, no individual inquiries into specific managers' knowledge are needed.

Taco Bell also argues that the overtime claim cannot be adjudicated "with statistical or survey evidence, but only with 38,000 plus detailed inquiries . . . ." (Motion, 15:21-22.)  In fact, numerous courts endorse the use of statistical and survey evidence in PAGA and class action trials.  For example, in *Guifi Li v. A Perfect Day Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2012 U.S. Dist. LEXIS 83677, *39 (N.D. Cal. June 14, 2012), "Plaintiffs' experts, relying on data collected from surveyed class members, and using generally acceptable statistical methods, calculated the average payments due to the class for each of the class claims as well as PAGA penalties."  The Court found that "Plaintiffs have met their burden of establishing an approximate award based on reasonable inferences provided by a representative sample of the class."  *Id*.  Similarly, in *Alcantar v. Hobart Serv*, No. ED CV 11-1600 PSG (SPx), 2013 U.S. Dist. LEXIS 5443, at *8 (C.D. Cal. Jan. 14, 2013) the court rejected a manageability challenge to a PAGA claim, holding "because Plaintiff can prove damages using survey evidence, the Court sees no reason why due process concerns would outweigh Plaintiff's right to proceed with the PAGA claim."  *Id*. at *14-15.

Other courts are in accord.  *See*, *e.g*., *McLaughlin v. Seto*, 850 F.2d 586, 589 (9th Cir. 1988) (affirming damages award based upon testimony of several representative plaintiffs); *Alvarez v. IBP, Inc*., 339 F.3d 894, 900 (9th Cir. 2003) (affirming the use of approximations of unpaid compensable time to award damages in a wage and hour action); *Medlock v. Host Int'l, Inc.*, No. 1:12-cv-

1   02024-JLT, 2013 U.S. Dist. LEXIS 72740, *12 (E.D. Cal. May 21, 2013) ("the

2   blanket assertion that survey or representative evidence is not allowable in this

3   [PAGA] action, assumes too much"); *Sullivan v. Kelly Servs*., 268 F.R.D. 356, 365

4   (N.D. Cal. 2010) (plan to use statistical evidence, including surveys, in a wage and

5   hour case demonstrated manageability "common proof can be used to determine

6   Defendant's liability" and the "use [of] statistical evidence, including surveys or

7   representative testimony, or both, of class members . . . is commonly accepted by

8   courts for calculating damages in large class actions.") (citations omitted); *Brinker*,

9   53 Cal. 4th at 1053 (Werdegar J., concurring) ("Representative testimony, surveys,

10  and statistical analysis all are available as tools to render manageable

11  determinations of the extent of liability") (citations omitted); *Amaral v. Cintas*

12  *Corp. No. 2*, 163 Cal. App. 4th 1157, 1189 (2008) ("California courts have shifted

13  the burden of proof to employers when inadequate records prevent employees from

14  proving their claims for unpaid overtime hours . . . and unpaid meal and rest

15  breaks[, and] . . . permit class action plaintiffs to prove their damages for unpaid

16  overtime by the use of statistical sampling."); *Bell v. Farmers Ins. Exchange*, 115

17  Cal. App. 4th 715 (2004) (affirming the use of statistical sampling in a class action

18  trial).

19      Accordingly, the Court can manage the unpaid overtime claim, as have

20  many other courts, without undue burden.  Furthermore, the process by which this

21  claim will be tried should be addressed at the pre-trial conference, not upon a

22  Rule 12(f) motion.  There is nothing on the face of the operative complaint – and

23  no other material can be considered upon a motion to strike[6] – that definitively

24  shows the claim is unmanageable.

25

26      [6] *See, e.g.*, Schwarzer, et al, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial*,

27  at 9:403 (The Rutter Group 2014) ("the grounds for a motion to strike must appear
    on the face of the pleading under attack, or from matters which the court may

28  judicially notice. . .") (citations omitted)

1    **E.     Even If the Court Could Consider Manageability, Especially**
2    **Upon a Rule 12(f) Motion, the Court Can Manage the Untimely**
3    **Payroll Claim**

4    Taco Bell argues that the untimely payroll claim is unmanageable because

5    Plaintiffs "did not seek certification of this . . . claim." (Motion, 16:10).  Based on

6    this fact alone, Taco Bell concludes that Plaintiffs "have no evidence that [this

7    claim] is manageable or that liability can be established through common proof."

8    *Id*. at 16:10-12.  This argument is an obvious non-sequitur.  Plaintiffs weigh

9    numerous strategic considerations before choosing which claims to move to

10   certify.  That Plaintiffs elected to not seek certification of a particular claim is not

11   an acknowledgement that it is unmanageable any more than a defendant's failure

12   to move to dismiss a claim is an acknowledgement of liability.  Under these

13   circumstances, it is not surprising that Taco Bell does not cite any authority to

14   support its non-sequitur argument.

15   Taco Bell also claims Plaintiffs may not proceed with section 204 as a

16   derivative claim.  This argument has been rejected by *this Court*, in a case where

17   *Taco Bell*, *represented by the same counsel*, was the defendant.  In *Rodriguez v.*

18   *Taco Bell Corp*., No. 1:13-cv-01498-SAB, 2013 U.S. Dist. LEXIS 156588 (E.D.

19   Cal. Oct. 30, 2013), Taco Bell argued "that Plaintiff fails to state a cognizable

20   claim under California Labor Code section 204 because it is derivative of her other

21   claims for the failure to pay wages or penalties" – *i.e*., the same argument that

22   Taco Bell is making before the Court again here.  *Id*. at *18.  This Court denied

23   Taco Bell's motion to dismiss, holding that "no authority has been provided stating

24   that Section 204 should be interpreted in this manner.  Moreover, the plain text of

25   the statute is inconsistent with [Taco Bell's] contention that Section 204 is

26   satisfied if an employer pays its employees some, but not all, of the wages owed

27   on a semimonthly basis." *Id*. at *20.  The same result should follow here. *See also*

28   *Mendez v. R+L Carriers, Inc*., No. C 11-2478, 2012 U.S. Dist. LEXIS 165221,

1   *52-53 (N.D. Cal. Nov. 19, 2012) (certifying plaintiffs' section 204 claim because
2   it was "essentially derivative of their other wage-related claims and will likely rely
3   on the same sources of common proof.")

4        **F.**    **Even If the Court Could Consider Manageability, Especially**
5                    **Upon a Rule 12(f) Motion, the Court Can Manage the Claim for**
6                    **Meal Period Violations**

7          Taco Bell argues that because there is nothing "factually invalid"[7] regarding
8   its on-duty meal period policy, individual inquiries will be required to determine
9   whether the nature of the work each aggrieved employee's work permitted on-duty
10  meal periods.  The law does not support Taco Bell's argument.  Whether the nature
11  of the aggrieved employees' work required on-duty meals is an objective, not
12  subjective, inquiry.  *See*, *e.g.*, *Abdullah v. U.S. Security Assocs., Inc*., No. CV 09-
13  9554-GHK (Ex), 2011 U.S. Dist. LEXIS 156685, *11-13 (C.D. Cal. Jan. 11, 2011)
14  (rejecting argument that the "nature of the work" exception should be applied on a
15  shift-by-shift basis); *West v. Circle K Stores, Inc*., No. S-04-0438 WBS GGH,
16  2006 U.S. Dist. LEXIS 42074, *13-14 (E.D. Cal. Jun. 12, 2006) (same).  Here, the
17  aggrieved employees who took their meals on-duty performed only a handful of
18  discrete tasks.  It will be easy for the Plaintiffs to present, through Taco Bell's own
19  records or through survey evidence, which of these tasks do not fall under the on-
20  call exemption.  The persons identified through Taco Bell's records who do not
21  fall under this exemption are eligible for PAGA penalties.  Thus, far from being a
22  sprawling free-ranging inquiry into each aggrieved employee's tasks on particular
23  days, this process could be streamlined into only two or three days of testimony.

24         The underpaid meal period subclass also does not present any manageability
25  problems, and certainly none that appear on the face of the operative pleading,
26  which is the only material that the Court may consider.  Taco Bell argues that

27

28         [7] Presumably, Taco Bell means "*facially* invalid."

1    "[f]or each punch that triggered an automatic adjustment, a highly individualized

2    inquiry would be necessary to determine why the employee did not clock out for a

3    full 30 minutes." (Motion, 15:22-24).  As an initial matter, – and unaddressed in

4    the Court's prior class certification order – Plaintiffs theory of liability is that

5    every premium payment for a short or missed meal break is effectively an

6    admission by Taco Bell that it did not provide a sufficient meal period.  Otherwise,

7    there would be no reason for Taco Bell to make a premium payment in the first

8    place.  It is undisputed that the law requires Taco Bell to pay an *hour* of wages as a

9    premium for a non-compliant meal break, not 30 minutes, as Taco Bell has done.

10   Accordingly, the number of violations and the identities of the employees

11   aggrieved by the violations are easily identifiable from Taco Bell's own records.

12   Tellingly, Taco Bell fails to address this plainly manageable theory of liability in

13   its motion.

14         Moreover, Taco Bell also misstates the proper burden of proof.  To recover

15   PAGA penalties, Plaintiffs need only show that a meal break was short and that the

16   employee was not compensated for only 30 minutes, not a full hour of pay.  In

17   other words, Taco Bell's practice of not paying for a full hour for a short or missed

18   meal period is a *per se* violation of the Labor Code.  Then the burden falls on Taco

19   Bell to show that the meal break was compliant.  As Justice Werdegar explained in

20   her concurrence in *Brinker*:  "An employer's assertion that it did relieve the

21   employee of duty, but the employee waived the opportunity to have a work-free

22   break, *is not an element that a plaintiff must disprove as part of the plaintiff's case-*

23   *in-chief*. Rather, . . . the assertion is an affirmative defense, and thus *the burden is*

24   *on the employer*, as the party asserting waiver, to plead and prove it." 53 Cal. 4th

25   at 1053 (emphasis added).  Here, Taco Bell does not claim that it possesses any

26   evidence that may show that the aggrieved employees knowingly waived their

27   meal periods by clocking in early.  Without such evidence, it cannot meet its

28   burden.  Accordingly, Taco Bell's reliance on individualized evidence of waiver is

1  a red herring.  But even if Taco Bell had such evidence and intended to present it

2  at trial, then it could easily do so through surveys or other expert evidence.

3      In any event, how the parties will try the meal period PAGA claim is an

4  issue for the pretrial conference, not this Rule 12(f) motion.  There is nothing on

5  the face of the operative complaint that affirmatively demonstrates that this PAGA

6  claim is not manageable. [8]

7      **G.**    **Even If the Court Could Consider Manageability, Especially**

8          **Upon a Rule 12(f) Motion, the Court Can Manage the Rest Period**

9          **Violations Claim**

10      Taco Bell's one-paragraph attempt to show that the rest period claim is not

11  manageable is baseless.  Taco Bell relies upon the Court's prior observation that

12  some, but not all, Taco Bell employees recorded when they took their rest breaks.

13  Taco Bell uses this observation as a springboard to a conclusion that the rest break

14  PAGA claim is inherently unmanageable.[9]

15      The Court's analysis, however, did not concern the variety of ways by which

16  Plaintiffs may establish liability.   For instance, "[r]epresentative testimony,

17  surveys, and statistical analysis all are available as tools to render manageable

18  determinations of the extent of liability." *Brinker* 53 Cal. 4th at 1053 (Werdegar

19  J., concurring) (citing *Bell v. Farmers Ins. Exchange* 115 Cal. App. 4th 715, 749–

20  755 (2004) and *Dilts v. Penske Logistics, LLC*, 267 F.R.D. 625, 638 (S.D. Cal.

21  2010).  In any event, Taco Bell cannot benefit by its failure to properly enforce its

22

---

23      [8] Taco Bell's reliance on the prior order denying certification of the meal
period claims is misplaced because that order only addressed commonality, not
24  manageability, which are conceptually distinct analyses.   Regardless, the court's
analysis was confined solely to Rule 23.  As explained above, there is no support
25  for Taco Bell's attempt to impose class action requirements, including
manageability, onto PAGA actions.

26      [9] Of course, the Court's findings applied only to the class certification of the
27  rest break class, not to Plaintiffs' PAGA claims which, as explained above, does
not need to meet Rule 23.  In any event, the Court's denial of class certification on
28  this claim was made without prejudice.

1    requirement that employees record their rest breaks consistently.  "California

2    courts have shifted the burden of proof to employers when inadequate records

3    prevent employees from proving their claims for unpaid . . . rest breaks . . . ."

4    *Amaral*, 163 Cal. App. 4th at 1189 (citations omitted).  Accordingly, Taco Bell's

5    attack on the manageability of the PAGA rest break claim falls flat.

6    **H.     Even If the Court Could Consider Manageability, Especially**

7    **Upon a Rule 12(f) Motion, the Court Can Manage the Inaccurate**

8    **Wage Statement Claim**

9          Taco Bell claims that if the underlying claims are unmanageable, that

10   renders the derivative wage statement claim unmanageable.  Of course, the reverse

11   is also true.  If the Court finds any of the underlying claims to be manageable, then

12   the wage statement claim is manageable *per se*.  Specifically, if the Court finds a

13   violation of a meal period statute, then aggrieved employees' wage statements

14   were necessarily inaccurate in violation of section 203.  Accordingly, Plaintiffs are

15   entitled to receive PAGA penalties for each pay period in which a wage statement

16   violation occurred.  Calculating these penalties is essentially a ministerial task.

17   Accordingly, the wage statement claim is manageable.

18         Taco Bell also argues that the trial of the wage statement claim requires

19   individualized inquiries regarding the company's intent.  In fact, a defendant "is

20   not required to have any particular intent or other mental state in order to be liable"

21   under Section 226.  *Heritage Residential Care, Inc. v. Division of Labor Standards

22   Enforcement*, 192 Cal. App. 4th 75, 86 (2011).  Thus, in *Yadira v. Fernandez*, No.

23   C-08-05721 RMW, 2011 U.S. Dist. LEXIS 62894, *8 (N.D. Cal. Jun. 14, 2011),

24   the district court concluded that the plaintiff had made the requisite showing of the

25   defendant's "intent" by establishing "that defendant's failure to comply with §

26   226(a) was not a mistake" and that "the deficient wage statements were issued over

27   a period of several years, week-after-week, to multiple employees."  *Id*.  That is

28   precisely what Plaintiffs will establish at trial with common proof.  Further, Taco

1    Bell's argument is a red herring.  Taco Bell does not proffer – nor is there – any

2    evidence that the company engaged in individual-by-individual deliberation as to

3    what information would be included on the wage statement.  Indeed, that would be

4    absurd in the context of a more than 38,000 person class.

5        Nor does the Court make individual inquiries into whether every class

6    member was injured by the incorrect wage statements.  A plaintiff does not need to

7    prove a Section 226(e) "injury" of every aggrieved employee to recover PAGA

8    penalties.  To recover PAGA penalties, the plaintiff must simply be (1) an

9    aggrieved employee herself and (2) an authorized Labor Code private attorney

10   general.  Cal. Lab. Code §§ 2699(c), 2699.3(a).  Plaintiff Hardiman is both.[10]

11   Accordingly, she can seek penalties on behalf of her fellow Taco Bell employees

12   without proving that they were individually injured.

13       Indeed, the PAGA statute itself shows no legislative intent to require proof

14   of every employee's injury.  To recover PAGA penalties, the Labor Code

15   provision at issue must be listed in Labor Code section 2699.5.  Section 2699.5

16   refers to Section 226 *subdivision (a)*, which lists the information required to be

17   included on a wage statement—subdivision (e), which addresses injury, is not

18   specified.  Because only subdivision (a) of Section 226 is specified as a basis for a

19   PAGA claim, subdivision (e) of Section 226 need not be satisfied to recover

20   PAGA penalties.  *McKenzie v. Fed. Express Corp.*, 765 F. Supp. 2d 1222, 1230-31

21   (C.D. Cal. 2011) ("proving a violation of subsection (a) of Section 226 is sufficient

22   by itself to warrant civil penalties under PAGA.").  PAGA "does not contain any

23  ───────────────

24   [10] Notably, Section 226(e)'s  injury requirement is exceedingly modest.  *See, e.g.*, *McKenzie v. Fed. Express Corp.*, 275 F.R.D. 290, 299-300 (C.D. Cal. 2011)
25   (finding a proposed class could prove class-wide injury because FedEx's failure to include the pay period begin date resulted in incomplete wage statements that
26   required FedEx employees to engage in discovery and refer to sources beyond the wage statement to verify whether their pay is correct); *Jaimez v. Daiohs USA, Inc.*,
27   181 Cal. App. 4th 1286, 1306 (2010) ("Where there must be some injury in order to recover damages [for violations of Section 226(a)], a very modest showing will
28   suffice.").

1    language indicating that injury within the meaning of Labor Code § 226(e) must be

2    shown" to confer standing.  *Id.* at 1231-32; *see also Pelton v. Panda Rest. Group,*

3    *Inc.*, 2011 U.S. Dist. LEXIS 52486, *15-*17 (C.D. Cal. May 3, 2011) (certifying

4    the plaintiff's PAGA class claim based on a violation of Section 226(a) and stating

5    that a violation of Section 226(a) is a proper predicate violation on which to base

6    her putative PAGA claim).

7         In any event, there is nothing on the face of the operative complaint – *which*

8    *is the only material that the Court may consider upon a motion to strike* – that

9    shows Hardiman is not an aggrieved employee and authorized Labor Code private

10   attorney general.

11   **I.     Even If the Court Could Consider Manageability, Especially**

12   **Upon a Rule 12(f) Motion, the Court Can Manage the**

13   **Unreimbursed Business Expenses Claim**

14        Taco Bell cites *Grissom v. Vons*, 1 Cal. App. 4th 52, 58 (1991) to argue that

15   whether the unreimbursed business expense was necessary requires individual

16   inquiries.  *Grissom* is easily distinguishable because it was not a class action

17   challenging a company-wide policy; instead, it involved reimbursement of legal

18   fees incurred by the employee due to a personal injury accident.  Here, Plaintiffs

19   will show that Taco Bell had a policy that applied to all aggrieved employees of

20   not reimbursing mileage.  The frequency of the violations – and, thus, the penalties

21   due – can be established via survey testimony (*i.e.*, how often employees had to

22   drive to the bank and the average distance).

23        Taco Bell also argues that individualized inquiries are required "whether the

24   employee actually sought reimbursement from Taco Bell for the expenses and

25   whether Taco Bell reimbursed the employee for the expense."  Motion, 19:23-24.

26   But these basic facts are easily available in Taco Bell's own records.  To the extent

27   that Taco Bell contests the unreimbursed expense PAGA claim, the evidence that

28   purportedly rebuts it is in Taco Bell's possession.  *How* Taco Bell presents this

1   evidence is a matter for the pre-trial conference, not a pleadings-oriented motion to

2   strike. [11]

3   **J.      Even If the Court Could Consider Manageability, Especially**

4   **        Upon a Rule 12(f) Motion, the Court Can Manage the Failure to**

5   **        Pay Final Pay on Time**

6   Taco Bell argues that the Court has already held that the final pay subclass is

7   not manageable. The Court's earlier ruling was based exclusively on the

8   declaration of Plaintiffs' proffered expert, Dr. Philip Gorman, a statistician and

9   economist. The Court criticized this declaration for lacking sufficient detail and

10  not explaining how his statistical model would be applied to calculate the final pay

11  claims.  Dkt. 267 at 24:12-15 ("The only claims Gorman even considers are the

12  rest and meal break claims. . .").  Taco Bell does not and cannot explain how a

13  declaration concerning a survey to establish the rest and meal break claims can

14  affect the manageability of the final pay claim.

15  Further, the Court did not hold that the final pay claim is inherently

16  unmanageable or that its finding regarding manageability was with prejudice.

17  Accordingly, Plaintiffs can and will present their trial plan for the final pay PAGA

18  claim at the pre-trial conference.  It is premature to address the trial plan issue at

19  this juncture, nor can the Court even consider it upon a Rule 12(f) motion that is

20  focused exclusively on the pleadings.  Of course, nothing on the face of the

21  operative complaint affirmatively shows that the final pay claim is unmanageable,

22  especially considering that "the Court must view the pleadings in a light most

23  favorable to the [Plaintiffs]."  *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d

24  955, 965 (C.D. Cal. 2000).

25  Taco Bell also asserts that the claim is unmanageable because Hardiman is

26

27  _____

    [11] Taco Bell also claims that Hardiman failed to exhaust her administrative
28  remedies. The argument fails for the reasons set forth in the concurrently filed
    opposition to Taco Bell's motion for judgment on the pleadings.

1   not a member of the final pay subclass.  Hardiman's standing, however, has

2   nothing to do with whether the final pay subclass is *manageable*.  In any event,

3   Plaintiffs also assert the section 203 cause of action as a derivative claim.  All

4   aggrieved employees, *including Hardiman*, were not paid all wages owed at

5   termination because Taco Bell, among other Labor Code violations, were not paid

6   for missed or late meal breaks.  Taco Bell is not challenging the manageability of

7   the meal break PAGA claim.  Accordingly, the derivative section 203 PAGA claim

8   is necessarily manageable.

9        Finally, managing the derivative claim requires only ministerial calculations,

10  *i.e.*, an aggrieved former employee's hourly rate multiplied by the average length

11  shift times thirty days.  Therefore, it is not clear from the face of the operating

12  complaint that the section 203 claim is unmanageable; if anything, the opposite is

13  true.

14       **K.    Defendant's Due Process Argument Is Baseless**

15       Finally, Taco Bell makes a last-ditch argument that a trial of PAGA claims

16  would deprive it of due process.  Not surprisingly, Taco Bell does not offer any

17  on-point authority in support of its argument.  Indeed, this argument has been

18  repeatedly considered and rejected.  *See*, *e.g.*, *Molina v. Dollar Tree Stores, Inc*.,

19  No. CV 12-01428-BRO (FFMx), 2013 U.S. Dist. LEXIS 138642 (C.D. Cal. Aug.

20  9, 2013) ("According to the California Supreme Court and several Central District

21  courts, PAGA does not implicate due process rights. . . . [Defendant] will have an

22  opportunity to cross-examine all of Plaintiffs' trial witnesses. . . . Defendant's due

23  process claim is an inadequate basis to strike the PAGA cause of action.")

24  (citations omitted); *Echavez v. Abercrombie & Fitch Co*, No. CV 11-9754 GAF

25  (PJWx), 2013 U.S. Dist. LEXIS 184971, *28-29 (C.D. Cal. Aug. 13, 2013)

26  (rejecting motion to strike PAGA allegations based on due process concerns);

27  *Alcantar v. Hobart Serv*., 2013 U.S. Dist. LEXIS 5443, at *8 (C.D. Cal. Jan. 14,

28  2013) ("the Court disagrees with Defendants and finds that permitting the PAGA

1    claims to go forward does not circumvent the bounds of due process.").

2        Taco Bell's invocation of *Dukes v. Walmart*, 131 S. Ct. 2541 (2011), is

3    misplaced.  As an initial matter, under Taco Bell's view of due process, no class

4    action could go forward because the defendant would have an unfettered

5    constitutional right to cross-examine each of the thousands of class members.

6    Decades of class action jurisprudence show otherwise.  Indeed, a sister court

7    recently rejected an identical argument:

> Defendants cite *Dukes* for the proposition that it would be
> inappropriate to permit Plaintiff to prove PAGA damages
> using representative testimony and statistics because the
> Supreme Court "disapprove[d] [of] that novel project."
> However, *Dukes* was notably different from this case.
> . . [In *Dukes*, the] Court recognized that Wal-Mart was
> entitled to individualized determinations of each
> employee's eligibility for backpay because of the detailed
> remedial scheme of Title VII . . . . The Court went on to
> explain that in the context of discrimination cases, the
> Court has developed a procedure for trying pattern-or-
> practice cases that gives effect to these statutory
> requirements.
>
> Here, the statutory requirements are not at issue. . . .
> Rather, Plaintiff has pleaded that Defendants failed to pay
> meal and rest periods in violation of the California Labor
> Code. Because of this distinction, and because the statute
> at issue in *Dukes* is not present here, the Court sees no
> reason why survey evidence could not be used to
> determine penalties. . . . [T]he Court sees no reason why
> *due process concerns would outweigh Plaintiff's right to
> proceed with the PAGA claim.*

20   *Alcantar*, 2013 U.S. Dist. LEXIS 5443, at *12-15 (citations omitted; emphasis

21   added).  The same result should follow here.

22   ///

23   ///

24   ///

III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court to deny Taco Bell's motion to strike in its entirety.


Dated:  May 7, 2014                    Respectfully submitted,

                                       Capstone Law APC


                               By: _____
                                       Matthew T. Theriault
                                       Stan Karas
                                       Robert Friedl
                                       Katherine Kehr
                                       Jonathan Lee

                                       Counsel for the Class

OPPOSITION TO MOTION TO STRIKE PURSUANT TO RULE 12(F)