# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRIKA MEDLOCK, et al., | Case No.  1:07-cv-01314-SAB |
| Plaintiffs, | ORDER GRANTING MOTIONS TO COMPEL |
| v. | ECF NO. 395, 396, 397 |
| TACO BELL CORP., et al., | |
| Defendants. | |

On April 22, 2014, Defendants Taco Bell Corp. and Taco Bell of America, Inc. ("Defendants") filed three motions to compel the depositions of Plaintiffs Lisa Hardiman, Sandrika Medlock and Miriam Leyva. (ECF Nos. 395, 396, 397.)

The hearing on Defendants' motion took place on May 21, 2014.  Matthew Theriault appeared in person on behalf of Plaintiffs.  Tracy Kennedy and Morgan Forsey appeared in person on behalf of Defendants.  Jerusalem F. Beligan (Plaintiffs), Monica Balderrama (Plaintiffs), Patrick Clifford (Plaintiffs) and Nora K. Stiles (Defendants) also appeared via telephone.  For the reasons set forth below, the Court will grant the motions to compel.

**I.**

**BACKGROUND**

In these consolidated actions, Plaintiffs assert class claims against Defendants arising from the alleged violations of California's Labor Code relating to the payment of minimum

1

wages and overtime and the provision of meal and rest breaks.  The operative complaint is the First Amended Consolidated Complaint filed on May 17, 2011.  (ECF No. 230.)

Discovery in this matter was bifurcated to permit the parties to initially conduct discovery limited to class certification issues and then, after a class had been certified, to conduct discovery regarding the merits of Plaintiffs' claims.  (See Scheduling Conference Order, Jul. 2, 2008.) Class certification discovery was scheduled to end on June 24, 2010.  (Scheduling Conference Order 20:9-10, Jun. 29, 2009.)

The class certification phase continued until January 2, 2013, when the Court certified the following class:

> Meal Break Subclass:
> All persons who work or worked as a non-exempt, hourly-paid employee at a corporate-owned Taco Bell restaurant in California from September 7, 2003, until the resolution of this lawsuit who worked for a period of time in excess of six hours and who worked for periods longer than five hours without a meal period of not less than thirty minutes as reflected in Defendants' employees' time records.

(Order to Adopt Findings and Recommendations on Class Certification, 1:18-21, Jan. 2, 2013.)

The parties then engaged in protracted litigation regarding the technicalities regarding the delivery of notice to the class.  On December 9, 2013, the parties submitted a stipulation regarding the content of the class notice, which the Court approved on December 10, 2013. (ECF Nos. 387, 389.)

On January 9, 2014 a scheduling conference was held and the merits discovery phrase commenced thereafter.  (ECF Nos. 391, 392.)  Since then, the parties sought and obtained several continuances of further scheduling conferences in order to mediate their claims.

On January 16, 2014, Defendants noticed the depositions of Sandrika Medlock and Lisa Hardiman.  On February 11, 2014, Plaintiffs served objections to the depositions, on the grounds that depositions of these individuals had already been taken, additional depositions would be cumulative, burdensome and harassing, and the depositions were not scheduled for a convenient time or place for Plaintiffs.  The parties have since met and conferred regarding their disputes over the depositions.

# II.

# DISCUSSION

### A.    Motion to Compel Deposition of Miriam Leyva

As an initial matter, the Court notes that Defendants filed a motion to compel the deposition of Plaintiff Miriam Leyva. However, there has been no joint statement filed regarding the motion to compel the deposition of Miriam Leyva. The parties informed the Court via e-mail that they wish to take the motion to compel Ms. Leyva's deposition off the Court's calendar. Accordingly, the motion will be denied as moot.

### B.    Motion to Compel Depositions of Sandrika Medlock and Lisa Hardiman

The parties dispute whether an additional deposition of Sandrika Medlock or Lisa Hardiman is appropriate. Under Federal Rule of Civil Procedure 30(a):

> **(a)    When a Deposition May Be Taken:**
> ...
> **(2)    *With Leave.*** A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):
> **(A)**    if the parties have not stipulated to the deposition and:
> ...
> **(ii)**    the deponent has already been deposed in the case; ...

Further, Federal Rule of Civil Procedure 30(d) limits the duration of any deposition:

> **(d)    Duration; Sanction; Motion to Terminate or Limit.**
> **(1)    *Duration.*** Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

Rule 26(b)(2) states:

> **(b)    Discovery Scope and Limits.**
> **(2)    *Limitations on Frequency and Extent.***
> **(A)**    *When Permitted.* By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.
> ...
> **(C)**    *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> **(i)**    the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

3

    **(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
    **(iii)** the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Sandrika Medlock was previously deposed on April 2, 2008 for six hours and 41 minutes. Lisa Hardiman was previously deposed on two occasions, first on June 3, 2008 then again on April 13, 2010 for a cumulative total of time of approximately six hours and 35 minutes. Defendants were willing to limit the duration of the requested depositions to three hours.

Pursuant to Rule 30(a)(2), Defendants must seek leave of Court to conduct these depositions in the absence of Plaintiffs' consent.

Defendants seek to conduct more than one deposition of Sandrika Medlock and Lisa Hardiman because discovery was bifurcated in this action and the first deposition would have been limited to issues pertaining to class certification. Plaintiffs oppose the request on the ground that Plaintiffs allowed the first deposition to cover topics pertaining to the merits of Plaintiffs' claims and not just topics related to class certification. During the first depositions, Plaintiffs objected once regarding the scope of the deposition going too far into merits issues, but allowed the witness to answer when Defendants contended that the inquiry was relevant to certification issues regarding adequacy and typicality.

The Court is inclined to grant more than one deposition of the same witness in light of the bifurcation of discovery. First, the Court acknowledges that there is no clear-cut division between discovery which relates to class certification and discovery which relates to the merits of Plaintiffs' claims. There is substantial overlap between the two issues, which both parties agree, as class certification involves questions of commonality, typicality and adequacy of representation, Federal Rule of Civil Procedure 23(a); <u>Hanlon v. Chrysler Corp.</u>, 150 F.3d 1011, 1019 (9th Cir. 1998), and those issues in turn resolved by looking at facts which also relate to the underlying merits of Plaintiffs' claims. For example, commonality must be determined by analyzing whether there are questions of fact and law which are common to the class. <u>Hanlon</u>, 150 F.3d at 1019. Discovery on this issue would necessarily involve investigation of the facts of

the case, which would also be considered "merits" discovery. Discovery on the issue of typicality requires investigation of whether the claims and defenses of the representative parties are typical of the claims and defenses of the class, Hanlon, 150 F.3d at 1020, which, again, would involve substantial overlap with so-called "merits" discovery.

Plaintiffs also argue that they permitted Defendants to delve into merits issues during the prior depositions. However, there is no suggestion that this allowance was ever explicitly conveyed to Defendants. Therefore, it is unclear whether Defendants were aware that they could inquire into any and all issues during the prior depositions. Given the substantial overlap between class certification discovery and merits discovery, it may be that Defendants only inquired into merits issues that could arguably be linked to class certification issues while reserving inquiries regarding merits issues that had no arguable relevance to class certification for a later deposition. Thus, the fact that Plaintiffs now say in hindsight that they would have allowed Defendants to ask merits-based questions at the prior deposition is no help to Defendants now if they were unaware that they had this permission.

Defendants also contend that additional depositions are warranted because, at the time the prior depositions were taken, Plaintiffs had not yet asserted a claim based upon Plaintiffs' "late" meal break theory. Plaintiffs dispute Defendants' contention that they were not aware of the "late" meal break theory. In light of the Court's analysis above, whether Defendants were aware of the meal break theory is immaterial. Defendants have demonstrated good cause to permit multiple depositions in light of the fact the discovery was bifurcated and Defendants reasonably anticipated that they would be able to conduct depositions of the same person during the class certification discovery phase as well as the merits discovery phase.

Defendants must also demonstrate good cause to depose the same person for more than seven hours. The fact that the proceedings were bifurcated does not in itself justify an extension of the total cumulative time that a single person should be deposed. In other words, while Defendants have demonstrated good cause to conduct multiple, if Defendants seek to depose each witness longer than seven hours, Defendants must demonstrate good cause to do so.

The party seeking an extension of time beyond seven hours bears the burden of

demonstrating good cause to justify such an extension.  See Thomas-Young v. Sutter Central Valley Hospitals, No. 1:12-cv-01410-AWI-SKO, 2013 WL 3054167, at *2 (E.D. Cal. Jun. 17, 2013); see also Fed. R. Civ. P. 30 advisory committee's note ("The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order.").  "Considerations relevant to granting an extension include events occurring over a long period of time, the need fully to explore the theories upon which the witness relies, or, in multi-party cases, the need for each party to examine the witness with the understanding that duplicative questioning is to be avoided."  Id. (internal quotations and citations omitted).

Defendants justify the need for extra time by citing the extensive number of time records at issue in this case.  For example, the witnesses would potentially be asked questions regarding a large number of workdays where the time records may indicate that they were not given breaks, paid overtime, etc.  Accordingly, the Court will grant Defendants leave to conduct an additional 2.5 hours of deposition for each witness beyond the seven hour limit.

### III.
### CONCLUSION AND ORDER

Based upon the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to compel the deposition of Miriam Leyva is DENIED as moot (ECF No. 397);

2. Defendants' motions to compel the depositions of Lisa Hardiman and Sandrika Medlock are GRANTED (ECF Nos. 395, 396).  Defendants are granted leave to conduct additional depositions of Lisa Hardiman and Sandrika Medlock for an additional 2.5 hours beyond the seven hours as to each.

IT IS SO ORDERED.

Dated:   **May 22, 2014**

UNITED STATES MAGISTRATE JUDGE