# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRIKA MEDLOCK, et al., | Case No. 1:07-cv-01314-SAB |
| Plaintiffs, | ORDER DENYING DEFENDANTS' MOTION TO STRIKE |
| v. | ECF NO.398 |
| TACO BELL CORP., et al., | |
| Defendants. | |

On April 22, 2014, Defendants Taco Bell Corp. and Taco Bell of America, Inc. ("Defendants") filed a motion to strike the PAGA allegations in Plaintiffs' complaint. (ECF No. 398.)

The hearing on Defendants' motion took place on May 21, 2014. Matthew Theriault appeared in person on behalf of Plaintiffs. Tracy Kennedy and Morgan Forsey appeared in person on behalf of Defendants. Jerusalem F. Beligan (Plaintiffs), Monica Balderrama (Plaintiffs), Patrick Clifford (Plaintiffs) and Nora K. Stiles (Defendants) also appeared via telephone. For the reasons set forth below, the Court denies Defendants' motion to strike but sets a briefing schedule to determine which claims are given class treatment and which shall proceed on an individual basis.

/ / /

/ / /

1

# I.

# BACKGROUND

In these consolidated actions, Plaintiffs assert class claims against Defendants arising from the alleged violations of California's Labor Code relating to the payment of minimum wages and overtime and the provision of meal and rest breaks. The operative complaint is the First Amended Consolidated Complaint filed on May 17, 2011. (ECF No. 230.) One of the claims asserted in this action is under PAGA, which authorizes "aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations..." Arias v. Superior Court, 46 Cal. 4th 969, 980 (2009).

Defendants now request the Court to strike Plaintiffs' PAGA claims pursuant to Fed. R. Civ. P. 12(f) on the grounds that a PAGA class action would be unmanageable.

# II.

# LEGAL STANDARDS FOR MOTIONS TO STRIKE

Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which states:

> **(f)** **Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> **(1)** on its own; or
> **(2)** on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

At the hearing, the Defendants articulated that their request fell under the "immaterial" portion of the rule.

"'Motions to strike are disfavored an[d] infrequently granted. A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" Contreras, ex rel. Contreras v. County of Glenn, 725 F. Supp. 2d 1157, 1159 (E.D. Cal. 2010) (quoting Bassett v. Ruggles, No. CV-F-09-528 OWW/SMS, 2009 WL 2982895 at *24 (E.D. Cal. Sept. 14, 2009)). "Courts will not grant motions to strike unless 'convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense

succeed.'" Novick v. UNUM Life Ins. Co. of America, 570 F. Supp. 2d 1207, 1208 (C.D. Cal. 2008) (quoting RDF Media Ltd. v. Fox Broad. Co., 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005). "When ruling on a motion to strike, this Court 'must view the pleading under attack in the light most favorable to the pleader." Id. (citing RDF Media Ltd., 372 F. Supp. 2d at 561).

"A Rule 12(f) motion is not a proper method to procure dismissal of all or part of a complaint or counterclaim." Oracle Corp. v. DrugLogic, Inc., 807 F. Supp. 2d 885, 896 (N.D. Cal. 2011) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2004)).

### III.

### DISCUSSION

**A.   Defendants' Motion to Strike is Untimely and Improper**

As an initial matter, the Court notes that Defendants' motion to strike is both untimely as well as improper in that it effectively seeks dismissal of Plaintiffs' PAGA claims. The motion to strike is untimely because Rule 12(f) requires such a motion to be filed before responding to the pleading. Defendants have already responded to the pleading and therefore any motion to strike is untimely.

Defendants' motion to strike is also improper in that it aims to procure dismissal of Plaintiffs' PAGA claims. At the hearing, Defendants' counsel conceded that the aim of their motion to strike was to procure dismissal of Plaintiffs' PAGA claims. However, motions to strike are generally not the proper method to procure dismissal of an entire claim. See Oracle Corp. v. DrugLogic, Inc., 807 F. Supp. 2d 885, 896 (N.D. Cal. 2011) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2004)). Motions to strike are limited to striking matters which have no possible bearing on the subject matter of the litigation. Contreras, ex rel. Contreras v. County of Glenn, 725 F. Supp. 2d 1157, 1159 (E.D. Cal. 2010) (quoting Bassett v. Ruggles, No. CV-F-09-528 OWW/SMS, 2009 WL 2982895 at *24 (E.D. Cal. Sept. 14, 2009)).

Defendants argue that Plaintiffs' PAGA allegations are immaterial, but the Court finds that these allegations are not "immaterial" within the meaning of Rule 12(f). Plaintiffs' PAGA

1 allegations are not matters which have no possible bearing on the subject matter of litigation. To
2 the extent that Defendants' arguments challenge the merits of Plaintiffs' PAGA claims, those
3 arguments may be amenable to a motion to dismiss or a motion for summary judgment but are
4 not appropriately adjudicated on a motion to strike. Accordingly, the Court denies Defendants'
5 motion to strike.

### B. Class Certification Issues

Although the Court will deny Defendants' motion to strike, the parties' arguments raise issues regarding the current status of this action which the Court is compelled to address because it appears that the parties misunderstand the implication of the Court's order on class certification and the issues that remain in this action. The Court will now clarify the issues with the intention of bringing this case towards a resolution.

The Court notes that the operative complaint in this action is the First Amended Consolidated Complaint filed by Plaintiffs on May 17, 2011. (ECF No. 230.) The complaint raised eleven causes of action for unpaid overtime, unpaid minimum wages, unpaid wages, missed meal periods, missed rest periods, improper wage statements, unreimbursed business expenses, vested accrued vacation time, non-payment of wages upon termination, unfair competition and wrongful termination.

While the operative complaint raised eleven claims, the claims which receive class treatment are defined by the order on class certification. Federal Rule of Civil Procedure 23(c)(1)(B) states that the order that certifies a class action "define[s] the class and the class claims, issues, or defenses..." Further, Federal Rule of Civil Procedure 23(c)(4) permits an action to be brought or maintained as a class action with respect to particular issues. "In such cases, once the certified common issues have been decided, the litigation proceeds on an individual basis with respect to the remaining issues." William W. Schwarzer, et al., Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions Ch. 10:611 (2014).

Plaintiffs filed their first motion to certify a class on December 30, 2010. (ECF No. 185.) This motion sought to certify the following eight subclasses: 1) the Late Meal Break Subclass, 2)

the Underpaid Automatic Adjustments Subclass, 3) the On-Duty Meal Period Agreement Subclass, 4) the Unpaid On-Duty Meal Period Subclass, 5) the Rest Break Subclass, 6) the Final Pay Subclass, 7) the Vested Accrued Vacation Wages Subclass, and 8) the Non-Management Employee Vacation Subclass.

The motion to certify the final pay and vacation pay subclasses was denied without prejudice on September 30, 2011.  (ECF No. 269.)  After additional briefing regarding the certification of the remaining subclasses, United States Magistrate Judge Dennis L. Beck issued a Findings and Recommendations on November 27, 2012 recommending that class certification be granted as to the Meal Break Subclass, but denying certification for all other subclasses. (ECF No. 341.)  The Findings and Recommendations were adopted on January 2, 2013, thereby certifying the following subclass:

> Meal Break Subclass[1]
> All persons who work or worked as a non-exempt, hourly-paid employee at a corporate-owned Taco Bell restaurant in California from September 7, 2003, until the resolution of this lawsuit who worked for a period of time in excess of six hours and who worked for periods longer than five hours without a meal period of not less than thirty minutes as reflected in Defendants' employees' time records.

(Order to Adopt Findings and Recommendations on Class Certification 1:18-21.)

The arguments raised by Defendants in their motion to strike appear to be premised on the assumption that the Meal Break Class was certified with respect to all of the claims and issues raised in the complaint.  Admittedly, the order on class certification defined the class but did not appear to define the class claims, issues and defenses, as required by Rule 23(c)(1)(B). Thus, there is apparent confusion regarding whether all the claims in the complaint should receive class treatment, or whether only some claims are appropriate for class treatment and the remaining claims should proceed on an individual basis only on behalf of the named plaintiffs.

Since the Meal Break Class was the only class to be certified, it appears that some claims in the complaint are not amenable to class treatment.  For example, it does not appear that claims

---

[1] At this point in litigation, it would be a misnomer to refer to the Meal Break class as a "subclass." The Meal Break class is the only class to be certified and therefore is not a "subclass" to any larger, defined class.

1 for missed rest breaks would be amenable to class treatment in light of the defined class because
2 the issue of missed rest breaks is distinct and unrelated to the class definition, which is based
3 upon late meal breaks.  Moreover, in the order denying certification with respect to the rest break
4 subclass, the Court determined that such claims are not amenable to class treatment because it
5 required individualized inquiry into the circumstances of each employees' rest breaks.

6      Further, although <u>some</u> PAGA claims may be amenable to class action treatment, others
7 would not be in light of the certified Meal Break Class.  For example, PAGA claims based upon
8 late meal breaks "fit" within the scope of the Meal Break Class whereas PAGA claims based
9 upon missed rest breaks would not.  Accordingly, it may be appropriate to adjudicate some of the
10 PAGA claims on a class basis while adjudicating others on an individual basis.

11      Due to the confusion regarding which claims remain amenable to class treatment in light
12 of the certified class, the Court will order a briefing schedule on the issue.  First, the Court will
13 order Plaintiffs to file a Second Amended Consolidated Complaint which sets forth all of the
14 claims Plaintiffs assert in this action and identifies which claims are asserted on a class basis on
15 behalf of the certified Meal Break Class and which claims are asserted on an individual basis on
16 behalf of the named plaintiffs.  The Second Amended Consolidated Complaint should also
17 specify which PAGA claims are asserted on a class basis and which PAGA claims are asserted
18 on an individual basis.

19      After the Second Amended Consolidated Complaint is filed and to the extent that
20 Defendants contend that certain claims are not amenable to class treatment, Defendants shall file
21 a motion to alter or amend the order on class certification pursuant to Federal Rule of Civil
22 Procedure 23(c)(1)(C).  Defendants' motion should demonstrate why the certification order
23 should be altered or amended such that only certain claims or issues are given class treatment.
24 The motion shall be regularly noticed and set for a hearing date, with opposition and reply briefs
25 due in accordance with the Local Rules.  The Court will then consider whether the certification
26 order should be amended to specify which claims are given class treatment and which should be
27 adjudicated on an individual basis.
28 / / /

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court denies Defendants' motion to strike as untimely and improper.  However, the Court will set a briefing schedule for the purpose of determining which claims are appropriate for class treatment.

Accordingly, it is HEREBY ORDERD that:

1. On or before June 11, 2014, Plaintiffs shall file a Second Amended Consolidated Complaint which identifies which claims Plaintiffs are asserting on a class basis and which claims are asserted on an individual basis;

2. To the extent that Defendants contend that certain claims in the Second Amended Consolidated Complaint are not amenable to class treatment, within thirty (30) days after the Second Amended Consolidated Complaint is filed, Defendants shall file a motion to alter or amend the order on class certification to limit the number of claims and issues which are given class treatment.

IT IS SO ORDERED.

Dated: **May 22, 2014**

UNITED STATES MAGISTRATE JUDGE