# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRIKA MEDLOCK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TACO BELL CORP., et al., <br><br> Defendants. | Case No. 1:07-cv-01314-SAB <br><br> ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT <br><br> ECF NO. 401 |

On April 22, 2014, Defendants Taco Bell Corp. and Taco Bell of America, Inc. ("Defendants") filed a motion for judgment on the pleadings or, in the alternative, for summary judgment with respect to Plaintiffs' claims under California's Private Attorneys General Act ("PAGA").

The hearing on Defendants' motion took place on May 21, 2014. Matthew Theriault appeared in person on behalf of Plaintiffs. Tracy Kennedy and Morgan Forsey appeared in person on behalf of Defendants. Jerusalem F. Beligan (Plaintiffs), Monica Balderrama (Plaintiffs), Patrick Clifford (Plaintiffs) and Nora K. Stiles (Defendants) also appeared via telephone. For the reasons set forth below, the Court denies Defendants' motion.

/ / /

/ / /

/ / /

1

# I.
# BACKGROUND

In these consolidated actions, Plaintiffs assert class claims against Defendants arising from the alleged violations of California's Labor Code relating to the payment of minimum wages and overtime and the provision of meal and rest breaks. The operative complaint is the First Amended Consolidated Complaint filed on May 17, 2011. (ECF No. 230.) One of the claims asserted in this action is under PAGA, which authorizes "aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations..." Arias v. Superior Court, 46 Cal. 4th 969, 980 (2009).

Defendants now seek judgment on the pleadings or, in the alternative, summary judgment, with respect to Plaintiffs' PAGA claims on the ground that Plaintiffs failed to exhaust their administrative remedies prior to filing suit.

# II.
# LEGAL STANDARDS

Federal Rule of Civil Procedure 12(c) states:

> (c) Motion for Judgment on the Pleadings. After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings.

When ruling on a motion for judgment on the pleadings, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false. Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989) (citing Doleman v. Meiji Mutual Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984)). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Id. (citing Doleman, 727 F.2d at 1482). "However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." Id. (citing Fed. R. Civ. P. 12(c)).

///

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56. Under Federal Rule of Civil Procedure 56, "[a] party may move for summary judgment ... if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case..." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id.

## III.

## DISCUSSION

Defendants contend that the issue of exhaustion may be raised on a motion for judgment on the pleadings because Plaintiffs' administrative claim may be considered on such a motion because it is a document which the complaint necessarily relies upon. In the alternative, Defendants contend that their motion should be construed as a motion for summary judgment. For the reasons set forth below, the Court need not resolve this threshold issue because, regardless of whether Defendants' argument is presented on a motion for judgment on the pleadings or on a motion for summary judgment, Defendants are not entitled to judgment.

### A. Failure to Exhaust

Defendants contend that Plaintiffs' PAGA claims fail because Plaintiffs' failed to properly exhaust their administrative remedies associated with their PAGA claims. PAGA's exhaustion requirement is set forth in California Labor Code § 2699.3, which states:

> (a) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met:
> (1) The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

3

Defendants concede that Plaintiffs sent a written notice but contends that the written notice was insufficient because it did no state sufficient facts to provide adequate notice of a PAGA violation. Defendants cite several cases where PAGA suits were dismissed because the administrative claim materials sent to the Labor and Workforce Development Agency ("LWDA") were deemed insufficient to satisfy Section 2699.3's exhaustion requirement.

In Archila v. KFC U.S. Properties, Inc., 420 Fed Appx. 667, 669 (9th Cir. 2011), the Ninth Circuit determined that claim materials were insufficient because "[t]he demand letter merely lists several California Labor Code provisions Archila alleges KFC violated and requests that KFC conduct an investigation." Further, "none of the materials Archila submitted to KFC or the LWDA contain[ed] 'facts and theories' to support his allegations." Id.

While the Ninth Circuit's language in Archila appears to be limited in application to circumstances where the letter to the LWDA contain absolutely no facts and theories, other courts have extended Archila's reach to claim letters which only allege facts that amount to recitation of the elements of a statutory violation. In Ovieda v. Sodexo Operations, LLC, NO CV 12-1750-GJK (SSx), 2013 WL 3887873, at *3-4 (C.D. Cal. Jul. 3, 2013), the notice to the LWDA was deemed insufficient because it "merely recite[d] the statutory requirements Defendants allegedly violated" with "no facts specific to Ovieda's principal meal and rest break claim and unpaid wages claim and no information about what Defendants' allegedly illegal policy and practices are." Id.; see also Green v. Bank of America, Nat. Ass'n, No. 11-cv-04571-R-AGR, 2013 WL 4614122, at *2 (C.D. Cal. May 30, 2013) ("Plaintiffs' letters to the [LWDA] are conclusory: They merely recite the elements of the Wage Order provision at issue and fail to state ... even the most basic facts upon which plaintiffs' claims rely."); Alcantar v. Hobart Service, No. ED CV 11-1600 PSG (SPx), 2013 WL 228501, at *2-4 (C.D. Cal. Jan. 22, 2013) (LWDA letter "vaguely list[ed] ways in which the California Labor Code provisions were violated and fail[ed] to allege specific facts..."); Soto v. Castlerock Farming and Transport, Inc., No. CIV-F-09-0701 AWI JLT, 2012 WL 1292519 at *8 (E.D. Cal. Apr. 16, 2012) ("...the Ninth Circuit requires an exceedingly detailed level of specificity for Section 2699.3(a)(1) to be satisfied...")

Plaintiffs cite a number of cases where the exhaustion requirement is satisfied by a letter to the LWDA without an "exceedingly detailed level of specificity." See Gonzalez v. Millard Mall Services, Inc., No. 09CV2076-AJB(WVG), 2012 WL 3629056, at *5-6 (S.D. Cal. Aug. 21, 2012) ("...the Court disagrees with the Soto[] court's interpretation of the Ninth Circuit notice requirement that the notice must have an 'exceedingly detailed level of specificity.'"); Cardenas v. McLane FoodServices, Inc., 796 F. Supp. 2d 1246, 1259-61 (C.D. Cal. 2011) (plaintiffs need not include "every potential fact or every future theory" in letter to LWDA to exhaust); Lessard v. Trinity Protection Services, Inc., No. 2:10-cv-01262, 2010 WL 3069265, at *3 (E.D. Cal. Aug. 3, 2010 ("Defendant's reading of the notice provision of § 2699.3(a), however, stretches both the language and intent of the statute.").

The letter sent by Plaintiff Lisa Hardiman to the LWDA is subdivided into separate paragraphs for each group of statutory violations. For example, the letter provides the following factual allegations with respect to unpaid overtime:

> **Violation of California Labor Code §§ 51, 1194, and 1198**
> ... Ms. Hardiman and other aggrieved employees consistently worked overtime but were not paid for all the overtime hours they worked. Further, they regularly received incentives which were not incorporated into their overtime rate and thus was not paid at the proper overtime rate. Wages earned by Ms. Hardiman and other aggrieved employees in particular pay periods were not all paid during the same pay periods, and often overtime hours they worked in one pay period were paid late in another pay period at a pay rate less than the premium overtime rate.

(Def. Taco Bell's Req. for Judicial Notice in Supp. of Mot. for Partial Summ. J. Pursuant to F.R.C.P. 56, Ex. 1, at pg. 2.) The Court finds that the content of the letter to the LWDA was sufficient to exhaust her claims pursuant to Section 2699.3. The letter provided more detail than the letters that were rejected in the cases cited by Defendants, as Plaintiffs alleged facts supporting a specific theory of liability: namely, that wages were not paid in the correct pay period, were not paid for all overtime hours worked and were paid at the incorrect rate because they did not factor in incentives. It is unclear why any further level of detail would be necessary. Defendants do not contend that the purpose of the exhaustion requirement was unfulfilled by Plaintiffs' letter. It is also worth noting that the level of detail provided by Plaintiffs is similar, if

not identical, to the level of factual detail that would be deemed sufficient on a motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6). Accordingly, the Court rejects Defendants' argument that the letter to the LWDA was not sufficient to satisfy Section 2699.3's exhaustion requirement.

### B. Plaintiffs' PAGA Claims for Business Expense Violations

Defendants contend that Plaintiffs failed to exhaust her claims under California Labor Code §§ 2800 and 2802 because Plaintiff Hardiman's letter to the LWDA does not mention anything about reimbursements for business expenses and does not even cite or refer to California Labor Code §§ 2800, 2802. Plaintiffs' LWDA letter very clearly refers to these code violations:

> **Violation of California Labor Code §§ 2800 and 2802**
> California Labor Code §§ 2800 and 2802 require employers to pay for all necessary expenditures and losses incurred by the employee in the performance of his or her job. Ms. Hardiman and other aggrieved employees incurred necessary business-related expenses and costs that were not fully reimbursed by TACO BELL FOUNDATION, INC. including and without limitation, required shoes, required clothing and related fees and deposits that resulted from their employment with Defendants.

Based upon the foregoing, the Court denies Defendants' motion for judgment on the pleadings or, in the alternative, for summary judgment.

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that Defendants have failed to demonstrate that Plaintiffs failed to exhaust their administrative remedies with respect to their PAGA claims prior to filing suit.

///
///
///
///
///
///

Accordingly, it is HEREBY ORDERED that Defendants' motion for judgment on the pleadings or, in the alternative, for summary judgment is DENIED. (ECF No. 401.)

IT IS SO ORDERED.

Dated: **May 22, 2014**

UNITED STATES MAGISTRATE JUDGE