Matthew T. Theriault (SBN 244037)
Matthew.Theriault@capstonelawyers.com
Stan Karas (SBN 222402)
Stan.Karas@capstonelawyers.com
Katherine Kehr (SBN 226559)
Katherine.Kehr@capstonelawyers.com
Jonathan Lee (SBN 267146)
Jonathan.Lee@capstonelawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone:   (310) 556-4811
Facsimile:   (310) 943-0396

Lead Counsel for Plaintiffs and the Class

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| IN RE TACO BELL WAGE AND HOUR ACTIONS | Case No. 1:07-cv-01314-SAB |
| | Hon. Stanley A. Boone |
| | **CLASS ACTION COMPLAINT & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698 *ET SEQ.*** |
| | **SECOND AMENDED CONSOLIDATED COMPLAINT FOR:** |
| | (1)   Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); |
| | (2)   Violation of California Labor Code § 1194 (Unpaid Minimum Wages); |
| | (3)   Violation of California Labor Code § 204 (Unpaid Wages); |
| | (4)   Violation of California Labor Code §§ 226.7 and 512 (Missed Meal Periods); |
| | (5)   Violation of California Labor Code § 226.7 (Missed Rest Periods); |
| | (6)   Violation of California Labor Code § 226(a) (Improper Wage Statements); |
| | (7)   Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses); |

(8)   Violation of California Labor Code § 227.3 (Vested Accrued Vacation Time);

(9)   Violation of California Labor Code §§ 201 and 202 (Non-Payment of Wages Upon Termination);

(10)  Violation of California Business & Professions Code §§ 17200, *et seq.*; and

(11)  Violation of California Labor Code § 132a (Wrongful Termination).

**Jury Trial Demanded**

Mónica Balderrama (SBN 196424)
MBalderrama@InitiativeLegal.com
Initiative Legal Group APC
1801 Century Park East, Suite 2500
Los Angeles, California 90067
Telephone:  (310) 556-5637
Facsimile:   (310) 861-9051

Attorneys for Plaintiffs Sandrika Medlock and Lisa Hardiman

LAW OFFICES OF MARK YABLONOVICH
Mark Yablonovich (SBN 186670)
mark@yablonovichlaw.com
Patrick Clifford (SBN 194941)
patrick@yablonovichlaw.com
Joseph Hoff (SBN 283856)
joseph@yablonovichlaw.com
1875 Century Park East, Suite 700
Los Angeles, California  90067-2508
Telephone: (310) 286-0246 • Fax: (310) 407-5391

Attorneys for Plaintiffs Christopher Duggan,
Kevin Taylor, Debra Doyle, and Hilario Escobar

Kenneth H. Yoon (SBN 198443)
Kyoon@yoon-law.com
Law Offices of Kenneth H. Yoon
One Wilshire Boulevard, Suite 2200
Los Angeles, California 90017-3383
Telephone:  (213) 612-0988
Facsimile:   (213) 947-1211

Larry W. Lee (SBN 228175)
lwlee@diversitylaw.com
Diversity Law Group, APC
444 S. Flower Street
Citigroup Center, Suite 1370
Los Angeles, California  90071
Telephone:  (213) 488-6555
Facsimile:   (213) 488-6554

Peter M. Hart (SBN 198691)
hartpeter@msn.com
Law Offices of Peter M. Hart
13952 Bora Bora Way, F-320
Marina Del Rey, California 90292
Telephone:  (310) 478-5789
Facsimile:   (509) 561-6441

Counsel for Plaintiff Loraine Naranjo

1    Timothy J. Donahue (SBN 110501)
     tdonahue@attorneydonahue.com
2    Law Offices of Timothy J. Donahue
     374 South Glassell Street
3    Orange, California 92866
     Telephone:  (714) 289-2445
4    Facsimile:   (714) 289-2450

5
     Counsel for Plaintiff Miriam Leyva
6

7    Jerusalem F. Beligan (SBN 211528)
     Bisnar Chase, LLP
8    One Newport Place
     1301 Dove Street, Suite 120
9    Newport Beach, California 92660
     Telephone:  (949) 752-2999
10   Facsimile:   (949) 752-2777
     jbeligan@bisnarchase.com
11
     Counsel for Plaintiff Endang Widjaja
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs Sandrika Medlock, Lisa Hardiman, Miriam Leyva, Loraine Naranjo, Endang Widjaja, Christopher Duggan, Kevin Taylor, Debra Doyle, and Hilario Escobar (collectively, Plaintiffs), individually and on behalf of the Certified Class, and also on behalf of all aggrieved employees and the State of California pursuant to the California Labor Code Private Attorneys General Act, file this Second Amended Complaint pursuant to the Court's Order Denying Defendants' Motion to Strike (Dkt. No. 420). The allegations contained here are intended to reflect the current state of pleadings based upon the Court's Order re: Class Certification (*see* Findings and Recommendations Re: Plaintiffs' Motion for Class Certification, Dkt. No. 341; Order to Adopt Findings and Recommendations on Class Certification, Dkt. No. 344), Order Denying Defendants' Motion to Strike (Dkt. No. 420) and Order Denying Defendants' Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment (Dkt. No. 421). Plaintiffs generally allege (with specific allegations following) and are proceeding as follows:

- Certified Meal Period Class, as alleged in the Fourth Cause of Action: All persons who work or worked as a non-exempt, hourly-paid employee at a corporate-owned Taco Bell restaurant in California from September 7, 2003, until July 1, 2013 who worked for a period of time in excess of six hours and who worked for periods longer than five hours without a meal period of not less than thirty minutes as reflected in Defendants' employees' time records. (*See* Findings and Recommendations (Dkt. No. 341) 18:7-10 and Order Adopting the Findings and Recommendations (Dkt. No. 343).)

- Individually, and on a representative basis on behalf of all aggrieved non-exempt, hourly-paid employees at a corporate-owned Taco Bell restaurant in California from September 7, 2006 until resolution of this lawsuit, and the State of California pursuant to the California Labor Code Private Attorneys General Act, Labor Code section 2698, *et seq.*, as to the following:

  o First through Third Causes of Action, for unpaid pages resulting from off-the-clock work;

  o Fifth Cause of Action, for rest period violations;

    o   Sixth Cause of Action, for improper wage statements;

    o   Seventh Cause of Action, for unreimbursed business expenses; and,

    o   Ninth Cause of Action, for unpaid wages at separation of employment.

• Individually, as alleged in the Eighth Cause of Action, vacation pay claims.

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.  Plaintiffs allege, on information and belief, that the aggregate amount in controversy for this class action exceeds five million dollars ($5,000,000.00) exclusive of interest and costs, that the class is greater than twenty-thousand (20,000) members, and that any one Plaintiff is a citizen of a state different from that of any Defendant.  *See* Class Action Fairness Act ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005).

2.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) because Defendants maintain offices, have agents and are licensed to and do transact business in this district.

3.     California Labor Code sections 2699 et seq., "The Labor Code Private Attorney General Act" ("PAGA"), authorizes aggrieved employees to sue directly for various civil penalties under the California Labor Code.

4.     Plaintiff Hardiman has exhausted her administrative remedies by timely requesting and obtaining verification from the California Labor and Workforce Development Agency ("LWDA") that it does not intend to investigate any alleged violations.

## THE PARTIES

5.     Plaintiff SANDRIKA MEDLOCK ("Plaintiff Medlock") is a resident of the State of California.

6.     Plaintiff LISA HARDIMAN ("Plaintiff Hardiman") is a resident of the State of Nevada.

7.     Plaintiff MIRIAM LEYVA ("Plaintiff Leyva") was formerly a resident of the State of California and is currently a resident of the State of Texas.

8.     Plaintiff LORAINE NARANJO ("Plaintiff Naranjo") is a resident of the State of

California.

9.     Plaintiff ENDANG WIDJAJA is a resident of the State of California.

10.    Plaintiff CHRISTOPHER DUGGAN is a resident of the State of California.

11.    Plaintiff KEVIN TAYLOR is a resident of the State of California.

12.    Plaintiff DEBRA DOYLE is a resident of the State of California.

13.    Plaintiff HILARIO ESCOBAR is a resident of the State of California.

14.    Defendant TACO BELL CORP. was and is, upon information and belief, a California corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

15.    Defendant TACO BELL OF AMERICA, INC. was and is, upon information and belief, a Delaware corporation doing business, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

16.    Plaintiffs are unaware of the true names or capacities of Defendants sued herein under the fictitious names DOES 1-10, but pray for leave to amend and serve such fictitiously named Defendants once their names and capacities become known.

17.    Plaintiffs are informed and believe, and thereon allege, that DOES 1-10 are the partners, agents, owners, shareholders, managers or employees of TACO BELL CORP., and/or TACO BELL OF AMERICA, INC. and were acting on behalf of TACO BELL CORP., and/or TACO BELL OF AMERICA, INC.

18.    Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, TACO BELL CORP., and/or TACO BELL OF AMERICA, INC. and DOES 1-10 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent the official policy of Defendants.

19.    At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, Defendants, and each of

them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

20.     Plaintiffs are informed and believe, and thereon allege, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

### CLASS ACTION ALLEGATIONS

21.     Plaintiffs bring this action on their own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seek class certification under Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3).

22.     All claims alleged herein arise under California law for which Plaintiffs seek relief authorized by California law.

- The Certified Meal Period Class, as alleged in the Fourth Cause of Action: All persons who work or worked as a non-exempt, hourly-paid employee at a corporate-owned Taco Bell restaurant in California from September 7, 2003, until July 1, 2013 who worked for a period of time in excess of six hours and who worked for periods longer than five hours without a meal period of not less than thirty minutes as reflected in Defendants' employees' time records. (*See* Findings and Recommendations (Dkt. No. 341) 18:7-10 and Order Adopting the Findings and Recommendations (Dkt. No. 343).)

23.     Plaintiffs reserve the right to establish additional sub-classes as appropriate.

24.     There is a well-defined community of interest in the litigation and the class is readily ascertainable:

a.   Numerosity:  The members of the class (and each subclass) are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is 28,154 individuals and the identity of such membership has been ascertainable by inspection of Defendants' employment records.

b.   Typicality:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well defined community of

interest, and Plaintiffs' claims (or defenses, if any) are typical of all class members as demonstrated herein.

c.   Adequacy:  Plaintiffs are qualified to, and will, fairly and adequately, protect the interests of each class member with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs acknowledge that they have an obligation to make known to the Court any relationship, conflicts or differences with any class member.  Plaintiffs' attorneys are versed in the rules governing class action discovery, certification, and settlement.  Plaintiffs have incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.   Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.  Class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

e.   Public Policy Considerations:  Employers in the State of California violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

25.   There are common questions of law and fact as to the class (and each subclass) that predominate over questions affecting only individual members, including but not limited to:

a.   Whether Defendants deprived Plaintiffs and the other class members of meal

1   periods or required Plaintiffs and the class members to work during meal periods

2   without compensation;

3

4   b.   Whether Defendants failed to promptly pay all meal period premium wages due

5   to Plaintiffs and the other class members upon their discharge or resignation;

6   c.   Whether Defendants' conduct was willful or reckless;

7   d.   Whether Defendants engaged in unfair business practices in violation of

8   California Business & Professions Code sections 17200, et seq.; and

9   e.   The appropriate amount of damages, restitution, or monetary penalties resulting

10   from Defendants' violations of California law.

11

12   **PAGA ALLEGATIONS**

13   26.   Plaintiff Hardiman intends to seek penalties for violations of the California Labor

14   Code, which are recoverable under California Labor Code sections 2699, et seq.  Plaintiff

15   Hardiman is seeking penalties on behalf of the State of California of which 75% will be kept by

16   the state, while 25% will be available to aggrieved employees.  Plaintiff Hardiman is alleging

17   California Labor Code sections 2699 et seq. ("PAGA") penalties from June 25, 2007 to the date

18   of the resolution of this lawsuit.

19   27.   At all times herein set forth, California Labor Code sections 2699, et seq., were

20   applicable to Plaintiff Hardiman's employment by Defendants.

21   28.   At all times herein set forth, California Labor Code sections 2699, et seq. provide

22   that for any provision of law under the Labor Code that provides for a civil penalty to be

23   assessed and collected by the Labor and Workforce Development Agency for violation of the

24   Labor Code, may, as an alternative, be recovered through a civil action brought by an aggrieved

25   employee on behalf of herself and other current and/or former employees pursuant to procedures

26   outlined in California Labor Code section 2699.3.

27   29.   Pursuant to California Labor Code sections 2699 et seq., a civil action under PAGA

28   may be brought by an "aggrieved employee," who is any person that was employed by the

1    alleged violator and against whom one or more of the alleged violations was committed.

2        30.    Plaintiff Hardiman was employed by TACO BELL CORP. and/or TACO BELL OF

3    AMERICA, INC. and the alleged violations were committed against her during her time of

4    employment and she is, therefore, an aggrieved employee.

5        31.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved

6    employee, including Plaintiff Hardiman, may pursue a civil action arising under California

7    Labor Code sections 2699, et seq., after the following requirements  have been met:

8            a.   The aggrieved employee or representative shall give written notice by certified

9                mail to the Labor and Workforce Development Agency and the employer of the

10               specific provisions of this code alleged to have been violated, including the facts and

11               theories to support the alleged violation.

12           b.   The agency shall notify the employer and the aggrieved employee or

13               representative by certified mail that it does not intend to investigate the alleged

14               violation within 30 calendar days of the postmark date of the notice received.  Upon

15               receipt of that notice or if no notice is provided within 33 calendar days of the

16               postmark date of the notice, the aggrieved employee may commence a civil action

17               pursuant to Section 2699.

18           c.   Notwithstanding any other provision of law, a plaintiff may as a matter of right

19               amend an existing complaint to add a cause of action arising under this part at any

20               time within 60 days of the time periods specified in this part.

21       32.    Plaintiff Hardiman has satisfied the requirements of California Labor Code section

22   2699.3 and may recover civil penalties, in addition to other remedies, for violations of

23   California Labor Code sections 201, 202, 203, 204, 221, 226(a), 226.7, 510, 512, 1198, 2800

24   and 2802.

25                          **GENERAL ALLEGATIONS**

26       33.    At all times set forth, Defendants employed Plaintiffs and other persons as non-

27   exempt or hourly employees.

28       34.    Defendants TACO BELL CORP. and/or TACO BELL OF AMERICA, INC.

1   employed Plaintiff Medlock as a Crew Member, Shift Lead and Assistant Manager, which are

2   non-exempt or hourly paid positions, from on or about October 25, 2005 to on or about July 9,

3   2007, at Fresno, California business locations.

4       35.    Defendants TACO BELL CORP. and/or TACO BELL OF AMERICA, INC.

5   employed Plaintiff Hardiman as a Crew Member, which is a non-exempt or hourly paid

6   position, from on or about July 31, 2004 to on or about May 30, 2007 at Fresno County,

7   California business locations.

8       36.    Defendants employed Plaintiff Leyva as a Restaurant General Manager, which is a

9   non-exempt or hourly paid position, from on or about September 19, 2007 to on or about

10   February 11, 2008 at Los Angeles County, California business locations.

11       37.    Defendants employed Plaintiff Naranjo as a Restaurant General Manager and Market

12   Training Manager, which have been non-exempt or hourly paid positions since on or about June

13   2006, from on or about October 1998 to on or about July 1, 2008 at locations throughout central

14   California.

15       38.    Defendants employed Plaintiff Widjaja as a Senior Assistant Manager, which is a

16   non-exempt or hourly paid position, from on or about August 4, 2004 to on or about April 14,

17   2005 at locations in and around Orange County, California.

18       39.    Defendants employed Plaintiff Christopher Duggan as a non-exempt or hourly paid

19   position, from on or about October 31, 2007 until on or about August 2008 at one of

20   Defendants' restaurants in San Jose, California.

21       40.    Defendants employed Plaintiff Kevin Taylor as a Crew Member, which is a non-

22   exempt or hourly paid position, from on or about February 2008 until on or about July 2008 at

23   one of Defendants' restaurants in California.

24       41.    Defendants employed Debra Doyle as a Crew Member, which is a non-exempt or

25   hourly paid position, from on or about September 2007 until on or about June 2008 at one of

26   Defendants' restaurants in Ontario, California.

27       42.    Defendants employed Hilario Escobar as a Crew Member, which is a non-exempt or

28   hourly paid position, from on or about November 2005 until on or about May 2006 at one of

Defendants' restaurants in Westminster, California.  Mr. Escobar later had a second term of employment with Defendants from on or about 2008 until on or about 2010 at one of Defendants' restaurants in Orange County, California.

43.     Defendants continue to employ non-exempt or hourly employees within California.

44.     Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

45.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and the other aggrieved employees were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

46.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and the other aggrieved employees were entitled to receive earned wages and/or minimum wages and that they were not receiving certain wages.

47.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs, the other class members, and the other aggrieved employees were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiffs', class members', and aggrieved employees' regular rate of pay when they did not receive a timely uninterrupted meal period.

48.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and the other aggrieved employees were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiffs', class members', and aggrieved employees' regular rate of pay when a rest period was missed.

49.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and the other aggrieved employees were entitled to receive complete and accurate wage statements in accordance with California law.

50.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

should have known that Plaintiffs and the other aggrieved employees were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment (including, but not limited to, actual mileage costs, automobile-related expenses, meals, lodging, transportation, required shoes, and required clothing), and that they did not receive full reimbursement of applicable business-related expenses and costs they incurred.

51.     Plaintiffs are informed and believed, and thereon allege, that Defendants knew or should have known that Plaintiffs and the other aggrieved employees were entitled to not have to pay wages back to their employer.

52.     Plaintiffs are informed and believed, and thereon allege, that Defendants knew or should have known that Plaintiffs and the other aggrieved employees were entitled to payment of all vested vacation wages (including, but not limited to, vacation pay, personal day pay, personal holiday pay, and/or floating holiday pay) at the end of employment.

53.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs, the other class members, and the other aggrieved employees were entitled to receive all the wages owed to them upon discharge.

54.     Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiffs, the other class members, and the other aggrieved employees, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiffs, the other members of the class, and the other aggrieved employees that they were properly denied wages, all in order to increase Defendants' profits.

## FIRST CAUSE OF ACTION

**Violation of California Labor Code sections 510 and 1198**

**(On Behalf of the Taco Bell Unpaid Wages Subclass)**

55.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the allegations set out in paragraphs 1 through 54.

56.     At all times herein set forth, California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either at one-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

57.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiffs and the other aggrieved employees who worked more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of one-and-one-half times the regular rate for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

58.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiffs and the other aggrieved employees who worked more than twelve (12) hours in a day, overtime compensation at a rate of two-times his or her regular rate of pay.

59.     At all times herein set forth, California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

60.     During the relevant time period, Plaintiffs and the other aggrieved employees consistently worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, or in excess of forty (40) hours in a week.

61.     During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiffs and the other aggrieved employees.

62.     Defendants' failure to pay Plaintiffs and the aggrieved employees the unpaid balance of overtime compensation, as required by California law, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

63.     Pursuant to California Labor Code sections 1194, Plaintiffs and the other aggrieved

1 │ employees are entitled to recover their unpaid overtime compensation, as well as interest, costs,

2 │ and attorneys' fees.

3 │     64.     Pursuant to the civil penalties provided for in California Labor Code sections 2699(f)

4 │ and (g), the State of California, Plaintiff Hardiman and the other aggrieved employees are

5 │ entitled to recover civil penalties of one-hundred dollars ($100) for each aggrieved employee

6 │ per pay period for the initial violation and two-hundred dollars ($200) for each aggrieved

7 │ employee per pay period for each subsequent violation, plus costs and attorneys' fees for

8 │ violation of California Labor Code sections 510, 1194 and 1198.

9 │

10 │ **SECOND CAUSE OF ACTION**

11 │ **Violation of California Labor Code section 1194**

12 │ **(On Behalf of the Taco Bell Unpaid Wages Subclass)**

13 │     65.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material

14 │ allegations set out in paragraphs 1 through 64.

15 │     66.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide

16 │ that the minimum wage for employees fixed by the Industrial Welfare Commission is the

17 │ minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so

18 │ fixed is unlawful.

19 │     67.     During the relevant time period, Defendants regularly failed to pay minimum wage

20 │ to Plaintiffs and the aggrieved employees as required, pursuant to California Labor Code

21 │ sections 1194, 1197, and 1197.1.

22 │     68.     Defendants' failure to pay Plaintiffs and the other aggrieved employees the minimum

23 │ wage as required violates California Labor Code section 1194, 1197, and 1197.1.  Pursuant to

24 │ those sections Plaintiffs and the other aggrieved employees are entitled to recover the unpaid

25 │ balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and

26 │ liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

27 │     69.     Pursuant to California Labor Code section 1197.1, Plaintiffs and the other aggrieved

28 │ employees are entitled to recover a penalty of $100.00 for the initial failure to timely pay each

employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

70.    Pursuant to California Labor Code section 1194.2, Plaintiffs and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

### THIRD CAUSE OF ACTION

**Violation of California Labor Code section 204**

**(On Behalf of the Taco Bell Unpaid Wages Subclass)**

71.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 70.

72.    At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and the 15th days, inclusive of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

73.    At all times herein set forth, California Labor Code section 204 further provides that all wages earned by any person in any employment between the 16th and the last day, inclusive of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

74.    Additionally, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

75.    During the relevant time period, Defendants willfully failed to pay Plaintiffs  and the other aggrieved employees the minimum, regular, and overtime wages due to them, within any time period permissible by California Labor Code section 204.

76.    Plaintiffs are entitled to recover all remedies available for violations of California Labor Code section 204.

77.    Pursuant to the civil penalties provided for in California Labor Code sections 2699(f) and (g), the State of California, Plaintiff Hardiman and the other aggrieved employees are

1    entitled to recover civil penalties of one-hundred dollars ($100) for each aggrieved employee

2    per pay period for the initial violation and two-hundred dollars ($200) for each aggrieved

3    employee per pay period for each subsequent violation, plus costs and attorneys' fees for

4    violation of California Labor Code section 204.

5                                  **FOURTH CAUSE OF ACTION**

6                    **Violation of California Labor Code sections 226.7 and 512(a)**

7                       **(On Behalf of the Taco Bell Unpaid Wages Subclass)**

8        78.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the

9    allegations set out in paragraphs 1 through 77.

10       79.     At all times herein set forth, the California IWC Wage Order and California Labor

11   Code sections 226.7 and 512(a) were applicable to Plaintiffs' employment with Defendants.

12       80.     At all times herein set forth, California Labor Code section 226.7 provides that no

13   employer shall require an employee to work during any meal period mandated by an applicable

14   order of the California IWC.

15       81.     At all times herein set forth, California Labor Code section 512(a) provides that an

16   employer may not require, cause or permit an employee to work for a period of more than five

17   (5) hours per day without providing the employee with a meal period of not less than thirty (30)

18   minutes, except that if the total work period per day of the employee is not more than six (6)

19   hours, the meal period may be waived by mutual consent of both the employer and the

20   employee.

21       82.     At all times herein set forth, California Labor Code section 512(a) further provides

22   that an employer may not require, cause or permit an employee to work for a period of more

23   than ten (10) hours per day without providing the employee with a second meal period of not

24   less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12)

25   hours, the second meal period may be waived by mutual consent of the employer and the

26   employee only if the first meal period was not waived.

27       83.     During the relevant time period, Plaintiffs, the other class members, and the other

28   aggrieved employees who were scheduled to work for a period of time no longer than six (6)

hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without a meal period of not less than thirty (30) minutes.

84.     During the relevant time period, Plaintiffs, the other class members, and the other aggrieved employees who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without a meal period of not less than thirty (30) minutes.

85.     During the relevant time period, Plaintiffs, the other class members, and the other aggrieved employees who were scheduled to work in excess of ten (10) hours but not longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent were required to work in excess of ten (10) hours without receiving a second meal period of not less than thirty (30) minutes.

86.     During the relevant time period, Plaintiffs, the other class members, and the other aggrieved employees who were scheduled to work for a period of time in excess of twelve (12) hours were required to work for periods longer than ten (10) hours without a meal period of not less than thirty (30) minutes.

87.     During the relevant time period, Defendants willfully required Plaintiffs, the other class members, and the other aggrieved employees to work during meal periods and failed to compensate Plaintiffs for work performed during those meal periods.

88.     During the relevant time period, Defendants failed to pay Plaintiffs, the other class members, and the other aggrieved employees the full meal period premium due pursuant to California Labor Code section 226.7.

89.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code sections 226.7 and 512(a).

90.     Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiffs and class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the meal period was not provided.

91.     Pursuant to the civil penalties provided for in California Labor Code sections 2699(f) and (g), the State of California, Plaintiff Hardiman and the other aggrieved employees are entitled to recover civil penalties of one-hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two-hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code sections 226.7 and 512(a).

**FIFTH CAUSE OF ACTION**

**Violation of California Labor Code section 226.7**

**(On Behalf of the Taco Bell Unpaid Wages Subclass)**

92.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 91.

93.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 was applicable to Plaintiffs' and the other aggrieved employees' employment by Defendants.

94.     At all times herein set forth, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

95.     At all material times set forth herein, Defendants required Plaintiffs and the other aggrieved employees to work in excess of four (4) hours without providing a ten (10) minute rest period.

96.     At all material times set forth herein, Defendants required Plaintiffs and the other aggrieved employees to work an additional four (4) hours without providing a second ten (10) minute rest period.

97.     At all material times set forth herein, Defendants required Plaintiffs and the other aggrieved employees to work during rest periods and failed to compensate Plaintiffs, the other class members, and the other aggrieved employees for work performed during rest periods.

98.     During the relevant time period, Defendants failed to pay Plaintiffs and the other

1    aggrieved employees the full rest period premium due pursuant to California Labor Code

2    section 226.7.

3        99.    Defendants' conduct violates the applicable IWC Wage Order and California Labor

4    Code section 226.7.

5        100.   Pursuant to the applicable IWC Wage Order and California Labor Code section

6    226.7(b), Plaintiffs are entitled to recover from Defendants one additional hour of pay at the

7    employee's regular hourly rate of compensation for each work day that the rest period was not

8    provided.

9        101.   Pursuant to the civil penalties provided for in California Labor Code sections 2699(f)

10   and (g), the State of California, Plaintiff Hardiman and the other aggrieved employees are

11   entitled to recover civil penalties of one-hundred dollars ($100) for each aggrieved employee

12   per pay period for the initial violation and two-hundred dollars ($200) for each aggrieved

13   employee per pay period for each subsequent violation, plus costs and attorneys' fees for

14   violation of California Labor Code section 226.7.

15                                **SIXTH CAUSE OF ACTION**

16                **Willful Violation of California Labor Code section 226(a)**

17            **(On Behalf of the Taco Bell Improper Wage Statements Subclass)**

18       102.   Plaintiffs incorporate by reference and re-allege as if fully stated herein the

19   allegations set out in paragraphs 1 through 101.

20       103.   Defendants have intentionally and willfully failed to provide employees with

21   complete and accurate wage statements.  Defendants' failure includes, among other things, the

22   failure to include Plaintiffs', the other class members', and the other aggrieved employees' the

23   total hours worked and the full correct legal name of the employer, among other things.

24       104.   Plaintiffs and class members are entitled to recover from Defendants the greater of

25   their actual damages caused by Defendants' failure to comply with California Labor Code

26   section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

27       105.   Plaintiffs and the other class members are also entitled to injunctive relief to ensure

28   compliance with this section, pursuant to California Labor Code section 226(g).

106.    Pursuant to the civil penalties provided for in California Labor Code sections 2699(f) and (g), the State of California, Plaintiff Hardiman and the other aggrieved employees are entitled to recover civil penalties of one-hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two-hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 226(a).

## SEVENTH CAUSE OF ACTION

### Violation of California Labor Code sections 2800 and 2802

### (On Behalf of the Taco Bell Unreimbursed Business Expenses Subclass)

107.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 106.

108.    At all times herein set forth, California Labor Code sections 2800 and 2802 provide that an employer must reimburse employees for all necessary expenditures.

109.    Plaintiffs and the other aggrieved employees incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants, including and without limitation, actual mileage costs, automobile-related expenses, meals, lodging, transportation, required shoes, required clothing, and related fees and deposits that resulted from their employment with Defendants.  Specifically, Defendants had, and continue to have, a policy and practice of requiring employees, including Plaintiffs  and the other aggrieved employees, to pay for purchase and maintenance of shoes and other required clothing out of their own funds. Defendants had, and continue to have, a policy of not reimbursing employees, including Plaintiffs and the other aggrieved employees, for said business-related expenses and costs.

110.    Defendants have intentionally and willfully failed to fully reimburse Plaintiffs and the other aggrieved employees for necessary business-related expenses and costs.

111.    Defendants' conduct violates California Labor Code sections 2800 and 2802.

112.    Plaintiffs are entitled to recover from Defendants their business-related expenses incurred during the course and scope of their employment, plus interest and an award of costs and reasonable attorney's fees pursuant to California Labor Code section 2802.

113.    Pursuant to the civil penalties provided for in California Labor Code sections 2699(f) and (g), the State of California, Plaintiff Hardiman and other aggrieved employees are entitled to recover civil penalties of one-hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two-hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code sections 2800 and 2802.

## EIGHTH CAUSE OF ACTION

### Violation of California Labor Code section 227.3

### (On Behalf of the Vested Accrued Vacation Time Subclass)

114.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 115.

115.    This cause of action is brought pursuant to California Labor Code section 227.3, which prohibits employers from forfeiting the vested vacation wages of their employees.

116.    Plaintiffs had unused vested vacation wages (including, but not limited to, vacation pay, personal day pay, personal holiday pay, and/or floating holiday pay) that were not paid out to them in a timely fashion at the end of their employment, in violation of California Labor Code section 227.3.

117.    As a matter of uniform corporate policy and procedure and practices, Defendants violated California Labor Code section 227.3 by failing to pay Plaintiffs all vested vacation wages at the end of their employment.  The uniform policy of not paying Plaintiffs all vested vacation wages at the end of their employment caused a forfeiture of vested vacation wages in violation of California Labor Code section 227.3.

118.    The conduct of Defendants and their agents and employees as described herein was willful and was done in conscious disregard of Plaintiffs' rights, and done by managerial employees of Defendants and supports an award of up to 30 days of pay, under California Labor Code section 203, as penalties for Plaintiffs of Defendants who were not paid all vested vacation wages.

119.    Such a pattern, practice, and uniform administration of corporate policy regarding

1   illegal employee compensation as described herein is unlawful and creates an entitlement to

2   recovery by Plaintiffs in a civil action for damages and wages owed and for costs and attorneys'

3   fees.

4   ## NINTH CAUSE OF ACTION

5   ### Violation of California Labor Code sections 201 and 202

6   ### (On Behalf of the Taco Bell Final Pay Subclass)

7   120.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

8   allegations set out in paragraphs 1 through 120.

9   121.    At all times herein set forth, California Labor Code sections 201 and 202 provide

10   that if an employer discharges an employee, the wages earned and unpaid at the time of

11   discharge are due and payable immediately, and that if an employee voluntarily leaves his or her

12   employment, his or her wages shall become due and payable not later than seventy-two (72)

13   hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or

14   her intention to quit, in which case the employee is entitled to his or her wages at the time of

15   quitting.

16   122.    During the relevant time period, Defendants failed to pay Plaintiffs, the other class

17   members, and the other aggrieved employees their wages, earned and unpaid, either at the time

18   of discharge, or within seventy-two (72) hours of leaving Defendants' employ.

19   123.    Defendants' failure to pay Plaintiffs, the other class members, and the other

20   aggrieved employees their wages earned and unpaid at the time of discharge, or within seventy-

21   two (72) hours of his leaving Defendants' employ, is in violation of California Labor Code

22   sections 201 and 202.

23   124.    California Labor Code section 203 provides that if an employer willfully fails to pay

24   wages owed, in accordance with sections 201 and 202, then the wages of the employee shall

25   continue as a penalty from the due date, and at the same rate until paid or until an action is

26   commenced; but the wages shall not continue for more than thirty (30) days.

27   125.    Plaintiffs and the other class members are entitled to recover from Defendants the

28   statutory penalty for each day they were not paid, at their regular hourly rate of pay, up to a

1    thirty (30) day maximum pursuant to California Labor Code section 203.

2        126.    Pursuant to California Labor Code sections 2699(f) and (g), the State of California,

3    Plaintiff Hardiman and the other aggrieved employees are entitled to recover civil penalties in

4    the amount of one-hundred dollars ($100) for each aggrieved employee per pay period for the

5    initial violation and two-hundred dollars ($200) for each aggrieved employee per pay period for

6    each subsequent violation, plus costs and attorney's fees, for violations of the California Labor

7    Code sections 201 and 202.

8                              **TENTH CAUSE OF ACTION**

9        **Violation of California Business & Professions Code sections 17200, et seq.**

10                              **(On Behalf of the Class)**

11        127.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the material

12   allegations set out in paragraphs 1 through 126.

13        128.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

14   unlawful, and harmful to Plaintiffs, other class members, and to the general public.  Plaintiffs

15   seek to enforce important rights affecting the public interest within the meaning of Code of Civil

16   Procedure section 1021.5.

17        129.    Defendants' activities, as alleged herein, are violations of California law, and

18   constitute unlawful business acts and practices in violation of California Business & Professions

19   Code sections 17200, et seq.

20        130.    A violation of California Business & Professions Code sections 17200, et seq. may

21   be predicated on the violation of any state or federal law.  In the instant case, Defendants' policy

22   and practice of requiring non-exempt or hourly-paid employees, including Plaintiffs and the

23   other class members, to work overtime without paying them proper compensation violates

24   California Labor Code sections 510 and 1198.  Defendants' policy and practice of failing to

25   timely pay earned wages and/or minimum wages to Plaintiffs and the other class members

26   violates California Labor Code section 204.  Defendants' policy and practice of requiring non-

27   exempt or hourly-paid employees, including Plaintiffs and the other class members, to work

28   through their meal and rest periods without paying them proper compensation violates

California Labor Code sections 226.7 and 512(a).    Defendants' policy and practice of providing improper wage statements to Plaintiffs and the other class members violates California Labor Code section 226(a).  Defendants' policy and practice of not reimbursing Plaintiffs and the class members for business-related expenses and costs violates California Labor Code sections 2800 and 2802.  Defendants' policy and practice of failing to pay Plaintiffs and the other members of the class their vested vacation time at the end of employment violates California Labor Code section 227.3.  Defendants' policy and practice of failing to pay Plaintiffs and the other class members their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of leaving Defendants' employ violates California Labor Code sections 201 and 202.

131.    Plaintiffs and putative class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money or property.

132.    Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiffs and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences on September 7, 2003; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and the other class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## ELEVENTH CAUSE OF ACTION

### Violation of California Labor Code section 132a

### (On Behalf of Plaintiff Leyva Only)

133.    Plaintiff Leyva incorporates by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 132.

134.    Plaintiff Leyva worked for Defendants as a restaurant worker.  Plaintiff was diligent, hard-working, and a dedicated employee.

135.    The public policy of the State of California, as expressed by the legislature, the California Constitution, the California Supreme Court, California Labor Code section 132a, and

*White v. Ultramar*, 21 Cal.4th 563 (1999), is to protect and safeguard the right of all persons to seek, obtain, and hold employment, without retaliation for presenting a workers' compensation claim, following an injury on the job.

136.    Plaintiff Leyva suffered an on-the-job injury, experienced severe pain, and requested medical treatment.  Instead of providing medical care and disability benefits, Defendants told Plaintiff Leyva that if she did not quit voluntarily, she would be fired.  Defendants presented Plaintiff Leyva with a resignation letter.  Defendants attempted to force Plaintiff Leyva to sign a resignation letter, which she refused to do, at which time she was fired.

137.    Plaintiff was entitled to protection under the provisions of the CFLA, due to her sickness but defendants refused to comply and refused to grant leave to Plaintiff Leyva and instead decided, because of the sickness/injury to fire Plaintiff Leyva from her job.

138.    Defendants have refused to secure the payment of workers compensation benefits to Plaintiff Leyva.  Instead, Defendants deliberately, intentionally, and wrongfully fired Plaintiff Leyva without just cause, ending her employment on February 11, 2008.

139.    Plaintiff Leyva is informed and believes and thereon alleges, that as a result of the termination, she has suffered injuries, including, but not limited to, lost wages, aggravated medical condition and other injuries, which will be proven at the time of trial.

## **REQUEST FOR JURY TRIAL**

Plaintiffs request a trial by jury.

## **PRAYER FOR RELIEF**

Plaintiffs, and on behalf of all other class members and aggrieved employees similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

### As to the First Cause of Action

1.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff;

1    2.    For general unpaid wages at overtime wage rates and such general and

2  special damages as may be appropriate;

3    3.    For pre-judgment interest on any unpaid overtime compensation commencing

4  from the date such amounts were due;

5    4.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

6  California Labor Code section 1194(a);

7    5.    For civil penalties pursuant to California Labor Code sections 2699(f) and (g) in

8  the amount of $100 for each violation per pay period for the initial violation and $200 for each

9  aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees

10  for violation of California Labor Code sections 510 and 1198; and

11    6.    For such other and further relief as the Court may deem equitable and

12  appropriate.

13                              As to the Second Cause of Action

14    1.    That the Court declare, adjudge and decree that Defendants violated California

15  Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to

16  Plaintiffs and class members;

17    2.    For general unpaid wages and such general and special damages as may be

18  appropriate;

19    3.    For statutory wage penalties pursuant to California Labor Code section 1197.1

20  for Plaintiffs in the amount as may be established according to proof at trial;

21    4.    For pre-judgment interest on any unpaid compensation from the date such

22  amounts were due;

23    5.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

24  California Labor Code section 1194(a);

25    6.    For liquidated damages pursuant to California Labor Code section 1194.2; and

26    7.    For such other and further relief as the Court may deem equitable and

27  appropriate.

28                              As to the Third Cause of Action

ve

1.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204, to Plaintiffs;

2.    For all actual, consequential and incidental losses and damages, according to proof;

3.    For pre-judgment interest on any untimely paid compensation, from the date such amounts were due;

4.    For civil penalties pursuant to California Labor Code section 2699(f) and (g) in the amount of $100 for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code § 204; and

5.    For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Fourth Cause of Action</u>

1.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiffs and Class Members;

2.    That the Court make an award to the Plaintiffs and Class Members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

3.    For all actual, consequential, and incidental losses and damages, according to proof;

4.    For premiums pursuant to California Labor Code section 226.7(b);

5.    For civil penalties pursuant to California Labor Code sections 2699(f) and (g) in the amount of $100 for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code sections 226.7 and 512; and

1    6.    For such other and further relief as the Court may deem equitable and

2  appropriate.

3                    As to the Fifth Cause of Action

4    1.    That the Court declare, adjudge and decree that Defendants violated California

5  Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all

6  rest periods to Plaintiffs and aggrieved employees;

7    2.    That the Court make an award to the Plaintiffs of one (l) hour of pay at each

8  employee's regular rate of compensation for each workday that a rest period was not provided;

9    3.    For all actual, consequential, and incidental losses and damages, according to

10  proof;

11    4.    For premiums pursuant to California Labor Code sections 226.7(b);

12    5.    For civil penalties pursuant to California Labor Code sections 2699(f) and (g) in

13  the amount of $100 for each violation per pay period for the initial violation and $200 for each

14  aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees

15  for violation of California Labor Code section 226.7; and

16    6.    For such other and further relief as the Court may deem appropriate.

17                    As to the Sixth Cause of Action

18    1.    That the Court declare, adjudge and decree that Defendants violated the record

19  keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders

20  as to Plaintiffs and Class Members, and willfully failed to provide accurate itemized wage

21  statements thereto;

22    2.    For all actual, consequential and incidental losses and damages, according to

23  proof;

24    3.    For statutory penalties pursuant to California Labor Code section 226(e);

25    4.    For injunctive relief to ensure compliance with this section, pursuant to

26  California Labor Code section 226(g);

27    5.    For civil penalties pursuant to California Labor Code sections 2699(f) and (g) in

28  the amount of $100 for each violation per pay period for the initial violation and $200 for each

aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 226(a); and

6.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Seventh Cause of Action

1.    For general unpaid business-related expenses and such general and special damages as may be appropriate;

2.    For pre-judgment interest on any unpaid business-related expenses from the date such amounts were due;

3.    For civil penalties pursuant to California Labor Code sections 2699(f) and (g) in the amount of $100 for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code sections 2800 and 2802; and

4.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Eighth Cause of Action

1.    For all vacation wages owed (including, but not limited to, vacation pay, personal day pay, personal holiday pay, and/or floating holiday pay);

2.    For waiting time penalties according to proof pursuant to California Labor Code section 203; and

3.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Ninth Cause of Action

1.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiffs and other terminated Class Members;

2.    For all actual, consequential and incidental losses and damages, according to proof;

3.      For statutory penalties pursuant to California Labor Code section 203 for Plaintiffs and all other Class Members who have left Defendants' employ;

4.      For civil penalties pursuant to California Labor Code sections 2699(f) and (g) in the amount of $100 for each violation per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code sections 201 and 202; and

5.      For such other and further relief as the Court may deem equitable and appropriate.

As to the Tenth Cause of Action

1.      That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiffs and the Class Members all overtime compensation due to them, failing to timely pay Plaintiffs and the Class Members all earned wages and/or minimum wages, failing to provide all meal and rest periods to Plaintiffs and Class Members, failing to provide Plaintiffs and Class Members with accurate itemized wage statements, failing to reimburse Plaintiffs and Class Members for necessary business expenses, and failing to pay Plaintiffs and Class Members all vested vacation time;

2.      For restitution of unpaid wages to Plaintiffs and all Class Members and prejudgment interest from the day such amounts were due and payable;

3.      For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200, et seq.;

4.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

5.      For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code sections 17200, et seq.; and,

1    6.    For such other and further relief as the Court may deem equitable and

2    appropriate.

3                        As to the Eleventh Cause of Action

4    1.    Judgment against Defendants for general damages according to proof;

5    2.    Judgment against Defendants for special damages according to proof;

6    3.    Judgment against Defendants for punitive damages according to proof;

7    4.    Judgment against Defendants for reasonable attorneys' fees provided by law;

8    5.    Judgment against Defendants for pre-judgment interest;

9    6.    Judgment against Defendants for costs of suit incurred herein; and

10   7.    Judgment against Defendants for such further relief as the Court deems just and

11   proper.

12   Dated:  June 11, 2014                    Respectfully submitted,

13                                            Capstone Law APC

14

15                              By: _____

16                                            Matthew T. Theriault
                                              Stan Karas
17                                            Katherine Kehr
                                              Jonathan Lee

18                                            Lead Counsel for Plaintiffs and the Class

19

20

21

22

23

24

25

26

27

28