# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRIKA MEDLOCK, et al., | Case No. 1:07-cv-01314-SAB |
| Plaintiffs, | ORDER RE MOTIONS TO COMPEL |
| v. | ECF NO. 425, 461 |
| TACO BELL CORP., et al., | |
| Defendants. | |

On June 20, 2014, Defendants filed a motion to compel the deposition of Plaintiff Miriam Leyva ("Leyva"). (ECF No. 425.)  On July 23, 2014, Defendants filed a motion to compel Leyva to provide further responses to interrogatories and requests for admission served by Defendants. (ECF No. 461.)

The hearing on the motions to compel took place on August 13, 2014. Attorneys Morgan Forsey and Tracey Kennedy appeared on behalf of Defendants. Although class counsel for Plaintiffs was present at the hearing for other matters in this case, Leyva's counsel, Timothy Donahue was not present.

For the reasons set forth below, the Court will grant Defendants' motion to compel further interrogatory responses from Leyva and grant Defendants' motion to compel an additional deposition of Leyva. Further, the Court will order Leyva's attorney, Timothy Donahue, to show cause why he should not be sanctioned for failing to appear at the hearing on

this matter.

# I.

# BACKGROUND

In these consolidated actions, Plaintiffs assert claims against Defendants arising from alleged violations of California's Labor Code relating to the payment of minimum wages, the payment of overtime wages and the provision of meal and rest breaks. Plaintiffs also assert claims under California's Private Attorney Generals Act ("PAGA"), which authorizes "aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations..." Arias v. Superior Court, 46 Cal. 4th 969, 980 (2009). The operative complaint is the Second Amended Consolidated Complaint filed on June 11, 2014. (ECF No. 423.)

On January 16, 2014, Defendants propounded interrogatories to Miriam Leyva. Leyva provided responses on February 20, 2014. Defendants contend Leyva's responses to Interrogatories Nos. 7, 8 and 11 are insufficient:

> Interrogatory No. 7
> State all facts that support YOUR contention that DEFENDANTS failed to provide required meal periods to YOU during YOUR employment with DEFENDANTS.
> Response:   Company requirements did not allow required meal periods and they were not taken, defendants failed to provide those.
>
> Interrogatory No. 8
> Identify the dates YOU worked for a period of time in excess of six (6) hours and voluntarily waived YOUR meal period during YOUR employment with DEFENDANTS.
> Response:   No voluntary waivers, worked in excess of 6 hours, as previously indicated, every day with perhaps a few exceptions. Off the top of my head I recall none.
>
> Interrogatory No. 11
> Identify the dates that DEFENDANTS failed to provide required meal periods to YOU during YOUR employment with DEFENDANTS.
> Response:   As stated above and as previously stated, every day, with maybe a few exceptions; do not recall any such dates.

Defendants noticed Leyva's deposition on January 16, 2014. An amended notice of deposition was served on January 28, 2014. However, four days prior to the scheduled

deposition, Leyva indicated that they could not appear at the deposition. Thereafter, efforts to secure the deposition of Leyva broke down and Defendants filed the present motion to compel.

## II.

## DISCUSSION

### A. Attorney Timothy Donahue's Failure to Appear

Leyva's attorney, Timothy Donahue, failed to appear at the hearing scheduled for Defendants' motions to compel. Accordingly, the Court will order Mr. Donahue to show cause why he should not be sanctioned for his failure to appear.

### B. Leyva's Responses to Interrogatories

The Court notes that the original motion to compel filed by Defendants contends that Leyva's responses to Interrogatories Nos. 1-11 and 17 are in dispute and Leyva's response to Request for Admission No. 2 is in dispute. Since the parties' joint statement regarding the discovery dispute does to address Interrogatories Nos. 1-6, 9-11, or 17 and does not address Request for Admission No. 2, the Court presumes that the parties have resolved their disputes regarding these responses informally.

With respect to Interrogatories Nos. 7, 8, and 11, Defendants argue that Leyva's responses are vague, evasive and incomplete. Defendants contend that Plaintiff failed to describe the "company requirements" that did not allow her to take meal periods and failed to identify which "defendants" failed to provide her with meal periods.

Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. See Hanford Executive Management Employee Ass'n v. City of Hanford, No. 1:11-cv-00828-AWI-SAB, 2013 WL 5671460, at *8 (E.D. Cal. Oct. 17, 2013); Miles v. Shanghai Zhenhua Port of Machinery Co., LTS, No. C08-5743 FDB, 2009 WL 3837523, at *1 (W.D. Wash. Nov. 17, 2009); Tubbs v. Sacramento County Jail, No. CIV S-06-0280 LKK GGH P, 2008 WL 863974, at *1 (E.D. Cal. Mar. 28, 2008); Lucero v. Valdez, 240 F.R.D. 591, 594 (D.N.M. 2007). "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for "each and every fact" and application of law to fact that supports the party's allegations are an

abuse of the discovery process because they are overly broad and unduly burdensome.'" Miles, 2009 WL 3837523, at *1 (quoting Lucero, 240 F.R.D. at 594). "'Each and every fact' interrogatories pose problems for a responding party and a reviewing court. Parties are not tasked with laying out every jot and tittle of their evidentiary case in response to interrogatories." Tubbs, 2008 WL 863974, at *1 (quoting Lucero, 240 F.R.D. at 594). "Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." Lucero, 240 F.R.D. at *594.

Broad and vague interrogatories invite broad and vague responses. Defendants' interrogatories did not specifically inquire into the information sought by Defendants, namely the specific company requirements that did not allow Leyva to take meal breaks or the specific individuals who failed to provide meal breaks. Accordingly, Leyva's response was adequate. Moreover, in light of the Court's ruling below, that Defendants be given the opportunity to further depose Leyva, Defendants will have the opportunity to inquire into these details in a more appropriate and less harassing manner.

With respect to Interrogatories Nos. 8 and 11, Defendants also argue that Leyva is required to review all documents in her possession to provide responses to Defendants interrogatories, including the hundreds of thousands of pages of time records which would identify the specific dates that Leyva was not given a proper meal break. Defendants are incorrect in this regard.

As an initial matter, it would appear that asking Leyva to review the voluminous time records in this case and pick out every work shift that involved a late meal break would be unduly burdensome. Even Defendants admitted as such by previously taking the position that the time records were so voluminous it rendered the class unascertainable. However, Mr. Donahue was not present at the hearing to argue that a response would be unduly burdensome, so the Court cannot make this finding.

On the other hand, Federal Rule of Civil Procedure 33(d) gives Leyva the option to simply specify the records that must be reviewed to ascertain the answer sought by Defendants.

Since it appears that the burden of combing through these voluminous records would be substantially the same for either party, Leyva is permitted to cause Defendants to bear that burden. Accordingly, the Court will permit Leyva to amend her responses to simply refer Defendants to the records that Leyva would otherwise have to review to ascertain the answer to Defendants' interrogatories.

The Court will grant Defendants' motion to compel with the understanding that Leyva's amended response to the interrogatories can simply refer to the records that contain the answer to the interrogatories pursuant to Rule 33(d).

### C.  Leyva's Deposition

Defendants' arguments pertaining the motion to compel the deposition of Leyva are nearly identical to the arguments raised in their prior motions to compel the depositions of Plaintiffs Sandrika Medlock and Lisa Hardiman. Accordingly, the Court will grant an additional deposition of Leyva for the same reasons set forth in its May 22, 2014 order granting Defendants' prior motions to compel, namely, the bifurcation of discovery on the issues of class certification and the merits of Plaintiffs' claims. The Court will permit Defendants to depose Leyva for up to three hours in Texas, the state of Leyva's residence.

### III.

### CONCLUSION AND ORDER

For the foregoing reasons, the Court finds that further responses to Defendants' interrogatories are not warranted. However, the Court finds that a further three hour deposition of Leyva at a reasonable location in her state of residence in Texas is warranted.

Based upon the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to compel Leyva to provide further responses to Defendants' interrogatories is GRANTED and Leyva shall provide amended responses to Interrogatories Nos. 8 and 11 within fourteen (14) days of the date of service of this order;

2. Defendants' motion to compel Leyva to submit to an additional deposition is GRANTED and that Defendants are granted leave to conduct a three hour

1         deposition of Leyva in Texas, at a time and location mutually agreeable to the parties; and

3.    Attorney Timothy Donahue shall appear in person to SHOW CAUSE why sanctions should not be issued for his failure to appear at the hearing on Defendants' motion to compel.  The show cause hearing shall take place on September 3, 2014 at 10:00 a.m. in Courtroom 9 (SAB) before United States Magistrate Judge Stanley A. Boone.  Mr. Donahue shall file a written response to the order to show cause by August 27, 2014.  The other parties in this action shall not be required to attend the order to show cause hearing, but may attend via telephone if desired.

IT IS SO ORDERED.

Dated: **August 15, 2014**

UNITED STATES MAGISTRATE JUDGE