# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRIKA MEDLOCK, et al., | Case No. 1:07-cv-01314-SAB |
| Plaintiffs, | ORDER DENYING MOTION FOR SUMMARY JUDGMENT |
| v. | ECF NO. 424 |
| TACO BELL CORP., et al., | |
| Defendants. | |

On June 11, 2014, Plaintiffs filed a motion for summary judgment. (ECF No. 424.) Defendants filed an opposition to Plaintiffs' motion on June 30, 2014. (ECF No. 432.) Plaintiffs filed a reply on July 11, 2014. (ECF No. 459.)

The hearing on Plaintiffs' motion took place on August 13, 2014. Attorney Matthew Theriault argued on behalf of Plaintiffs. Attorneys Morgan Forsey and Tracey Kennedy argued on behalf of Defendants.

For the reasons set forth below, the Court finds that Plaintiffs are not entitled to summary judgment.

**I.**

**BACKGROUND**

In these consolidated actions, Plaintiffs assert claims against Defendants arising from alleged violations of California's Labor Code relating to the payment of minimum wages, the

1

payment of overtime wages and the provision of meal and rest breaks.  Plaintiffs also assert claims under California's Private Attorney Generals Act ("PAGA"), which authorizes "aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations..." Arias v. Superior Court, 46 Cal. 4th 969, 980 (2009).  The operative complaint is the Second Amended Consolidated Complaint filed on June 11, 2014.  (ECF No. 423.)

Plaintiffs filed the present motion for summary judgment on June 11, 2014.  Plaintiffs argue that there is no genuine dispute of material fact regarding the issue of liability and the only issue that need be resolved at trial is the issue of damages.

## II.

## LEGAL STANDARDS FOR MOTIONS FOR SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56, "[a] party may move for summary judgment ... if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Id.

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts."  Scott v. Harris, 550 U.S. 372, 380 (2007).  "'[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."'"  Id. (quoting Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)).

/ / /

/ / /

/ / /

## III.

## DISCUSSION

Plaintiffs seek partial summary adjudication on the issue of liability with respect to their claims under California Labor Code sections 226.7 and 512.

Section 512 states, in pertinent part:

> (a)  An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee....

Cal. Labor Code § 512.

Section 226.7 states, in pertinent part:

> (b)  An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.
>
> (c)  If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

Cal. Labor Code § 226.7.

The Industrial Welfare Commission's ("IWC") Wage Order No. 5 applies to restaurant workers such as Plaintiffs.  Brinker Restaurant Corp. v. Superior Court, 53 Cal. 4th 1004, 1027 n.7 (2012).  Subdivision 11 of Wage Order No. 5 states:

> **11.  Meal Periods**
> (A)  No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee....

Wage Order 5-02 Wages, Hours and Working Conditions in the Public Housekeeping Industry,

http://www.dir.ca.gov/iwc/wageorder5_010102.html (last visited Aug. 25, 2014). Under Section 512 and Wage Order No. 5, a first meal period must be given no later than the start of an employee's sixth hour of work. Brinker Restaurant Corp., 53 Cal. 4th at 1041.

"[A]n employer's obligation when providing a meal period is to relieve its employee of all duty for an uninterrupted 30-minute period." Brinker Restaurant Corp., 53 Cal. 4th at 1038. However, employers do not have any duty to ensure that employees do no work during meal periods. Id. "Proof an employer had knowledge of employees working through meal periods will not alone subject the employer to liability for premium pay; employees cannot manipulate the flexibility granted them be employers to use their breaks as they see fit to generate such liability. On the other hand, an employer may not undermine a formal policy of providing meal breaks by pressuring employees to perform their duties in ways that omit breaks." Id. at 1040.

Plaintiffs move for summary judgment as to liability based upon the language found in two documents, one entitled "Rest Break and Meal Periods" and the second entitled "Required Rest Break and Meal Period Matrix." However, Plaintiffs submit no evidence that supports the conclusion that these documents accurately reflect Defendants' formal policies regarding meal breaks or that the policies reflected in these documents were actually applied to Plaintiffs.

Both documents are attached as exhibits to the declaration of Matthew T. Theriault, Plaintiffs' attorney. Mr. Theriault states that both documents were produced by Defendants in response to Plaintiffs' requests for production. However, the fact that these documents were produced by Defendants in response to a request for production provides little insight in terms of foundation and authentication for these documents. Mr. Theriault's declaration does not even identify what the original request for production sought. Accordingly, the fact that these documents were produced in discovery only establishes that these documents were in Defendants' possession, custody or control at some point in time and says nothing about what these documents are.

Accordingly, Plaintiffs have submitted no evidence that supports the conclusion that these two documents accurately reflect Taco Bell's official policy during the time periods relevant to this action. It may be that these two documents are merely drafts that were never

1 given final approval, or the documents were not applicable or in effect during the time period at
2 issue in this action.

3       Plaintiffs could have presented the two documents to Defendants' witness during a
4 deposition and asked the witness to authenticate the documents and testify that the contents of
5 the two documents accurately reflect Taco Bell's policy on the timing of meal breaks.  However,
6 based upon the evidence submitted by Plaintiffs in support of their motion for summary
7 judgment, Plaintiffs have not done so.

8       Plaintiffs submitted excerpts from the deposition of Tawanda Starms in support of their
9 motion for summary judgment.  Ms. Starms was designated as Taco Bell's representative
10 relating to its policies and practices regarding meal breaks.  In regards to the two documents at
11 issue, Ms. Starms testified:

```
Q    Could you please tell me what's Taco Bell's policy
     currently in California on meal periods?
A    To comply with California state law.
Q    And do you know what that entails?
A    Yes.
Q    Could you please tell me?
A    That nonexempt employees are to – they are to receive
     meal periods and rest breaks in accordance to their number of
     hours worked, so they get a certain number depending on the hours
     they work.
Q    How many hours do nonexempt employees have to work
     presently to be compensated for a meal period?
MS. GREENE:    And don't guess if you -- if it's in a policy
     and you'd have to refer to it, you can let him know that.
THE WITNESS:    I'd have to refer to the policy.
BY MR. YU:
Q    Which policy are you referring to?
A    The meal and rest break matrixes.
Q    And where would those matrixes be found?
A    In a variety of different places.
Q    Which places?
A    Wallet cards, state specific meal and rest break – I'm sorry,
     meal period and rest break statutes are a few I can recall off the top
     of my head.
```

(Decl. of Matthew T. Theriault in Supp. of Mot. for Part. Summ. J. Ex. A, at pg. 37:22-38:21.)

      Ms. Starms' testimony provides no additional insight into the two documents relied upon
by Plaintiffs.  First, Ms. Starms referred to unidentified meal and rest break matrixes during her
deposition and there is no indication that the two documents relied upon by Plaintiffs in the

5

1  present motion for summary judgment are the same "meal and rest break matrixes" alluded to by
2  Ms. Starms.  Moreover, even if the two documents were the same matrixes alluded to by Ms.
3  Starms, Ms. Starms did not testify that those two documents accurately reflected Taco Bell's
4  meal break policy.  She only testified that the documents would refresh her recollection
5  regarding the meal break policy.  For reasons unknown to the Court, Ms. Starms was never
6  expressly asked whether it was Taco Bell's policy to provide meal breaks after the fifth hour of
7  work, as the documents state, nor were these two documents presented to Ms. Starms during her
8  deposition to confirm that they accurately reflect Taco Bell's policy.  Therefore, the only
9  evidence before the Court are documents produced by Taco Bell without any authentication and
10 a statement from Taco Bell's representative that there exists a matrix that would refresh her
11 recollection as to Taco Bell's meal break policy.

12         In their reply, Plaintiffs point to the fact that Tracey Kennedy, Defendants' attorney,
13 stated during a hearing before this Court on October 19, 2012 that it was Taco Bell's policy that
14 meal breaks be given between the fifth and sixth hour of work.  However, nothing in the record
15 suggests that Ms. Kennedy is competent to testify as a witness regarding Taco Bell's meal break
16 policy.  See Barcamerica Intern. USA Trust v. Tyfield Importers, Inc., 289 F.3d 589, 593 (9th
17 Cir. 2002) (attorney arguments are not evidence).

18         Furthermore, even if there were no material dispute regarding whether these two
19 documents accurately reflected Taco Bell's policy regarding meal breaks, in order to establish
20 liability, Plaintiffs would still need to demonstrate that Plaintiffs were actually denied meal
21 breaks pursuant to this policy.  Even if Taco Bell's policy was to provide meal breaks after five
22 hours, no liability would attach if the policy were never applied (if employees never worked five
23 hours or longer, if Taco Bell managers never followed the policy, etc.).  Accordingly, a finding
24 that the policy violated California law would not in and of itself be sufficient to establish
25 liability.  Since Plaintiffs motion fails to introduce evidence of a single late meal break or that the
26 late meal break was caused by the application of an illegal meal break policy, Plaintiffs have not
27 submitted sufficient evidence establishing Defendants' liability.

28         Finally, the Court acknowledges that Rule 56 permits the Court to "enter an order stating

any material fact—including an item of damages or other relief—that is not generally in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g).  However, Plaintiffs have not introduced sufficient evidence that any "material fact" is established, whether it be the question of liability, an element of the issue of liability or some other material factual issue. Accordingly, the Court declines to enter any order that any material fact is established in this case.

Based upon the foregoing, the Court finds that Plaintiffs have not established entitlement to summary judgment as to the issue of liability in this action.

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that Plaintiffs are not entitled to summary judgment with respect to the issue of liability in this action.

Accordingly, it is HEREBY ORDERED that Plaintiffs' motion for summary judgment is DENIED (ECF No. 424).

IT IS SO ORDERED.

Dated:   **August 29, 2014**                                     _____
                                                                 UNITED STATES MAGISTRATE JUDGE