# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRIKA MEDLOCK, et al., | Case No. 1:07-cv-01314-SAB |
| Plaintiffs, | ORDER RE MOTIONS |
| v. | ECF NO. 427, 428, 458 |
| TACO BELL CORP., et al., | |
| Defendants. | |

Presently before the Court are three motions filed by Defendants. Defendants filed a motion to strike portions of Plaintiffs' Second Amended Consolidated Complaint on June 25, 2014. (ECF No. 427.) Defendants filed a motion to dismiss on June 25, 2014. (ECF No. 428.) Defendants filed a motion to alter or amend the Court's order regarding class certification on July 11, 2014. (ECF No. 458.)

For the reasons set forth below, the Court amends its order on class certification to reflect that the only claims proceeding on a class basis are the claims related to late meal breaks. The Court further finds that the prerequisites for class actions set forth in Federal Rule of Civil Procedure 23 apply to Plaintiff's claims under California's Private Attorney Generals Act, and that only the PAGA claims based upon late meal breaks may proceed on a class-wide, representative basis.

/ / /

# I.

# BACKGROUND

In these consolidated actions, Plaintiffs assert claims against Defendants arising from alleged violations of California's Labor Code relating to the payment of minimum wages, the payment of overtime wages and the provision of meal and rest breaks. Plaintiffs also assert claims under California's Private Attorney Generals Act ("PAGA"), which authorizes "aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations..." Arias v. Superior Court, 46 Cal. 4th 969, 980 (2009). The operative complaint is the Second Amended Consolidated Complaint filed on June 11, 2014. (ECF No. 423.)

Defendants' motions relate to issues pertaining to the class certification process in this action. Plaintiff's first motion to certify a class was filed on December 30, 2010. (ECF No. 185.) This motion sought to certify eight subclasses: 1) the Late Meal Break Subclass, 2) the Underpaid Automatic Adjustments Subclass, 3) the On-Duty Meal Period Agreement Subclass, 4) the Unpaid On-Duty Meal Period Subclass, 5) the Rest Break Subclass, 6) the Final Pay Subclass, 7) the Vested Accrued Vacation Wages Subclass, and 8) the Non-Management Employee Vacation Subclass.

The motion to certify the final pay and vacation pay subclasses was denied without prejudice on September 30, 2011. (ECF No. 269.) After additional briefing regarding the certification of the remaining subclasses, United States Magistrate Judge Dennis L. Beck issued a Findings and Recommendations on November 27, 2012 recommending that class certification be granted as to the Meal Break Subclass, but denying certification for all other subclasses. (ECF No. 341.) The Findings and Recommendations were adopted on January 2, 2013, thereby certifying the following subclass:

> Meal Break Subclass[1]
> All persons who work or worked as a non-exempt, hourly-paid employee at a corporate-owned Taco Bell restaurant in California from September 7, 2003, until the resolution of this lawsuit who

---

[1] At this point in litigation, it would be a misnomer to refer to the Meal Break class as a "subclass." The Meal Break class is the only class to be certified and therefore is not a "subclass" to any larger, defined class.

2

> worked for a period of time in excess of six hours and who worked for periods longer than five hours without a meal period of not less than thirty minutes as reflected in Defendants' employees' time records.

(Order to Adopt Findings and Recommendations on Class Certification 1:18-21.)

On April 22, 2014, Defendants filed a motion to strike the PAGA allegations from Plaintiff's First Amended Consolidated Complaint. (ECF No. 398.) On May 22, 2014, the Court denied Defendants' motion, but noted that there appeared to be some confusion regarding which claims were raised on a class-wide basis on behalf of the certified Meal Break Subclass and which claims were raised solely on an individual basis by the named plaintiffs. Accordingly, the Court ordered Plaintiffs to file a Second Amended Consolidated Complaint which specified the claims that proceeded on a class basis and the claims that proceeded on an individual basis.

In response to the Court's order, Plaintiffs filed a Second Amended Consolidated Complaint on June 11, 2014. (ECF No. 423.) In response to the Second Amended Consolidated Complaint, Defendants filed the present motion to dismiss, motion to strike, and motion to amend or alter the order on class certification. (ECF Nos. 427, 428, 458.)

## II.

## DISCUSSION

### A.   Defendants' Motion to Alter or Amend the Class Certification Order

Defendants raise four arguments in their motion to alter or amend the Court's class certification order. First, Defendants argue that the certification order should be amended to reflect that only Plaintiffs' claim for late meal periods and related PAGA claims may be adjudicated on a class-wide basis. Second, Defendants argue that the class definition should be amended to incorporate the "correct" standard of liability based upon the California Supreme Court's ruling in Brinker Restaurant Corp. v. Superior Court, 53 Cal. 4th 1004 (2012). Third, Defendants argue that the certification order must be amended to appoint adequate class counsel. Fourth, Defendants argue that the Court should order Plaintiffs to submit a "trial plan" that demonstrates that the late meal period claim can be tried in a manageable fashion.

///

1. Only the Late Meal Period Claims Are Pursued on a Class-Wide Basis

Defendants argue that the order on class certification should be amended to reflect that only the late meal period claims be adjudicated on a class-wide basis. In their opposition to Defendants' motion, Plaintiff contends that their Second Amended Consolidated Complaint "alleges that *only* the meal period claims are proceeding on a classwide basis, which is precisely in line with the Court's certification order." (Pls.' Opp'n to Taco Bell's Mot. to Alter Cert. Order 4:18-20.)

However, the Second Amended Consolidated Complaint continued to assert claims on behalf of classes that were never certified in this action, and the deadline for certifying classes has long expired. For example, the First, Second, Third, Fourth, and Fifth Causes of Action raise claims on behalf of the "Taco Bell Unpaid Wages Subclass," a class that was not certified, and due to the expiration of the class certification deadline, cannot be certified in this action. (Second Amended Consolidated Complaint ¶¶ 55-64.) The Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action raise claims on behalf of the "Taco Bell Unpaid Wages Subclass," "Taco Bell Improper Wage Statements Subclass," and "Taco Bell Unreimbursed Business Expenses Subclass," "Vested Accrued Vacation Time Subclass," and "Taco Bell Final Pay Subclass"—all classes that have not been certified in this action. (Second Amended Consolidated Complaint ¶¶ 92-126.)

Nothing in the Second Amended Consolidated Complaint suggests that the meal period claim (asserted as the Fourth Cause of Action) is the only claim to be adjudicated on a class-wide basis. Nonetheless, Plaintiffs' opposition indicates that their intent was to limit the class claims to those related to the meal period claim. Accordingly, the Court will amend the class certification order to clarify that the only claims to be adjudicated on a class basis are the meal period claims on behalf of the certified Meal Break Subclass. No other claims are proceeding on a class-wide basis at this time.[2]

---

[2] At the hearing, Plaintiffs expressed their intent to file a motion for the Court to reconsider its denial of certification of the other classes. While the Court is not deciding the merits of such a motion at this time, it is unclear why reconsideration would be warranted or appropriate considering the order on class certification was issued more than 18 months ago.

### 2. Standard of Liability Under Brinker

Defendants argue that the order on class certification should be amended to reflect the "correct" standard of liability under the California Supreme Court's decision in Brinker v. Superior Court, 53 Cal. 4th 1004 (2012). Defendants argue that the class definition should more closely comport with the standards expressed in Brinker.

In Brinker the Supreme Court of California analyzed the scope of an employer's duty to provide their employees with meal breaks under the Labor Code. The court held that "an employer must relieve the employee of all duty for the designated period, but need not ensure that the employee does no work." Brinker Restaurant Corp., 53 Cal. 4th at 1034.

Defendants argue that, since an employer is not required to ensure that employees exercise their meal period rights, the mere fact that an employee's time records indicate that a meal period was taken late does not constitute a violation of the Labor Code because it is possible that Defendants fulfilled their duty by providing an opportunity to take a meal break, but the employee chose not to take it.

Defendants' argument has been rejected by this Court on several occasions. Defendants raised this same argument in opposition to Plaintiffs' motion for class certification, in objections to the magistrate judge's findings and recommendations that class certification be granted, in a motion for reconsideration, and in an appeal to the Ninth Circuit. In the order denying Defendants' motion for reconsideration, the Court admonished Defendants of potential liability and sanctions for raising the same argument on at least three separate occasions. (See Order to Deny Reconsideration of Class Certification 3:18-22.)

The Court rejects Defendants' arguments for the same reason it rejected Defendants' arguments on three prior occasions and for the same reasons the Ninth Circuit rejected Defendants' arguments. Plaintiffs demonstrated sufficient commonality between the class members to support class certification because Plaintiffs alleged that Defendants' Hourly Employee Guide instructed employees to take a meal break after five hours of work, which on its face violates the California Labor Code. Brinker itself supports adjudication of a claim based upon such a formal policy, Brinker, 53 Cal.4th at 1033 ("Claims alleging that a uniform policy

consistently applied to a group of employees is in violation of the wage and hour laws are of the sort routinely, and properly, found suitable for class treatment."). Rather than further rehash the Court's analysis set forth in orders addressing the exact same arguments raised by Defendants on prior occasions, the Court invites Defendants to access those prior orders on the docket.

Plaintiffs request an order for sanctions against Defendants and their counsel for "vexatiously multiplying these proceedings." (Pl.'s Opp'n to Taco Bell's Mot. to Alter Cert. Order 10:4-7.) In the January 17, 2013 order denying Defendants' motion for reconsideration raising this same argument, the Court wrote:

> After entertaining to order Taco Bell to show cause why it should not be sanctioned for unreasonably and vexatiously multiplying these proceedings, this Court ADMONISHES Taco Bell and its counsel of potential liability and sanctions, including those provided by 28 U.S.C. § 1927 and other authorities.

(Order to Deny Reconsideration of Class Certification 3:18-22.) Despite the Court's prior warning, Defendants continue to figuratively beat the dead horse that the Court had unconditionally declared dead over 18 months ago. Based upon Plaintiffs' request, the Court will order Defendants to show cause why the Court should not sanction Defendants by reimbursing Plaintiffs' costs and fees associated with opposing Defendants' motion.

      3.    <u>Class Counsel</u>

Defendants argue that the Court's order on class certification must be amended to appoint adequate class counsel.

As an initial matter, Defendants contend that the Court has not yet appointed class counsel. Defendants' argument has no merit. The Findings and Recommendations on class certification contained a separate section analyzing the adequacy of Initiative Legal Group as class counsel and found that ILG was qualified and experienced. (Findings and Recommendations Regarding Pls.' Mot. for Class Certification 12:10-13:6.) The Court expressly rejected Defendants' challenges to ILG's adequacy. (<u>Id.</u>) The Court construes the Findings and Recommendations and the order adopting the Findings and Recommendations in full as appointing ILG as class counsel.

/ / /

1    Next, Defendants argue that Plaintiffs surreptitiously substituted Capstone as lead
2 counsel in place of ILG.  The Court acknowledges some confusion, as it appears that both ILG
3 and Capstone have acted on behalf of the class in this action.
4    However, contrary to Defendants arguments, the Court declines to elevate these relatively
5 mundane issues into ones that require disqualification of Plaintiffs' chosen counsel.  Defendants
6 have identified no substantial prejudice caused by any confusion between ILG and Capstone.
7 None of the alleged instances of inadequacy in this case are convincing.  Having resolved any
8 confusion by this order, the Court declines to take any further action suggested by Defendants.
9 Moreover, the Court admonishes Defendants for their scorched earth litigation tactics in
10 attempting to elevate every minute issue in this action into a voluminous dispute which has
11 accomplished nothing other than wasting the parties' time and resources, as well as this Court's
12 time and resources.

13    4.    Trial Plan

14    Defendants argue that Plaintiffs should be required to submit a trial plan demonstrating
15 that the class claims asserted in this action are manageable.  Defendants, feigning concern over
16 whether Plaintiffs will be adequately prepared for trial, insists that Plaintiffs expend time and
17 resources to detail how they intend to prove their class claims.
18    Again, these are issues already addressed by the Court which Defendants attempt to
19 revive, despite having cited no authority for requiring Plaintiffs to prepare a "trial plan."
20 Defendants could have and should have used the discovery process to vet Plaintiffs' experts and
21 Plaintiffs' theories of liability.  If Defendants have discovered a flaw in Plaintiffs' methodology,
22 the legal system affords Defendants an appropriate procedural mechanism to present that flaw:
23 the trial.  Moreover, to the extent that the parties mutually believe that it would be worthwhile to
24 discuss a trial plan, they are free to voluntarily meet informally with each other to determine how
25 to proceed and stipulate to appropriate issues to save time.  The Court only sees this as an effort
26 to re-address the manageability standards already addressed by this Court, and hence, will not
27 order that the parties to do a trial plan.  The Court will note that manageability is an important
28 function of the adversary proceeding in any trial conducted and the parties conduct themselves in

efficient and efficient manner. The parties are directed to this Court's Civil Pre-Trial and Trial Procedures & Deadlines procedures, found on the Court's website at http://www.caed.uscourts.gov/caednew/ and following the links for "Judges" and "United States Magistrate Judge Stanley A. Boone (SAB)," and in the section for "Case Management Procedures." This document sets forth the Court's expectations from the parties regarding trial procedures and no further trial plan is needed or requested by the Court.

### B. Defendants' Motion to Strike

Defendants' motion to strike raises issues similar to those brought in the motion to amend the class certification order. Defendants contend that Plaintiffs' allegations relating to class claims beyond those related to the late meal periods should be stricken.

As the Court has stated in response to Defendants' prior motion to strike, "'[m]otions to strike are disfavored an[d] infrequently granted. A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" Contreras, ex rel. Contreras v. County of Glenn, 725 F. Supp. 2d 1157, 1159 (E.D. Cal. 2010) (quoting Bassett v. Ruggles, No. CV-F-09-528 OWW/SMS, 2009 WL 2982895 at *24 (E.D. Cal. Sept. 14, 2009)). The matters embraced by Defendants' motion to strike are not matters that have no possible bearing on the subject matter of the litigation. Accordingly, the Court will deny Defendants' motion to strike.

Moreover, the matters embraced by Defendants' motion to strike are the same issues addressed by Defendants' motion to amend the order on class certification. The Court cannot imagine any purpose served by Defendants raising these same issues in a separate (procedurally defective) motion, other than to waste Plaintiffs' time and resources in preparing a separate opposition, as well as wasting the Court's time and resources in adjudicating the same issue twice. As discussed above, the Court will amend the order on class certification to reflect that the only claims that are proceeding on a class-wide basis are the late meal break claims. Therefore, Defendants' attempt to strike the allegations pertaining to the other class claims is thereby rendered moot.

/ / /

Finally, Defendants argue that references to certain named plaintiffs should be stricken because it "misstates the status of non-representative Plaintiffs." Specifically, Defendants contend that Plaintiffs' complaint purports to elevate Loraine Naranjo, Endang, Widjaja, Christopher Duggan, Kevin Taylor, Debra Doyle, and Hilario Escobar to class representatives. The section at issue merely listed all of the named plaintiffs and indicated that claims were also brought on a class-wide basis, which is accurate. Accordingly, the Court denies Defendants' motion to strike these allegations.

Based upon the foregoing, Defendants' motion to strike is denied.

**C.     Defendants' Motion to Dismiss – Applicability of Rule 23 to PAGA Claims**

Defendants' motion to dismiss argues that Plaintiffs cannot state PAGA claims based upon the First, Third, Fifth, Sixth, Seventh and Ninth claims for relief because such claims would be unmanageable on a class-wide basis at trial. Defendants argue that the Court should adopt the class action standards under Federal Rule of Civil Procedure 23 in determining whether Plaintiffs can bring PAGA claims on a representative basis.

As an initial matter, it is unclear why Defendants' chose to raise this argument in a separate motion to dismiss, rather than address it in their motion to alter or amend the Court's order on class certification, which appears to be the procedurally proper vehicle for addressing this issue. Accordingly, in an effort to avoid further motions and in the interest of judicial economy, the Court construes Defendants' argument as a motion to alter or amend the order on class certification.

    1.     Applicability of Rule 23

Defendants argue that PAGA is a state procedural law that is superseded by Rule 23 in federal court per Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co., 559 U.S. 393 (2010), Burlington Northern R. Co. v. Woods, 480 U.S. 1, 4-5 (1987) and Hanna v. Plumer, 380 U.S. 460 (1965). In Shady Grove, Burlington Northern, and Hanna, the Supreme Court applied to test for resolving conflicts between state law and federal rules of procedure. To resolve such conflicts, the Court must first determine "whether, when fairly construed, the scope of [the federal rule] is 'sufficiently broad' to cause a 'direct collision' with the state law or, implicitly, to

1  'control the issue' before the court, thereby leaving no room for the operation of that law."
2  Burlington Northern R. Co., 480 U.S. at 4-5. "The [federal rule] must then be applied if it
3  represents a valid exercise of Congress' rulemaking authority, which originates in the
4  Constitution and has been bestowed on this Court by the Rules Enabling Act, 28 U.S.C. § 2072."
5  Id. at 5.

As an initial matter, the Court notes that district courts within this circuit have reached conflicting conclusions on whether Rule 23 must be applied in PAGA actions pursuant to Shady Grove/Burlington Northern/Hanna. Compare Cardenas v. McLane Foodservice, Inc., No. SACV 10-473 DOC (FFMx), 2011 WL 379413, at *3 (C.D. Cal. Jan. 31, 2011) (PAGA is a law enforcement action and not a class action, therefore there is no conflict with Rule 23) with Fields v. QSP, Inc., No. CV 12-1238 CAS (PJWx), 2012 WL 2049528, at *5 (C.D. Cal. Jun. 4, 2012) (PAGA is simply a procedural statute, therefore plaintiffs must meet Rule 23 requirements to proceed in federal court); see also Halliwell v. A-T Solutions, 983 F. Supp. 2d 1179, 1182-84 (discussing split in opinion regarding PAGA's operation in federal court). Recently, the Ninth Circuit expressly left open the question of "whether a federal court may allow a PAGA action otherwise within its original jurisdiction to proceed under Rule 23 as a class action." Baumann, v. Chase Inv. Services Corp., 747 F.3d 1117, 1124 (9th Cir. 2014).

The Court finds that Rule 23 causes a "direct collision" with PAGA because Rule 23 would prohibit the maintenance of a class action in circumstances where PAGA would permit one. The text of Federal Rule of Civil Procedure 23 states:

> **(a)** **Prerequisites**. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1)   the class is so numerous that joinder of all members is impracticable;
> (2)   there are questions of law or fact common to the class;
> (3)   the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4)   the representative parties will fairly and adequately protect the interests of the class.

(emphasis added). The critical clause of Rule 23(a) is "only if," as the "only if" proviso can only be interpreted to mean that Rule 23 prohibits the maintenance of a representative action if the requirements of numerosity, commonality, typicality and adequacy of representation do not exist.

1  Thus, regardless of whether PAGA suits can proceed in a California state court without meeting
2  California's requirements for class actions, PAGA cannot be interpreted to operate in a federal
3  court in a diversity action in a manner that would trump Rule 23's requirements governing
4  representative actions in a federal court. Burlington Northern R. Co., 480 U.S. at 4-5 (if a "direct
5  collision" exists with state law, federal rule must apply if it represents a valid exercise of
6  Congress' rulemaking authority). The Legislature's use of the phrase "only if" in Rule 23 clearly
7  evinces an intent that Rule 23(a)'s prerequisites are to apply in all representative actions brought
8  in federal court, leaving no room for states to fashion alternative procedural avenues for the
9  prosecution of representative actions in diversity cases.

10       The courts which have held that no conflict exists between Rule 23 and PAGA relied
11  upon the characterization of PAGA actions as a "law enforcement action" rather than a class
12  action. See, e.g., Cardenas, 2011 WL 379413 at *3 ("Since PAGA is a law enforcement action,
13  and not a class action, the Court finds that there is no conflict with Rule 23.") However, the
14  characterization of PAGA actions as a "law enforcement action" is entirely artificial. It is
15  unclear what the distinction between a "law enforcement action" and a "class action" would be.
16  The statutory text of PAGA expressly states that PAGA actions are civil actions "brought by an
17  aggrieved employee on behalf of himself or herself and other current or former employees," Cal.
18  Labor Code § 2699(a), supporting the conclusion that a PAGA action is akin to a representative
19  action that falls within the scope of Rule 23.

20       Moreover, the characterization and treatment of PAGA claims under state law is
21  irrelevant to the question of whether Rule 23 applies to a PAGA claim brought in federal court as
22  a diversity action. Shady Grove Orthopedic Associates, P.A., 559 U.S. at 410 (nature of the
23  affected state law does not matter). Plaintiffs have identified no federal rule authorizing the
24  maintenance of a representative action outside those authorized by Rule 23 and the Court is
25  unaware of any such federal rule. Nothing in the text of Rule 23 suggests that the door is left
26  open for states to enact rules that circumvent the requirements of Rule 23 by requiring federal
27  courts sitting in diversity to entertain what is for all practical purposes a class action--in
28  circumstances that Rule 23 would not permit.

Having concluded that the PAGA provisions present a direct collision with Rule 23, the Court further finds that Rule 23 must be applied in this action because it represents a valid exercise of Congress' rulemaking authority:

> A class action, no less than traditional joinder (of which it is a species), merely enables a federal court to adjudicate claims of multiple parties at once, instead of in separate suits. And like traditional joinder, it leaves the parties' legal rights and duties intact and the rules of decision unchanged.

Shady Grove Orthopedic Associates, P.A., 559 U.S. at 408.

Further, the Supreme Court rejected the argument that Rule 23 violates the Rules Enabling Act because the state law it displaces creates a substantive right. The Supreme Court stated that "the substantive nature of [the state's] law, or its substantive purpose, *makes no difference*." Id. at 409. "In sum, it is not the substantive or procedural nature or purpose of the affected state law that matters, but the substantive or procedural nature of the Federal Rule" Id. at 410.

Since PAGA's provisions providing for representative actions conflicts with Rule 23's provisions regarding representative actions and Rule 23 represents a valid exercise of Congress' rulemaking authority, the Court finds that Rule 23 must be applied to Plaintiffs' PAGA claims.

2. PAGA Claims Subject To Class Treatment

Having determined that Rule 23 applies to Plaintiffs' PAGA claims, the Court finds that the only PAGA claims that are amenable to class treatment are the PAGA claims arising from the late meal breaks under the California Labor Code. The Court's order denying certification as to all other classes determined that Plaintiffs' remaining claims are not suitable for class treatment, and the same reasoning would apply to Plaintiffs' PAGA claims premised upon the same conduct.

Accordingly, the Court will amend the order on class certification to reflect that only the PAGA claims based upon late meal breaks may proceed on a class-wide, representative basis.

**D. Defendants' Motion to Dismiss – Plaintiff Hardiman's Failure to Exhaust**

Defendants' motion to dismiss also argues that Plaintiff Lisa Hardiman's PAGA claims relating to late meal breaks should be dismissed because Hardiman failed to properly exhaust

those claims prior to filing suit. Defendants argue that the claim letter Plaintiff sent to the Labor and Workforce Development Agency ("LWDA") did not contain sufficient detail with respect to a PAGA claim based upon late meal breaks.

This exact argument was asserted by Defendants in their motion for judgment on the pleadings or, in the alternative, for partial summary judgment filed on April 22, 2014. (ECF No. 401.) The Court rejected Defendants argument and denied Defendants' prior motion on May 22, 2014. Again, the Court admonishes Defendants' for attempting to re-litigate an issue already decided by the Court and wasting the Plaintiffs' time and resources as well as the Court's.

### E. Future Frivolous Motions

Lastly, in future motions, regardless of which party brings them, the moving party must be cognizant that the filing of frivolous or repeated motions waste the resources and time of this Court. Despite having an incredibly large caseload, this Court strives to provide all litigants with decisions in a timely and efficient manner. Having to address frivolous matters hampers this ability. Accordingly, future frivolous motions may be met with a *sua sponte* order to show cause.

Here, the parties must strive to move this case forward since it is already seven years in the making.

### III.

### CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that the order on class certification should be amended to identify the claims that are proceeding on a class-wide basis in this action. The Court further finds that Rule 23's prerequisites apply to Plaintiffs' PAGA claims. The only claims proceeding on a class-wide basis are Plaintiff's claims predicated on the provision of late meal breaks. Finally, the Court will order Defendants to show cause why they should not be sanctioned for wasting Plaintiffs' time and the Court's time addressing the same arguments which Defendants raised on at least three prior occasions and which the Court previously admonished Defendants for raising.

///

Accordingly, it is HEREBY ORDERED that:

1. Defendants' motion to alter or amend the order on class certification is PARTIALLY GRANTED. The order on class certification is amended to reflect that the only claims proceeding on a class-wide basis by the Meal Break Subclass is the Fourth Cause of Action for late meal breaks under California Labor Code §§ 226.7 and 512(a) and the related PAGA claims and claims under California Business & Professions Code § 17200, et seq.

2. Defendants' motion to strike is DENIED;

3. Defendants' motion to dismiss is PARTIALLY GRANTED. As set forth above, the order on class certification is amended to reflect that only the PAGA claims related to late meal breaks shall proceed on a class-wide basis; and

4. Defendants are ordered to SHOW CAUSE why they should not be sanctioned for their wasteful litigation tactics, including their attempt to re-litigate the issue of whether the class definition should reflect the legal standards set forth in Brinker. Defendants shall file a written response to the order to show cause by September 17, 2014. Defendants' counsel shall appear in person for a show cause hearing on September 24, 2014 at 10:00 a.m. in Courtroom 9 (SAB) before United States Magistrate Judge Stanley A. Boone. Plaintiffs' counsel need not appear in person at the show cause hearing, but instead may appear telephonically.

IT IS SO ORDERED.

Dated: **August 29, 2014**

UNITED STATES MAGISTRATE JUDGE