# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SANDRIKA MEDLOCK, et al.,

Plaintiffs,

v.

TACO BELL CORP., et al.,

Defendants.

Case No. 1:07-cv-01314-SAB

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

ECF NO. 493

On October 8, 2014, Plaintiffs in this matter filed a motion for reconsideration of the Court's August 29, 2014 order denying Plaintiffs' prior motion for summary judgment. (ECF No. 493.) Matthew Theriault and Glenn Danas appeared in person on behalf of Plaintiffs. Tracey Kennedy appeared in person on behalf of Defendants.

For the reasons set forth below, the Court denies Plaintiffs' motion for reconsideration.

## I.

## BACKGROUND

In these consolidated actions, Plaintiffs asserted claims against Defendants arising from alleged violations of California's Labor Code relating to the payment of minimum wages, the payment of overtime wages and the provision of meal and rest breaks. Plaintiffs also asserted claims under California's Private Attorney Generals Act ("PAGA"), which authorizes "aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor

Code violations...” Arias v. Superior Court, 46 Cal. 4th 969, 980 (2009). The operative complaint is the Second Amended Consolidated Complaint filed on June 11, 2014. (ECF No. 423.)

On June 11, 2014, Plaintiff filed a motion for summary judgment. (ECF No. 424.) Plaintiffs sought summary judgment on the theory that there was no genuine dispute of material fact regarding the issue of liability and that the only issue that should be resolved by a trial was the issue of damages. The Court denied Plaintiffs’ motion for summary judgment on August 29, 2014. (ECF No. 486.) Plaintiffs now seek reconsideration of the Court’s order.

**II.**

**LEGAL STANDARDS FOR MOTIONS FOR RECONSIDERATION**

Local Rule 230(j) states:

> **(j) Applications for Reconsideration.** Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:
> (1) when and to what Judge or Magistrate Judge the prior motion was made;
> (2) what ruling, decision, or order was made thereon;
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
> (4) why the facts or circumstances were not shown at the time of the prior motion.

**III.**

**DISCUSSION**

Plaintiffs argue that reconsideration is warranted due to “clear error” by the Court in denying Plaintiffs’ motion for summary judgment. For the reasons set forth below, the Court denies Plaintiffs’ motion for reconsideration.

/ / /

/ / /

/ / /

**A. The Court Properly Found that the Meal Break Policy Documents Were Not Authenticated**

In denying Plaintiffs' motion for summary judgment, the Court found that the documents presented by Plaintiffs purportedly describing Defendant's meal break policy were not authenticated. Plaintiffs argue that the document was sufficiently authenticated.

"Authentication is a 'condition precedent to admissibility,' and this condition is satisfied by 'evidence sufficient to support a finding that the matter in question is what its proponent claims.'" Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed. R. Evid. 901(a)). "In a summary judgment motion, documents authenticated through personal knowledge must be 'attached to an affidavit that meets the requirements of [Fed.R.Civ.P.] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.'" Id. (citing Canada v. Blain's Helicopters, Inc., 831 F.2d 920, 925 (9th Cir. 1987)).

The documents at issue are entitled "Rest Break and Meal Periods and "Required Rest Break and Meal Period Matrix" and were attached as Exhibits B and C to the Declaration of Matthew T. Theriault in Support of Motion for Partial Summary Judgment ("Theriault Decl."). (See ECF No. 424.) Mr. Theriault's declaration stated:

> In response to Plaintiffs' request for production, Taco Bell produced, among other things, a copy of its "Rest Break and Meal Periods" policy, authenticated by Taco Bell's designees and its counsel as Taco Bell's meal period policy/practices, as described above and during the class certification proceedings. A true and correct copy of the "Rest Break and Meal Periods" policy is attached hereto as Exhibit B. It states in relevant part "Meal Periods > you are required to take a full 30-minute, uninterrupted, meal period after 5 hours of work unless 6 hours completes your work day."

(Theriault Decl. ¶ 3.) There are several defects with Mr. Theriault's attempt to authenticate the documents in question.

Plaintiffs argue that the documents were properly authenticated because "Defendants' already authenticated at least one of the meal period policy documents in their opposition to Plaintiffs' motion for class certification." Plaintiffs argue that the same documents were attached to a declaration submitted by Defendants earlier in this action in an opposition to Plaintiff's

motion for class certification. However, the documents do not appear to have been properly authenticated by Defendants, as the documents were attached as exhibits to the declaration of Tracey Kennedy and Ms. Kennedy did not establish a foundation establishing herself as a person through whom the documents could be admitted into evidence. There is no indication that Ms. Kennedy had personal knowledge of facts establishing the documents' authenticity.

Furthermore, it remains unclear what these documents are (i.e., whether they represented the "official" meal policy enforced by Defendant, or merely a draft document uncovered during discovery), who received these documents (i.e., was the document distributed to all managers, or was it buried in a file that never saw the light of day?), or whether the documents accurately reflected the "official" meal policy (i.e., was the reference to meal breaks given after five hours of work a typographical error that was contradicted by other written materials?). Plaintiffs, at a minimum, have only established that the documents at issue are documents that were in Defendant's possession. Plaintiffs did not submit any evidence of the significance of these documents. As noted in the Court's order, Plaintiffs never presented these meal break policy documents to an appropriate witness and asked the witness to confirm that these documents accurately reflect Defendant's policy regarding the timing of meal breaks. Accordingly, Plaintiffs, at most, have established that some unidentified document in Defendant's possession indicates that the official policy may be to give employees meal breaks after five hours of work.

Based upon the foregoing, the Court finds that reconsideration is not warranted with respect to the Court's findings regarding the authenticity of the documents submitted by Plaintiffs.

### B. The Court Properly Found that Summary Judgment was not Appropriate With Respect to Liability

Plaintiffs argue that the Court improperly denied summary judgment with respect to liability because liability can be premised upon a uniform policy. Plaintiffs misinterpret the Court's order denying their motion for summary judgment.

As an initial matter, Plaintiffs argue that the Court violated the "law of the case" doctrine in its prior order by departing from a legal issue decided previously in this case. During class

certification proceedings, the Court acknowledged that, per Brinker Restaurant Corp. v. Superior Court, 54 Cal. 4th 1004 (2012), liability may be premised upon an official policy adopted by an employer which violates California wage and hour laws. Nothing in the Court's prior order was inconsistent with this position. In the Court's prior order, the Court noted that Plaintiffs must demonstrate that at least some employees were actually denied timely meal breaks as a result of the allegedly violative policy. For example, hypothetically, if an employee were to prove that an employer adopted an official policy where meal breaks would not be given until after five hours of work, but the employer's time records showed that every shift worked by every employee was less than four hours long, no liability would exist because no employee was denied a timely meal break because no employee worked a shift long enough to trigger the legal obligation to provide a meal break. Stated differently, no employee would have standing to sue because no employee suffered any injury under this hypothetical scenario. Accordingly, in order to establish liability, Plaintiffs must establish injury—i.e., an actual instance of an untimely meal break. Plaintiffs' prior motion for summary judgment failed to establish liability in this manner.

More fundamentally, even if the Court were to look past the authentication issues and the actual injury issues, Plaintiffs' motion for summary judgment failed because Plaintiffs failed to demonstrate an absence of dispute regarding the material facts relating to Defendants' meal break policy. For reasons discussed in more detail in the Court's contemporaneous order on Plaintiffs' second motion to dismiss, the evidentiary record includes conflicting evidence from Plaintiffs and Defendants regarding whether it was, in fact, Defendants' official, uniformly applied policy to provide meal breaks after the fifth hour of work. Plaintiffs, at most, established that there exists a document in Defendant's possession that could be interpreted to say that meal periods are given after five hours of work. Plaintiffs submitted little evidence that this document accurately reflected Defendant's official policy regarding the timing of meal breaks. Plaintiffs submitted little evidence that this policy was uniformly enforced on all employees. Plaintiffs submitted little to no evidence that any employee was given a late meal break because of this policy.

/ / /

Plaintiffs cite a number of cases that have held that class-wide liability may attach if an employer adopts a uniform policy which violates a provision of wage and hour laws. While it is true that class-wide liability may be based upon the adoption of a uniform policy, summary judgment requires Plaintiffs to demonstrate that there is no genuine dispute that this uniform policy existed and was uniformly applied against employees. The Court's reading of the record revealed substantial grounds for genuine dispute.

Based upon the foregoing, the Court finds that reconsideration is not warranted with respect to the Court's findings regarding liability.

**IV.**

**CONCLUSION AND ORDER**

Based upon the foregoing, the Court finds that reconsideration of the Court's order denying Plaintiffs' motion for summary judgment is not warranted.

Accordingly, it is HEREBY ORDERED that Plaintiffs' motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: **November 14, 2014**

UNITED STATES MAGISTRATE JUDGE