# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRIKA MEDLOCK, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TACO BELL CORP., et al.,<br><br>    Defendants. | Case No. 1:07-cv-01314-SAB<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL<br><br>ECF NO. 491 |

On October 6, 2014, Plaintiffs in this action filed a motion for certification of the Court's August 29, 2014 order for interlocutory appeal. (ECF No. 491.) Matthew Theriault and Glenn Danas appeared in person on behalf of Plaintiffs. Tracey Kennedy appeared in person on behalf of Defendants.

For the reasons set forth below, the Court finds that Plaintiffs have not demonstrated that an interlocutory appeal will materially advance the ultimate termination of this litigation and therefore Plaintiffs' motion will be denied.

**I.**

**BACKGROUND**

In these consolidated actions, Plaintiffs asserted claims against Defendants arising from alleged violations of California's Labor Code relating to the payment of minimum wages, the payment of overtime wages and the provision of meal and rest breaks. Plaintiffs also asserted

1 claims under California's Private Attorney Generals Act ("PAGA"), which authorizes
2 "aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor
3 Code violations..." Arias v. Superior Court, 46 Cal. 4th 969, 980 (2009). The operative
4 complaint is the Second Amended Consolidated Complaint filed on June 11, 2014. (ECF No.
5 423.)

6  On June 25, 2014, Defendant filed a motion to strike portions of Plaintiffs' Second
7 Amended Complaint. (ECF No. 427.) Defendant also filed a motion to dismiss the same day.
8 (ECF No. 428.) On July 11, 2014, Defendant filed a motion to alter or amend the Court's order
9 on class certification. (ECF No. 458.) The Court issued a written order on the motions on
10 August 29, 2014. (ECF No. 487.)

11 The Court's order, among other things, held that the procedural requirements of Federal
12 Rule of Civil Procedure 23 apply to Plaintiff's claims under California's Private Attorney
13 Generals Act ("PAGA") and that Plaintiffs have not met Rule 23's requirements with respect to
14 all of the PAGA claims raised in the Second Amended Complaint. Accordingly, class
15 certification was effectively granted with respect to Plaintiffs' PAGA claims arising from late
16 meal breaks but class certification was denied with respect to Plaintiffs' PAGA claims raising
17 from the remaining hour and wage violations alleged by Plaintiffs. Plaintiffs now ask the Court
18 to certify its August 29, 2014 order for an immediate interlocutory appeal pursuant to 28 U.S.C.
19 § 1292(b).

## II.

## LEGAL STANDARDS

Interlocutory appeals are governed by 28 U.S.C. § 1292, which states, in pertinent part:

> **(b)** When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings

>in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Accordingly, a non-final order may be certified for interlocutory appeal where it involves 1) a controlling question of law, 2) as to which there is substantial ground for difference of opinion, and 3) where an immediate appeal may materially advance the ultimate termination of the litigation. Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 687-88 (9th Cir. 2011). Interlocutory appeals under Section 1292 are "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation" and would "'justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" In re Cement Antitrust Litigation (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1982) (internal citations omitted).

### III.
### DISCUSSION

Plaintiffs argue that all three elements are met to certify an interlocutory appeal. For the reasons set forth below, the Court finds that Plaintiffs have not demonstrated that an immediate appeal will materially advance the ultimate termination of the litigation. Accordingly, the Court need not address the other two elements for an interlocutory appeal.

Courts have found that an appeal will materially advance the ultimate termination of the litigation in situations where an interlocutory appeal would resolve a legal issue implicated in a large number of other cases. See, e.g., Leite v. Crane Co., No. 11-00636 JMS/RLP, 2012 WL 1982535, at *6-7 (D. Haw. May 31, 2012) (and cases cited therein). Courts have also found that the factor is met when the trial court denies a motion that would result in dismissal of a claim, and an appeal may save time because reversal on appeal would result in the claim being dismissed, saving the parties' time and expense conducting discovery and trial on that claim. See, e.g., Hawaii ex rel. Louie v. JP Morgan Chase & Co., 921 F. Supp. 2d 1059, 1068 (D. Haw. 2013).

/ / /

/ / /

In contrast, in this situation, Plaintiffs seek an interlocutory appeal of an order which effectively dismissed certain PAGA claims from this action.[1] An appeal would not materially advance the ultimate termination of the litigation. Reversal on appeal would result in the claim being revived and, if anything, would protract litigation. There would be little time savings, as the same result would occur if the parties waited for final judgment in this action and appealed the issue at that point. Plaintiffs argue that if the parties waited until after final judgment to appeal, the action would be remanded and discovery would be reopened and the reinstated claims would be tried. However, this result would be the same regardless of whether an appeal was taken now or an appeal was taken after final judgment. In both instances, the action would be remanded, and discovery and trial on the reinstated claims would take place. The only difference would be whether the process takes place now as opposed to after final judgment. Thus, Plaintiffs have not identified a substantial savings in time or cost, Plaintiffs have only demonstrated that the same time and cost would be spent earlier rather than later. See Hightower v. Schwarzenegger, No. 1:04-cv-06028-OWW-SMS, 2009 WL 3756342, at *4 (E.D. Cal. Nov. 6, 2009) (party "must show that an immediate appeal may 'materially advance,' rather than impede or delay, ultimate termination of the litigation"). If this were sufficient to justify interlocutory appeal, interlocutory appeal would be appropriate in every case, because it will always be the case that an interlocutory appeal results in a decision sooner than an appeal after final judgment. While the Court acknowledges that it may be more convenient in some ways to hold a single discovery period and single trial on Plaintiffs claims, including the dismissed PAGA claims which Plaintiffs wish to appeal, the time savings associated with a consolidated single trial is not sufficient to meet the "materially advanced" standard, particularly when

---

[1] As a point of clarification, Plaintiffs contend that the Court's order dismissed all of the PAGA claims from this action based upon the Court's finding that Federal Rule of Civil Procedure 23 must be satisfied in order to bring a claim on a class-wide, representative basis. (Order Re Motions, at pp. 9:9-12:16.) The Court's reference to "representative actions" in its order referred to class actions, not to qui tam actions where an individual maintains a civil action on behalf of both themselves and the government. Qui tam actions, while representative, are not necessarily governed by Rule 23 in the federal setting. See, e.g., 31 U.S.C. § 3730 (authorizing qui tam actions under the False Claims Act). Accordingly, the Court's order did not effectively dismiss the PAGA claims in this action brought by the named plaintiffs on behalf of themselves individually, or on behalf of the certified class in this action. (See Order Re Motions, at pg. 12:17-25 (Court's finding that "only the PAGA claims based upon late meal breaks may proceed on a class-wide, representative basis.").

weighed against the possibility that interlocutory appeal merely wastes more time if this Court's decision is affirmed.

The default policy is to postpone appellate review until after final judgment and Plaintiffs have not identified appreciable savings in time or cost that would justify a departure from the default policy. Accordingly, Plaintiffs' motion for certification of an interlocutory appeal will be denied.

## IV.
## CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that Plaintiffs have failed to demonstrate that an interlocutory appeal will "materially advance" the ultimate termination of this litigation.

Accordingly, it is HEREBY ORDERED that Plaintiffs' motion for certification of an interlocutory appeal is DENIED (ECF No. 491).

IT IS SO ORDERED.

Dated:   **November 14, 2014**

UNITED STATES MAGISTRATE JUDGE