# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRIKA MEDLOCK, et al.,<br>Plaintiffs,<br>v.<br>TACO BELL CORP., et al.,<br>Defendants. | Case No. 1:07-cv-01314-SAB<br>ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT<br>ECF NO. 494 |

On October 8, 2014, Plaintiffs filed a motion for summary judgment. (ECF No. 494.) The hearing on Plaintiffs' motion for summary judgment took place on November 5, 2014. Matthew Theriault and Glenn Danas appeared in person on behalf of Plaintiffs. Tracey Kennedy appeared in person on behalf of Defendants.

For the reasons set forth below, the Court denies Plaintiffs' motion for summary judgment.

## I.

## BACKGROUND

In these consolidated actions, Plaintiffs asserted claims against Defendants arising from alleged violations of California's Labor Code relating to the payment of minimum wages, the payment of overtime wages and the provision of meal and rest breaks. Plaintiffs also asserted claims under California's Private Attorney Generals Act ("PAGA"), which authorizes

"aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations..." Arias v. Superior Court, 46 Cal. 4th 969, 980 (2009). The operative complaint is the Second Amended Consolidated Complaint filed on June 11, 2014. (ECF No. 423.)

On June 11, 2014, Plaintiffs filed a motion for summary judgment. (ECF No. 424.) The Court denied Plaintiffs' motion for summary judgment on August 29, 2014. (ECF No. 486.) Plaintiffs filed the present motion for summary judgment on October 8, 2014. (ECF No. 494.) Plaintiffs contend that summary judgment is now appropriate based upon an expanded record presented in the present motion.

## II.

## LEGAL STANDARDS FOR MOTIONS FOR SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56, "[a] party may move for summary judgment ... if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007). "'[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."'" Id. (quoting Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)).

/ / /

/ / /

/ / /

**III.**

**DISCUSSION**

Plaintiffs seek summary judgment with respect to the issue of liability on the claims against Defendants for late meal breaks. Plaintiff's contends that California law requires meal breaks to be given prior to the fifth hour of work and Defendants' official meal break policy violated California law because they provided for meal breaks after the fifth hour of work. For the reasons discussed below, the Court finds that summary judgment is not appropriate because the record shows that the facts regarding Defendants' meal break policy are in dispute.

**A. Elements of Plaintiffs' Late Meal Break Claim**

Plaintiffs seek summary judgment on the issue of liability with respect to their claims under California Labor Code sections 226.7 and 512.

Section 512 states, in pertinent part:

> (a) An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee....

Cal. Labor Code § 512.

Section 226.7 states, in pertinent part:

> (b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.
>
> (c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

Cal. Labor Code § 226.7.

The Industrial Welfare Commission's ("IWC") Wage Order No. 5 applies to restaurant workers such as Plaintiffs. Brinker Restaurant Corp. v. Superior Court, 53 Cal. 4th 1004, 1027 n.7 (2012). Subdivision 11 of Wage Order No. 5 states:

> **11. Meal Periods**
> (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee....

Wage Order 5-02 Wages, Hours and Working Conditions in the Public Housekeeping Industry, http://www.dir.ca.gov/iwc/wageorder5_010102.html (last visited Aug. 25, 2014). Under Section 512 and Wage Order No. 5, a first meal period must be given no later than the start of an employee's fifth hour of work. Brinker Restaurant Corp., 53 Cal. 4th at 1041.

**B. Plaintiffs' Evidence**

Plaintiffs' motion for summary judgment predominantly relies upon excerpts from the deposition of Tawanda Starms, a 2004 Hourly Employee Guide, a "Required Rest Break and Meal Periods Matrix," and a wallet card that depicts a meal periods matrix.

Excerpts from the deposition of Tawanda Starms which took place on August 19, 2008 are attached as Exhibit A to the Declaration of Matthew T. Theriault in Support of Motion for Partial Summary Judgment (hereinafter cited as "Aug. 2008 Starms Dep.").

Ms. Starms testified:

> Q. You understand Taco Bell's policy on meal breaks?
> A. Yes.
> ...
> Q. Could you please tell me what's Taco Bell's policy currently in California on meal periods?
> A. To comply with California state law.
> Q. And do you know what that entails?
> A. Yes.
> Q. Could you please tell me?
> A. That nonexempt employees are to – they are to receive meal periods and rest breaks in accordance to their number of hours worked, so they get a certain number depending on the hours they work.
> Q. How many hours do nonexempt employees have to work presently to be compensated for a meal period?
> MS. GREENE: And don't guess if you – if it's in a policy and you'd have to refer to it, you can let him know that.
> THE WITNESS: I'd have to refer to the policy.
> Q. Which policy are you referring to?

> A. The meal and rest break matrixes.

(Aug. 2008 Starms Dep. 36:17-38:15.)

Later in the deposition Ms. Starms testified:

> Q. Can you tell me what's printed on those wallet cards?
> A. How many meal periods or rest breaks an employee is to receive based on the number of hours worked, as well as, I believe, there's a blurb at the bottom with regard to a bit of our policy.

(Aug. 2008 Starms Dep. 42:7-12.)

Ms. Starms also testified that employees receive various documentation regarding the meal policy. (See Aug. 2008 Starms Dep. 62:23-63:8, 66:13-67:16, 117:1-18.)

Excerpts from a subsequent deposition of Ms. Starms which took place on February 4, 2010 are attached as Exhibit D the Declaration of Matthew T. Theriault in Support of Motion for Partial Summary Judgment (hereinafter cited as "Feb. 2010 Starms Dep.").[1]

Ms. Starms testified:

> With respect to Taco Bell's policies for keeping track of hours, where would an employee be able to find those written policies?
> A. Variety of different places.
> Q. What are those different places?
> A. They'd be available in Answer System/Book 6. They would be available through various training, training courses they go through. They would be available through the meal and rest break matrix. They would be available through the Restaurant Orientation Handbook. They would be available through employee file folders. They would be – those are ones I can think of off the top of my head.

(Feb. 2010 Starms Dep. 43:6-18.)

Later, Ms. Starms testified:

> Q. Yes. I'm asking you all the training that Taco Bell provides to its non-exempt employees on how to record their rest breaks.
> ...
> THE WITNESS: Um, they're provided with a Mini Decklet. They're provided with the Restaurant Orientation Handbook. Their[sic] provided with other training, they're – not other training – yeah, other training. They're provided with their employee file folder. They're shown it on the job.

[1] Additional excerpts from the February 4, 2010 deposition were submitted by Defendants in support of their opposition. For the Court's convenience, the Court cites to the excerpts submitted by both parties as "Feb. 2010 Starms Dep." regardless of whether they were submitted by Plaintiffs or Defendants.

(Feb. 2010 Starms Dep. 48:14-19.)

Ms. Starms also stated:

> Q. Do you provide anything in writing to all the other restaurant level employees, other than the restaurant leader and RGM, so Shift Leads and the other non-exempt employees, do you provide them anything in writing as to when they should take their meal break?
> MS. GREENE: Asked and answered this morning.
> THE WITNESS: Yes. We provide the meal break matrix that tells them when they're entitled to take the meal and rest break. We also point them to the Deployment Chart.
> ...
> THE WITNESS: Anything else that tells them what they're entitled to take?
> MS. BALDERRAMA: Yes.
> THE WITNESS: They get wallet cards to take with them that tells them what California law entitles them to take. They get to take home this Deck that tells them what they're entitled to. That's all I can recall at the moment.

(Feb. 2010 Starms Dep. 116:25-118:15.)

Later in the deposition, Ms. Starms testified:

> Q. I'll have you turn the page. Just so I'm clear, this Restaurant Orientation Handbook is provided to California non-exempt employees, correct?
> MS. GREENE: Asked and answered.
> THE WITNESS: Yes.
> BY MS. BALDERRAMA:
> Q. If I could have you turn your attention to the left column, the second entry where it says "When to take breaks," do you see that?
> A. Yes.
> Q. Would you agree that nowhere in this section does it instruct an employee to take a meal break by the fifth hour if they work more than six hours, correct?
> MS. GREENE: The document speaks for itself.
> THE WITNESS: Yes.
> BY MS. BALDERRAMA.
> Q. But it does reference the rest break and meal period matrix, correct?
> MS. GREENE: Document speaks for itself.
> THE WITNESS: Yes.
> BY MS. BALDERRAMA:
> Q. And that is that matrix we've seen at least in two different documents, correct?
> A. Three, yes.
> Q. Thank you for the clarification. You're including also the wallet card, which is Exhibit 1035?
> A. Yes.

(Feb. 2010 Starms Dep. 173:7-174:8.)

A Restaurant Orientation Handbook is attached as Exhibit F to the Declaration of Matthew T. Theriault in Support of Motion for Partial Summary Judgment. An Hourly Employee Guide is attached as Exhibit G to Mr. Theriault's declaration. A "Required Rest Breaks and Meal Periods" table is attached as Exhibit H to Mr. Theriault's declaration. Slides from a presentation entitled "Above Restaurant Leader and RGM Guide" are attached as Exhibit I to Mr. Theriault's declaration, and includes a slide entitled "Required Rest Break and Meal Period Matrix (English)."

**C. Plaintiffs Fail to Demonstrate That There Is No Genuine Dispute of Material Fact With Respect to Liability**

The Court finds that summary judgment is not appropriate in this action because it is clear that there is a genuine dispute of fact regarding Defendants' policy on meal breaks.

As an initial matter, Plaintiffs argue that summary judgment is appropriate in this action because the California Supreme Court's decision in Brinker Restaurant Corp. v. Superior Court, 53 Cal. 4th 1004 (2012) stands for the proposition that liability may premised upon a uniform policy adopted by an employer which violates California wage and hour laws. While this proposition as to liability is true, in the context of a summary judgment motion, Plaintiffs must also demonstrate that there is no genuine dispute of fact pertaining to the uniform policy. In other words, while liability may be premised upon an illegal policy, on a motion for summary judgment, Plaintiffs must also demonstrate the absence of a genuine dispute regarding the existence and adoption of that illegal policy.

Plaintiffs' point to language in an "Hourly Employee Guide" which states:

- **Meal Periods**
  - ➢ you are required to take a full 30-minute, uninterrupted, meal period after 5 hours of work
    - unless 6 hours completes your work day

(Theriault Decl., Ex. G, at pg. 5.) Considered in a vacuum, this excerpt is not sufficient to establish liability for a number of reasons. First, technically speaking, this excerpt does not say that employees are not given meal breaks prior to working five hours—the excerpt does not state that the employees first or only meal break is given after 5 hours of work. Accordingly, to the extent that Plaintiffs rely on this language to demonstrate that employees are not given 30 minute

meal breaks prior to five hours of work, the evidence is insufficient on its own.

Second, the language in this excerpt is susceptible to multiple interpretations. One interpretation is that the timing of the meal period must occur after the fifth hour of work. Another interpretation is that this excerpt only speaks to the number of hours which must be worked in a shift before a meal period is required at some undesignated time during that shift. In other words, the excerpt is susceptible to the following additional proviso: "You are required to take a full 30 minute, uninterrupted, meal period after 5 hours of work and that meal period must be taken before the end of the fifth hour of work."

Admittedly, if the latter interpretation were intended by the authors of the document, the document was poorly phrased. However, California law only requires timely meal breaks--it does not require artfully phrased policy documents. The text of the "Hourly Employee Guide" is not sufficient to definitively prove that Defendants' meal break policy did not comply with California law.

Plaintiffs also point to meal break matrixes and wallet cards in support of their interpretation of Defendants' policy. The "Required Rest Breaks and Meal Periods" document presents the following table:

| **Length of Work Period** | **Paid Rest Breaks** | **30 Minute Meal Periods** |
|---|---|---|
| 0-2:59 hours | 0 | 0 |
| 3-4:59 hours | ONE: 10 minute rest break | 0 |
| 5-5:59 hours | ONE: 10 minute rest break | ONE: 30 minute meal period |
| 6-6:59 hours | ONE: 10 minute rest break | ONE: 30 minute meal period |
| 7-9:59 hours | TWO: 10 minute rest breaks | ONE: 30 minute meal period |
| 10-10:59 hours | TWO: 10 minute rest breaks | TWO: 30 minute meal periods |
| 11-13:59 hours | THREE: 10 minute rest breaks | TWO: 30 minute meal periods |

(Theriault Decl., Ex. I, at pg. 15.)

/ / /

/ / /

The "wallet card" presents a similar table:

| **Hours Worked** | **10 Minute Paid Rest Breaks** | **30 Minute Meal Periods** |
|---|---|---|
| 3-4:59 hours | ONE | 0 |
| 5-5:59 hours | ONE | ONE[2] |
| 6-6:59 hours | ONE | ONE |
| 7-9:59 hours | TWO | ONE |
| 10-10:59 hours | TWO | TWO |
| 11-13:59 hours | THREE | TWO |

(Theriault Decl., Ex. H.)

Plaintiffs argue that these tables indicate that meal breaks are not provided prior to the fifth hour of work. However, the flaw in Plaintiffs' logic is that it relies on an interpretation of the tables which would yield absurd results. It is likely that these tables speak to how many breaks an employee receives based on how long the total shift is and does not speak to the timing of these breaks.

The table would yield absurd results if it were interpreted to dictate the timing of breaks. Interpreted in this manner, the table entry for "5-5:59 hours" would state that an employee receives a 10 minute rest break and 30 minute meal break between the 5th and 6th hour of work, and the table entry for "6-6:59 hours" states that an employee receives another 10 minute rest break and 30 minute meal break between the 6th and 7th hour of work--meaning an employee receives 80 minutes of breaks between the fifth and seventh hour of work, leaving only 40 minutes of actual work during that two hour span. Even more absurdly, looking at the table entry for "10-10:59 hours," adopting Plaintiffs' interpretation would suggest that an employee must take two 10 minute rest breaks and two 30 minute meal breaks between the 10th and 11th hour of work, which is temporally impossible—an employee cannot take 80 minutes worth of break time in a 60 minute span. Thus, the table simply is not easily susceptible to the interpretation offered by Plaintiffs.

---

[2] The "Matrix" contains a note that indicates that "[i]f six hours completes the day, the employee may elect to forego the meal period."

Defendants also present their own evidence rebutting Plaintiffs' evidence. Ms. Starms testified that the timing of breaks was governed by a "2-2-2" system, whereby a rest break was provided after two hours, a meal break provided after another two hours, and a second rest break after another two hours. Defendants note that during the February 2010 deposition, Ms. Starms testified:

> In terms of training or when they're deployed, we instruct managers to deploy a rest/meal/rest every two hours, but it varies by restaurant and business needs. By that standard an employee would have a rest within two hours, they would have a meal within four, and another rest within six.

(Feb. 2010 Starms Dep. 90:7-17.)

Starms later testified:

> What is it that you tell these people during the presentation as to when they should schedule the meal break?
> A. We explain that they should deploy meal and rest breaks, rest within the first two hours of work, meal within the next two, rest within the next two, assuming they're entitled to those based on the hours they're working and based on the business needs and the variations of every individual restaurant, to use that as a guide.

(Feb. 2010 Starms Dep. 115:15-23.)

Starms further testified:

> Q. When going over this Deployment Chart with the employees as part of your presentation, what is it or what do you tell them as to the time that they're to schedule the employees for their meal breaks?
> MS. GREENE: Asked and answered.
> THE WITNESS: I explain they're to use the rest/meal/rest as a guide, and then they are also to look at their business needs and the variations of each individual in using that as a guide.
> BY MS. BALDERRAMA:
> Q. When you say "rest/meal/rest guide," what are you referring to?
> MS. GREENE: Asked and answered.
> THE WITNESS: Rest break within two hours; meal period, two hours thereafter; rest break two hours after that.

(Feb. 2010 Starms Dep. 125:3-126:6.)

Ms. Starms also rebutted the suggestion from Plaintiffs' attorney that Defendants failed to train employees to take meal breaks prior to the fifth hour of work:

/ / /

> Q. That wasn't my question.
> Do you communicate to any employees during – as part of this wage and hour presentation that they are to schedule meal breaks for the non-exempt employees by the fifth hour of their shift if they work more than six hours?
> MS. GREENE: Argumentative, asked and answered.
> THE WITNESS: Are you asking me if I say that specifically?
> BY MS. BALDERRAMA:
> Q. Yes.
> A. No.
> Q. Why not?
> MS. GREENE: Objection. Argumentative.
> THE WITNESS: Because I tell them they are to schedule a rest break in two hours, another rest break in four hours, which – I'm sorry, in two hours and then a meal period within the next two hours, which gets them to four hours, which would be prior to the fifth, and I don't know I need to treat them like a two-year-old and explain that that would come before five.

(Feb. 2010 Starms Dep. 126:16-127:11.) Thus, Starms' testimony is evidence that Defendants' policy was to provide meal breaks after four hours of work, not five.

Defendants also point to a May 12, 2009 e-mail from Ms. Starms to other personnel, affirming the "2-2-2" methodology of providing rest and meal breaks. (Decl. of Cynthia Nichols in Supp. of Opp'n to Mot. for Part. Summ. J. ¶ 5, Ex. A.)

Finally, Defendants note that a statistical analysis of employee time records indicates that among 8.9 million shifts in the records, only 12% of those shifts had a recorded meal period that began after the fifth hour of work. (Decl. of Morgan P. Forsey in Supp. of Opp'n to Pls.' Second Mot. for Part. Summ. J. ¶ 18.) At the hearing, Plaintiffs did not dispute that time records suggested that the majority of meal breaks were timely. This certainly creates a genuine dispute of fact, as the data begs the question, how could Defendants' official policy be that meal breaks are not given until after the fifth hour of work, yet the majority of meal breaks are taken prior to the fifth hour of work?

The Court acknowledges that the wording of the "Hourly Employee Guide" is persuasive evidence which supports Plaintiffs' claim that it was Defendants' policy that meal breaks were not to be given until after the fifth hour of work. The Court also acknowledges the language in Brinker, where the California Supreme Court stated that employer liability with respect to a class of employees may be premised on a uniform policy which violates California wage and hour

law. However, on a motion for summary judgment, Plaintiffs must do more than present some evidence of an unlawful policy. Plaintiffs most demonstrate an absence of dispute regarding the material facts. Plaintiffs have failed to meet that standard here, as there is clearly a genuine dispute of fact in the evidentiary record. A Taco Bell representative testified that the "Hourly Employee Guide" did not reflect the official policy on the timing of meal breaks, and that the 2-2-2 methodology was used instead. The actual time record data is not just inconsistent with Plaintiffs' claim but substantially inconsistent with Plaintiffs' theory. It would be one thing if a handful of shifts had timely meal breaks. When a strong majority of shifts have timely meal breaks, it raises the question of whether any illegal policy existed at all.

In this case, the Court finds that the record is susceptible to both the interpretation offered by Plaintiffs and the interpretation offered by Defendants. Accordingly, summary judgment is not appropriate in this case and the evidence is more appropriately presented to a jury to determine liability.

**D. Partial Summary Judgment as to Certain Material Facts is not Appropriate**

Plaintiffs request that if summary judgment on the question of liability is not granted, the Court should grant summary adjudication as to certain material facts. Specifically, Plaintiffs request that summary adjudication be granted with respect to the fact that:

> 1) The Required Rest Break and Meal Period Matrix constituted Taco Bell's meal period policy with respect to the timing of meal breaks for the Class Members during the Class Period; and
> 2) The Required Rest Break and Meal Period Matrix violates California law by not providing for meal breaks before the end of the fifth hour of work.

For the same reasons discussed above, the Court finds that summary adjudication of these facts is not appropriate. As discussed above, the Required Rest Break and Meal Period Matrix does not appear to say anything regarding the timing of meal breaks. The matrix appears to only describe the circumstances (how long the total shift must be) when an employee is eligible to take a meal break at some undesignated time in their shift. See discussion, supra, Part III.C. Since the matrix does not appear to speak to the timing of meal breaks, the Court cannot find that the matrix violates California law regarding the timing of meal breaks.

**IV.**

**CONCLUSION AND ORDER**

For the reasons set forth above, the Court finds that Plaintiffs are not entitled to summary judgment with respect to liability or summary adjudication of the material facts identified by Plaintiff.

Accordingly, it is HEREBY ORDERED that Plaintiffs' motion for summary judgment is DENIED.

IT IS SO ORDERED.

Dated: **November 14, 2014**

UNITED STATES MAGISTRATE JUDGE