# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRIKA MEDLOCK, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TACO BELL CORP., et al.,<br><br>    Defendants. | Case No. 1:07-cv-01314-SAB<br><br>ORDER PARTIALLY GRANTING PLAINTIFFS' MOTION TO AMEND THE COURT'S ORDER ON CLASS CERTIFICATION<br><br>ORDER PARTIALLY GRANTING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT<br><br>ECF NO. 500, 501 |

On October 29, 2014, Plaintiffs in this action filed a motion to amend the complaint and a motion to amend the Court's order on class certification. (ECF Nos. 500, 501.) Defendants filed oppositions on November 19, 2014. (ECF Nos. 512, 513.) Plaintiffs filed a reply on December 3, 2014. (ECF No. 518.)

The hearing on Plaintiffs' motions took place on December 10, 2014. Matthew Theriault appeared on behalf of Plaintiffs. Tracey Kennedy and Morgan Forsey appeared on behalf of Defendants. Monica Balderrama and Joseph Hoff also appeared telephonically on behalf of Plaintiffs and Nora Stiles appeared telephonically on behalf of Defendants.

For the reasons set forth below, the Court will partially grant Plaintiffs' motion to amend the order on class certification and motion to amend the complaint.

///

# I.

# BACKGROUND

In these consolidated actions, Plaintiffs asserted claims against Defendants arising from alleged violations of California's Labor Code relating to the payment of minimum wages, the payment of overtime wages and the provision of meal and rest breaks. Plaintiffs also asserted claims under California's Private Attorney Generals Act ("PAGA"), which authorizes "aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations..." Arias v. Superior Court, 46 Cal. 4th 969, 980 (2009). The operative complaint is the Second Amended Consolidated Complaint filed on June 11, 2014. (ECF No. 423.)

Per the Court's March 4, 2008 order, the deadline for amending the complaint was set for March 24, 2008. (ECF No. 42.) However, the Court has granted leave to amend the complaint after the deadline. (See ECF Nos. 222, 229.)

On July 7, 2009, the Court issued an Amended Scheduling Order which set the deadline for filing motions to certify a class for August 26, 2010. (ECF No. 119.) This deadline was later extended to December 30, 2010. (ECF No. 178.) Plaintiffs filed a motion to certify a class on December 30, 2010. (ECF No. 185.) Defendants filed an opposition on April 22, 2011. (ECF No. 220.) Plaintiffs filed a reply on May 27, 2011. (ECF No. 235.) Defendants filed a surreply on May 31, 2011. (ECF No. 239.) The first hearing on the motion to certify was held on June 6, 2011. (ECF No. 246.)

On September 9, 2011, this action was stayed with regard to certain claims pending the California Supreme Court's decision in Brinker Restaurant Corp. v. Superior Court. On September 30, 2011, the Court denied Plaintiffs' motion for class certification with respect to the proposed final pay and vacation pay subclasses. (ECF No. 269.) After additional briefing regarding the impact of Brinker, the Court ordered file one set of briefing papers related to the motion for class certification. (ECF No. 312.) Plaintiffs filed their brief on August 15, 2012. (ECF No. 315.) Defendants filed their opposition brief on August 29, 2012. (ECF No. 317.) Plaintiffs filed a reply on September 5, 2012. (ECF No. 321.) Both Plaintiffs and Defendants

filed additional briefs on September 14, 2012 and September 20, 2012. (ECF Nos. 323, 325.) The Court issued its Findings and Recommendations on the motion to certify on November 27, 2012. (ECF No. 341.) The Findings and Recommendations were adopted on January 2, 2013. (ECF No. 344.)

The Court granted Plaintiffs' motion to certify a Meal Break Subclass, consisting of Taco Bell employees who worked shifts in excess of six hours, and worked longer than five hours without a meal break. The Court denied Plaintiffs' request to certify an Underpaid Meal Period Premium Subclass, an On-Duty Meal Period Agreement Subclass, and a Rest Break Subclass.

Plaintiffs' first motion for class certification sought to certify the following Underpaid Meal Period Premium Subclass:

> All persons who work or worked as a non-exempt, hourly-paid employee at a corporate-owned Taco Bell restaurant in California who, between September 7, 2003, until November 12, 2007, received at least one 30-minute automatic adjustment on Taco Bell's Time and Attendance System as reflected in Defendants' employees' time records.

The Court denied certification of this class because Plaintiffs failed to demonstrate sufficient commonality. The evidence indicated that Taco Bell's policy provides for an automatic payment when an employee's time record indicated that they did not receive a meal period or the meal period was shorter than thirty minutes. The Court noted that, in order to determine liability, an individualized inquiry would be necessary to determine if a meal break was denied and the premium was not paid.

Plaintiffs sought to certify the following On-Duty Meal Period Agreement Subclass:

> All persons who work or worked as a non-exempt, hourly-paid employee at a corporate-owned Taco Bell restaurant in California from September 7, 2003, until the resolution of this lawsuit who signed an on-duty meal period agreement and who have not revoked their agreement in writing, as found in Defendants' employees' records.

The Court denied certification of this class because of lack of commonality. The Court noted that Plaintiffs failed to identify a uniform policy that was per se unlawful, and that liability would require individualized inquiries as to whether the on-duty meal period agreement signed

1 by each individual employee was unlawful by analyzing the nature of the work of each
2 individual.

3     Plaintiffs sought to certify the following Rest Break Subclass:

> All persons who work or worked as a non-exempt, hourly-paid employee at a corporate-owned Taco Bell restaurant in California from September 7, 2003, until the resolution of this lawsuit, who worked for a period of time in excess of six hours and less than seven hours without at least two rest periods of not less than ten minutes, as reflected in Defendants' employees' time records.

Again, the Court denied certification of this class because of lack of commonality and ascertainability. The Court noted that, unlike the meal break claim, Defendants' time records with respect to rest breaks were unreliable because employees were not required record rest breaks.

    Plaintiffs' current motion to amend the complaint seeks to add allegations pertaining to class claims brought on behalf of a Rest Break Class, an On-Duty Meal Period Class, and an Underpaid Meal Period Premium Class. The motion to amend the order on class certification requests that the Court certify a Rest Break Class, an On-Duty Meal Period Class, and an Underpaid Meal Period Premium Class.

## II.

## LEGAL STANDARDS

### A.    Motion to Amend the Court's Order on Class Certification

    Since Plaintiffs' motion seeks to amend the Court's order on class certification to certify classes that were expressly denied certification in the original order, Plaintiffs' motion is, in part, motion for reconsideration. Local Rule 230(j) states:

> **(j)    Applications for Reconsideration.** Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:
> (1)    when and to what Judge or Magistrate Judge the prior motion was made;
> (2)    what ruling, decision, or order was made thereon;

4

      (3)    what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
      (4)    why the facts or circumstances were not shown at the time of the prior motion.

### B. Motion to Amend the Complaint

Generally, "[t]he court should freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend may be denied where the amendment would cause undue delay in the litigation or prejudice the opposing party. Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

### C. Amending the Scheduling Order

Since Plaintiffs' motions call for an amendment of the Court's scheduling order because the deadline for amending the pleadings has passed and the deadline for seeking class certification has passed, Plaintiffs' motion also implicates the legal standards for amending the scheduling order. "In general, the pretrial scheduling order can only be modified 'upon a showing of good cause.'" Zivkovic, 302 F.3d at 1087 (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992)). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Johnson, 975 F.2d at 609). If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Id. (quoting Johnson, 975 F.2d at 609).

## III.

## DISCUSSION

### A. Plaintiffs' Motion to Amend the Order on Class Certification

Plaintiffs argue that the order on class certification should be amended. Plaintiffs contend that the Court should amend the prior order on class certification to add three additional classes: an Underpaid Meal Period Premium Class, an On-Duty Meal Premium Class, and a Rest Break Class.

#### 1. Underpaid Meal Period Premium Class

Plaintiffs seek reconsideration of the Court's order denying certification of an Underpaid

1  Meal Period Premium Class.  Plaintiffs argue that Defendants paid only one-half of an hour's
2  worth of pay when California law requires employers to pay a full hour's worth of pay when a
3  meal period is missed.
4     The proposed Underpaid Meal Period Premium Class is largely identical to the
5  Underpaid Meal Period Premium Subclass proposed and denied by the Court in the original
6  motion for class certification.  The Court originally denied certification of this class because:

> An employer's duty to pay an additional hour of pay, then, is only triggered when the employer "fails to provide" a meal period.  As Defendants argued, the policy at issue requires an *automatic* adjustment when the minimum number of meal periods is not taken, or when a meal period is 29 minutes or less. [Citation.] The automatic payment policy therefore results in adjustments based upon employees' time punches, regardless of whether a break was actually denied.  For each time punch that triggered an automatic adjustment, a highly individualized inquiry will be necessary to determine why the employee did not clock out for a full 30 minutes.  Therefore, the fact that Defendants are only liable for premium pay when they fail to provide a meal break forecloses class-wide adjudication of this issue.

14 (Findings and Recommendations Regarding Pls.' Mot. for Class Cert. 15:16-26.)
15     The Court finds that the prior order denying certification of this claim was clearly
16 erroneous.  The Court found that the claim lacked commonality because of the possibility that
17 some of the meal premiums were paid to employees who were not legally entitled to a meal
18 premium.  Since the premium payment system was automatic, meal premiums were paid any
19 time an employee's time records indicated that they worked a shift over six hours without
20 receiving a meal break.  The Court noted that it is possible that the payment system awarded a
21 meal premium when it was not required to, such as when an employee does not properly record
22 their own meal break in the time records or when an employee refuses a meal break and would
23 not be entitled to a meal premium.
24     However, Rule 23 only requires Plaintiffs to establish the existence of a common
25 contention capable of classwide resolution—that determination of its truth or falsity will resolve
26 an issue that is central to the validity of each one of the claims in one stroke.  Wal-Mart Stores,
27 Inc. v. Dukes, 131 S.Ct. 2541, 2551 (2011).  "Plaintiffs need not show that every question in the
28 case, or even a preponderance of questions, is capable of classwide resolution.  So long as there

is 'even a single common question,' a would-be class can satisfy the commonality requirement of Rule 23(a)(2)." Wang v. Chinese Daily News, Inc., 737 F.3d 538, 544 (9th Cir. 2013).

Here, Taco Bell's automatic meal premium payment system presents a common contention capable of classwide resolution. Plaintiffs contend that the automatic payment system generally underpaid employees because it paid only a half-hour's worth of pay when California law requires a full hour's worth of pay. The fact that, hypothetically, some undefined number of employees were not entitled to any meal premium pay does not defeat class certification, as under Wang, Plaintiffs need not show that every question in the case is capable of classwide resolution. Significantly, the evidence in the record does not suggest that number of employees who were erroneously paid meal premiums is substantial. Further, even the meal break class that was certified in this action suffers from the same issue: the time records may be inaccurate and include employees who actually received timely meal breaks even though the time records suggest otherwise.

The record contains no indication that improperly recorded meal periods were a significant problem in Defendants' time records. Accordingly, the Court finds that it was erroneous to deny certification on such a hypothetical possibility. The fact that Defendants' policy erroneously provided for a half-hour's worth of pay for meal premiums when it should have been a full hour's worth of pay presents a sufficient issue to meet the commonality requirement of Rule 23. Accordingly, the Court will amend its order on class certification to include a claim brought on behalf of the Underpaid Meal Period Premium Subclass.

2.   On-Duty Meal Period Class

Plaintiffs argue that the order on class certification should be amended to include an On-Duty Meal Period Class. The proposed On-Duty Meal Period Class is similar to the one proposed and rejected by the Court in the original motion for class certification.[1]

The Court originally denied certification of this class because:

/ / /

---

[1] The original proposed class defined the class as employees who signed an on-duty meal period agreement and did not revoke it, whereas the current proposed class excludes the reference to revocation.

> Contrary to Plaintiffs' arguments, however, this issue presents no factual or legal issues common to class members. Unlike Plaintiffs' claim that the meal break policy is facially invalid, the policy challenged here is not unlawful per se. It is not unlawful to use on-duty meal period agreements. Rather, it only becomes unlawful when the "nature of the work" does not support an on-duty meal period. Therefore, regardless of Plaintiffs' contention that the policy results in on-duty meal periods for all managers and graveyard shift employees, the ultimate determination of liability turns on the "nature of the work" for each shift that an on-duty meal period was taken. Accordingly, individualized inquiries will be necessary and commonality does not exist.

(Findings and Recommendations Regarding Pls.' Mot. for Class Cert. 16:14-21.)

Plaintiffs argue that the Court's prior order was erroneous. Plaintiffs cite Abdullah v. U.S. Sec. Assocs., 731 F.3d 952 (9th Cir. 2014), and Faulkinbury v. Boyd & Associates, Inc., 216 Cal. App. 4th 220 (2008), for the proposition that assessment whether the "nature of the work" supported on-duty meal breaks is not an independent case by case analysis, but an assessment of common duties which can be resolved in one stroke.

In Abdullah, the Ninth Circuit held that class certification was appropriate for on-duty meal breaks claims because the issue of whether the "nature of the work" exception applied could be determined on a class-wide basis. In Abdullah, a private security guard sued his employer regarding the employer's on-duty meal break policy. The employer argued that on-duty meal breaks were necessary because employees worked at "single post" locations, meaning no other guards could provide coverage during an employee's meal break. The Ninth Circuit held that a common issue of law was presented, namely whether the employer's decision to adopt a single-guard staffing model that does not allow for off-duty meal periods was permissible under California law. Abdullah, 731 F.3d at 963.

The class proposed here differs in a material respect. Plaintiffs proposed class consists of all employees who were subject to an on-duty meal period agreement. Defendants note that this wide net encompasses a variety of different types of employees, such as crew members, trainers, shift leads, assistant managers, senior assistant managers, restaurant managers and market training managers. Defendants also note that the justification for the on-duty meal period varies based upon the type of employee and the circumstances. For example, an on-duty meal break

may be justified by Defendants for employees who work the graveyard shift when the dining room is closed and Defendants do not allow employees to leave the restaurant for safety reasons. In other circumstances, an on-duty meal break may be justified by Defendants for management-level employees whose managerial duties prevent them to take an uninterrupted meal break. In contrast, in Abdullah, the class only concerned single post security guards. Thus, the proposed class presented a common, unified issue as to whether the nature of the work associated with single post security guards justified an on-duty meal break.

In Faulkinbury, the common contention consisted of the legality of the employer's blanket requirement that all employees take on-duty meal breaks "without regard for the job duties or locations where the class members worked." Faulkinbury, 216 Cal. App. 4th at 232. In contrast, no such blanket policy is demonstrated here. Rather than a blanket on-duty meal break policy, the record shows that several categories of employees were given on-duty meal breaks for a variety of reasons. Plaintiffs offered no evidence to dispute this. Class treatment may have been appropriate with respect to a particular category of Taco Bell. By example, Plaintiff could have proposed a class challenging Defendants' on-duty meal break policy with respect to managerial employees, or a class challenging Defendants' on-duty meal break policy with respect to graveyard shift employees. However, the broad class defined by Plaintiff offers no unifying common contention that resolves an issue central to the validity of every claim. Accordingly, the Court did not err in denying certification for the broad class proposed by Plaintiff.

Based upon the foregoing, the Court finds no reason to reconsider its order denying class certification with respect to the On-Duty Meal Period Class.

3. Rest Break Class

Plaintiffs argue that the order on class certification should be amended to include a rest break class. Plaintiffs argue that Defendants' rest break policy only allowed for one 10 minute rest break for employees working more than six, but less than seven, hours of work. Plaintiffs contend that California law requires two 10 minute rest breaks for such shifts.

///

1     The Court notes that Plaintiffs present a slightly different claim than the class claim
2 presented in the original motion for class certification. Previously, Plaintiffs sought to bring a
3 class claim on behalf of all employees who worked six to seven hours but were not given two 10
4 minute rest breaks. Now, Plaintiffs attempt to certify a class on behalf of all employees who
5 worked six to seven hours irrespective of the number of rest breaks they were given. Plaintiffs
6 argue that Plaintiffs can state a valid claim against Defendants irrespective of the number of rest
7 breaks actually taken, because Defendants' written policy did not authorize the second rest
8 break.

9     Plaintiffs' attempt to present a new legal theory at this stage in litigation fails because
10 Plaintiffs have not demonstrated good cause to modify the scheduling order to extend the
11 deadline for filing motions for class certification. The deadline for filing motions for class
12 certification expired nearly four years ago. Plaintiff offers no persuasive rationale for why this
13 new legal theory and class definition was not presented in a timely manner prior to the expiration
14 of the class certification deadline. Accordingly, the Court will not consider Plaintiffs' request to
15 certify this new class.

16     However, the Court finds that Plaintiffs do present persuasive grounds for the Court to
17 reconsider the prior order denying certification of the Rest Break Subclass originally proposed
18 by Plaintiffs. The Court originally denied certification of the Rest Break Class because:

> At first glance, it appears that this theory is similar to Plaintiffs' meal break claim insofar as it is based on an allegedly facially invalid policy. However, the differences in time keeping requirements affect commonality and, to some extent, ascertainability and numerosity. While meal breaks are required to be recorded on time cards and therefore provide a reliable record, California law does not require employers to record rest periods. Defendants admit that although they prefer that employees record their rest breaks, many do not. Without reliable evidence in the time cards, an individual inquiry is the only way to determine whether a second break was or was not taken.

25 (Findings and Recommendations Regarding Pls.' Mot. for Class Cert. 17:9-16.)

26     The Court denied certification based upon Defendants' argument that the time records
27 were inaccurate with respect to rest breaks. Defendants argued that they are not legally required
28 to keep track of rest breaks and, therefore, the time records were inaccurate because a recorded

shift that did not include a recorded rest break could either mean that the rest break was not taken or the employee simply did not record the rest break. Accepting Defendants' argument, the Court determined that the Rest Break Subclass was unascertainable because it would be impossible to determine membership of the class if there was no way to ascertain from the records which employees actually missed a rest break and which employees simply did not record their rest breaks.

As an initial matter, the Court notes a logical flaw in Defendants' argument. The fact that Taco Bell is not legally required to keep track of rest breaks does not in and of itself mean that the time records are inaccurate. Here, the record indicates that Defendants' kept records of rest breaks irrespective of whether they were legally required to do so.

The employee declarations submitted by Defendants during briefing on the original motion to certify a class uniformly state that Taco Bell employees were instructed to keep track of their rest breaks. (See Decl. of Thelma Arismendiz, at ¶ 6, ECF No. 220.1, Apr. 7, 2010 ("We were trained to clock in and out for all of our shifts and all of our meal and rest breaks."); Decl. of Norma Balderas, at ¶¶ 4, 6, 10, ECF No. 220.1, Apr. 16, 2010 ("I was trained by the Managers about meal and rest breaks and how to clock in and out for my shifts and for breaks."); Decl. of Madeline Cedillo, at ¶ 6, ECF No. 220.1, Jun. 23, 2010 ("...I was trained by the Manager how to clock in and out for my shifts and my meal and rest breaks... I have never forgotten to clock out for a break or back in, but I know that if I did, I could tell the Manager so that my time could be corrected to show all the time I had worked."); Decl. of Rachel De Lucas, at ¶ 5, ECF No. 220.1, Apr. 7, 2010 ("I was trained by my former RGM, Clausia Beltran, about meal and rest breaks and the procedures for punching in and out for breaks."); Decl. of Rigo Flores, at ¶ 8, ECF No. 220.1, May 21, 2010 ("Although I clock out and in for my 10 minute rest breaks, I am paid for that time."; Decl. of Tarisa Gandara, at ¶ 6, ECF No. 220.1, May 20, 2010 ("Although I clock out and in for my 10 minute rest breaks, I am paid for that time."); Decl. of Gilbert Gonzales, at ¶ 5, ECF No. 220.1, Apr. 13, 2010 ("For a 4 hour shift, I was trained that I get a 10 minute rest break and that I need to punch out on the computer when I leave for my break and to punch back in when I return. I have never missed a rest break and I have not forgotten to punch out when I

11

leave for my rest break.".)  This evidence shows that Taco Bell's time records kept track of rest breaks.

The deposition testimony of Tawanda Starms also supports Plaintiffs' contention that the Rest Break Class was generally ascertainable because employees were instructed to record their rest breaks.  (See Dep. of Tawanda Starms, at pg. 45:11-14, 47:9-48:5, Aug. 19, 2008, ECF No. 501.2.)  Ms. Starms also indicated that Taco Bell kept track of missed rest breaks and short rest breaks and maintained a "break violation report" regarding missed or shortened breaks.  (Dep. of Tawanda Starms, at pg. 166:1-18.)  It stands to reason that Taco Bell's records pertaining to missed and shortened breaks were generally reliable if Taco Bell generated reports based on those records.

Defendants argued that the time records were inaccurate with respect to rest breaks.  However, they submitted little to no evidence in support of this proposition both in their current briefing on the present motion to amend and the original motion for certification.  In their opposition briefs, including the briefs submitted to the Court during briefing on the original motion for certification, Defendants' repeatedly argued that many employees do not record their rest breaks.  (See New Opp'n to Pls.' Mot. for Class Cert., at pg. 24:26, ECF No. 317 ("Thus, even though Taco Bell prefers that employees record their rest breaks, many do not."); Taco Bell's Opp'n to Pls.' Mot. to Alter or Amend the Court's Order Re Cert., at pg. 16:9, ECF No. 513.)  However, Defendants cited no evidence in support of the proposition that many employees do not record their rest breaks.  (See id.)  From the Court's review of the evidentiary record presented on the original motion for certification, there does not appear to be any evidence supporting the conclusion that the time records pertaining to rest breaks was substantially inaccurate.  It does not appear that any employee has submitted a declaration stating that they were told they did not have to "punch out" for rest breaks or that any employee, for whatever reason, did not consistently clock out for rest breaks.  Moreover, no such evidence was presented by Defendants in support of the current motion to amend.

Given the lack of hard evidence supporting Defendants' contention that their time records were unreliable for the purpose of identifying missed rest breaks, the Court finds that the prior

1  order denying class certification was clearly erroneous. Defendants failed to persuasively
2  demonstrate that any defects in record keeping was fatal to the maintenance of a class action.
3  Plaintiffs adequately demonstrated that the proposed class definition was ascertainable.
4  Irrespective of isolated inaccuracies in the records, the class definition relied upon precise,
5  objective, and presently ascertainable criteria, namely 1) employees, 2) who worked shifts
6  between 6 and 6:59 hours, 3) without 2 recorded rest breaks.

Alternatively, Defendants argue that the rest break claims are not amenable to class treatment because the time records are insufficient to establish liability because they do not indicate why rest breaks were missed. While this may be true, Plaintiffs' have identified a common issue that establishes liability. Much like Plaintiffs' theory of liability with respect to meal breaks, Defendants' written policy documents appear to suggest that Defendants did not authorize a second rest break in some circumstances where California law requires a second rest break. Taco Bell's "Required Rest Break and Meal Period Matrix" appears to indicate that employees who worked shifts between "6-6:59 hours" only received one 10 minute rest break. (See Decl. of Matthew T. Theriault in Supp. of Pls.' Mot. to Amend Class Cert. Order Pursuant to Rule 23(c)(1)(C) or, in the Alt., Mot. for Recon. of the Order Denying Class Cert., Ex. E, at pg. 6 and Ex. G, at pg. 16, ECF No. 501.2.) California law requires two 10 minute rest breaks for shifts more than six hours up to ten hours. Brinker Restaurant Corp. v. Superior Court, 53 Cal. 4th 1004, 1029 (2012).

As discussed above, a single common question can suffice to satisfy Rule 23's commonality requirement. Wang v. Chinese Daily News, Inc., 737 F.3d 538, 544 (9th Cir. 2013). The rest break matrixes present a significant common question regarding the legality of Defendants' policy pertaining to rest breaks given to employees who work shifts between 6 to 6:59 hours in length. Accordingly, the Court will amend the order on class certification to certify a Rest Break Class.

### B.    Plaintiffs' Motion to Amend the Complaint

For the same reasons discussed above with respect to the motion to amend the order on class certification, the Court finds that amendment of the complaint is appropriate to add claims

1 brought on behalf of the Underpaid Meal Premium Class and the Rest Break Class. However, 2 Plaintiff may not amend the complaint to add claims on behalf of the On-Duty Meal Period Class 3 because any such amendment would be futile because the Court denies Plaintiff's request to 4 certify those classes.

## IV.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that reconsideration is warranted with respect to the certification of the Underpaid Meal Premiums Class and the Rest Break Class and the Court will amend its order on class certification to include that class. The Court finds that certification is not warranted with respect to the On-Duty Meal Period Class.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiffs' motion to amend the order on class certification is PARTIALLY GRANTED. The Court's order on class certification is amended to include a certified Underpaid Meal Premiums Class and associated claims for underpaid meal premiums;

2. The Court certifies the following Underpaid Meal Premiums Class:

> All persons who work or worked as a non-exempt, hourly-paid employee at a corporate-owned Taco Bell restaurant in California who, between September 7, 2003, until November 12, 2007, received at least one 30-minute automatic adjustment on Taco Bell's Time and Attendance System as reflected in Defendants' employees' time records.

3. The Court certifies the following Rest Break Class:

> All persons who work or worked as a non-exempt, hourly-paid employee at a corporate-owned Taco Bell restaurant in California from September 7, 2003, until the resolution of this lawsuit, who worked for a period of time in excess of six hours and less than seven hours without at least two rest periods of not less than ten minutes, as reflected in Defendants' employees' time records.

4. Plaintiffs' motion to amend the complaint is PARTIALLY GRANTED. Within fourteen days, Plaintiffs may file an amended complaint which includes claims

brought on behalf of the Underpaid Meal Premiums Class and the Rest Break Class. Plaintiffs may not add any new or different claims from those raised in Plaintiffs' prior pleadings; and

5. Plaintiffs' motions are denied in all other respects.

IT IS SO ORDERED.

Dated: **December 16, 2014**

UNITED STATES MAGISTRATE JUDGE