# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRIKA MEDLOCK, et al., | Case No. 1:07-cv-01314-SAB |
| Plaintiffs, | ORDER DENYING DEFENDANTS' MOTION TO DISMISS |
| v. | ECF NO. 523 |
| TACO BELL CORP., et al., | |
| Defendants. | |

On January 12, 2015, Defendants Taco Bell Corp. and Taco Bell of America, Inc. ("Defendants") filed a motion to dismiss or, in the alternative, to strike portions of the Third Amended Consolidated Complaint. (ECF No. 523.) Plaintiffs filed an opposition to the motion to dismiss on February 11, 2015. (ECF No. 526.) Defendants filed a reply on February 18, 2015. (ECF No. 527.)

The hearing on Defendants' motion took place on February 25, 2015. Tracey Kennedy appeared on behalf of Defendants. Matthew Theriault appeared on behalf of Plaintiffs. Additionally, Patrick Clifford, Jerusalem Beligan, and Monica Balderrama appeared telephonically on behalf of Plaintiffs. For the reasons set forth below, Defendants' motion to dismiss is denied.

/ / /

/ / /

# I.

# BACKGROUND

In these consolidated actions, Plaintiffs asserted claims against Defendants arising from alleged violations of California's Labor Code relating to the payment of minimum wages, the payment of overtime wages and the provision of meal and rest breaks. The operative complaint is the Third Amended Consolidated Complaint filed on December 30, 2014. (ECF No. 522.)

Defendants filed the present motion to dismiss on January 12, 2015. (ECF No. 523.) Defendant seeks to dismiss Plaintiffs' claims for "underpaid" meal period premiums.

# II.

# LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which states:

> **(f)  Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> **(1)**   on its own; or
> **(2)**   on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

At the hearing, the Defendants articulated that their request fell under the "immaterial" and "redundant" portion of the rule.

///

1     "'Motions to strike are disfavored an[d] infrequently granted.  A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'"  Contreras, ex rel. Contreras v. County of Glenn, 725 F. Supp. 2d 1157, 1159 (E.D. Cal. 2010) (quoting Bassett v. Ruggles, No. CV-F-09-528 OWW/SMS, 2009 WL 2982895 at *24 (E.D. Cal. Sept. 14, 2009)).  "Courts will not grant motions to strike unless 'convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed.'"  Novick v. UNUM Life Ins. Co. of America, 570 F. Supp. 2d 1207, 1208 (C.D. Cal. 2008) (quoting RDF Media Ltd. v. Fox Broad. Co., 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005).  "When ruling on a motion to strike, this Court 'must view the pleading under attack in the light most favorable to the pleader."  Id. (citing RDF Media Ltd., 372 F. Supp. 2d at 561).

    "A Rule 12(f) motion is not a proper method to procure dismissal of all or part of a complaint or counterclaim."  Oracle Corp. v. DrugLogic, Inc., 807 F. Supp. 2d 885, 896 (N.D. Cal. 2011) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2004)).

### III.

### DISCUSSION

    Defendants' motion seeks dismissal of Plaintiffs' claims for "underpaid" meal period premiums.  Defendants' sole argument in their motion is that the language from California Labor Code § 226.7(b) prohibits an employer from failing to provide a meal period.  Defendants contend that Plaintiff's claim suffers from a technical defect because Plaintiffs' claim is improperly based upon the failure to pay a meal premium and not upon the failure to provide a meal period.

    Defendants' argument has no merit.  The Third Amended Consolidated Complaint plainly raises sufficient allegations pertaining to missed meal periods.  As an initial matter, the Court notes that in the caption of the Third Amended Consolidated Complaint, the fourth claim is titled "Violation of California Labor Code §§ 226.7 and 512 (**Missed Meal Periods**)," clearly identifying the crux of Plaintiffs' claim. (Third Am. Consolidated Compl., at pg. 1 (emphasis

3

added).)  The complaint goes on to allege that:

> 80.   During the relevant time period, Plaintiffs, the other class members, and the other aggrieved employees who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours **without a meal period** of not less than thirty (30) minutes.
>
> 81.   During the relevant time period, Plaintiffs, the other class members, and the other aggrieved employees who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours **without a meal period** of not less than thirty (30) minutes.
>
> 82.   During the relevant time period, Plaintiffs, the other class members, and the other aggrieved employees who were scheduled to work in excess of ten (10) hours but not longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent were required to work in excess of ten (10) hours **without receiving a second meal period** of not less than thirty (30) minutes.
>
> 83.   During the relevant time period, Plaintiffs, the other class members, and the other aggrieved employees who were scheduled to work for a period of time in excess of twelve (12) hours were required to work for periods longer than ten (10) hours **without a meal period** of not less than thirty (30) minutes.
>
> 84.   During the relevant time period, Defendants willfully required Plaintiffs, the other class members, and the other aggrieved employees **to work during meal periods** and failed to compensate Plaintiffs in full for work performed during those meal periods.

(Third Am. Consolidated Compl., at pg. 16:22-17:8 (emphasis added).)

It is beyond the Court's understanding how Defendants ignore the concise and direct allegations in Plaintiffs' complaint expressly stating that Plaintiffs were not given legally mandated meal breaks.  As far as the Court can tell, Defendants' motion to dismiss is premised entirely upon the fact that the label Plaintiffs chose for the class involving missed meal periods was "Certified Underpaid Meal Period Premium Class."  Defendants apparently take the position that the name of class somehow creates a technical defect in Plaintiffs' pleading rendering Plaintiffs' claims invalid.

Defendant cites <u>Kirby v. Immoos Fire Protection, Inc.</u>, 53 Cal. 4th 1244 (2012), in support of its argument.  Significantly, the issue in <u>Kirby</u> was not over the elements of a claim under Section 226.7 regarding missed meal periods.  The issue in <u>Kirby</u> was whether California

1  Labor Code § 1194's attorneys' fees provision or Labor Code § 218.5's attorney's fees provision
2  applied to Section 226.7 claims for missed meal periods.  Section 1194 provides for attorneys'
3  fees in civil actions where to recover "the unpaid balance of the full amount of [the legal]
4  minimum wage..."  Section 218.5 authorizes attorneys' fees in actions for nonpayment of wages.
5  The Kirby court held that an action for damages based upon Section 226.7 is not an action to
6  recover wages, and therefore Section 1194 does not apply.  In so holding, the Kirby court held
7  that Section 226.7 is aimed at protecting the welfare of employees by mandating meal breaks at
8  certain times.  The fact that employees are entitled to an additional hour of pay as a remedy for
9  violations of Section 226.7 did not, in the Kirby court's eyes, transform Section 226.7 actions
10 into an action brought for nonpayment of wages.  Kirby, 53 Cal. 4th at 1256.

11      The Kirby court's characterization of Section 226.7's additional hour of pay as a remedy
12 has absolutely no bearing on the claims brought in this action.  As demonstrated by the language
13 quoted from the Third Amended Consolidated Claim above, Plaintiffs quite clearly alleged that
14 they were not provided with meal breaks at the legally mandated times.  Accordingly, Plaintiffs'
15 claims are quite clearly for "missed meal breaks," i.e., the failure to provide meal breaks in
16 accordance with the requirements of the California Labor Code.[1]

17      Despite the fact that it is abundantly clear from the allegations in the complaint that
18 Plaintiffs' claims are for missed meal breaks, Defendants argue that Plaintiffs' claims are not
19 viable because they are somehow based upon the nonpayment of the remedy associated with the
20 missed meal breaks—the additional hour of pay.  The complaint does allege that Plaintiffs were
21 not paid the additional hour of pay for missed meal periods. (Third Am. Consolidated Compl., at
22 pg. 15:12-15.)  However, Defendants cite no authority for this argument and the Court is
23 unaware of any authority that even remotely suggests that Plaintiffs' claims are somehow
24 rendered noncognizable simply because they alleged an additional fact beyond the core elements
25 of a claim for missed meal breaks.  Federal Rule of Civil Procedure 8(d)(1) expressly disavows

---

[1] At the hearing, Defendants raised arguments regarding semantics, namely that Plaintiffs did not always "miss" meal breaks, in many circumstances they were provided with "late" meal breaks.  These semantics are legally irrelevant.  Plaintiffs' claims are quite clearly premised on the failure to provide meal breaks which complied with the requirements of the California Labor Code.

1   any "technical" pleading requirements, such as those proposed by Defendants in their motion.
2   "Each allegation must be simple, concise, and direct.  No technical form is required."  Fed. R.
3   Civ. P. 8(d)(1).  "Pleadings must be construed so as to do justice."  Fed. R. Civ. P. 8(e).  "Given
4   the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it
5   is clear that no relief could be granted under any set of facts that could be proved consistent with
6   the allegations."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v.
7   King & Spalding, 467 U.S. 69, 73 (1984)).  "The liberal notice pleading of Rule 8(a) is the
8   starting point of a simplified pleading system, which was adopted to focus litigation on the
9   merits of a claim."  Id.  "The Federal Rules reject the approach that pleading is a game of skill in
10  which one misstep by counsel may be decisive to the outcome and accept the principle that the
11  purpose of pleading is to facilitate a proper decision on the merits."  Conley v. Gibson, 355 U.S.
12  41, 48 (1957) abrogated by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561 (2007).

13  Plaintiffs alleged that they were not provided with meal breaks which complied with the
14  requirements of the California Labor Code.  The fact that Plaintiffs **further alleged** that they
15  were also not paid the remedy owed for those non-compliant meal breaks does not destroy their
16  otherwise cognizable claim.  Pragmatically, Plaintiffs presumably brought their claim against
17  Defendants on behalf of individuals who were not provided with legally compliant meal breaks
18  **and** were not paid the additional hour of pay premium under Section 226.7 because it is not
19  worthwhile to bring claims on behalf of individuals who already received the monetary remedy
20  due to them under Section 226.7.  No authority suggests that Plaintiffs are prohibited from
21  narrowing the definition of the class to include only those who have not received their monetary
22  remedy.

### IV.

### CONCLUSION AND ORDER

25  For the reasons set forth above, Defendants' argument is without no merit and is denied.
26  The Court has admonished Defendants for their harassing and wasteful litigation tactics on at
27  least two prior occasions.  (See Order Re Motions, at pg. 6:5-16, ECF No. 487 (ordering
28  Defendants to show cause why sanctions should not be imposed for vexatious conduct); Order to

1  Deny Reconsideration of Class Certification, at pg. 3:18-21, ECF No. 348.)

2        This action has languished on the Court's docket for over seven years and not because of any inherent complexity in the facts or the legal issues.  As pointed out by this Court on prior occasions, this action must proceed to an adjudication of the claims and defenses on the merits.  Absent good cause, this action will proceed as scheduled and the Court is presently unwilling to extend any dates or deadlines because the parties waste their time and resources raising frivolous motions.  Any further frivolous legal arguments raised by the parties in this action will be met with swift sanctions.  Therefore,  any future response to any motion shall also include evidence regarding the responding party's time and rate should the court find the motion to be frivolous and justifying the imposition of sanctions.

      Based upon the foregoing, it is HEREBY ORDERED that Defendants' motion is DENIED (ECF No. 523).

IT IS SO ORDERED.

Dated:  **February 25, 2015**

UNITED STATES MAGISTRATE JUDGE