# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRIKA MEDLOCK, et al., | Case No.  1:07-cv-01314-SAB |
| Plaintiffs, | ORDER RE INFORMAL DISCOVERY DISPUTE |
| v. | |
| TACO BELL CORP., | |
| Defendant. | |

On September 3, 2015, the Court held an informal telephonic conference regarding a discovery dispute between the parties.  The parties informed the Court that Plaintiffs had retained an expert, Dr. Danna Moore, who conducted a survey which Plaintiffs intend to use at trial.  Dr. Moore surveyed certain class members and asked questions regarding their awareness of certain Taco Bell policies, their training on those policies, and whether they were given the opportunity to take meal and rest breaks.

During the informal telephonic conference, Plaintiffs informed the Court that they would not object to providing Defendants with the names of those who were contacted for the survey and the names of those who provided responses, so long as individual names were not tied to their specific responses to the survey.  At this juncture, the Court will permit disclosure in this manner.

/ / /

1

Defendants argued that it is necessary for them to know the individual responses of each survey participant so that Defendants may contact those individuals and check the veracity of their survey responses. At this time, the Court rejects this argument. First, the anonymity of the responses goes hand-in-hand with the reliability of the survey methodology. See Oklahoma v. Tyson Foods, Inc., No. 05-CV-329-GKF-PJC, 2009 WL 10271835, at *4 (N.D. Okla. Mar. 11, 2009). In Tyson Foods, Inc., the Court acknowledged that the reliability of the survey itself is predicated upon the anonymous responses. Defendants have the opportunity to raise challenges to the methodology used to conduct the survey and argue to the fact-finder that it should be given less weight due to any inherent unreliability. See Wendt v. Host Intern., Inc., 125 F.3d 806, 814 (9th Cir. 1997) (challenges to survey methodology go to the weight given the survey). Second, Defendants have the opportunity to retain their own expert to challenge the veracity of Plaintiff's survey methodology. With the names of the class members who provided responses to the survey, Defendants could conduct an identical survey and following up on the results with a more in-depth investigation on whether the survey respondents were truthful in their responses.[1] The parties must be mindful that if the survey is sought to be admitted into evidence then certain more expansive disclosures may be required in order for that document to be admissible, but that issue is left for another day. The Court expresses no opinion at this time on the admissibility issue.

Based upon the foregoing, it is HEREBY ORDERED that

1. Plaintiffs shall contact their expert, Dr. Danna Moore, and provide Defendants with a) a list of all individuals solicited by Dr. Moore to provide responses to her survey, and b) a list of all individuals who actually provided responses to Dr. Moore's survey;

2. Plaintiffs need not provide Defendants with information tying the individual survey respondent with their responses; and

//

---

[1] The parties have not raised the issue of the expiring expert discovery deadline. Thus, the timeliness of any additional discovery needed by Defendants is an issue not presented to the Court.

3. Plaintiffs shall provide Defendants with this information on or before noon, Tuesday, September 8, 2015.

IT IS SO ORDERED.

Dated: **September 3, 2015**

UNITED STATES MAGISTRATE JUDGE