# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRIKA MEDLOCK, LISA HARDIMAN, MIRIAM LEYVA, LORAINE NARANJO, ENDANG WIDJAJA, KEVIN TAYLOR, DEBRA DOYLE, CHRISTOPHER DUGGAN, HILARIO ESCOBAR, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TACO BELL CORP., and TACO BELL OF AMERICA, INC.,<br><br>Defendants. | Case No. 1:07-cv-01314-SAB<br><br>ORDER DENYING DEFENDANTS' REQUEST TO AMEND THE CLASS PERIOD FOR THE REST BREAK CLASS AND DISMISS THE UNDERPAID MEAL PERIOD PREMIUM CLASS<br><br>(ECF Nos. 543, 560) |

On February 1, 2016, Defendants filed a request for modification of the pretrial order. In the request, Defendants assert that the request to amend the class claims on the ground of statute of limitations had been raised in their motion to decertify the class.

In separate footnotes in the motion to decertify the class, Defendants requested that the rest break class be amended to correct the limitations period from December 30, 2014 to the present and the underpaid meal period premium class be dismissed on statute of limitations grounds. (ECF No. 543 at n.2, 3.) Defendants contend that the statute of limitations should only extend four years back from the date that the classes were certified citing American Pipe & Construction Co. v. Utah (hereafter American Pipe), 414 U.S. 538 (1974). Plaintiffs replied that

this is not an action in which a subsequent case was filed after denial of class certification to which American Pipe would be applicable. Plaintiffs contend that this was an erroneous denial of class certification and the request should be denied. (ECF No. 560 at 26.)

Initially, the Court advises Defendants that it is not good practice to move for substantive relief in the footnote of a motion. In the future Defendants would be well served by raising substantive issues on which they request relief in the body of their moving papers. Further, the Court considers that the issue could be waived based upon Defendants' failure to move for reconsideration of the order denying decertification of the classes. However, the Court shall address the statute of limitation issue raised in the motion.

In American Pipe, the Supreme Court held that "the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." American Pipe, 414 U.S at 553. In Crown, Cork & Seal Co. v. Parker, 462 U.S. 345 (1983), the holding was extended to apply to all asserted members of the class. Crown, Cork & Seal Co., 462 U.S. at 350. Once the class certification is denied the class members may choose to file their own suits or to intervene in the pending action. Id. at 353. The action here is not a subsequent action filed after the denial of class certification and the authority cited by Defendants is not on point.

Under California law, to comply with the limitations period an action must be commenced within the period prescribed by statute. Cal. Code Civ. P. § 312. In this action, Defendants contend that the limitations period is four years. Plaintiffs filed this action on September 7, 2007. (ECF No. 1.) The late meal class period is defined as September 7, 2003 to July 1, 2013. (ECF No. 592 at 2.) The underpaid meal class period is defined as between September 7, 2003 and November 12, 2007. (Id. at 3.) Plaintiffs filed this action within four years of the class period as defined for each class.

Defendants cite no authority for the proposition that an erroneous denial of class certification would extinguish claims that were filed within the limitations period. Further, under California law equitable tolling applies "where the plaintiff satisfied the required elements:

'timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff.' " Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Financial Corp., 878 F.Supp.2d 1009, 1018 (C.D. Cal. 2011) (citations omitted).

Defendants had notice of the class claims raised in this action. Defendants have not shown that they would be prejudiced here by allowing the claims at issue here to proceed. Plaintiffs conduct in seeking reconsideration of the denial of class certification was reasonable and taken in good faith. The Court finds that even a rule did exist to run the statute of limitations due to the erroneous denial of class certification, equitable tolling would apply to Plaintiffs' class claims.

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' request to amend the class period for the rest break class and dismiss the underpaid meal period premium class based on the statute of limitations is DENIED.

IT IS SO ORDERED.

Dated:   **February 4, 2016**

UNITED STATES MAGISTRATE JUDGE