# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRIKA MEDLOCK, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>TACO BELL CORP., et al.,<br><br>　　　　Defendants. | Case No. 1:07-cv-01314-SAB<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION IN LIMINE TO EXCLUDE DR. DANNA MOORE'S NOVEMBER 18, 2015 DECLARATION<br><br>(ECF Nos. 584, 588, 598) |

　　On January 6, 2016, Defendants Taco Bell Corp. and Taco Bell of America, Inc. ("Defendants") filed a motion in limine to exclude Plaintiffs' expert Dr. Danna Moore's November 18, 2015 Declaration ("Declaration") and its contents, and to preclude Plaintiffs and their counsel from making reference to, introducing evidence of, relying upon, or offering any testimony referencing the Declaration and the opinions set forth in that Declaration. (ECF No. 584).

　　The hearing on Defendants' motion in limine to exclude Plaintiffs' expert Dr. Danna Moore's November 18, 2015 Declaration took place on February 3, 2016. Matthew Theriault and Stuart Chandler appeared in person and Monica Balderrama and Patrick Clifford appeared by telephone on behalf of Plaintiffs. Tracy Kennedy, Morgan Forsey, and Nora Stiles appeared in person and John Makarewich appeared by telephone on behalf of Defendants. For the reasons set forth below, the Court grants in part and denies in part Defendants' motion to exclude

Plaintiffs' expert Dr. Danna Moore's November 18, 2015 Declaration and her testimony of the contents of that Declaration.

# I.

# LEGAL STANDARDS

Expert witnesses in federal litigation are governed by Rules 702 to 705 of the Federal Rules of Evidence. Under Rule 702, the trial judge acts as a "gatekeeper" screening evidence for relevance and reliability. <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based upon sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

Rule 26(a) of the Federal Rules of Civil Procedure states:

> **(2) Disclosure of Expert Testimony.**
>
> **(A)** *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> **(B)** Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications

authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

. . .

**(D)** *Time to Disclose Expert Testimony*. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

**(i)** at least 90 days before the date set for trial or for the case to be ready for trial; or

**(ii)** if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Rule 26(e) provides:

**(e) Supplementing Disclosures and Responses.**

**(1)** *In General.* A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:

**(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

**(B)** as ordered by the court.

**(2)** *Expert Witness.* For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

If a party does not comply with Rule 26(a) or (e) disclosures, the party is subject to Rule 37(c), which states:

**(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**

**(1)** *Failure to Disclose or Supplement.* If a party fails to provide

3

>information or identify a witness as required by Rule 26(a) or €, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure to was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>(B) may inform the jury of the party's failure; and
>(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

## II.

## DISCUSSION

Defendants argue that Dr. Danna Moore's November 18, 2015 Declaration should be excluded because Plaintiffs failed to produce the Declaration or any of its contents in a timely manner and violated Federal Rule of Civil Procedure 26(a)(2) and the Court's Scheduling Orders. Defendants argue that the Declaration is not a supplemental report and the Plaintiffs' delay is neither excusable nor harmless.

Plaintiffs concede that they do not intend to introduce Dr. Moore's testimony about any "new opinions or analyses" embodied in the November 18, 2015 Declaration. (ECF No. 588 at 5.) Plaintiffs state that as to those opinions that are "new," Defendants' motion should be granted "only to the extent that Taco Bell does not open the door for rebuttal by making speculative attacks on the survey's reliability." (ECF No. 588 at 6.)

As part of Defendants' October 19, 2015 motion to exclude Dr. Moore, Defendants objected to the Declaration as an untimely new expert report. (ECF No. 565-9.) The Court considered the Declaration as rebuttal to Defendants' arguments in the motion to exclude her survey. The Court found that Dr. Moore's survey and report should not be excluded, but that Plaintiff must still lay the necessary foundation at trial and qualify the expert at trial. Therefore, the question remains as to whether Dr. Moore may testify as to the contents of her Declaration which were not part of her first or second reports.

On June 10, 2015, pursuant to a stipulation by the parties to extend some of the pre-trial deadlines in this matter, the Court modified its December 16, 2014 Scheduling Order to set the

1 supplemental expert disclosure deadline for September 3, 2015, and the expert discovery
2 deadline for October 2, 2015. (ECF No. 537.)[1] It is undisputed that the Declaration was not
3 disclosed before the October 2, 2015 expert discovery deadline. Therefore, the issue is whether
4 the Declaration is a report that must be disclosed pursuant to Rule 26(a)(2) of the Federal Rules
5 of Civil Procedure.

6 Plaintiffs argue that the Declaration was filed in response to various speculative
7 assertions and that it does not change, alter, or create new opinions, and to the extent it contains
8 new analyses, they were offered to rebut Defendants' baseless assertions. As part of the
9 Declaration, Dr. Moore offers new opinions, analysis, and testing to support her previously
10 disclosed opinions. Plaintiffs submitted the Declaration as an attempt to bolster Dr. Moore's
11 testimony to withstand the Defendants' Daubert challenge, and not in an effort to correct an
12 inadvertent mistake or omission. The Declaration is a report, and unless it qualifies as a
13 supplemental report under Rule 26(e), it is untimely.

14 The Court finds that the Declaration does not qualify as a supplemental report. A
15 supplemental report is meant to "inform the opposing party of any changes or alterations,"
16 Tenbarge v. Ames Taping Tool Sys., Inc., 190 F.3d 862, 865 (8th Cir. 1999). Rule 26(e)
17 "permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding
18 information that was not available at the time of the initial report." Minebea Co. v. Papst, 231
19 F.R.D. 3, 6 (D.D.C. 2005). However, the Declaration consists of Dr. Moore's response to
20 arguments raised by Dr. Crandall in his report. Dr. Crandall's report responds to assertions made
21 by Dr. Moore in her initial two reports. Dr. Moore did not indicate that her initial two reports
22 contained inaccuracies or that she had discovered new information that rendered her initial two
23 reports incomplete or incorrect. Dr. Moore merely was responding to Dr. Crandall's assertions
24 in his report. The Declaration does not qualify as a supplemental report under Rule 26(e)
25 because it does not correct inaccuracies or add information that was unavailable to Dr. Moore at

---

[1] Defendants have stated that the expert discovery cut-off was September 21, 2015. (ECF No. 565 at 5). The Court's June 10, 2015 order set the expert discovery deadline as October 2, 2015. It appears that the parties agreed amongst themselves to set the supplemental expert disclosure deadline as September 21, 2015.

5

the time of her initial two reports.

Even if the Declaration is a rebuttal report offered to contradict or rebut expert testimony by Dr. Crandall and Defendants, it was not timely disclosed. See Fed. R. Civ. P. 26(a)(2)(C)(ii). The Declaration was disclosed approximately two months after the deadline for expert reports and over thirty days past the date of Dr. Crandall's report. Plaintiffs did not seek leave to belatedly disclose the Declaration.

Therefore, because the Declaration does not qualify as a supplemental report under Rule 26(e), and it is not a timely rebuttal report under 26(a)(2)(C)(ii), it is untimely. Untimely disclosure of an expert opinion may result in Rule 37(c)(1) sanctions, which provide that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Plaintiffs offer no explanation as to why such information could not have been disclosed earlier so that it could have been fully discovered by Defendants. When the Court considers the prejudice to Defendants by permitting the use of the Declaration at trial, the Court finds that Plaintiffs are not permitted to use the Declaration or any testimony of its contents that are not in Dr. Moore's first or second reports on direct examination. However, if Defendants "open the door" at trial on cross-examination or through their own experts, then Dr. Moore may testify as to the contents of the third report.

Plaintiffs also state that if Defendants raise alleged deficiencies with the survey in their opening, then Plaintiffs should be able to rebut those arguments in their direct examination of Dr. Moore. (ECF No. 588 at 6.) However, it is clear that opening statements are not evidence. See United States v. Vargas-Rios, 607 F.2d 831, 838 (9th Cir. 1979). As an opening statement is not actual evidence in the case, even if Defendants do refer to alleged deficiencies with the survey in their opening, the "door" has not been "opened" for Plaintiffs to present their rebuttal arguments from the Declaration in the direct examination of Dr. Moore.

Therefore, Defendants' motion is granted in part. Plaintiffs may not introduce the Declaration or any testimony from it unless there is another evidentiary basis during the trial.

Plaintiffs may introduce any testimony based on the contents of Dr. Moore's first report, the July 15, 2015 report, and second report, the August 3, 2015 revised and final survey report, subject to Plaintiffs laying the proper foundation at trial and no other evidentiary objection.  Plaintiffs may introduce any testimony based on the contents of the November 18, 2015 Declaration only if a allowed by the court, outside the presence of the jury, and consistent with the rules of evidence.

## III.

## ORDER

Accordingly, it is HEREBY ORDERED that Defendants' motion to exclude Plaintiffs' expert Dr. Danna Moore's November 18, 2015 Declaration and its contents is GRANTED in part and DENIED in part.  Plaintiffs may introduce any testimony based upon the contents of Dr. Moore's July 15, 2015 report and August 3, 2015 revised and final survey report, subject to Plaintiffs laying the proper foundation at trial and no other evidentiary objections.

IT IS SO ORDERED.

Dated: __**February 4, 2016**__

UNITED STATES MAGISTRATE JUDGE

7