# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRIKA MEDLOCK, LISA HARDIMAN, MIRIAM LEYVA, LORAINE NARANJO, ENDANG WIDJAJA, KEVIN TAYLOR, DEBRA DOYLE, CHRISTOPHER DUGGAN, HILARIO ESCOBAR, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TACO BELL CORP., and TACO BELL OF AMERICA, INC.,<br><br>Defendants. | Case No. 1:07-cv-01314-SAB<br><br>ORDER DISMISSING CLAIMS PURSUANT TO STIPULATION OF PARTIES<br><br>(ECF No. 621) |

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that:

1. Plaintiffs Endang Widjaja, Christopher Duggan, Debra Doyle, Hilario Escobar, and Class Representatives Miriam Leyva, Sandrika Medlock, and Lisa Hardiman's ("Plaintiffs") individual claims that are (1) not subject to dismissal pursuant to the terms of a separate individual settlement agreement; (2) not certified in this matter or being litigated on a representative basis; or (3) not listed in the Second Supplemental Pretrial Order as those claims being tried are DISMISSED WITH PREJUDICE;

2. The following individual claims asserted in Plaintiffs' Third Amended

Consolidated Complaint ("TACC") (ECF No. 522) are DISMISSED WITH PREJUDICE:

    a.    Plaintiffs' individual claims asserted in the First Claim for Relief for Unpaid Overtime under California Labor Code sections 510 and 1198;

    b.    Plaintiffs' individual claims asserted in the Second Claim for Relief for Unpaid Minimum Wages under California Labor Code section 1194;

    c.    Plaintiffs' individual claims asserted in the Third Claim for Relief for Unpaid Wages under Labor Code section 204;

    d.    Plaintiffs' individual claims asserted in the Fourth Claim for Relief for Failure to Provide Meal Periods under Labor Code sections 226.7 and 512 (excluding the certified claim for failure to provide meal periods before the end of the fifth hour of work on shifts over six hours long);

    e.    Plaintiffs' individual claims asserted in the Fifth Claim for Relief for Failure to Provide Rest Breaks under Labor Code section 226.7 (excluding the certified claim for failure to authorize and permit a second rest break on shifts over six hours but less than seven hours long);

    f.    Plaintiffs' individual claims asserted in the Sixth Claim for Relief for Improper Wage Statements under California Labor Code section 226(a);

    g.    Plaintiffs' individual claims asserted in the Seventh Claim for Relief for Unreimbursed Business Expenses under California Labor Code sections 2800 and 2802;

    h.    Plaintiffs' individual claims asserted in the Eighth Claim for Relief for Failure to Pay Vested Accrued Vacation Time under California Labor Code section 227.3; and

    i.    Plaintiffs' individual claims asserted in the Ninth Claim for Relief for Non-Payment of Wages at termination under Labor Code sections 201 and 202 (while Defendants dispute whether Plaintiffs may seek penalties under Labor Code section 203 as a remedy for the certified meal and rest period claims, this

1  dismissal does not include Plaintiffs' allegation that Labor Code section 203 will be sought as a class-wide remedy);

3. The Court's dismissal of the above claims in the Third Amended Consolidated Complaint is subject to the Plaintiffs' reservation of rights to appeal the Court's prior orders including, but not limited to, its orders regarding class certification of any claims and the Court's application of Federal Rule of Civil Procedure 23 to Plaintiffs' claims under the California Private Attorneys General Act of 2004, California Labor Code section 2699 et seq.; and

4. Neither Party is entitled to recover attorneys' fees and/or costs related to this dismissal.

IT IS SO ORDERED.

Dated:  **February 12, 2016**

UNITED STATES MAGISTRATE JUDGE