# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TACO BELL WAGE AND HOUR ACTIONS | Case No. 1:07-cv-01314-SAB<br><br>ORDER DENYING DEFENDANTS' REQUEST TO PRECLUDE THE JURY FROM DECIDING WAITING TIME PENALTIES<br><br>(ECF No. 684) |

**I.**

**BACKGROUND**

A jury trial in this action commenced on February 22, 2016. On March 6, 2016, Defendants filed a brief re penalties under Labor Code Section 203. Defendants argue that penalties under Labor Code Section 226.7 cannot serve as a basis for waiting time penalties under Labor Code Section 203; waiting time penalties are not triggered where there is a good faith dispute regarding whether the wages are owed; and whether the failure to pay was willful would require individualized proof. Defendants also argue that if the waiting time penalties are to be submitted to the jury, the correct limitations period is September 7, 2003 to August 5, 2007.

///

///

///

1

## II.

## DISCUSSION

### A. Whether Premium Payments are Wages or Penalties

Defendants contend that the claim for waiting time penalties fails as a matter of law as the basis of this action is the failure to pay meal and rest period premium under section 226.7. Defendants argue that such premium payments are penalties and not wages under California law. On June 10, 2015, an amended scheduling order issued and the parties were to file all dispositive motions by September 3, 2015. (ECF No. 537.)

Amendments of the scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure which provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The district court has broad discretion in supervision of the pretrial phase of litigation. Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Rule 16's good cause standard considers the diligence of the party seeking amendment and the pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). While prejudice to the opposing party could "supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson, 975 F.2d at 609. Therefore, if the party moving for amendment of the scheduling order has not demonstrated diligence, the inquiry should end and the motion should be denied. Id.

The Court finds that Defendants' request as it relates to the waiting time penalties should have been raised in a pretrial motion in compliance with the scheduling order. As Defendants set forth in their request, the issue of whether premium payments are wages or penalties has been decided inconsistently by the California Supreme Court. See Murphy v. Kenneth Cole Productions, Inc., 40 Cal.4th 1094 (2007) and Kirby v. Immoos Fire Protection, Inc., 53 Cal. 4th 1244 (2012). Since Kirby, district courts are divided on the issue of whether these payments are penalties or wages. Brewer v. Gen. Nutrition Corp., No. 11-CV-3587 YGR, 2015 WL 5072039, at *18 (N.D. Cal. Aug. 27, 2015) (collecting cases). Therefore, this is a matter that should have

1  been raised prior to trial for the issue to be briefed by the parties and decided by the Court.

2  It is clear from the pretrial documents filed in this action that this has been an issue here. The Court has specifically informed the parties that it was unable to address the issue until a motion was presented to the court. Defendants have not shown due diligence by waiting to raise the issue until the third week of trial. Accordingly, the Court finds that Defendants have not shown good cause to amend the scheduling order to address the waiting time penalties during the trial of this matter.

### B. Whether Willfulness Can be Decided on Class Wide Basis

Defendants argue that willfulness cannot be decided on a class-wide basis. Labor Code section 203 provides that "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Therefore, penalties are only triggered if the failure to pay was willful.

"As used in section 203, "willful" merely means that the employer intentionally failed or refused to perform an act which was required to be done. Barnhill v. Robert Saunders & Co., 125 Cal. App. 3d 1, 7 (1981). While Defendants argue that willfulness would require individualized inquiry into the facts and circumstances behind each member's meal and rest periods, they cite to no case in which a court has held that willfulness cannot be based on a class-wide policy. In this instance, Plaintiffs contend that Defendants adopted a policy that failed to comply with California law and did not pay class members meal and rest premiums as required by the Labor Code. If the jury finds that such a policy was adopted and premium payments were not paid to class members, then willfulness could be found based upon that policy.

Defendants argue that this Court previously found that section 203 violations were not suitable for class treatment. However, the issue addressed in the prior order was whether a class should be certified based on non-payment of wages. That is not the issue the Court addresses here where all the nonpayment would be due to the policy which was adopted and failed to

compensate employees as required under California law. The Court finds that willfulness in this instance can be found on a class-wide basis without individualized inquiry into each class member's circumstances.

### C. Whether There is a Good Faith Dispute That Wages Were Due

In determining whether an employer owed waiting time penalties for not paying wages that the employer offset due to a debt owed by the employee, the court held that the employer's good faith belief that the setoff was proper meant the failure to pay wages was not willful. Barnhill v. Robert Saunders & Co., 125 Cal. App. 3d 1, 3 (1981). The good faith defense is codified in the California Code of Regulations, which provides:

> A willful failure to pay wages within the meaning of Labor Code Section 203 occurs when an employer intentionally fails to pay wages to an employee when those wages are due. However, a good faith dispute that any wages are due will preclude imposition of waiting time penalties under Section 203.
>
> (a) Good Faith Dispute. A "good faith dispute" that any wages are due occurs when an employer presents a defense, based in law or fact which, if successful, would preclude any recover on the part of the employee. The fact that a defense is ultimately unsuccessful will not preclude a finding that a good faith dispute did exist. Defenses presented which, under all the circumstances, are unsupported by any evidence, are unreasonable, or are presented in bad faith, will preclude a finding of a "good faith dispute."

8 Cal. Code. Regs. § 13520.

This action is distinguishable from Barnhill as there is no good faith belief that employees are not owed premium payments if the Labor Code is violated. It cannot be disputed that the premium payments are owed if the employer violates California law. To the extent that Defendants argue that it is disputed whether the premium payments are wages or penalties under Section 226.7, the Court finds that this issue has been waived by failing to bring a motion prior to trial. Further, the dispute as to whether the premium payments were wages or penalties does not address whether a Labor Code violation occurred due to the failure to provide the meal or rest period. The meal or rest premium would still be owed to the employee regardless of whether the payment is considered a wage or penalty.

### D. Statute of Limitations

In their motion to decertify the class and their pretrial statement, Defendants raised the

statute of limitations arguing that when the court originally denied class certification the statute of limitations tolled for those classes. The Court found that since the original denial of class certification was erroneous, even accepting Defendants argument as true, Plaintiff's would be entitled to equitable tolling. Now Defendants raise a new statute of limitations argument regarding the Section 203 claims. The Court notes that although Defendants raised this issue in the introduction to their motion, the motion itself is devoid of any argument or discussion of the issue.

Defendants contend that the statute of limitations for the Section 203 claims is August 5, 2007. Under Section 203(a) "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Defendants rely on this subsection to argue that waiting time penalties may only be awarded for those employees who ended their employment thirty three days before this lawsuit was filed.

However, Section 203(b) provides that "[s]uit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise." Defendants cite no case which found that in the context of a class action future violations subject to penalties under Section 203(b) are barred by the filing of the class action complaint.

Further, the statute of limitations is an affirmative defense and the defendant has the burden of proving that the claims are time barred. Ladd v. Warner Bros. Entm't, 184 Cal.App.4th 1298, 1301 (2010). The Court finds that, as with the argument that the claim for waiting time penalties fails as a matter of law, Defendants have not shown good cause for the Court to consider a motion to limit Plaintiffs' claims which was raised as the trial entered its last day. Defendants had ample opportunity to raise the statute of limitations under Section 203 while the parties could have briefed the issue and the Court could have considered their arguments. This argument was not raised in Defendants prior motion addressing the statute of limitations. Defendants request to amend the class period for the waiting time penalties is denied.

## III.
## CONCLUSION

Based on the foregoing, Defendants' request to preclude the jury from deciding waiting time penalties is HEREBY DENIED.

IT IS SO ORDERED.

Dated: __**March 7, 2016**__

UNITED STATES MAGISTRATE JUDGE