# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TACO BELL WAGE AND HOUR ACTIONS | Case No. 1:07-cv-01314-SAB<br><br>ORDER RE DAMAGES<br><br>(ECF No. 676) |

A jury trial in this action commenced on February 22, 2016. On March 4, 2016, Plaintiffs filed a brief re jury instruction no. 35 seeking to instruct the jury that it may use minimum wage in calculating damages to the class or that Plaintiffs may prove damages by just and reasonable inference. Plaintiffs did not raise these issues prior to trial in this action.

In this action, Plaintiffs are alleging that Taco Bell violated California law by failing to provide meal periods before the beginning of the fifth hour of work, failing to provide a second ten minute rest period for employees who worked more than six but less than seven hour, and paid a one half hour meal premium when employees were owed a full hour of meal premium pay. Pursuant to California law, if an employer fails to provide meal periods or rest periods in compliance with California law, "the employer shall pay the employee one additional hour of pay **at the employee's regular rate of compensation** for each workday that the meal or rest or recovery period is not provided." Cal. Lab. Code § 226.7(c) (emphasis added).

1

1    In support of their request, Plaintiffs rely on Pulaski & Middleman, LLC v. Google, Inc., 802 F.3d 979, 983 (9th Cir. 2015) a suit brought alleging that Google mislead advertisers in violation of California's Unfair Competition Law ("UCL") and Fair Advertising Law ("FAL"). In Pulaski, the Ninth Circuit addressed whether the entitlement to restitution would prevent certification of the class. Id. at 985. In discussing damages, the appellate court found that individual calculations on damages did not preclude class certification. Id. at 987. Under the UCL and FAL restitution "must be of a measurable amount to restore to the plaintiff what has been acquired by violations of the statutes, and that measurable amount must be supported by evidence." Id. at 988 (quoting Colgan v. Leatherman Tool Grp., Inc., 135 Cal.App.4th 663, 698 (2006)). In the context of restitution under the UCL and FAL, California law "requires only that some reasonable basis of computation of damages be used, and the damages may be computed even if the result reached is an approximation." Pulaski, 820 F.3d at 989. The court held that "[b]ecause restitution under the UCL and FAL measures what the advertiser would have paid at the outset, rather than accounting for what occurred after the purchase, using a ratio from Google's data that adjusts for web page quality is both targeted to remedying the alleged harm and does not turn on individual circumstances. Thus, the Smart Pricing method measures the monetary loss 'resulting from the particular ... injury' alleged." Id.

   The Court finds the instant action distinguishable from Pulaski. The damages at issue here are specified by statute, the employee's regular rate of compensation. This is not a case where the jury would be unable to determine the monetary loss suffered by the class members. The statute clearly sets forth the measure of damages: one hour of the employee's regular rate of compensation for each failure to provide a rest or meal period. The Court does not find Pulaski instructive in this instance.

   Plaintiffs also argue that damages just need to have a reasonable basis and be supported by the record citing Brewer v. Hustler Magazine, Inc., 749 F.2d 527 (9th Cir. 1984). In Brewer the plaintiff brought a claim for copyright infringement and state law claims. Id. at 528. The plaintiff claimed that he had entered into an agreement with a greeting card company for the use of a photograph to be used on a postcard. Id. Defendant published the photograph in its

1 magazine.  Id.  The jury returned a verdict in favor of plaintiff and awarded damages of
2 $14,500.00.  Id.  The defendant appealed arguing that the damages awarded were excessive.  Id.
3 Defendant argued that the damages were speculative because the jury multiplied the royalty for
4 one postcard by the number of issues of the magazine that were sold.  Id. at 529.  In addressing
5 damages on appeal, the Ninth Circuit stated that jury was properly instructed to not award
6 speculative damages and the damages awarded were within the range supported by the record.
7 Id.  The issue here is whether Plaintiffs have presented competent evidence by which the jury
8 can determine damages.  Plaintiffs seek to have the jury award damages based on the minimum
9 wage if they are unable to determine an employee's hourly rate.

10      Plaintiffs argue that the evidence presented at trial demonstrates that Taco Bell failed to
11 keep accurate records and therefore the requested instructions should be provided.  There is
12 significant support for such an instruction where an employer does not keep time records which
13 prevent an employee from proving damages.  As the Supreme Court stated in Anderson v. Mt.
14 Clemens Pottery Co., 328 U.S. 680 (1946),

> When the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records.  But where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitute a more difficult problem arises.  The solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work.  Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act.  In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.  The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.  If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

25 Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946) (superseded by statute on
26 other grounds) (citations omitted).

27      While Plaintiffs argue that Defendants failed to keep accurate time records, the Court
28 finds there has been no evidence to support such a finding.  Plaintiffs have relied on the raw

punch data in proving their case, but Defendants have consistently argued that the raw time punch data is not Defendants' time records. Defendants have presented evidence that their time records are the employee's payroll verification reports. Employees have testified that they are presented with a payroll verification report which they verify and sign at the end of each time period. This data is used in issuing payroll checks to employees. Plaintiffs chose not to use the payroll verification reports in presenting this action, but it is clear from review of the reports that Defendant did keep such records. Further, while the veracity of the payroll records may be in question as to showing meal and rest breaks, the payroll records do provide information which may assist the jury in calculating damages such as time worked in a given day or week, an employee's hourly rate at time of violation and other pertinent information which may be essential in calculating damages. The fact that plaintiff chose not present such evidence, or present their case using specific evidence, does not mean that the records are inadequate, justifying a different jury instruction than what the statute states.

Plaintiffs argue that the payroll verification reports were inaccurate, but the evidence at trial did not show that the payroll verification reports were so inaccurate that Defendants could be accused of failing to keep accurate records. The fact that one or more employees stated at trial that there was an error on a single report that was never corrected is not sufficient to call into question the accuracy of the report which the employee signed as accurate at the time. In this instance, the Court finds that the Plaintiffs have failed to show that the Defendants kept inaccurate time records, and therefore Plaintiffs are not entitled to an instruction that damages can be based on other than the employee's regular hourly rate of compensation as required by California state law.

Finally, Plaintiffs argue that they are entitled to waive their regular rate of compensation and receive damages at the minimum rate for the time period worked. To the extent that Plaintiffs seek to present minimum wage data to the jury, the Court has taken judicial notice of minimum wage for the periods of time at issue in this action after objections based upon

relevancy.[1]  The jury may consider this information in determining damages here.

Plaintiffs argue that the jury should be instructed to use the employee's regular rate of compensation or the minimum wage rate in determining damages.  However, the Court finds instructing the jury that they may base damages on minimum wage would cause a significant risk that the jury could award speculative damages by simply picking a number of violations and multiplying it by the minimum wage because they are unable to understand the evidence presented by Plaintiffs here.  In making this determination, the Court considers that the three named plaintiffs are here in a representative capacity on behalf of tens of thousands of employees who have not had an opportunity to waive their right to their regular rate of compensation.  Plaintiffs have not presented any case in which a California court, or any other court, awarded damages based on minimum wage where the employee's regular rate of compensation was available but the plaintiff failed to place such information in evidence or it was too difficult to determine based on the evidence presented.  The Court declines to instruct the jury on an unsupportive legal assertion based upon the evidence as presented by the Plaintiffs.

There is evidence in the raw punch data of the employee's regular rate of pay for the vast majority of the class members.  While Plaintiffs admitted this evidence into evidence they did not have any witness explain it to the jury.  However, the failure to fully explain the evidence goes to whether Plaintiffs have proved their case or damages by a preponderance of the evidence, not to whether the jury can base an award on a rate other than the class members' regular rate of compensation.

The Court notes this is not a situation where the parties are stipulating to a class action settlement in which the due process rights of both the plaintiffs and defendants are only considered based on the fairness of the settlement to the class.  Here, the class action has proceeded to trial and Plaintiffs have the burden of proving claims and damages by a preponderance of the evidence.  The Court is to instruct the jury on the law, and a possible

---

[1]  The Court did inquiry of the Defendants as to whether they wanted a limiting instruction associated with admitting that evidence.  Defendants declined offering or requesting a limiting instruction.

failure to present evidence to support the claims or damages does not change the legal standard by which a jury is instructed.

  For the reasons stated, Plaintiffs' request to modify jury instruction no. 35 is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **March 8, 2016**

UNITED STATES MAGISTRATE JUDGE

6