# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TACO BELL WAGE AND HOUR ACTIONS | Case No. 1:07-cv-01314-SAB<br><br>ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO RULE 50(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(ECF Nos. 685, 686, 700) |

**I.**

**BACKGROUND**

This is a consolidated action comprised of six underlying lawsuits. The first action was filed on September 7, 2007. (ECF No. 1.) After other putative class actions were filed against Taco Bell, the cases were consolidated on June 9, 2009, and thereafter. (ECF No. 109.) This action is proceeding on the Third Amended Consolidated Complaint (the "TACC") and Taco Bell's Answer to the TACC. (ECF Nos. 522, 532.)

Prior to trial three classes were certified as follows:

- Late Meal Period Class - All persons who work or worked as a non-exempt, hourly-paid employee at a corporate-owned Taco Bell restaurant in California from September 7, 2003, until July 1, 2013, who worked for a period of time in excess of six hours and who worked for periods longer than five hours without a

    meal period of not less than thirty minutes as reflected in Defendants' employees' time records.  (ECF Nos. 341, 344.)

- Underpaid Meal Premium Class - All persons who work or worked as a non-exempt, hourly-paid employee at a corporate-owned Taco Bell restaurant in California who, between September 7, 2003 until November 12, 2007, received at least one 30-minute automatic adjustment on Taco Bell's Time and Attendance System as reflected in Defendants' employees' time records.  (ECF No. 520.)

- Rest Period Class - All persons who work or worked as a non-exempt, hourly-paid employee at a corporate-owned Taco Bell restaurant in California from September 7, 2003, until December 24, 2014, who worked for a period of time in excess of six hours and less than seven hours without at least two rest periods of not less than ten minutes, as reflected in Defendants' employees' time records.  (ECF No. 520.)

  A jury trial in this class action commenced on February 22, 2016.  On March 7, 2016, Defendants filed a motion for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure.  (ECF No. 685.)  On March 8, 2016, Plaintiffs filed an opposition to the motion.  (ECF No. 686.)  The Court took the motion under advisement pending a verdict from the jury.  On March 9, 2016, the jury returned a verdict in favor of Plaintiffs for the Underpaid Meal Premium Class and in favor of Defendants for the Late Meal Period and Missed Rest Period Classes.  The parties were provided with the opportunity to file a supplement to their Rule 50 motion and opposition.  Defendants did not file a supplement to the Rule 50(a) motion.  Plaintiffs filed a supplement on March 11, 2016.  (ECF No. 700.)

  Oral argument on Defendants' Rule 50(a) motion was heard on March 11, 2016 before the undersigned.  Counsel Andrew Sokolowsi, Monica Balderrama, Matthew Theriault, and Stuart Chandler appeared for the class; and counsel Tracey Kennedy, Nora Stiles, Morgan Forsey and John Makarewich appeared for Defendants.  Having considered the pleadings filed by the parties, as well as the evidence presented during the trial of this matter, the Court issues the following order.

## II.

## LEGAL STANDARD

Under Rule 50(a) of the Federal Rules of Civil Procedures, any time after the opposing party has been fully heard but before the case is submitted to the jury, a party may move for judgment as a matter of law on the ground that "a reasonable jury would not have legally sufficient evidentiary basis to find for" the opposing party on an issue. Rule 50(b) provides that "[i]f the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Within twenty-eight days after a verdict is entered, the moving party "may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59". Fed. R. Civ. P. 50(b). "If the court grants a renewed motion for judgment as a matter of law, it must also conditionally rule on any motion for a new trial by determining whether a new trial should be granted if the judgment is later vacated or reversed." Fed. R. Civ. P. 50(c).

The requirement that the party move for judgment as a matter of law under Rule 50(a) prior to bringing a renewed motion for judgment as a matter of law under Rule 50(b) is strictly construed. Janes v. Wal-Mart Stores Inc., 279 F.3d 883, 887 (9th Cir. 2002). Similarly, a party cannot raise arguments in the post-trial motion under Rule 50(b) that were not raised in the pre-verdict motion under Rule 50(a). Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir. 2003). The purpose of Rule 50(a) is to preserve the question of the sufficiency of the evidence as a question of law so the trial court can review its initial denial of judgment as a matter of law and it calls to the attention of the court and the opposing party the alleged deficiencies in the evidence while there is still the opportunity to correct them. Id.

In deciding a motion for judgment as a matter of law under Rule 50, the trial court is not to make credibility determinations or weigh the evidence, but is to view the evidence in the light most favorable to the non-moving party. E.E.O.C. v. Go Daddy Software, Inc., 581 F.3d 951, 961 (9th Cir. 2009); Krechman v. Cty. of Riverside, 723 F.3d 1104, 1110 (9th Cir. 2013). "The test applied is whether the evidence permits only one reasonable conclusion, and that conclusion

is contrary to the jury's verdict." Id. (quoting Josephs v. Pac. Bell, 443 F.3d 1050, 1062 (9th Cir.2006)). A party that fails to bring a motion under Rule 50(b) waives the right to challenge the sufficiency of the evidence on appeal. Nitco Holding Corp. v. Boujikian, 491 F.3d 1086, 1089 (9th Cir. 2007).

### III.

### ANALYSIS

Prior to the matter being submitted to the jury, Defendants filed a motion for judgment as a matter of law under Rule 50(a). Defendants argue that Plaintiffs did not submit any evidence by which the jury could determine damages for any class in this action. Specifically, Defendants contend that Plaintiffs did not present any evidence to establish the identify of any class members, the regular rate of compensation for class members at the time that violations occurred, the date on which any class members employment with Taco Bell ended, the data and rate of pay for any class member who received an automatic payment for an unrecorded or short meal period, and the daily wages for any class member who was due meal or rest period premiums when their employment ended. Due to this alleged failure of proof, Defendants state that the jury would be unable to determine damages for any class and request that the Court enter judgment in favor of Defendants as a matter of law.

Plaintiffs reply that there is evidence which supports their claim for damages in the form of the raw punch data, testimony from the custodian of record of the punch data, expert testimony, and payroll verification reports. Plaintiffs assert that no case cited by Defendants supports the contention that liability and damages should be removed from the jury's purview because the evidence is too voluminous or because of difficulties in parsing through it. Plaintiff contends that there is sufficient evidence for the jury to ascertain damages when it considers the evidence as a whole.[1]

As the jury has found liability only for the Underpaid Meal Premium Class, the Court

---

[1] A considerable portion of Plaintiffs' original opposition addresses whether evidence has been presented to prove that a policy existed. The Court notes that Defendants' motion only raises the insufficiency of the evidence as it relates to damages. For that reason, the Court shall not address Plaintiffs' arguments regarding the sufficiency of the evidence as to whether a policy exists. However, there was sufficient evidence of the Defendants' uniform policy to which a reasonable jury could rule in the Plaintiffs' favor on this issue.

1  finds that the Rule 50(a) motion is moot as to the additional classes and claims raised in this
2  action.  Therefore, this order shall only address the motion as it relates to the Underpaid Meal
3  Premium class.

4    Defendants rely on Susan Patterson Interiors, Inc. v. Tobias, No. 11 C 221, 2012 WL
5  4578694, at *4 (N.D. Ill. Oct. 1, 2012), to argue that the voluminous documents admitted at trial
6  are insufficient to allow the jury to determine damages.  After a bench trial on a breach of
7  contract claim, the plaintiff attempted to substantiate its damages claim with hundreds of
8  unorganized exhibits.  Id. at *7.  The exhibits that were relied on by the plaintiff remained
9  largely unexplained throughout trial.  Id.  The court found that the plaintiff had not presented any
10 coherent theory of breach that would allow the court to find for plaintiff.  Id.  The exhibits that
11 were presented represented an amalgamation of hundreds of invoices, documents and other
12 records without necessary context or explanation.  Id.  The plaintiffs did not identify any single
13 invoice, properly billed, that remained unpaid.  Id.  The court stated that since the party seeking
14 relief has the burden of persuasion, "that party cannot simply throw a mountain of unexplained
15 and confusing evidence at the fact-finder and expect to meet its burden." Id. at *7-8.

16   Defendants contend that Exhibit 36 contains fifty-eight million lines of data and there is
17 no way for the jury to determine from this data when any employee received autopay.  Further,
18 Defendants argue that the payroll verification reports do not include hourly rates of pay for
19 employees.

20   Plaintiffs rely on Managed Care Sols., Inc. v. Essent Healthcare, Inc., 694 F. Supp. 2d
21 1275, 1276 (S.D. Fla. 2010), to support the argument that the evidence admitted in this action is
22 sufficient for the issue to be submitted to the jury.  Managed Care Sols., Inc. involved a breach of
23 contract and equitable accounting claim.  Id. at 1278.  On a motion to dismiss, the court held that
24 the fact that calculating damages may require the aggregation of thousands of receivables does
25 not make the calculation of damages unduly complex or unnecessarily extensive.  Id. at 1281.
26 Rule 1006 of the Federal Rules of Evidence allows the party to present the evidence in the form
27 of a summary, chart or calculation so the amount of damages can be concisely presented to the
28 jury.  Id.  Although the plaintiff had difficulty ascertaining records during discovery, that does

not justify taking the issue of damages away from the jury and an equitable accounting was not a substitute for a motion to compel. Id.

The Court does not find Managed Care Sols. to be particularly relevant, where as here, the plaintiffs did not conduct discovery relevant to damages, did not disclose their experts summary of the raw punch data during the discovery period, and relied on raw punch data rather than payroll records to establish damages.

However, during the trial, both parties proffered expert testimony as to the number of potential violations that could be shown by the raw punch data. While Defendants presented evidence that these records were not reliable because employees made mistakes and corrections were made manually that would not show up in the raw punch data, there was also evidence that the raw punch data was communicated electronically to form some basis for the payroll verification reports from which autopay issued for late meal periods. Further, the payroll verification reports are in evidence on Exhibit 37 which was admitted by stipulation of the parties.

As to Defendants argument that there is no evidence of the hourly rates by which any employee was compensated, there is evidence in the punch data of employees' hourly rates. Defendants are not foreclosed from arguing the insufficiency of this information in determining damages to the class in a subsequent Rule 50(b) motion with further development of the record.

The Court finds that sufficient evidence was introduced during the trial of this action for the Underpaid Meal Premium Class claims to be submitted to the jury.

//
//
//
//
//
//
//
//

## V.

## CONCLUSION AND ORDER

Based on the foregoing, Defendants' motion for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **March 14, 2016**

UNITED STATES MAGISTRATE JUDGE