SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
TRACEY A. KENNEDY, Cal. Bar No. 150782
tkennedy@sheppardmullin.com
NORA K. STILES, Cal. Bar No. 280692
nstiles@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780; Facsimile:  213.620.1398

MORGAN P. FORSEY, Cal. Bar No. 241207
mforsey@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4109
Telephone: 415.434.9100; Facsimile:  415.434.3947

Attorneys for Defendants TACO BELL CORP. and
TACO BELL OF AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| IN RE TACO BELL WAGE AND HOUR ACTIONS | Case No. 1:07-cv-1314-SAB<br><br>**TACO BELL'S BRIEF RE PREJUDGMENT INTEREST**<br><br>Judge:      Hon. Stanley A. Boone<br><br>Trial Date:      February 22, 2016 |
|---|---|

## I. INTRODUCTION

In awarding statutory penalties to the Underpaid Meal Premium Class, the jury calculated a very specific amount – down to the penny – that does not match any expert testimony or any other evidence presented. Clearly, the amount of penalties purportedly owed was not certain until the verdict was reached. Moreover, the jury awarded less than half of the amount demanded by Plaintiffs, which further establishes that the parties disputed not only liability, but also the amount in dispute, and even how damages should be calculated. The law, however, allows prejudgment interest only when damages are certain or capable of being made certain by calculation. Because in this case the amount of underpaid meal premium penalties was not certain until the verdict, Plaintiffs are not entitled to prejudgment interest.

Separately, the Labor Code authorizes the recovery of interest only for unpaid wages, not statutory penalties. Here, the damages awarded by the jury were statutory penalties, not unpaid wages. Therefore, prejudgment interest cannot accrue on the penalties awarded to the Underpaid Meal Premium Class.

## II. RELEVANT PROCEDURAL HISTORY

Trial began on February 22, 2016. On March 9, 2016, the jury returned its special verdict. (Dkt. 696.) The jury found no liability on the Late Meal Period and Rest Break class claims or the Labor Code section 203 claims, but determined that Underpaid Meal Premium class members were underpaid for a missed or short meal period 134,419 times between September 7, 2003 and November 12, 2007. (Id. at 3:18-21.) The jury awarded $495,913.66 in damages to the Underpaid Meal Premium class. (Id. at 3:25-26.)

## III. THE COURT SHOULD NOT AWARD PREJUDGMENT INTEREST

**A.     Prejudgment Interest Is Not Recoverable Where Damages Are Uncertain**

"In diversity cases, state law governs the award of prejudgment interest." California Earthquake Authority v. Metropolitan West Securities, LLC, 2014 U.S. Dist. LEXIS 90672 at *16 (E.D. Cal. 2014). Pursuant to California Civil Code section 3287,

prejudgment interest may be recovered only where the damages are "certain, or capable of being made certain by calculation." Cal. Civ. Code § 3287.

Here, the amount of damages was plainly uncertain until the jury returned its verdict. Indeed, no testimony or expert opinion matches the $495,913.66 award. Prejudgment interest is thus unavailable: Section 3287 "does not authorize prejudgment interest where the amount of damage, as opposed to the determination of liability, depends upon a judicial determination based upon conflicting evidence and is not ascertainable from truthful data supplied by the claimant to his debtor." Wisper Corp. N.V. v. California Commerce Bank, 49 Cal.App.4th 948, 960. Said otherwise, Taco Bell does not owe prejudgment interest because the dollar amount owed to the Underpaid Meal Premium Class could not be determined until the jury evaluated the evidence and decided the appropriate amount.[1] See id.

Moreover, Plaintiffs sought an award in excess of a million dollars on behalf of the Underpaid Meal Premium Class, yet the jury awarded less than half of that amount. This discrepancy "militates against a finding of the certainty mandated by Civil Code section 3287." Wisper Corp. NV, 49 Cal.App.4th at 961; see also El Dorado Irrigation District v. Traylor Bros., Inc., 2007 U.S. Dist. LEXIS 14440 at *38 (E.D. Cal. 2007) ("The fact that the jury did not award [the plaintiff] the sum it was seeking indicates that the jury found that there was some dispute over the amount of damages which could not be easily resolved."). The jury's rejection of Plaintiffs' valuation of their claim further undermines any contention that the damages amount was certain, or even calculable, using the data available.

---

[1] While the jury determined the damages amount, it remains unknown which current or former employees are owed damages. Underpaid Meal Premium Class Members were never identified by employee number, name, or otherwise. Nor was there any evidence linking the date of any specific alleged meal period violation to any specific class member. Due to this failure of proof, it is unknown which individuals would have any right to prejudgment interest or, assuming that interest was due, the date that interest vested. See Civil Code § 3287.

### B. Plaintiffs May Not Recover Prejudgment Interest On Penalties

California Labor Code section 226.7 allows an employee to recover "one additional hour of pay at the employee's regular rate of compensation for each workday" that their employer fails to provide a meal period or rest break in accordance with state law.  That additional hour of pay is a penalty, not a wage.  Kirby v. Immoos Fire Protection, Inc., 53 Cal. 4th 1244, 1255-1257 (2012) ("[A] section 226.7 claim is not an action brought for nonpayment of wages; it is an action brought for nonprovision of meal or rest breaks.")  The Labor Code allows for an award of interest on "due and unpaid *wages*," not penalties.  See Labor Code § 218.6 (emphasis added).  Therefore, Plaintiffs are not entitled to recover prejudgment interest on the $495,913.66 award of statutory penalties.

### IV.   CONCLUSION

For the foregoing reasons, Taco Bell respectfully submits that the Court should not award Plaintiffs any prejudgment interest.

Dated:  March 22, 2016

>                               SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
>
>                               By          */s/ Nora K. Stiles*
>                                       TRACEY A. KENNEDY
>                                       MORGAN P. FORSEY
>                                       NORA K. STILES
>                                       Attorneys for Defendants
>                                       TACO BELL CORP. and
>                                       TACO BELL AMERICA, INC.