Matthew T. Theriault (SBN 244037)
Matthew.Theriault@capstonelawyers.com
Robert Drexler (SBN 119119)
Robert.Drexler@capstonelawyers.com
Andrew J. Sokolowski (SBN 226685)
Andrew.Sokolowski@capstonelawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone:    (310) 556-4811
Facsimile:    (310) 943-0396

Lead Counsel for the Class

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| IN RE TACO BELL WAGE AND HOUR ACTIONS | Case No. 1:07-cv-01314-SAB<br><br>Hon. Stanley A. Boone<br><br>CLASS ACTION COMPLAINT & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698 *ET SEQ*.<br><br>**PLAINTIFFS' OPENING BRIEF RE PREJUDGMENT INTEREST**<br><br>Lead Case Filed:    September 7, 2007<br>Trial Date:              February 22, 2016 |

Mónica Balderrama (SBN 196424)
MBalderrama@InitiativeLegal.com
Initiative Legal Group APC
1801 Century Park East, Suite 2500
Los Angeles, California 90067
Telephone:   (310) 556-5637
Facsimile:   (310) 861-9051

Counsel for the Class, Sandrika Medlock and Lisa Hardiman

Stuart R. Chandler (SBN 88969)
Stuart@Chandlerlaw.com
Stuart R. Chandler, APC
761 E. Locust Avenue, #101
Fresno, California 93720
Telephone:   (559) 431-7770
Facsimile:   (559) 431-7778

In Association with Attorneys for Plaintiffs Sandrika Medlock and Lisa Hardiman and the Class

LAW OFFICES OF MARK YABLONOVICH
Mark Yablonovich (SBN 186670)
mark@yablonovichlaw.com
Patrick Clifford (SBN 194941)
patrick@yablonovichlaw.com
1875 Century Park East, Suite 700
Los Angeles, California 90067-2508
Telephone: (310) 286-0246 • Fax: (310) 407-5391

Counsel for Plaintiffs Christopher Duggan,
Kevin Taylor, Debra Doyle, and Hilario Escobar

Timothy J. Donahue (SBN 110501)
tdonahue@attorneydonahue.com
Law Offices of Timothy J. Donahue
374 South Glassell Street
Orange, California 92866
Telephone:   (714) 289-2445
Facsimile:   (714) 289-2450

Counsel for Plaintiff Miriam Leyva

Jerusalem F. Beligan (SBN 211528)
Bisnar Chase, LLP
One Newport Place
1301 Dove Street, Suite 120
Newport Beach, California 92660
Telephone:   (949) 752-2999
Facsimile:   (949) 752-2777
jbeligan@bisnarchase.com

Counsel for Plaintiff Endang Widjaja

## I. INTRODUCTION

On March 9, 2016, the jury in this case returned a verdict for $495,913.66 in favor of Plaintiffs and the Underpaid Meal Premiums Class. It is undisputed that this is a diversity case and that the only claims Plaintiffs tried were their California Labor Code claims. Diversity cases asserting state claims must follow state law regarding whether prejudgment interest is appropriate and the rate of prejudgment interest.

In this case, Plaintiffs succeeded on a certified state-law claim. Under California law, an award of prejudgment interest is required, and the rate of 10% per annum applies by statute. Applying that rate from November 12, 2007 – the date on which Defendant changed its autopay policy and definitively indicated that it would not comply with its statutory duty to pay the Underpaid Meal Premiums Class the half-hour that it still owed them – Taco Bell currently owes at least $414,000 in prejudgment interest. As part of the judgment, Plaintiffs request that the Court order Taco Bell to pay the full amount of prejudgment interest as of the day judgment is entered.

## II. PREJUDGMENT INTEREST MUST BE CALCULATED ACCORDING TO CALIFORNIA LAW

### A. Prejudgment Interest Under California Law Applies Because This is a Diversity Action Asserting State Law Claims

It is well-settled law that, in diversity cases, state law regarding prejudgment interest applies. *Am. Tel. & Tel. Co. v. United Computer Sys., Inc.*, 98 F.3d 1206, 1209 (9th Cir. 1996) (citing *Northrop Corp. v. Triad Int'l Marketing, S.A.*, 842 F.2d 1154, 1155 (9th Cir.1988)); *see also Transwest Capital, Inc. v. Cashless Concepts, Inc.*, No. 1:12-cv-00049-SAB, 2013 WL 4460240, at *3 (E.D. Cal. Aug. 16, 2013). This is the case, in part, because "prejudgment interest is a substantive aspect of a plaintiff's claim, rather than a merely procedural mechanism." *In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007) (citing numerous cases). The purpose of prejudgment interest is to make the plaintiff whole "for the accrual of wealth which could have been produced during the period of loss." *Wisper Corp. v. Cal. Commerce Bank*, 49 Cal. App. 4th 948, 958 (1996).

In this case, which is a diversity case that involves only claims under California law,[1] there is no reason or justification for departing from the established rule. Accordingly, California law regarding prejudgment interest applies.

### B. California's Statutory 10% Interest Rate Applies to the Underpaid Meal Period Premiums

In employment-related cases, California law applies the 10% statutory prejudgment interest rate set forth in California Civil Code section 3289. *See* Cal. Civ. Code § 3289. Prejudgment interest that accrues under Civil Code section 3289 is *mandatory*. *Evenflow Plumbing Co. v. Pac. Bell Directory*, No. C-3:04CV00795, 2005 WL 1353822, at *4 (N.D. Cal. June 7, 2005). Civil Code section 3289 pertains to prejudgment interest on contractual matters, and "the application of the breach-of-contract interest rate [to employment matters] is based on the principle that the employment relationship is itself 'fundamentally contractual' [citations omitted] and the contractual duties of the employer implicitly include performance of mandatory statutory duties, such as the payment of overtime wages." *Bell v. Farmers Ins. Exchange*, 135 Cal. App. 4th 1138, 1146-47 (2006). The *Bell* court observed that the Legislature, in passing provisions for prejudgment interest after Labor Commission proceedings, regarded the 10% rate "as the existing rate for civil actions." *Id.* at 1150. This supported the court's holding that "courts may award interest on wages due at 10%" and creates consistency between the prejudgment interest rate awarded in Labor Commission proceedings and suits brought in court under the Labor Code. *Id.* As the California Supreme Court made clear in *Murphy v. Kenneth Cole Productions, Inc.*, meal period premiums are *wages* and thus subject to 10% interest specified in Civil Code section 3289. *See Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1099, 1114, 1120 (2007) (holding that meal and rest period premiums are wages). Accordingly, meal period premiums are wages subject to mandatory prejudgment interest. *See, e.g. Arevalo v. Command Guard Servs.*, No. BC353839,

---

[1] "This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act…" (Second Amended Pretrial Order, ECF No. 608, 3:18.) "The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367." (*Id.*, 4:2-3.) "'[W]here state law claims come before a federal court on supplemental jurisdiction,' as they did here, 'the award of prejudgment interest rests on state law.' [citation]." *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 333-334 (6th Cir. 2007).

2007 WL 5017683 (Los Angeles Super. Ct. Oct. 31, 2007) (awarding damages and prejudgment interest on meal and rest premiums to five prevailing plaintiffs in wage and hour action).

Under *Bell*, Taco Bell's statutory obligation to pay meal period premiums is subsumed within its contractual relationship with its employees. Under the above authority, 10% is the correct measure of interest on the $495,913.66 judgment the jury awarded. *See* Special Verdict at 3 (ECF No. 696). Although Plaintiffs cannot know for certain when the Court will enter judgment and, thus, the exact amount of the prejudgment interest award, the daily interest on the jury's verdict is $135.87.[2] The Court must assess prejudgment interest from November 12, 2007 until the date of judgment. On November 12, 2007, Taco Bell changed its meal premium autopay policy to comply with Labor Code section 226.7 and began paying premiums at a full hour of additional pay. *See* Trial Exhibit Nos. J-19 and J-43. In blaming the policy change on non-existent "recent" changes in the law, Taco Bell also made clear that it did not intend to make whole the Underpaid Meal Premiums Class members who should have received the full hour of additional pay before the policy change. To this day Taco Bell has not paid the additional half-hour of pay that it owes for each violation. As of the date of filing – 3,053 days after it made clear that it would not fully pay meal premiums before the policy changes – Taco Bell thus owes at least $414,811.11 in prejudgment interest. Declaration of Andrew J. Sokolowski In Support of Plaintiffs' Opening Brief Re: Prejudgment Interest, ¶¶ 2-4.

---

[2] The daily interest is calculated by dividing the interest rate (0.10%) by 365 days and multiplying it by the principal amount. Thus, rounded to the nearest hundredth: $0.10 \div 365 = 0.0002739726 \times \$495,913.66 = \$135.866754806$ prejudgment daily interest. *See* Declaration of Andrew J. Sokolowski In Support of Plaintiffs' Opening Brief Re: Prejudgment Interest, ¶ 3.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiffs request that the Court apply California's 10% statutory prejudgment interest rate and issue a judgment against Taco Bell that includes prejudgment interest at a $135.87 daily rate from November 12, 2007 through the day of judgment.

Dated:  March 22, 2016

Respectfully submitted,

Capstone Law APC

By: */s/ Andrew J. Sokolowski*
Matthew T. Theriault
Robert Drexler
Andrew J. Sokolowski

Lead Counsel for the Class