# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TACO BELL WAGE AND HOUR ACTIONS | Case No. 1:07-cv-01314-SAB |
| | ORDER GRANTING PLAINTIFFS' MOTION FOR PREJUDGMENT INTEREST |
| | (ECF Nos. 727, 728, 730, 734) |

## I.

## BACKGROUND

Following a twelve day jury trial, on March 9, 2016, the jury returned a verdict in favor of Plaintiffs for the Underpaid Meal Premium Class claim and in favor of Defendants on the claims of the Rest Period Class and Late Meal Period Class. The jury awarded Plaintiffs' damages of $495,913.66 for unpaid meal premiums. (ECF No. 696.) Plaintiffs are seeking prejudgment interest on the amount awarded by the jury. The parties were ordered to file simultaneous briefing on the issue. On March 22, 2016, the parties filed their opening briefs. (ECF Nos. 727, 728.) Opposition briefs were filed on March 25, 2016. (ECF Nos. 730, 734.)

## II.

## LEGAL STANDARD

"Under the rule of Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), 'federal courts sitting in diversity jurisdiction apply state substantive law and federal

1   procedural law. ”  Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir. 2003) (quoting

2   Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 427 (1996)).  The principles of Erie also

3   apply where the court is exercising pendant jurisdiction.   Mangold v. California Pub. Utilities

4   Comm'n, 67 F.3d 1470, 1478 (9th Cir. 1995).  "It is well settled that prejudgment interest is a

5   substantive aspect of a plaintiff's claim, rather than a merely procedural mechanism."   In re

6   Exxon Valdez, 484 F.3d 1098, 1101 (9th Cir. 2007).  Thus, federal courts apply state law to a

7   plaintiff's claim for prejudgment interest unless a federal law preempts it.  Id. at 1101.

## III.

## ANALYSIS

10      Plaintiffs contend that the award of the jury was for unpaid wages and they are entitled to

11   statutory prejudgment interest at the California rate of ten percent.  Defendants argue that the

12   amount awarded was uncertain until the jury returned its award so Plaintiffs are not entitled to

13   prejudgment interest.  Further, Defendants argue that the amount awarded by the jury is not

14   wages, but a penalty and therefore no prejudgment interest is due.

### A.      Whether Damages Awarded Are Wages

16      Initially, the Court shall address the parties' arguments regarding whether the damages

17   awarded are penalties or wages for the purposes of prejudgment interest.  In this action the jury

18   awarded damages for the failure to pay the class members meal premium payments pursuant to

19   section 226.7 of the California Labor Code.  Section 226.7(c) provides that an employer shall

20   pay an employee "one additional hour of pay at the employee's regular rate of compensation for

21   each workday" that a meal or rest period is not provided.

22      Plaintiffs' rely on Murphy v. Kenneth Cole Prods., Inc., 40 Cal. 4th 1094 (2007), in

23   which the California Supreme Court determined that the additional hour of pay provided for in

24   Labor Code section 226.7 was wages for the purposes of determining when the statute of

25   limitations ran.  The court looked to the language of the statute which defined "wages" as "all

26   amounts for labor performed by employees of every description, whether the amount is fixed or

27   ascertained by the standard of time, task, piece, commission basis, or other methods of

28   calculation."  Id. at 1103  "Courts have recognized that 'wages' also include those benefits to

which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, and sick pay." Id.  Penalties on the other hand are amounts "which an individual is allowed to recover against a wrong-doer, as a satisfaction for the wrong or injury suffered, and without reference to the actual damage sustained" and provide for "recovery of damages additional to actual losses incurred, such as double or treble damages" Id. at 1104.  The court found that the language of section 226.7 was in keeping with the Labor Code definition of damages.  Id.

The Murphy court then considered the legislative history of the statute and determined that the Legislature intended section 226.7 to compensate employees for their injuries.  Id. at 1105-1111.  The remedy provide by section 226.7 provides that the compensation is measured by the employee's rate of pay, is not an arbitrary amount, and is not labeled as a penalty.  Id. at 1107.  The court found that the premium payment was akin to an employee's immediate entitlement to payment of wages or overtime.  Id. at 1108.  "Describing overtime pay as both a "penalty" and as "premium pay" acknowledges that, while its central purpose is to compensate employees for their time, it also serves a secondary function of shaping employer conduct. However, neither the behavior-shaping aspect of overtime pay nor the fact that courts have referred to the remedy as a "penalty" transforms overtime wages into a "penalty" for the purpose of statute of limitations.  Id. at 1109.  The court also considered that the right to a penalty does not vest until someone takes an action to enforce it.  Id. at 1108.  The court concluded that "whatever incidental behavior-shaping purpose section 226.7 serves, the Legislature intended section 226.7 first and foremost to compensate employees for their injuries."  Id. at 1111.

The Murphy court also considered that reporting time and split-shift pay provisions are a device for enforcing proper scheduling consistent with maximum hours and minimum pay requirements and are not penalties for statute of limitations purposes simply because they seek to shape employer conduct in addition to compensating employees.  Id. at 1111-12.  The fact that the amount of the payment is linked to the employee's rate of pay was found to further support that the premium payments were wages.  Id. at 1114.  The court held that for the purposes of the statute of limitations, the premium payments were wages.  Id.

1    The California Supreme Court next addressed premium pay in <u>Kirby v. Immoos Fire</u>

2  <u>Protection, Inc.</u>, 53 Cal.4th 1244, 1255-1257 (2012).  Defendants contend that the premium

3  payments are a penalty relying on <u>Kirby</u>.  In <u>Kirby</u>, the court considered whether premium

4  payments under section 226.7 were wages for the purpose of awarding attorney fees under

5  California Labor Code section 1194 which provides that an employee is entitled to recover

6  attorney fees if they prevail in an action to recover minimum wages or overtime compensation.

7  <u>Id.</u> at 1248.  The court found that premium payments were not minimum wages or overtime

8  compensation for the purposes of section 1194.  <u>Id.</u> at 1253.

9    The <u>Kirby</u> court then went on to consider whether the payments were wages under

10  section 218.5 which authorizes a party who prevails in an action for the nonpayment of wages to

11  recover attorney fees.  <u>Id.</u> at 1255.  The court concluded that an action brought under section

12  226.7 is not an action for the nonpayment of wages within the meaning of section 218.5.  <u>Id.</u>

13  "Section 226.7 is not aimed at protecting or providing employees' wages.  Instead, the statute is

14  primarily concerned with ensuring the health and welfare of employees by requiring that

15  employers provide meal and rest periods as mandated by the IWC."  <u>Id.</u>  An action under section

16  226.7 is brought for the failure to provide statutorily required rest breaks or meal periods.  <u>Id.</u>

17  The court found that an action brought for nonpayment of wages is not an action to obtain

18  nonpayment of wages, but is brought on account of the nonpayment of wages.  <u>Id.</u>  The basis of a

19  suit under section 226.7 is the failure to provide required rest or meal periods; and therefore it is

20  not an action to recover wages.  <u>Id.</u> at 1256.  The Court notes that the <u>Kirby</u> court did not find

21  that premium payments were a penalty as Defendants assert, but that an action seeking damages

22  under section 226.7 was for failure to provide the required rest and meal periods.

23    Plaintiffs are requesting prejudgment interest of $135.87 per day from November 12,

24  2007 through the date of judgment.  Determining whether Plaintiffs can receive prejudgment

25  interest on the damages awarded here will depend upon the statute under which prejudgment

26  interest is sought.  Accordingly, the Court shall evaluate the basis upon which the statute relied

27  upon provides for prejudgment interest.

28  / / /

1  **B.      Prejudgment Interest**

2       1.      California Civil Code Section 3289(a)

3       Plaintiffs seek prejudgment interest under California Civil Code section 3289.  Section

4  3289 provides for interest at ten percent per annum after a breach of contract.  Cal. Civ. Code

5  §3289(a).

6       In Bell v. Farmers Ins. Exch., 135 Cal.App.4th 1138, 1141 (2006), the appellate court

7  reviewed the award of interest under section 3289 in a class action in which the class members

8  were seeking overtime compensation.  The parties disagree regarding whether Bell addresses the

9  ability to receive prejudgment interest on the damages awarded by the jury here.  Plaintiffs

10 contend that Bell held that the employment contract includes mandatory statutory duties and

11 therefore prejudgment interest should be governed by section 3289.  Defendants argue that Bell

12 dealt with whether Labor Code section 218.6 should be applied retroactively and does not

13 answer the question of whether Plaintiffs can recover prejudgment interest on section 226.7

14 penalties.

15      In Bell, the appellate court was considering whether the 10 percent prejudgment interest

16 rate in section 218.6,[1] which incorporated the interest rate provided by section 3289 for breach of

17 contract actions, should be applied retroactively.  135 Cal.App.4th at 1142.  The plaintiffs in the

18 action sought the breach of contract rate of interest for the employees' claims for nonpayment of

19 overtime arguing that the employment agreement implicitly included performance of mandatory

20 statutory duties.  Id. at 1147.  The court considered cases in which the plaintiffs were seeking

21 statutory damages in employment actions.  Id. at 1147-49.  The court was persuaded by the cases

22 that construed the employment contracts to incorporate statutory duties and therefore found that

23 the Legislature intended to clarify existing law.  The court found that the trial court appropriately

24 applied the ten percent prejudgment interest rate of Civil Code section 3289 to the accrual of

25 unpaid wages.  Id. at 1150.

26      As Defendants argue, it is clear that the Court's decision in Kirby precludes prejudgment

---

27  [1] Labor Code section 218.6 provides "In any action brought for the nonpayment of wages, the court shall award
    interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil
28  Code, which shall accrue from the date that the wages were due and . . . ."

interest under Labor Code section 218.6.  Section 218.6 provides for interest "[i]n any action brought for nonpayment of wages. . . ."  Therefore, since a section 226.7 action is brought for failure to provide meal periods, it is not an action for nonpayment of wages pursuant to <u>Kirby</u>.

Plaintiffs are not seeking prejudgment interest under section 226.7, but directly under Civil Code section 3289 arguing the failure to provide the statutorily required meal period was a breach of contract.  Plaintiffs have pointed to no case in which a court has awarded interest under section 3289 for statutory violations of section 226.7, nor does the Court find one.  Under California law, an action for breach of contract requires proof of the existence of the contract; the plaintiff's performance or excuse for nonperformance; a breach of the contract by the defendant; and that the plaintiff suffered damages as a result of the breach.  <u>Ehret v. Uber Technologies, Inc.</u>, 68 F.Supp.3d 1121, 1139 (N.D. Cal. 2014).  In this action, the jury was not asked to make such findings.  The Court finds no authority to award interest for failure to comply with California Labor law pursuant to section 3289 and since the violations alleged here violated statutory requirements the Court finds that section 3289 is inapplicable.

### 2.   California Civil Code Section 3287

In their simultaneous briefing, Defendants argue that Plaintiffs are not entitled to prejudgment interest under Civil Code section 3287 because the damages were uncertain prior to the jury returning their verdict in this action.  Plaintiffs counter that they are entitled to prejudgment interest because the amount of damages was ascertainable here or alternately if the damages were unascertainable, the court should exercise the discretion to award damages under section 3287(b).

Section 3287 of the California Civil Code provides for prejudgment interest where the amount of damages were "certain or capable of being made certain by calculation" or in the discretion of the court where the claim was unliquidated.  The Court shall address each subsection separately.

### a.   Section 3287(a)

Under section 3287(a) "[a] person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon

a particular day, is entitled also to recover interest thereon from that day, except when the debtor is prevented by law, or by the act of the creditor from paying the debt." The key factor in determining if damages can be awarded under section 3287(a) is whether the damages are readily ascertainable. Wisper Corp. v. California Commerce Bank, 49 Cal.App.4th 948, 958 (1996).

"Damages are deemed certain or capable of being made certain within the provisions of [section 3287(a)] where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage." Esgro Cent., Inc. v. Gen. Ins. Co., 20 Cal.App.3d 1054, 1060 (1971). A defendant's denial of liability does not make damages uncertain. Wisper Corp., 49 Cal.App.4th at 958. "An award of prejudgment interest is intended to make the plaintiff whole 'for the accrual of wealth which could have been produced during the period of loss.' " Id. (quoting Cassinos v. Union Oil Co., 14 Cal.App.4th 1770, 1790 (1993)).

Plaintiffs argue that the information to determine damages was within Defendants possession and they could have determined the amount owed to the employees for the underpayment of meal premiums. However, the claim upon which Plaintiffs prevailed at trial was that Defendants autopay only compensated employees for one-half hour at their regular hourly rate when the Labor Code required compensation for one full hour at their regular hourly rate for a missed or short meal period.

While Plaintiffs are correct that payroll records were in Defendants possession that would have established which employees received autopay and the amount that each employee was underpaid, Plaintiffs' request for damages was not premised on this information. Plaintiffs sought damages based on the raw punch data. Defendants have consistently asserted that the raw punch data is not a payroll record and is not an accurate basis to determine the alleged violations at issue here. Additionally, Defendants disputed that the issuance of autopay established a violation of section 226.7.

1   Based on analysis of the raw punch data, Plaintiffs were seeking $2,757,030.38 in

2   damages for the underpaid Meal Premium Class.  (Pls. Trial Brief 12,[2] ECF No. 638.)  At trial

3   the jury awarded $495,913.66 to the class.  (Special Verdict 3, ECF No. 696.)  A large disparity

4   between the damages sought and the damages award mitigates against a finding of certainty.

5   Wisper Corp., 49 Cal.App.4th at 958.

6       The test California courts apply in this instance asks if the defendant actually knew "the

7   amount owed or from reasonably available information could the defendant have computed that

8   amount.  Only if one of those two conditions is met should the court award prejudgment

9   interest." Chesapeake Indus., Inc. v. Togova Enterprises, Inc., 149 Cal.App.3d 901, 907 (1983).

10  "The statute does not authorize prejudgment interest where the amount of damage, as opposed to

11  the determination of liability, 'depends upon a judicial determination based upon conflicting

12  evidence and is not ascertainable from truthful data supplied by the claimant to his debtor.' "

13  Fireman's Fund Ins. Co. v. Allstate Ins. Co., 234 Cal.App.3d 1154, 1173 (1991) (quoting Esgro,

14  20 Cal.App.3d at 1062.)  The damages awarded here were based the jurors evaluation of

15  conflicting evidence presented by the parties.  This is not a case in which Plaintiffs presented an

16  alternate theory of recovery that provided a readily ascertainable estimate of damages which was

17  not subject to dispute.  Plaintiffs' reliance upon the raw punch data in this action, rather than

18  payroll records, created a dispute that precludes the award of damages under section 3287(a).

19  See Safeway Stores, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 64 F.3d 1282, 1291 (9th

20  Cir. 1995) (section 3287(a) permits recovery of interest on damages where the data which the

21  plaintiff relies is not substantially disputed by the defendant).  Therefore, Plaintiffs are not

22  entitled to prejudgment interest under section 3287(a).

23      **b.    California Civil Code Section 3287(b)**

24      Alternatively, Plaintiffs argue that the Court should exercise its discretion to award

25  prejudgment interest pursuant to section 3287(b) from the date that the lawsuit was filed.

26  Section 3287(b) provides that "[e]very person who is entitled under any judgment to receive

27

28  [2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

8

damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed." "This provision allows the trial court the flexibility to determine whether an award of prejudgment interest is appropriate in light of the particular facts and circumstances in the case." Faigin v. Signature Grp. Holdings, Inc., 211 Cal.App.4th 726, 751 (2012).

In A & M Produce Co. the court cited factors that could be considered in exercising discretion under subsection (b):  the amount of time between the filing of the case and the time judgment was entered; whether the award of interest would penalize the defendant for litigating a bonafide dispute or result in a windfall to the plaintiff; and any offers to settle the action.  A & M Produce Co. v. FMC Corp., 135 Cal.App.3d 473, 496-97 (1982).

Plaintiffs filed this action over eight and one half years ago.  Awarding damages pursuant to the statute does not penalize Defendants but is a recognition that the class members were entitled to the additional one-half hour of premium pay when autopay generated for a missed or short meal period.  The jury found that Defendants were liable to the Underpaid Meal Premium Class.  The jury awarded damages which were the jury's determination of the additional amount owed to the employees due to Defendants failure to pay a full one hour meal premium payment for missed or short meal breaks.  These damages were owed to Plaintiffs at the time that the half hour meal premiums were generated.  Further, Defendants payroll records would contain the information on which employees only received one-half hour of autopay and the additional amount owed to the employee.  In this instance, the Court finds it appropriate to exercise its discretion and award prejudgment interest.

In exercising the discretion to award prejudgment interest under section 3287(b) the Court must also determine the time period for which the interest should accrue.  The statute provides that interest may be awarded no "earlier than the date the action was filed."  However, since some of the autopay at issue here did not generate until after this action was filed, awarding interest as of the filing of this action would result in interest being charged prior to the obligation to compensate the employee arose.  Since Plaintiffs have provided no information from which

1   the Court can determine when the individual payments at issue here occurred, the Court shall use

2   the date on which Defendants' autopay policy changed.  As of this date, November 12, 2007, all

3   autopay at one-half hour would have been generated and any future autopay would generate at a

4   full hour of the employee's regular compensation.  While the Court recognizes that this will in

5   some manner undercompensate Plaintiffs for some autopay that generated prior to the policy

6   change, this is a result of Plaintiffs' failure to provide proof on the issue.

7            4.      Rate and Type of Prejudgment Interest Awarded

8            Finally, the Court shall address the rate and type of interest that shall be awarded in this

9   action.  Plaintiffs seek prejudgment interest at 10 percent under section 3287(b) and calculate the

10  interest based on simple, rather than compound interest.  The California Constitution, article XV,

11  section 1, prescribes that the default rate of interest for the "forbearance of any money, goods, or

12  things in action, or on accounts after demand, shall be 7 percent per annum. . . ."  Palomar

13  Grading & Paving, Inc. v. Wells Fargo Bank, N.A., 230 Cal. App. 4th 686, 689 (2014).  The

14  default rate of 7 percent applies to section 3289.  Id.; Macy's Dep't Stores, Inc. v. City & Cty. of

15  San Francisco, 143 Cal. App. 4th 1444, 1457 (2006) (state courts apply an interest rate of 7

16  percent to obligations governed by section 3287).  Therefore, the Court shall award interest at a

17  rate of 7 percent per annum.

18           Plaintiffs do not address whether the interest awarded should be simple or compound

19  interest and calculate damages using simple interest.  The Court finds that the prejudgment

20  interest in this action shall be simple interest.  Westbrook v. Fairchild, 7 Cal.App.4th 889, 894

21  (1992) ("general rule is that interest may not be computed on accrued interest unless by special

22  statutory provision or by stipulation of the parties. . . .").

23           In Price v. Stevedoring Servs. of Am., Inc., 697 F.3d 820 (9th Cir. 2012), the Ninth

24  Circuit addressed whether interest should be simple or compound in the context of 28 U.S.C. §

25  1961 which provides for interest to be levied at a rate equal to the weekly average 1-year

26  constant maturity Treasury yield.  The court recognized that the general rule is that interest

27  should be computed on a simple rather than a compound basis but some courts have begun to

28  move away from awarding simple interest.  Id. at 841-42.  The court found that simple interest

1   was inadequate to compensate the parties in the action because interest in the case was based on

2   Treasury bonds that have very little risk and therefore have a correspondingly low rate of return.

3   Price, 697 F.3d at 840.

4           In this instance, the Court notes that the statute at issue here awards interest at seven

5   percent per annum which is significantly above market rate for the time period at issue.  For this

6   reason, the Court finds no reason to deviate from the general rule that an award of interest should

7   be simple, rather than compound.

8           Accordingly, the Court shall exercise its discretion to award prejudgment interest to the

9   Underpaid Meal Premium Class from November 12, 2007 to the date that judgment is entered in

10  this action at 7 percent per annum.  Prejudgment interest is awarded in this action in the amount

11  of $291,987.70.[3]

12                                              **IV.**

13                                  **CONCLUSION AND ORDER**

14          Accordingly, IT IS HEREBY ORDERED that prejudgment interest of $291,987.70 is

15  awarded to Plaintiffs in this action.

16

17

18  IT IS SO ORDERED.

19  Dated:   **April 8, 2016**                    _____

20                                              UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27  [3] Judgment in this action should be entered on April 8, 2016.  The period of time from November 12, 2007 to April 8, 2016 includes 3,070 days.  Daily interest is calculated by multiplying the interest rate of 7% by $495,913.66 and dividing by 365 days.  This results in a daily rate of $95.11 per day.  Multiplying the daily interest rate by 3,070

28  days, prejudgment interest in this action is $291,987.70.