# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| IN RE TACO BELL WAGE AND HOUR ACTIONS | Case No. 1:07-cv-01314-SAB<br><br>ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER CONTINUING HEARING ON MOTION FOR ATTORNEYS' FEES AND COSTS AND LEAVE TO DEPOSE DEFENDANTS' RETAINED EXPERT<br><br>(ECF No. 761, 763)<br><br>ORDER DENYING PLAINTIFFS' MOTION TO DEFER RULING ON MOTION FOR ATTORNEY FEES<br><br>(ECF Nos. 750, 756, 762)<br><br>JUNE 10, 2016 DEADLINE |
|---|---|

## I.

## RELEVANT BACKGROUND

Plaintiffs filed a motion for attorney fees on May 9, 2016. Oral argument on Plaintiffs' motion for attorney fees is scheduled for June 15, 2016 at 10:00 a.m. On June 1, 2016, Defendants filed an opposition to Plaintiffs' motion for attorney fees and Defendants filed an ex parte application to continue the hearing so they can depose Defendants expert who submitted a declaration in opposition to the motion for attorney fees.

/ / /

1

## II.

## LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevance for the purposes of discovery has a very broad meaning," Heathman v. U.S. Dist. Court for Cent. Dist. of California, 503 F.2d 1032, 1035 (9th Cir. 1974), however, a fee dispute does not entitle a party to the type of searching discovery that is typical in resolving the merits of the case. Nat'l Ass'n of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319, 1329 (D.C. Cir. 1982). [U]nlimited adversarial discovery is not a necessary—or even a usual—concomitant of fee disputes." In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d 295, 303 (1st Cir. 1995). Further, the Supreme Court has advised that "[a] request for attorney's fees should not result in a second major litigation." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The court has discretion to consider the extent to which a party's request for discovery threatens "to multiply the proceedings and turn the fee dispute into a litigation of mammoth proportions." In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d at 303.

A party is entitled to information required to appraise the reasonableness of the requested fee so that any legitimate challenges to the application can be presented to the district court. Nat'l Ass'n of Concerned Veterans, 675 F.2d at 1329. "The trial court retains substantial discretion based on its view of the submissions as a whole to guide any further inquiry." Id. "The District Court has adequate power to assure that discovery requests relating to issues other than rates and hours are pointed to clearly relevant issues." Id.

## III.

## ANALYSIS

**A.   Motion for Discovery**

Plaintiffs seek to depose Defendants' expert who analyzed the reasonableness of the attorney fees requested in this action. Here, Plaintiffs have submitted a motion requesting

1  attorney fees and costs of approximately seven million dollars.  Defendants have filed an
2  opposition which contains the declaration of Andre E. Jardini who analyzed the reasonableness
3  of the requested fees.

4  Plaintiffs cite to Save Open Space Santa Monica Mountains v. Superior Court, 84
5  Cal.App.4th 235, 240, 100 Cal.Rptr. 2d 725 (2000), to support their position that they should be
6  allowed to take the deposition of Mr. Jardini.  In Save Open Space Santa Monica Mountains the
7  issue was whether discovery should be allowed to determine who were the real parties in interest
8  in the litigation.  Id. at 248.  This was relevant because if the real parties in interest had obtained
9  a significant benefit from the litigation it could bar them from obtaining an attorney fee award
10 under the Private Attorney General Act.  Id.  The appellate court held that "the party opposing a
11 section 1021.5 attorney fee award has produced evidence suggesting that a public interest
12 organization is litigating an action primarily for the benefit of nonlitigants, the court should, in
13 order to resolve the issue, allow the opposing party to conduct limited discovery."  Id. at 250.
14 The issue presented here does not address whether a party is entitled to a fee award, but whether
15 the fees requested are reasonable.  Accordingly, the Court does not find Save Open Space Santa
16 Monica Mountains v. Superior Court to provide guidance in the issue to be addressed here.
17 Plaintiffs point to no case in which a court has allowed a litigant to depose an attorney on his
18 opinion of the reasonableness of a fee request.

19 Plaintiffs contend that Mr. Jardini is not qualified to give an expert opinion on the fee
20 request. Mr. Jardini declares that he is an attorney who was retained to assess the reasonableness
21 of the fees sought by Plaintiffs' counsel in this action. (Decl. of Andre E. Jardini ¶ 1, ECF No.
22 760-2.)  Mr. Jardini has practiced law in California for 39 years and periodically serves as an
23 arbitrator of attorney client disputes over legal billings and has participated in number
24 arbitrations and hearings regarding attorney fee disputes. (Id. at ¶¶ 2, 4.)  Mr. Jardini has tried
25 fifty-five jury trials to conclusion and arbitrated numerous cases where the predominant issue
26 involved the reasonableness of attorney fees.  (Id. at ¶¶ 5, 6, 8.)  Mr. Jardini has litigated
27 numerous class action wage and hour cases and has frequently reviewed and provided opinion
28 testimony concerning attorney fees in class action litigation. (Id. at ¶ 7.)

Based on his experience, Mr. Jardini founded KPC Legal Audit Services which specializes in the review and audit of legal billings and consulting on legal cost containment. (Id. at ¶¶ 9, 10.)  Since founding KPC, Mr. Jardini has reviewed billing in over 1400 cases related to a wide variety of matters including class actions.  (Id. at ¶¶ 11-12.)  Currently, Mr. Jardini's law practice is focused on class action litigation and he is currently handling approximately 30 class actions, the majority in the area of wage and hour class actions and consumer class actions.  (Id. at ¶ 14.)

Mr. Jardini's declaration demonstrates that he has the skill and experience to address the fee issues raised in the current motion.  Specifically, Mr. Jardini opines regarding the time and labor spent on this action, the staffing, the relation of the claims upon which Plaintiffs prevailed to those claims upon which defendant prevailed, the services performed, block billing, interoffice communication, overhead, vague billing, reasonableness of reliance on raw punch data, and whether a multiplier is warranted.  The Court finds that this is typical argument presented by opponents of an attorney fee request.  Although in this instance Defendants hired Mr. Jardini to review the fee request, the result would be the same had defense counsel reviewed the request. Plaintiffs would not be entitled to conduct discovery on defense counsel's analysis of the request. Rather, Plaintiffs would address the arguments in their reply brief.

Plaintiffs assert that Mr. Jardini's opinion cannot help the trier of fact in this instance, however, the issues upon which Mr. Jardini opines are specifically what is required by Defendants in opposing the motion for attorney fees.  As Plaintiff has filed a motion requesting fees, Defendants are required to point out the specific requests that should be denied.  Mr. Jardini's analysis is necessary for Defendants to prevail on their opposition to the fees requested. Therefore, the Court finds that the analysis will be helpful in determining the award of attorney fees.

To the extent that Plaintiffs argue Mr. Jardini's opinion is based upon irrelevant federal law that is an issue that can be addressed in their reply to Defendants' opposition.  Plaintiffs may raise objections to Mr. Jardini's opinion as they deem appropriate.  To the extent that Plaintiffs argue that Mr. Jardini's opinion is blatantly wrong, they may present such argument in their

reply.  Plaintiffs' disagreement with Mr. Jardini's opinion is not a reason to strike his opinion.  Further, Plaintiffs argue that Mr. Jardini has not been involved from this case from the beginning and did not review all documents in this action and therefore his analysis is not reliable.  However, in the Court's experience, many cases, including this one, do not have the same attorney from the inception of the case.  That does not disqualify the attorney from proffering an opinion on the reasonableness of the fees requested.

Plaintiffs as experienced class action counsel can present evidence to rebut Mr. Jardini's opinion.  Continuing this motion to allow a deposition of Mr. Jardini would only cause unnecessary delay and expense to the parties in this action.  Since Mr. Jardini's declaration only addresses the reasonableness of the fees requested by Plaintiffs in this action, and based upon his declaration he is qualified to provide such analysis, the Court denies Plaintiffs' ex parte application to conduct discovery regarding Mr. Jardini's opinion or to strike the declaration of Mr. Jardini and to continue the hearing on the motion for attorney fees.

The Court has considered and rejected the additional arguments set forth in the ex parte application.

### B.     Request to File Oversized Brief

Plaintiffs contend that Defendants did not comply with the Local Rules by filing an oversized brief and request that they be allowed to file an oversized brief.  The Court's standard procedures provide that all moving and opposition briefs shall not exceed twenty five pages.  (Judge Boone's Courtroom Procedures ¶ 9.)  The Court notes that Plaintiffs' motion for attorney fees was 33 pages and included over 1,800 pages of exhibits. (ECF Nos. 751, 754.)  Defendants' opposition brief was twenty-four pages, within the limits proscribed by the Court.  Mr. Jardini's declaration analyzing the 1,800 pages of exhibits is 137 pages.  The Court is not persuaded by Plaintiffs' arguments that Defendants improperly set forth argument in Mr. Jardini's declaration.  However, given the extent of the documents to be addressed in this motion, the Court shall allow Plaintiffs to file a reply brief that is fifteen pages in length.  Further, due to the delay caused by deciding this ex parte application, Plaintiffs shall be given an extension of time to prepare their reply to Defendants' opposition to the motion for attorney fees.

**C. Plaintiffs' Request to Rule Immediately on Request to Defer Ruling on Motion for Attorney Fees**

Plaintiffs request that the Court rule immediately on their request to defer ruling on their motion for attorney fees. The Court shall grant Plaintiffs' request to rule on the motion to defer ruling on the motion for attorney fees.

Plaintiffs argue that it is in the interest of judicial economy and litigation efficiency to defer ruling on their motion for attorney fees until the resolution of the merits of this action on appeal. Defendants request the Court rule on the motion for attorney fees so that all appellate issues can be resolved on appeal and this case can be fully and completely resolved with no further proceedings in the Eastern District.

"In assessing whether to stay an order pending appeal, courts consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Emblaze Ltd. v. Apple Inc., No. 5:11-CV-01079-PSG, 2015 WL 1304779, at *2 (N.D. Cal. Mar. 20, 2015). The Emblaze court recently found that in considering these factors, courts in this district have repeatedly denied requests to stay taxation of costs. Id.

Plaintiffs have not addressed any of the factors to receive a stay pending appeal. Rather, Plaintiffs rely on cases staying the attorney fee motion while an interlocutory appeal is pending and due to the failure to file a timely opposition prior to an appeal being filed. See Buzayan v. City of Davis, No. 206-CV-01576-MCE-DAD, 2008 WL 5381820, at *1 (E.D. Cal. Dec. 23, 2008) (discussing the motion for attorney fees was stayed during the interlocutory appeal and denying request to stay enforcement of the attorney fees awarded); Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Garber, No. CV-F-94-5414 REC, 2006 WL 2038535, at *1 (E.D. Cal. July 18, 2006) (deferring ruling on motion for attorney fees for defendants to file an opposition). Neither of these situations is presented here. In this action, the jury has heard the evidence, returned a verdict, and judgment has been entered. Plaintiffs have filed their motion for attorney fees, Defendants have filed an opposition, and all that remains is for Plaintiffs to file their reply. The

6

arguments addressed in Plaintiffs' currently pending motions have all been previously addressed by this Court. Plaintiffs have set forth no reason why they are likely to prevail on appeal and their speculation that they may prevail on appeal is not a sufficient basis for this Court to defer ruling on the motion for attorney fees.

Plaintiffs point to no prejudice or irreparable injury they will suffer by having the attorney fee motion decided now rather than years down the road after the appeal is decided. Even if an appeal rendered any decision on attorney fees moot, that would not constitute irreparable injury or prejudice to Plaintiffs. Emblaze Ltd., 2015 WL 1304779, at *2. To the extent that Plaintiffs are arguing they would be entitled to fees if they prevail on appeal, such a motion could be brought following an appeal. If this action is reversed and remanded any fee award would be moot. If Plaintiffs lose on appeal then they are not entitled to an award of additional fees. Plaintiffs will not suffer any prejudice due to the fees they may incur on appeal by this Court addressing the instant fee request.

Finally, the public's interest in having this issue finally decided weighs in favor of addressing the motion for attorney fees. This case has been proceeding since September 7, 2007. At some point, it is necessary for the litigation to come to an end. This action was reassigned to this Court late in the litigation and the Court has spent a considerable amount of time getting up to speed on the procedural history of this complex litigation. Addressing the motion for attorney fees at the conclusion of trial conserves judicial resources. The Court has recently addressed multiple motions for class certification, summary judgment, decertification of the class, and has presided over the trial. The Court finds it will conserve judicial resources to address the motion for attorney fees while this procedural history is still fresh. As the Emblaze court recognized there is "burden on this court in reengaging with the facts of this case many months in the future, long after law clerks familiar with this record have moved on and the undersigned's memory has begun to fade. Better to dig into these matters now while present faculties may be tapped." Emblaze Ltd., 2015 WL 1304779, at *3.

As the committee notes to Rule 54 state "[p]rompt filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind.

It also enables the court in appropriate circumstances to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case." Fed. R. Civ. P. 54(d), Advisory Committee Notes, 1993 amendments. Deferral on the ruling for attorney fees could result in a second appeal if Plaintiffs appeal is denied. Deciding Plaintiffs' motion for attorney fees will allow the parties to appeal the award of attorney fees, if they deem necessary, and will result in streamlining the litigation on appeal.

In their reply, Plaintiffs cite other district courts that have exercised their discretion to avoid deciding attorney fees while a case is pending on appeal. However, the Court notes that no appeal has been filed in this action. Further, as the parties both agree, it is within this Court's discretion whether to stay the motion for attorney fees. While other Courts may choose to defer ruling on attorney fees pending appeal, this Court finds that the matter of attorney fees should not be stayed for the reasons discussed herein.

Accordingly, Plaintiffs' motion to defer ruling on the motion for attorney fees is denied.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiffs' ex parte application for an order continuing the hearing on Plaintiff's motion for attorney fees is DENIED;
2. Plaintiffs' request for leave to depose Andre E. Jardini is DENIED;
3. Plaintiff's request in the alternative to strike the declaration of Andre E. Jardini is DENIED;
4. Plaintiffs' motion to defer ruling on the motion for attorney fees is DENIED
5. Plaintiffs' request to file an oversize reply brief is GRANTED and Plaintiffs' reply shall not exceed fifteen pages; and

/ / /

/ / /

/ / /

/ / /

6.     Plaintiffs' reply brief shall be filed on or before June 10, 2016.

IT IS SO ORDERED.

Dated:     **June 7, 2016**

_____
UNITED STATES MAGISTRATE JUDGE