Matthew T. Theriault (SBN 244037)
Matthew.Theriault@CapstoneLawyers.com
Robert Drexler (SBN 119119)
Robert.Drexler@CapstoneLawyers.com
Andrew J. Sokolowski (SBN 226685)
Andrew.Sokolowski@CapstoneLawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone:    (310) 556-4811
Facsimile:    (310) 943-0396

Lead Counsel for Plaintiffs and the Class

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| IN RE TACO BELL WAGE AND HOUR ACTIONS | Case No.: 1:07-cv-01314-SAB<br><br>Hon. Stanley A. Boone<br><br>CLASS ACTION COMPLAINT & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698 *ET SEQ*.<br><br>**EVIDENTIARY OBJECTIONS TO DECLARATION OF ANDRE E. JARDINI IN SUPPORT OF TACO BELL'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES, AND ENHANCEMENT AWARDS**<br><br>[Filed concurrently with Plaintiffs' Reply; Request for Judicial Notice; Supp. Declaration of M. Theriault; Supp. Declaration of M. Balderrama]<br><br>Judge:  Stanley A. Boone<br>Date:   June 15, 2016<br>Time:   1:00 p.m.<br>Crtrm:  9 |

Mónica Balderrama (SBN 196424)
MBalderrama@InitiativeLegal.com
Initiative Legal Group APC
1801 Century Park East, Suite 2500
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (31 0) 861-9051

Counsel for Plaintiffs Sandrika Medlock and Lisa Hardiman

Stuart R. Chandler (SBN 88969)
Stuart@Chandlerlaw.com
Stuart R. Chandler, APC
761 E. Locust Avenue, #101
Fresno, California 93720
Telephone:       (559) 431-7770
Facsimile:       (559) 431-7778

In Association with Counsel for Plaintiffs Sandrika Medlock,
Lisa Hardiman, and the Class

Mark Yablonovich (SBN 186670)
mark@yablonovichlaw.com
Patrick Clifford (SBN 194941)
Patrick@YablonovichLaw.com
Law Offices of Mary Yablonovich
1875 Century Park East, Suite 700
Los Angeles, California 90067-2508
Telephone: (310) 286-0246 • Fax: (310) 407-5391

Counsel for Plaintiffs Christopher Duggan,
Kevin Taylor, Debra Doyle, and Hilario Escobar

Jerusalem F. Beligan (SBN 211528)
Bisnar Chase, LLP
One Newport Place
1301 Dove Street, Suite 120
Newport Beach, California 92660
Telephone:       (949) 752-2999
Facsimile:       (949) 752-2777
JBeligan@BisnarChase.com

Counsel for Plaintiff Endang Widjaja

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT ........................................................................................................1

    A. The Jardini Declaration Is Inadmissible Because It Does Not Meet the *Daubert* Test ..................................................................................1

        1. The Jardini Declaration Is Not Based Upon Sufficient Facts or Data ....................................................................................1

        2. Because the Jardini Declaration Does Not Identify Its Governing Principles or Methods, the Court Cannot Determine Whether They Are Reliable or Reliably Applied ...............4

        3. Mr. Jardini May Not Testify to Ultimate Legal Issues ........................7

III. CONCLUSION ....................................................................................................8

Page i

EVIDENTIARY OBJECTIONS TO DECLARATION OF ANDRE E. JARDINI ISO TACO BELL'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES, AND ENHANCEMENT AWARDS

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Bulthuis v. Rexall Corp.*, 789 F.2d 1315 (9th Cir. 1985) ........................................................2

*Collado v. Toyota Motor Sales, U.S.A., Inc.*, 550 F. App'x 368 (9th Cir. 2013).....................5

*Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311 (9th Cir. 1995) ...................................6

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) .........................................passim

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 [9th Cir. 1975] ...............................................5

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999)..............................................................1

*Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594 (9th Cir. 1998) .........................................1, 6

*Maffei v. N. Ins. Co. of New York*, 12 F.3d 892 (9th Cir. 1993).............................................4

*Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290 (2d Cir. 2008).................2

*Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470 (9th Cir. 1995) ........................5

*Nationwide Transp. Fin. V. Cass Info. Sys.*, 523 F.3d 1051 (9th Cir. 2008)............................7

*Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216 (9th Cir. 1995) ......................................4

Wyant v. AllState Indem. Co., No. C08-840 MJP, 2009 WL 3877737 (W.D. Was.
   Nov. 18, 2009) .....................................................................................................................7

**FEDERAL STATUTES**

Fed. R. Evid. 702 ..............................................................................................................1, 4, 5

Fed. R. Evid. 703 ......................................................................................................................1

Fed. R. Evid. 705 ......................................................................................................................2

**STATE STATUTES**

Cal. Civ. Proc. Code § 1021.5 ..................................................................................................5

**SECONDARY AUTHORITIES**

http://www.kpclegal.com/methodology, last visited June 6, 2016.........................................5

Page ii

EVIDENTIARY OBJECTIONS TO DECLARATION OF ANDRE E. JARDINI ISO TACO BELL'S OPPOSITION TO PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES, AND ENHANCEMENT AWARDS

Weil & Brown, Cal. Prac. Guide: Fed. Civ. Proc. Before Trial, § 14:174.40.........................4

Page iii

EVIDENTIARY OBJECTIONS TO DECLARATION OF ANDRE E. JARDINI ISO TACO BELL'S OPPOSITION TO PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES, AND ENHANCEMENT AWARDS

Plaintiffs Sandrika Medlock and Lisa Hardiman hereby submit evidentiary objections to the Declaration of Andre E. Jardini in Support of Taco Bell's Opposition to Plaintiffs' Motion for Attorneys' Fees, Litigation Expenses, and Enhancement Awards (the "Jardini Declaration") on the grounds it is inadmissible.

## I. INTRODUCTION

The Supreme Court has charged trial courts with the responsibility of acting as gatekeepers to exclude all unreliable expert testimony. Fed. R. Evid. 702 advisory committee's note; *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). In this matter, the Jardini Declaration is inadmissible under the Federal Rules of Evidence and *Daubert* because there is no showing that Andre E. Jardini based his opinions on sufficient facts or data, relied on reliable principles, or applied the principles reliably. Additionally, even if the Jardini Declaration was otherwise admissible, Mr. Jardini's opinions set forth legal conclusions and, therefore, exceed the proper scope of an expert's testimony.

## II. ARGUMENT

### A. The Jardini Declaration Is Inadmissible Because It Does Not Meet the *Daubert* Test

To be considered on a motion, expert opinions must be admissible under Federal Rules of Evidence 702 and 703. *See Daubert*, 509 U.S. at 587-588 (1993). The party offering the evidence has the burden of proving admissibility, including establishing that the opinion is both relevant and reliable. *Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1998); *see also Daubert*, 509 U.S. at 592 n.10; Fed. R. Evid. 702.

Here, Mr. Jardini's Declaration fails because it does not meet the standards for reliability set forth by the United States Supreme Court in *Daubert* (the "*Daubert* test"). The proponent of an expert's opinion must establish that it is (1) "based upon sufficient facts or data," (2) the product of reliable principles and methods, and (3) the product of the reliable application of the principles and methods to the facts of the case. Fed. R. Evid. 702; *see also Lust*, 89 F.3d at 598.

#### 1. The Jardini Declaration Is Not Based Upon Sufficient Facts or Data

Experts who testify through declarations must disclose the factual basis of their opinion, in part

Page 1

EVIDENTIARY OBJECTIONS TO DECLARATION OF ANDRE E. JARDINI ISO TACO BELL'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES, AND ENHANCEMENT AWARDS

because they are not subject to cross-examination. *Compare Bulthuis v. Rexall Corp.*, 789 F.2d 1315, 1318 (9th Cir. 1985) (requiring that the factual basis be set forth in the affidavit) *and Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008) *with* Fed. R. Evid. 705 (there is no requirement that an expert testifying live provide the factual basis for his or her opinion because the expert can be required to disclose the underlying facts or data on cross-examination).[1]

In paragraphs 30-34 of the Jardini Declaration, Mr. Jardini identifies the materials he has reportedly reviewed in preparing his opinion. These consist only of the motion for attorneys' fees and supporting documents; the operative pleadings, e.g., the consolidated complaint and amended consolidated complaint; both motions for class certification; and the court docket, orders, and opinions. (Jardini Decl., ECF No. 760-2, ¶¶ 30-34.) This is an insufficient factual basis for several reasons.

First, Mr. Jardini did not review all of the most salient parts of this litigation. As the motion for attorneys' fees makes clear, a large bulk of the work in this case was spent on numerous, non-certification motion practice, including heavily litigated dispositive and discovery motions. (Mot'n, for Attorneys' Fees, ECF No. 751-1, "[a]nother large block of hours, over 1700 hours, involved time incurred by Plaintiffs' Counsel engaging in non-certification motion practice.") Most notably, Plaintiffs spent a considerable amount of time defending Defendants' unsuccessful motions to dismiss, motions to strike, and motion for judgment.[2] Mr. Jardini entirely omitted review of the multiple rounds of dispositive motion practice. Without reviewing the substance of the non-certification motions in general and, more specifically, all of Defendants' repetitive motions that Plaintiffs were required to defend against, Mr. Jardini has no basis for opining on the reasonableness or necessity of the fees incurred. This is further evidenced by his view that the numbers were inflated because of duplicative attendance by

---

[1] On June 7, 2016, the Court denied Plaintiffs' ex parte application seeking to take the deposition of Mr. Jardini (ECF No. 764) and thus prohibiting the necessary cross-examination of Defendant's belatedly disclosed expert. Here, because Mr. Jardini is not subject to cross-examination and also does not provide the factual basis for his purported opinion, these are sufficient grounds to exclude his declaration.

[2] On August 29, 2014, this Court ruled on Defendants' motion to strike portions of Plaintiffs' Second Amended Complaint (ECF No. 427), motion to dismiss (ECF No. 428), and motion to alter or amend the Court's order regarding class certification (ECF No. 458). The Court admonished Defendants "for attempting to re-litigate an issue already decided by the Court and wasting the Plaintiffs' time and resources as well as the Court's", warned the parties of filing frivolous or repeated motions, and set an OSC re Sanctions against Defendants. (ECF No. 487.)

Page 2

EVIDENTIARY OBJECTIONS TO DECLARATION OF ANDRE E. JARDINI ISO TACO BELL'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES, AND ENHANCEMENT AWARDS

multiple attorneys preparing for and attending the depositions. Mr. Jardini supports his contention by pointing out that at class member Kevin Taylor's deposition, multiple attorneys were present. (Jardini Decl., ECF No. 760-2, ¶ 96.) However, Mr. Jardini conveniently fails to acknowledge Defendants often also had multiple attorneys present at the depositions, including two attorneys during Mr. Taylor's January 27, 2011 deposition. Indeed, it is troubling that Mr. Jardini made numerous errors in his selected example. First, Mr. Jardini incorrectly refers to Mr. Taylor merely as a class member. A simple review of Plaintiffs' counsels' billing records or even the court docket plainly shows that Mr. Taylor was a named plaintiff in the matter. Second, Mr. Jardini incorrectly states that attorney Mark Yablonovich attended Mr. Taylor's deposition. A simple review of the billing entries submitted by The Law Offices of Mark Yablonovich shows that Michael Coats, Mr. Yablonovich's associate, was in attendance - not Mr. Yablonovich.

In addition to omitting significant components of this litigation from his analysis, Mr. Jardini offers no basis for most, if not all, of his conclusions. For example, Mr. Jardini provides no explanation to justify his bare assertion that "I am informed and believe that the claim against Taco Bell, as postulated by plaintiffs, if successful, had a value in the range of the low eight figures. The relief obtained after trial is likely a part of less than 1% of the amount sought." (Jardini Decl., ECF No. 760-2, ¶52.) He pulls this out of thin air. Additionally, Mr. Jardini provides a breakdown of Plaintiffs' counsels' billing and suggests that the average rate for the hours claimed is too high. (Jardini Decl., ECF No. 760-2, ¶¶ 72, 73, and 77.)   Noticeably absent again from Mr. Jardini's analysis, however, are any facts or data to support his contention.  No comparatives were provided of the fees awarded in similar wage and hour employment class actions and no surveys of billing rates for different size firms and geographical regions. Mr. Jardini's statements in the declaration lack foundation.

Mr. Jardini's bare assertions regarding the non-relatedness of the claims alleged (Jardini Decl. ECF No. 760-2, ¶¶ 79-88) also should be rejected. Mr. Jardini does not cite to the actual governing principle of determining "relatedness," that "hours spent on unsuccessful claims should be excluded '[w]here the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims.'" *Yamada v. Nobel Biocare Holding AG*, No. 14-55263, 2016 WL 1579705, at *7 (9th Cir. Apr. 20, 2016) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983) (emphasis in original).  He simply

Page 3

EVIDENTIARY OBJECTIONS TO DECLARATION OF ANDRE E. JARDINI ISO TACO BELL'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES, AND ENHANCEMENT AWARDS

1  states that the successful claim is "discrete" without any further analysis.  (Jardini Decl. ECF No. 760-2,
2  ¶¶ 79-80.) He provides no evidence from the record that suggests that the unsuccessful claims are
3  "distinct in all respects" from the successful claims, nor does he attempt to rebut or refute Plaintiffs'
4  arguments establishing "relatedness" between the successful or unsuccessful claims.  There is simply no
5  foundation or factual basis for Mr. Jardini's opinions on this issue.
6  Accordingly, because the Jardini Declaration does not meet the first prong of the *Daubert* test,
7  i.e., establish a sufficient factual basis, the Court should exclude it.

### 2. Because the Jardini Declaration Does Not Identify Its Governing Principles or Methods, the Court Cannot Determine Whether They Are Reliable or Reliably Applied

11  Assuming the Declaration is based upon sufficient facts and data (which it is not), this Court
12  should exclude it because the Court cannot determine whether the governing principles or methods used
13  by Mr. Jardini are reliable.[3]

14  *Daubert* requires experts to identify the principles or methods that he or she applies to the
15  analysis. Fed. R. Evid. 702. Conclusions are not sufficient, and the expert's opinion must be "based on
16  scientifically valid principles." *Daubert*, 509 U.S. at 597; *Maffei v. N. Ins. Co. of New York*, 12 F.3d 892,
17  898-899 (9th Cir. 1993) (expert declaration properly excluded as conclusory); *Triton Energy Corp. v.
18  Square D Co.*, 68 F.3d 1216, 1222 (9th Cir. 1995) (expert affidavit properly excluded where the expert
19  had not examined the allegedly defective product, which substantially impaired the ability to express a
20  reliable opinion based on specific facts); *see also* Weil & Brown, Cal. Prac. Guide: Fed. Civ. Proc.
21  Before Trial (The Rutter Group 2012) § 14:174.20, p. 14-79 ("expert declarations that contain nothing
22  but conclusory allegations on the ultimate legal issue are not sufficient to defeat summary judgment"). In
23  addition to describing the principles and methods, the proposed expert must establish the reliable
24  *application* of those principles and methods. Fed. R. Evid. 702.

25  The Supreme Court recognized several factors in determining whether expert methodology
26  meets the standards set forth in Rule 702. First, whether the theory or technique employed by the expert

---

[3] See Request for Judicial Notice filed concurrently, evidencing the numerous courts throughout the state of California excluding or criticizing Mr. Jardini's declarations for the same infirmities ailing his declaration here.

is generally accepted in the relevant community. Second, whether the methodology has been subjected to peer review and publication. Third, whether it can be and has been tested. Fourth, whether the known or potential rate of error is acceptable. *See Daubert*, 509 U.S. at 593-594. In other words, Mr. Jardini's analysis must be scientific, technical, or specialized otherwise it is not properly the subject of expert testimony and must be excluded. *Id*. at 592; *see also* Fed. R. Evid. 702.

First, the Jardini Declaration includes a "Standard of Review" section, which incorrectly applies federal law. (Jardini Decl., ECF No. 760-2, ¶¶ 26-29 (specifically applying the factors discussed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).) Plaintiffs' motion for attorneys' fees is governed by *California* law. *See Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) (expressly holding that state law must be used to calculate fees in diversity cases). It would be an abuse of discretion to depart from state law in awarding statutory fees under California fee-bearing statutes. *See Collado v. Toyota Motor Sales, U.S.A., Inc.*, 550 F. App'x 368, 368-370 (9th Cir. 2013) (reversing district court for applying federal law in a class action under state law where plaintiffs sought fees under Code of Civil Procedure section 1021.5). Accordingly, Mr. Jardini's theory of applying federal law for guidance in calculating reasonable fees under California fee-bearing statutes has already been rejected by the relevant community, and on that basis is an improper opinion and must be excluded.

Additionally, KPC Legal Audit Services Inc.'s website reveals that the company "has created and customized an audit database using a combination of Microsoft Access and Excel features to allow for detailed analysis of legal fees and costs and compilation of relevant information." (http://www.kpclegal.com/methodology, last visited June 6, 2016.) Although Mr. Jardini does not explicitly state this methodology was used in preparing the Jardini Declaration, it presumably was as he stated in his Declaration that the "standard of reasonableness which will be applied to this matter is based on … my experience in the legal audit practice." (Jardini Decl., ECF No. 760-2, ¶ 29.) However, there is no evidence, admissible or otherwise, that the customized audit database or methodology used by Mr. Jardini is used by others in the legal community to assess the reasonableness or necessity of legal fees, much less generally accepted in the community. Further, the schedules attached as Exhibit 2 to the Jardini Declaration are simply cross-sections of the billing entries submitted by Plaintiffs' counsel. (*See* Jardini Decl., ECF No. 760-2, ¶ 35.) There is no explanation as to how these cross-sections were devised.

Page 5

EVIDENTIARY OBJECTIONS TO DECLARATION OF ANDRE E. JARDINI ISO TACO BELL'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES, AND ENHANCEMENT AWARDS

For example, Mr. Jardini makes the blanket conclusion that "interoffice communication" is excessive, but never provides any explanation as to how he determined which communications were reasonable and which were not. While Mr. Jardini concedes effective communications among attorneys is necessary, he then proceeds to opine in broad strokes that the communications here were "inappropriate" in part due to many unidentified instances where there were multiple conferences on the same day. (Jardini Decl., ECF No. 760-2, ¶¶ 104-106.)

Without an understanding of Mr. Jardini's framework or methodology, the Court cannot have any confidence in the conclusions set forth in the Jardini Declaration. The essence of the *Daubert* analysis is that the Court examine the methodology proposed by the expert and verify that it is scientifically accepted. *Daubert*, 509 U.S. at 592. Without understanding Mr. Jardini's framework, the Court cannot make such a determination. The Court should not accept Mr. Jardini's Declaration and should exclude it for failure to apply the proper standard of review and for failure to identify any principles or methods of analysis.

Second, it does not appear that Mr. Jardini's (undisclosed) methods or principles "have been subjected to normal scientific scrutiny." *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1318 (9th Cir. 1995) ("*Daubert II*") (noting the importance of peer-reviewed publications in evaluating the soundness of the methodology). The fact that Mr. Jardini has been providing the alleged auditing services for over two decades (Jardini Decl., ECF No. 760-2, ¶ 9) and has apparently never subjected his methodologies to peer review suggests that they may be suspect.[4] *See Daubert II*, 43 F.3d at 1317-1318 ("the party proffering [expert testimony] must come forward with other objective, verifiable evidence that the testimony is based on 'scientifically valid principles.' One means of showing this is by proof that the research and analysis supporting the proffered conclusions have been subjected to normal scientific scrutiny through peer review and publication."); *see also Lust*, 89 F.3d at 597 ("[t]hat the expert failed to subject his method to peer-review and to develop his opinion outside the litigation is not dispositive, but if these guarantees of reliability are not satisfied, the expert must explain precisely how he went about reaching his conclusions and point to some objective source") (internal quotes omitted).

---

[4] Indeed, as noted above, if judicial review and rejection of his similar opinions in other courts were to constitute "peer review," his opinions and methodologies have been resoundingly rejected. (See RJN, generally.)

Third, there is no evidence that Mr. Jardini's methods have been tested. If Mr. Jardini truly "personally audited the billings of a large portion of the major law firms in this state as well as billings from numerous out-of-state firms" (Jardini Decl., ECF No. 760-2, ¶ 5), presumably there should be at least *some* statistical or anecdotal evidence that his methodology accurately identifies unnecessary legal work. That is, a law firm that engaged his services could testify that, prior to his audit, it cost X to provide certain services and, after his audit, it cost < X to provide the same services to clients with the same or better results. However, Mr. Jardini failed to do so.

Finally, Mr. Jardini does not even discuss the possibility that some of his calculations or conclusions may be erroneous. Thus, the Court is left with no idea if 5% of his conclusions are likely to be wrong or 95%. Without any evidence as to the accuracy of Mr. Jardini's methods, the Court should not assume that they are reliable.

Thus, Defendants have not satisfied their burden to establish that Mr. Jardini used reliable methods. Accordingly, the Court cannot conclude that Mr. Jardini applied them reliably. Indeed, the majority of Mr. Jardini's opinion seems purely conclusory without an adequate factual basis for the opinion. As such, Mr. Jardini's Declaration does not meet the standards set forth by the Federal Rules of Evidence and *Daubert*.

### 3.     Mr. Jardini May Not Testify to Ultimate Legal Issues

Even if Mr. Jardini's Declaration satisfied the dictates of *Daubert* (and provided competent evidence, which he does not), portions relating to an ultimate legal issue must be disregarded by the Court.

An expert may not opine regarding an ultimate legal issue, such as counsel's "partial success." *See Nationwide Transp. Fin. V. Cass Info. Sys.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (holding that "an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.") Mr. Jardini's purported opinion about the reasonableness of the fee request violates this principal because "[i]t is distinctly the Court's province, not an expert's, to determine the reasonableness of the attorneys' fees requested." *Wyant v. AllState Indem. Co.*, No. C08-840 MJP, 2009 WL 3877737, at *6 (W.D. Was. Nov. 18, 2009).

Here, the Jardini Declaration is riddled with legal conclusions with no apparent factual support

Page 7

EVIDENTIARY OBJECTIONS TO DECLARATION OF ANDRE E. JARDINI ISO TACO BELL'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES, AND ENHANCEMENT AWARDS

and should be excluded from consideration.

## III. CONCLUSION

In light of the facts that Mr. Jardini's analysis does not satisfy the *Daubert* standard, lacks foundation, and provides improper opinion testimony, the Court should exclude the Declaration.

Dated: June 10, 2016

Respectfully submitted,

Capstone Law APC

By: /s/ Matthew Theriault
Matthew T. Theriault
Robert Drexler
Andrew J. Sokolowski

Attorneys for Plaintiffs and the Class

Page 8

EVIDENTIARY OBJECTIONS TO DECLARATION OF ANDRE E. JARDINI ISO TACO BELL'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES, AND ENHANCEMENT AWARDS